**JENNER & BLOCK LLP**
David R. Singer (Cal. Bar No. 204699)
dsinger@jenner.com
633 West 5th Street, Suite 3600
Los Angeles, CA  90071-2054
Phone:       (213) 239-5100
Facsimile:    (213) 239-5199

**JENNER & BLOCK LLP**
Andrew H. Bart (*pro hac vice*)
abart@jenner.com
Jacob L. Tracer (*pro hac vice*)
jtracer@jenner.com
919 Third Avenue, 39th Floor
New York, NY  10022-3908
Phone:       (212) 891-1600
Facsimile:    (212) 891-1699

Attorneys for Defendant
The Trustees of Princeton University

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UAB "PLANNER5D" d/b/a PLANNER 5D,<br><br>                  Plaintiff,<br><br>        v.<br><br>FACEBOOK INC.; FACEBOOK TECHNOLOGIES, LLC; THE TRUSTEES OF PRINCETON UNIVERSITY; DOES 1-200; ABC CORPORATIONS 1-20; and XYZ UNIVERSITIES 1-20,<br><br>                  Defendants. | Case No. 3:19-cv-03132-WHO<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THE MOTION BY THE TRUSTEES OF PRINCETON UNIVERSITY TO DISMISS THE COMPLAINT**<br><br>Complaint Filed: June 5, 2019<br><br>Hearing Date: November 6, 2019<br>Hearing Time: 2:00 p.m.<br>Judge: Honorable William H. Orrick<br>Courtroom: 2 |

## REQUEST FOR JUDICIAL NOTICE

Pursuant to Federal Rule of Evidence 201, Defendant The Trustees of Princeton University ("Princeton") respectfully requests that the Court take judicial notice of the following exhibits in connection with its concurrently-filed Motion to Dismiss the Complaint:

1. Attached hereto as Exhibit 1 is a true and correct copy of the *Terms of Service of the Planner 5D project*, version 01 (April 18, 2012).

2. Attached hereto as Exhibit 2 is a true and correct copy of a letter from Marc N. Bernstein, The Business Litigation Group P.C., to Ramona E. Romero, Princeton University (March 14, 2019).

## ANALYSIS

Federal Rule of Evidence 201 provides that a court may take judicial notice of any fact that is "not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Thus, a court may "consider 'documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading' without converting a motion to dismiss under Rule 12(b)(6) into a motion for summary judgment." *Moore v. Trader Joe's Co.*, No. 4:18-cv-4418-KAW, 2019 WL 2579219, at *2 (N.D. Cal. June 24, 2019) (quoting *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002)).

Exhibits 1 and 2 are judicially noticeable as documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading. The Complaint quotes from portions of Exhibit 1 throughout. *See* Compl. ¶¶ 31, 45. The Court may therefore take judicial notice of the entire document. *See Salinas Valley Mem'l Healthcare Sys. v. Monterey Peninsula Horticulture, Inc.*, No. 17-cv-7076-LHK, 2019 WL 2569545, at *4 (N.D. Cal. June 21, 2019) (taking judicial notice of contract referenced in complaint). The Complaint also expressly references Exhibit 2, *see* Compl. ¶ 55, rendering it judicially noticeable. *See Kao v. Abbott Laboratories Inc.*, No. 17-cv-2790-JST, 2017 WL 5257041, at *3 (N.D. Cal. Nov. 13, 2017) (taking judicial notice of party's letter that was "explicitly referenced in the complaint").

## **CONCLUSION**

For the foregoing reasons, Princeton respectfully requests that the Court take judicial notice of Exhibits 1 and 2 and consider those exhibits in connection with its concurrently-filed Motion to Dismiss the Complaint.

Dated: August 2, 2019

JENNER & BLOCK LLP

By: /s/ *Andrew H. Bart*
Andrew H. Bart (*pro hac vice*)

Attorneys for Defendant
The Trustees of Princeton University