United States District Court
Northern District of California

1
2
3
4   UNITED STATES DISTRICT COURT
5   NORTHERN DISTRICT OF CALIFORNIA
6
7   UAB "PLANNER5D",                    Case No. 19-cv-03132-WHO
8           Plaintiff,
9       v.                              **ORDER RE: JOINT MOTION FOR CLARIFICATION**
10  FACEBOOK, INC., et al.,             Re: Dkt. No. 58
11          Defendants.
12
13      Plaintiff UAB Planner 5D ("Planner 5D") brought copyright infringement and trade secret misappropriation claims against defendants Facebook, Inc., Facebook Technologies, LLC, and the Trustees of Princeton University. *See* Complaint [Dkt. No. 1]. I granted defendants' motions to dismiss the Complaint, with leave to amend. As to the copyright infringement claims, I held that "Planner 5D can either amend its Complaint to sufficiently allege that its works are non-United States works that are exempt from registration, or dismiss this suit and bring another suit after registering with the Copyright Office." *UAB "Planner 5D" v. Facebook, Inc.*, No. 19-CV-03132-WHO, 2019 WL 6219223, at *7 (N.D. Cal. Nov. 21, 2019). As to the trade secret misappropriation claims, I gave Planner 5D an opportunity to amend its Complaint to plausibly allege how the alleged works were trade secrets and specifically allege misappropriation as to each defendant. *Id.* at *10-11.

        Planner 5D then filed a First Amended Complaint realleging its trade secret claims and a separate notice expressing its intent reallege its copyright claims once it satisfied 17 U.S.C. section 411(a)'s registration requirement. *See* First Amended Complaint ("FAC") [Dkt. No. 53]; Plaintiff's Notice of Intent to Satisfy 17 U.S.C. § 411(a) Copyright Registration Requirement Before Re-Asserting Its Copyright Infringement Cause of Action [Dkt. No. 54]. On December 18,

2019, I granted parties' stipulation to adjourn the time for defendants to respond to the FAC pending the parties' forthcoming Joint Motion for Clarification. *See* Order Granting Joint Stipulation to Extend Time to Respond to First Amended Complaint [Dkt. No. 56].

On February 28, 2020, parties filed their Joint Motion for Clarification seeking guidance on how this litigation should proceed with the trade secret claims pending in this suit given that Planner 5D must file a separate suit to reassert its copyright claims after satisfying the registration requirement. *See* Joint Motion for Clarification ("JMC") [Dkt. No. 58].[1]

Planner 5D's suggestion that I allow supplemental pleading for its copyright claims is barred by the Supreme Court's decision in *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 887 (2019). Defendants' suggestion that Planner 5D should amend its complaint to allege how its copyright works are exempt from the registration requirement is not helpful given that Planner 5D's notice clearly indicates its intent to comply with the registration requirement. That leaves me with two choices, whether (i) Planner 5D should re-assert its copyright claims in a new lawsuit, which would then be related to, and consolidated with, the trade secret claims still pending in this lawsuit, or (ii) Planner 5D should voluntarily dismiss this lawsuit altogether and re-assert both its copyright and trade secret claims in a new lawsuit. Planner 5D contends that the first option would allow it to preserve the filing date of its trade secret claims but defendants argue that it would create a problem of claim splitting. JMC 3-4 and 7-8.

The procedure in *Izmo, Inc. v. Roadster, Inc.*, Case No. 5:18-cv-06092-NC, 2019 WL 2359228 (N.D. Cal. Jun. 4, 2019) ("*Izmo I*") is instructive. Plaintiff in *Izmo I* brought copyright infringement claims, alleging that defendant copied and used 80 copyrighted images, and a separate Digital Millennium Copyright Act ("DMCA") claim. *Id.* at *1. Defendant moved for partial dismissal, claiming that only 11 of the 80 copyrighted images were registered prior to the

---

[1] Defendants also argue that my order dismissed Planner 5D's trade secret claims and that Planner 5D impermissibly attempts to re-plead them in the FAC. JMC 5. That interpretation is incorrect because my order expressly gave Planner 5D leave to amend its trade secret claims. *See* 2019 WL 6219223, at *10 ("Planner 5D must plausibly allege how the 'structure' of its website made its data files secret and protected them from reproduction, and how the Terms of Service are enforceable and bound the parties to treat the files as confidential."); *see also id.* at *11 ("If Planner 5D chooses to amend its complaint, it must specifically allege misappropriation as [to] each Princeton and Facebook.").

filing of the original complaint and the remaining 69 images were registered six months after. *Id.* Following the Supreme Court's decision in *Fourth Estate*, the court dismissed plaintiff's copyright infringement claims to the extent that the plaintiff alleged infringement of images registered after the complaint was filed. *Id.* at * 2. It did not dismiss the pending DMCA claim. Plaintiff then filed *Izmo, Inc. v. Roadster, Inc.*, Case No. 5:19-cv-02679-NC (N.D. Cal. May 17, 2019) ("*Izmo II*"), which the court related to, and consolidated with, *Izmo I*.

A similar process makes sense here. Once Planner 5D has satisfied Section 411(a)'s registration requirement, it can re-assert its copyright claims in a new lawsuit, which would then be related to, and consolidated with, the trade secret claims still pending in this lawsuit. *See Wolfes v. Burlington Ins. Co.*, No. C-07-00696RMW, 2008 WL 2002522, at *6-7 (N.D. Cal. May 7, 2008) (after weighing the equities, district court may exercise discretion to dismiss, stay, or enjoin second-filed action, or consolidate both actions).

**IT IS SO ORDERED.**

Dated: March 5, 2020

William H. Orrick
United States District Judge