**JENNER & BLOCK LLP**
David R. Singer (Cal. Bar No. 204699)
dsinger@jenner.com
633 West 5th Street, Suite 3600
Los Angeles, CA 90071-2054
Phone:        (213) 239-5100
Facsimile:    (213) 239-5199

**JENNER & BLOCK LLP**
Andrew H. Bart (*pro hac vice*)
abart@jenner.com
Jacob L. Tracer (*pro hac vice*)
jtracer@jenner.com
919 Third Avenue, 39th Floor
New York, NY 10022-3908
Phone:        (212) 891-1600
Facsimile:    (212) 891-1699

Attorneys for Defendant
The Trustees of Princeton University

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UAB "PLANNER 5D" d/b/a PLANNER 5D,<br><br>                         Plaintiff,<br><br>           v.<br><br>FACEBOOK, INC.; FACEBOOK TECHNOLOGIES, LLC; THE TRUSTEES OF PRINCETON UNIVERSITY; et al.,<br><br>                         Defendants. | Case No. 3:19-cv-03132-WHO<br><br>The Honorable William H. Orrick<br><br>**ANSWER, DEFENSES, AND AFFIRMATIVE DEFENSES OF THE TRUSTEES OF PRINCETON UNIVERSITY TO THE FIRST AMENDED COMPLAINT** |

Defendant The Trustees of Princeton University ("Princeton," or the "University") hereby answers the First Amended Complaint ("Complaint") filed by Plaintiff UAB "Planner 5D" d/b/a Planner 5D ("Planner 5D") and states its defenses and affirmative defenses thereto as follows:

**INTRODUCTION**

1.     Princeton admits that computer vision is a significant area of research in the field of computer science.  Princeton otherwise denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 1.

2.     Princeton admits that scene-recognition technology is a significant area of research related to computer vision and that it has many potential practical applications.  Princeton otherwise denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 2.

3.     Princeton denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 3.

4.     Princeton admits that Thomas Funkhouser is David M. Siegel Professor of Computer Science, Emeritus, at the University and that he is named as the author of a presentation titled *3D Data for Data-Driven Scene Understanding*.  To the extent Paragraph 4 purports to characterize or quote from that document, the document itself is the best evidence of the truth of its contents.

5.     Princeton denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 5.

6.     Princeton denies the allegations of Paragraph 6.

7.     Princeton denies the allegations of Paragraph 7.

8.     Princeton admits that individuals affiliated with the University co-authored an article titled *Physically-Based Rendering for Indoor Scene Understanding Using Convolutional Neural Networks*.  To the extent Paragraph 8 purports to characterize or quote from that document, the document itself is the best evidence of the truth of its contents.  Princeton otherwise denies the allegations in Paragraph 8.

9.     Princeton admits that individuals affiliated with the University developed and released a dataset known as the "SUNCG Dataset" to individuals who agreed to certain terms and conditions, among

them that any use would be limited to "non-commercial research and educational purposes." Princeton otherwise denies the allegations of Paragraph 9.

10.     Princeton denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 10.

11.     Princeton denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 11.

12.     Princeton denies the allegations of Paragraph 12 insofar as they relate to the University and otherwise denies knowledge and information sufficient to form a belief as to their truth. To the extent Paragraph 12 purports to characterize a website, the website itself is the best evidence of the truth of its contents.

13.     Princeton denies the allegations of the last sentence of Paragraph 13 and otherwise denies knowledge and information sufficient to form a belief as to the truth of its allegations. To the extent Paragraph 13 purports to characterize or quote from any documents, the documents themselves are the best evidence of the truth of their contents.

14.     The first sentence of Paragraph 14 states a legal conclusion to which no response is required. Nonetheless, Princeton denies all the allegations of Paragraph 14.

## JURISDICTION

15.     Princeton admits that Planner 5D alleges claims under the Defend Trade Secrets Act and the California Uniform Trade Secrets Act and neither admits nor denies the second sentence of Paragraph 15, as it states a legal conclusion to which no response is required.

16.     Paragraph 16 states a legal conclusion to which no response is required. Nonetheless, Princeton denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 16.

17.     Paragraph 17 states a legal conclusion to which no response is required. Nonetheless, Princeton does not dispute that the Court has personal jurisdiction over the University in this action.

18.     Paragraph 18 states a legal conclusion to which no response is required. Nonetheless, Princeton does not dispute that the Court has personal jurisdiction over the University in this action.

**VENUE**

19.     Paragraph 19 states a legal conclusion to which no response is required, and Princeton does not dispute venue.  Nonetheless, Princeton denies the allegations of Paragraph 19 insofar as they relate to the University.

20.     Paragraph 20 states a legal conclusion to which no response is required, and Princeton does not dispute venue.  Nonetheless, Princeton admits that it did not challenge venue in response to the first of the four complaints Planner 5D has filed against the University.

**INTRADISTRICT ASSIGNMENT**

21.     Paragraph 21 states a legal conclusion to which on response is required.  Nonetheless, Princeton admits that Planner 5D alleges causes of action that relate to intellectual property.

**PARTIES**

22.     Princeton denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 22.

23.     Princeton denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 23.

24.     Princeton denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 24.

25.     Princeton admits that it is a nonprofit educational organization and academic institution based in Princeton, New Jersey.

26.     Princeton denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 26.

27.     Princeton denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 27.

28.     Princeton denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 28.

29.     Paragraph 29 states legal conclusions to which no response is required.  Nonetheless, Princeton denies the allegations of Paragraph 29.

# GENERAL ALLEGATIONS

**A.      Planner 5D and Its Object and Scene Files**

30.      Princeton denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 30.

31.      Princeton denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 31.

**1.      Planner 5D's Object Files**

32.      Princeton denies the allegations of the third sentence of Paragraph 32 and denies knowledge and information sufficient to form a belief as to the truth of its remaining allegations.

33.      Princeton denies the allegations of Paragraph 33.

34.      Princeton denies the allegations of Paragraph 34.

35.      Paragraph 35 states a legal conclusion to which no response is required.   Nonetheless, Princeton denies the allegations of Paragraph 35.

**2.      Planner 5D's Scene Files**

36.      Princeton denies the allegations of the last two sentences of Paragraph 36 and denies knowledge and information sufficient to form a belief as to the truth of its remaining allegations.

37.      Princeton denies the allegations of Paragraph 37.

38.      Princeton denies the allegations of Paragraph 38.

39.      The first two sentences of Paragraph 39 state legal conclusions to which no response is required.   Nonetheless, Princeton denies the allegations of Paragraph 39.

**B.      Planner 5D's Terms of Service**

40.      Princeton denies the allegations of Paragraph 40.   To the extent Paragraph 40 purports to characterize or quote from a document, the document itself is the best evidence of the truth of its contents.

41.      Princeton denies the allegations of Paragraph 41.   To the extent Paragraph 41 purports to characterize or quote from a document, the document itself is the best evidence of the truth of its contents.

42.      Princeton denies the allegations of Paragraph 42.   To the extent Paragraph 42 purports to characterize or quote from a document, the document itself is the best evidence of the truth of its contents.

43. Paragraph 43 states legal conclusions to which no response is required. Nonetheless, Princeton denies the allegations of the last sentence of Paragraph 43 and otherwise denies knowledge and information sufficient to form a belief as to the truth of its remaining allegations.

**C.     Combined Effect of Structural and Legal Barriers**

44. Princeton denies the allegations of Paragraph 44.

45. Princeton denies the allegations of Paragraph 45.

**D.     Planner 5D's Business Evolves into AI and Scene Recognition**

46. Princeton denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 46.

47. Princeton denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 47.

**E.     Defendants' Identification, Scraping, Copying, and Use of Planner 5D's Files**

      **1.     Princeton's Acquisition, Use, and Distribution of Planner 5D's Object and Scene Files**

48. Princeton admits that individuals affiliated with the University co-authored an article titled *Physically-Based Rendering for Indoor Scene Understanding Using Convolutional Neural Networks*. To the extent Paragraph 48 purports to characterize or quote from that document, the document itself is the best evidence of the truth of its contents. Princeton otherwise denies the allegations in Paragraph 48.

49. Princeton admits that individuals affiliated with the University co-authored an article titled *Physically-Based Rendering for Indoor Scene Understanding Using Convolutional Neural Networks* and that Prof. Funkhouser is named as the author of a presentation titled *3D Data for Data-Driven Scene Understanding*. To the extent Paragraph 49 purports to characterize or quote from these documents, the documents themselves are the best evidence of the truth of their contents. Princeton otherwise denies the allegations in Paragraph 49.

50. Princeton admits that individuals affiliated with the University co-authored an article titled *Physically-Based Rendering for Indoor Scene Understanding Using Convolutional Neural Networks*. To

the extent Paragraph 50 purports to characterize or quote from that document, the document itself is the best evidence of the truth of its contents.  Princeton otherwise denies the allegations in Paragraph 50.

51.    Princeton admits that individuals affiliated with the University co-authored an article titled *Physically-Based Rendering for Indoor Scene Understanding Using Convolutional Neural Networks*.  To the extent Paragraph 51 purports to characterize or quote from that document, the document itself is the best evidence of the truth of its contents.  Princeton otherwise denies the allegations in Paragraph 51.

52.    Princeton admits that individuals affiliated with the University developed and released a dataset known as the "SUNCG Dataset," which at one time was available at http://suncg.cs.princeton/edu, to individuals who agreed to certain terms and conditions, among them that any use would be limited to "non-commercial research and educational purposes."  Princeton further admits that individuals affiliated with the University co-authored an article titled *Im2Pano3D: Extrapolating 360° Structure and Semantics Beyond the Field of View*.  To the extent Paragraph 52 purports to characterize or quote from that website or document, the website or document itself is the best evidence of the truth of their contents.  Princeton otherwise denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 52.

53.    Princeton denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 53.  To the extent Paragraph 53 purports to characterize or quote from a document, the document itself is the best evidence of the truth of its contents.

54.    Princeton denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 54.  To the extent Paragraph 54 purports to characterize or quote from a document, the document itself is the best evidence of the truth of its contents.

55.    Princeton denies the allegations of Paragraph 55 insofar as they relate to the University and otherwise denies knowledge and information sufficient to form a belief as to their truth.

56.    Princeton denies the allegations of Paragraph 56.

57.    Princeton denies the allegations of Paragraph 57.

58.    Princeton denies the allegations of Paragraph 58.

59.    Princeton denies the allegations of Paragraph 59.

60.     Princeton denies the allegations of Paragraph 60.

61.     Princeton denies knowledge and information sufficient to form a belief as to the truth of the allegations of the first sentence of Paragraph 61.  Princeton otherwise denies the allegations of Paragraph 61.

### 2.     Facebook's Involvement with Princeton and the SUNCG Dataset, Including the SUMO Challenge

62.     Princeton denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 54.

63.     Princeton denies the allegations of Paragraph 63 insofar as they relate to the University and otherwise denies knowledge and information sufficient to form a belief as to their truth.  To the extent Paragraph 63 purports to characterize or quote from a document, the document itself is the best evidence of the truth of its contents.

64.     Princeton admits the allegations of Paragraph 64.  To the extent Paragraph 64 purports to characterize a document, the document itself is the best evidence of the truth of its contents.

65.     Princeton denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 65.  To the extent Paragraph 65 purports to characterize or quote from a document, the document itself is the best evidence of the truth of its contents.

66.     Princeton denies the allegations of Paragraph 66 insofar as they relate to the University and otherwise denies knowledge and information sufficient to form a belief as to their truth.  To the extent Paragraph 66 purports to characterize a website, the website itself is the best evidence of the truth of its contents.

67.     Princeton denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 67.

68.     Princeton denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 68.  To the extent Paragraph 68 purports to characterize or quote from a document, the document itself is the best evidence of the truth of its contents.

69.     Princeton denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 69.

70.     Princeton denies the allegations in the first sentence of Paragraph 70 and admits the allegations in the second sentence.  Princeton further admits that its Department of Computer Science maintains Vision & Robotics Labs and that individuals affiliated with the University co-authored an article titled *Semantic Scene Completion from a Single Depth Image*.  To the extent Paragraph 70 purports to characterize or quote from anything those Labs have published or from that document, the publication and document are the best evidence of the truth of their contents.

71.     Princeton admits that Dr. Savva co-authored certain articles with Dr. Song, among others. To the extent Paragraph 71 purports to characterize any of those articles, the articles themselves are the best evidence of the truth of their contents.  Princeton otherwise denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 71.

72.     Princeton denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 72.

73.     Princeton denies the allegations of Paragraph 73 insofar as they relate to the University and otherwise denies knowledge and information sufficient to form a belief as to their truth.

74.     Princeton denies the allegations of Paragraph 74 insofar as they relate to the University and otherwise denies knowledge and information sufficient to form a belief as to their truth.

75.     Princeton denies the allegations of Paragraph 75.

76.     Princeton denies the allegations of Paragraph 76.

**F.**     **Defendants' Knowledge of the Terms of Service**

77.     Princeton denies the allegations of Paragraph 77 insofar as they relate to the University and otherwise denies knowledge and information sufficient to form a belief as to their truth.

78.     Paragraph 78 states a legal conclusion to which no response is required.  Nonetheless, Princeton denies the allegations of Paragraph 78.

79.     Paragraph 79 states a legal conclusion to which no response is required.  Nonetheless, Princeton denies the allegations of Paragraph 79.

80. Princeton denies the allegations of Paragraph 80.

**G.    Defendants' Continuing Wrongdoing**

81. Princeton denies the allegations of Paragraph 81 insofar as they relate to the University and otherwise denies knowledge and information sufficient to form a belief as to their truth.  To the extent Paragraph 81 purports to characterize any documents, the documents themselves are the best evidence of the truth of their contents.

82. Princeton admits that it received a letter from Planner 5D's counsel in March 2019.  To the extent Paragraph 82 purports to characterize that letter, the letter itself is the best evidence of the truth of its contents.  Princeton denies knowledge and information sufficient to form a belief as to other writings Planner 5D alleges it created and otherwise denies the allegations of Paragraph 82.

83. Princeton denies the allegations of Paragraph 83.

**FIRST CAUSE OF ACTION**
**(Misappropriation of Individual Trade Secrets Under the**
**Defend Trade Secrets Act – Against All Defendants)**

84. Princeton repeats and realleges each and every answer to the allegations contained in the paragraphs above as if fully set forth here.

85. Princeton denies the allegations of Paragraph 85.

86. Princeton denies the allegations of Paragraph 86.

87. Princeton denies the allegations of Paragraph 87.

88. Princeton denies the allegations of Paragraph 88.

89. Princeton denies the allegations of Paragraph 89.

90. Princeton denies the allegations of Paragraph 90.

91. Princeton denies the allegations of Paragraph 91.

**SECOND CAUSE OF ACTION**
**(Misappropriation of Trade Secret Compilation Under the**
**Defend Trade Secrets Act – Against All Defendants)**

92. Princeton repeats and realleges each and every answer to the allegations contained in the paragraphs above as if fully set forth here.

93. Princeton denies the allegations of Paragraph 93.

1    94.    Princeton denies the allegations of Paragraph 94.

2    95.    Princeton denies the allegations of Paragraph 95.

3    96.    Princeton denies the allegations of Paragraph 96.

4    97.    Princeton denies the allegations of Paragraph 97.

5    98.    Princeton denies the allegations of Paragraph 98.

6    99.    Princeton denies the allegations of Paragraph 99.

**THIRD CAUSE OF ACTION**
**(Misappropriation of Individual Trade Secrets Under the**
**California Uniform Trade Secrets Act – Against All Defendants)**

100.    Princeton repeats and realleges each and every answer to the allegations contained in the paragraphs above as if fully set forth here.

101.    Princeton denies the allegations of Paragraph 101.

102.    Princeton denies the allegations of Paragraph 102.

103.    Princeton denies the allegations of Paragraph 103.

104.    Princeton denies the allegations of Paragraph 104.

105.    Princeton denies the allegations of Paragraph 105.

106.    Princeton denies the allegations of Paragraph 106.

**FOURTH CAUSE OF ACTION**
**(Misappropriation of Trade Secret Compilation Under the**
**California Uniform Trade Secrets Act – Against All Defendants)**

107.    Princeton repeats and realleges each and every answer to the allegations contained in the paragraphs above as if fully set forth here.

108.    Princeton denies the allegations of Paragraph 108.

109.    Princeton denies the allegations of Paragraph 109.

110.    Princeton denies the allegations of Paragraph 110.

111.    Princeton denies the allegations of Paragraph 111.

112.    Princeton denies the allegations of Paragraph 112.

113.    Princeton denies the allegations of Paragraph 113.

**PRAYER FOR RELIEF**

Princeton denies that Planner 5D is entitled to judgment on any cause of action or relief in any form.

**DEMAND FOR JURY TRIAL**

Princeton reserves the right to seek a jury trial on all issues qualifying for one in this action.

**DEFENSES AND AFFIRMATIVE DEFENSES**

**First Defense (Failure To State A Claim)**

Planner 5D's trade secret claims are barred, in whole or in part, because Planner 5D fails to state a claim upon which relief can be granted.

**Second Defense (Statute of Limitations)**

Planner 5D's trade secret claims are barred, in whole or in part, pursuant to the three-year statutes of limitations applicable to such claims.  *See* 18 U.S.C. § 1836(d); Cal. Civil Code § 3426.6.  Planner 5D is barred as a matter of law from seeking relief for any misappropriation claim that accrued more than three years before Planner 5D properly asserted it.

**Third Defense (No Trade Secrets)**

Planner 5D's trade secret claims are barred, in whole or in part, because it does not own any trade secrets.  Among other decisions, Planner 5D elected to structure its website to transmit copies of its data files to its users and otherwise made those files available to anyone with internet access.  Accordingly, Planner 5D does not own any trade secrets as a matter of law.

**Fourth Defense (No Reasonable Protection Of Alleged Trade Secrets)**

Planner 5D's trade secret claims are barred, in whole or in part, because Planner 5D did not take reasonable steps to protect its alleged trade secrets.

**Fifth Defense (Laches, Waiver, And Acquiescence)**

Planner 5D's trade secret claims are barred, in whole or in part, by the doctrines of laches, waiver, and acquiescence.

**Sixth Defense (No Injury Or Damages)**

Planner 5D's trade secret claims are barred, in whole or in part, because Planner 5D suffered no injury or damages as a result of Princeton's alleged conduct.

**Seventh Defense (Failure To Mitigate Damages)**

Planner 5D's trade secret claims are barred, in whole or in part, because Planner 5D failed to mitigate its alleged damages.

**Eighth Defense (No Enrichment)**

Planner 5D's trade secret claims are barred, in whole or in part, because Princeton was not enriched as a result of any of its alleged conduct.

**Ninth Defense (Good Faith)**

Planner 5D's trade secret claims are barred, in whole or in part, because Princeton acted in good faith at all times.

**Tenth Defense (Adequate Remedy At Law)**

Planner 5D's request for injunctive relief with regard to its trade secret claims is barred because Planner 5D has an adequate remedy at law.

**RESERVATION OF RIGHTS**

Princeton reserves the right to amend and/or supplement this Answer, Defenses, and Affirmative Defenses including, without limitation, to assert additional defenses.

**PRAYER FOR RELIEF**

WHEREFORE, having fully answered Planner 5D's First Amended Complaint, Princeton respectfully prays that the Court:

A.     Enter an order dismissing the First Amended Complaint and each and every count therein;

B.     Enter judgment in favor of Princeton on each and every count in the First Amended Complaint;

C.     Award Princeton its reasonable costs and attorneys' fees incurred in having to defend this action, pursuant to 18 U.S.C. § 1836(b)(3)(D) and Cal. Civil Code § 3426.4; and

D.     Grant Princeton such other and further relief as the Court deems just and proper.

Dated:  December 21, 2020

JENNER & BLOCK LLP

By:  /s/ *Andrew H. Bart*
           Andrew H. Bart

Attorneys for Defendant
The Trustees of Princeton University

PRINCETON'S ANSWER AND DEFENSES TO FIRST AMENDED COMPLAINT
Case No. 3:19-cv-03132-WHO