Dale M. Cendali (S.B.N. 1969070)
dale.cendali@kirkland.com
Johanna Schmitt (admitted *pro hac vice*)
johanna.schmitt@kirkland.com
Ari Lipsitz (admitted *pro hac vice*)
ari.lipsitz@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800

Diana Torres (S.B.N. 162284)
diana.torres@kirkland.com
KIRKLAND & ELLIS LLP
2019 Century Park East
Los Angeles, CA 90067
Telephone: (310) 552-4200

Attorneys for Defendants
*Facebook, Inc.*
*and Facebook Technologies, LLC*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| UAB "PLANNER5D" d/b/a PLANNER 5D,<br><br>Plaintiff,<br><br>vs.<br><br>FACEBOOK, INC., FACEBOOK TECHNOLOGIES, LLC, THE TRUSTEES OF PRINCETON UNIVERSITY, DOES 1-200, ABC CORPORATIONS 1-20 and XYZ UNIVERSITIES 1-20,<br><br>Defendants. | ) Case No. 3:19-cv-03132-WHO<br>) Case No. 3:20-cv-02198-WHO<br>) Case No. 3:20-cv-08261-WHO<br>)<br>) **FACEBOOK, INC. AND FACEBOOK**<br>) **TECHNOLOGIES, LLC'S ANSWER TO**<br>) **FIRST AMENDED COMPLAINT**<br>)<br>) First Amended Complaint Filed: December 6,<br>) 2019<br>)<br>)<br>) |

Defendants Facebook, Inc. and Facebook Technologies, LLC (collectively, "Facebook"), by and through the undersigned counsel, hereby submit their answer to the First Amended Complaint in this action as follows:

**INTRODUCTION**

1.      Facebook denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 1 of the First Amended Complaint.

2.      Facebook denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 2 of the First Amended Complaint.

3.      Facebook admits that teaching machines to recognize three-dimensional settings requires realistic data.  Facebook denies that human modeling for each object is necessary to create such datasets, denies that datasets for scene recognition are "exceedingly rare," and denies knowledge or information sufficient to form a belief as to the remaining allegations set forth in Paragraph 3 of the First Amended Complaint.

4.      Facebook admits that the quoted language is included at the identified URL. Facebook denies knowledge or information sufficient to form a belief as to the remaining allegations set forth in Paragraph 4 of the First Amended Complaint.

5.      Facebook admits that Planner 5D's household and office designs objects are realistic. Facebook denies that Planner 5D owns the scenes themselves and denies knowledge or information sufficient to form a belief as to the remaining allegations set forth in Paragraph 5 of the First Amended Complaint.

6.      Facebook denies that Planner 5D's data files are or were "uniquely large" and "uniquely realistic," denies that Planner 5D's data files are or were "always invisible" and "wholly inaccessible" to the public, and denies knowledge or information sufficient to form a belief as to the remaining allegations set forth in Paragraph 6 of the First Amended Complaint.

7.      Facebook denies that the URLs hosting Planner 5D's objects and scene files were "secret" and denies knowledge or information sufficient to form a belief as to the remaining allegations set forth in Paragraph 7 of the First Amended Complaint.

**1**

8. Facebook admits that the identified URL includes the quoted language and states that it was published by researchers at Princeton and Adobe Research.  Facebook denies knowledge or information sufficient to form a belief as to the remaining allegations set forth in Paragraph 8 of the First Amended Complaint.

9. Facebook admits that the SUNCG Dataset was available on Princeton's website for public use upon the submission of a form and denies knowledge or information sufficient to form a belief as to the remaining allegations set forth in Paragraph 9 of the First Amended Complaint.

10. Facebook admits that Oculus is a virtual reality brand, which was acquired by Facebook, Inc. in 2014 and is now a brand of Facebook Technologies, LLC, a subsidiary of Facebook, Inc.  Facebook denies the remaining allegations set forth in Paragraph 10 of the First Amended Complaint.

11. Facebook admits that it conducts research in the field of scene recognition and computer vision, among many other areas, and admits that it regularly collaborates with researchers from academic institutions.  Facebook denies the remaining allegations set forth in Paragraph 11 of the First Amended Complaint.

12. Facebook admits the allegations set forth in Paragraph 12 of the First Amended Complaint that it was the lead sponsor of the SUMO Challenge, and admits that institutions including Princeton, Stanford, UC Berkeley, and Georgia Tech participated in the SUMO Challenge. Facebook further states that the first SUMO Challenge took place in 2018, nearly two years after the SUNCG Dataset was published.

13. As to the allegations set forth in Paragraph 13 of the First Amended Complaint, Facebook admits that SUMO Challenge entrants were required to submit scene recognition papers and algorithms in order to participate.  Facebook admits that winners of the SUMO Challenge could win cash prizes and a chance to give an oral presentation at the Conference on Computer Vision and Pattern Recognition (CVPR), but denies that they were promised "a speaking slot at a 'SUMO Challenge conference.'"  Facebook also denies that "[t]his year's" (*i.e.*, 2020) CVPR took place in Long Beach, but admits that the 2019 CVPR took place in Long Beach.  Facebook admits that the

**ANSWER TO FIRST AMENDED COMPLAINT**                    **CASE NO. 3:19-CV-003132**

SUMO Challenge organizers created a dataset based on the SUNCG Dataset, and admits that this dataset was made available to the SUMO contestants.  Facebook admits that the SUMO Challenge organizers included researchers affiliated with Stanford University, but denies that Facebook published a link to the SUNCG Dataset at a Stanford URL.  Facebook admits that the SUMO Challenge 2018/2019 rules state that, upon entry submission, SUMO contestants granted Facebook a "perpetual, royalty-free, no-cost license and right to use and otherwise exploit" the submitted materials, including Facebook's right to use the contest submissions "in any merchandising, advertising, marketing, promotion or for any other commercial or non-commercial purpose." Facebook denies that Planner 5D suffered enormous economic damage and denies knowledge or information sufficient to form a belief as to the allegations about Planner 5D's discovery requirements.  Facebook denies knowledge or information sufficient to form a belief as to any remaining allegations set forth in Paragraph 13 of the First Amended Complaint.

14.     Facebook denies the allegations set forth in Paragraph 14 of the First Amended Complaint.

## JURISDICTION

15.     Facebook states that the allegations set forth in Paragraph 15 of the First Amended Complaint consist of legal conclusions to which no response is required, but to the extent any response is required, admits that this Court has subject matter jurisdiction over this action.

16.     Facebook states that the allegations set forth in Paragraph 16 of the First Amended Complaint consist of legal conclusions to which no response is required, but to the extent any response is required, admits that this Court has personal jurisdiction over Facebook for the purposes of this action.

17.     Facebook states that the allegations set forth in Paragraph 17 of the First Amended Complaint consist of legal conclusions to which no response is required.  To the extent any response is required, Facebook admits that Dr. Thomas Funkhouser at Princeton University participated in the SUMO Challenge with Facebook and others, and was a member of the Advisory Board; admits that Princeton received financial support from Facebook for scene recognition work; and admits that Dr.

Shuran Song was a recipient of a Facebook Fellowship. Facebook denies knowledge or information sufficient to form a belief as to the remaining allegations set forth in Paragraph 17 of the First Amended Complaint.

18. Facebook states that the allegations set forth in Paragraph 18 of the First Amended Complaint consist of legal conclusions to which no response is required, but to the extent any response is required, admits that this Court has personal jurisdiction over Facebook for the purposes of this action.

## VENUE

19. Facebook states that the allegations set forth in Paragraph 19 of the First Amended Complaint consist of legal conclusions to which no response is required, but to the extent any response is required, admits that venue is proper in this District for purposes of this action with respect to Facebook, and denies knowledge or information sufficient to form a belief as to the allegations about Princeton.

20. Facebook states that the allegations set forth in Paragraph 20 of the First Amended Complaint consist of legal conclusions to which no response is required, but to the extent any response is required, admits that venue is proper in this District for purposes of this action with respect to Facebook.

## INTRADISTRICT ASSIGNMENT

21. Facebook states that the allegations set forth in Paragraph 21 of the First Amended Complaint consist of legal conclusions to which no response is required, but to the extent any response is required, admits the allegations.

## PARTIES

22. Facebook denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 22 of the First Amended Complaint.

23. Facebook admits the allegations set forth in Paragraph 23 of the First Amended Complaint.

**4**

1    24.    Facebook admits the allegations set forth in Paragraph 24 of the First Amended

2    Complaint.

3    25.    Facebook denies knowledge or information sufficient to form a belief as to the

4    allegations set forth in Paragraph 25 of the First Amended Complaint.

5    26.    Facebook denies knowledge or information sufficient to form a belief as to the

6    allegations set forth in Paragraph 26 of the First Amended Complaint.

7    27.    Facebook denies knowledge or information sufficient to form a belief as to the

8    allegations set forth in Paragraph 27 of the First Amended Complaint.

9    28.    Facebook denies knowledge or information sufficient to form a belief as to the

10   allegations set forth in Paragraph 28 of the First Amended Complaint.

11   29.    Facebook states that the allegations set forth in Paragraph 29 of the First Amended

12   Complaint consist of legal conclusions to which no response is required, but to the extent any

13   response is required, Facebook denies the allegations.

**GENERAL ALLEGATIONS**

**A.    Planner 5D and Its Object and Scene Files**

16   30.    Facebook admits that Planner 5D offers a "home design tool" in which users can

17   create their own scenes.  Facebook denies knowledge or information sufficient to form a belief as to

18   the remaining allegations set forth in Paragraph 30 of the First Amended Complaint.

19   31.    Facebook admits that Planner 5D offers interior design tools.  Facebook denies

20   knowledge or information sufficient to form a belief as to the remaining allegations set forth in

21   Paragraph 31 of the First Amended Complaint.

**1.    Planner 5D's Object Files**

23   32.    Facebook admits that Planner 5D's objects are realistic.  Facebook denies knowledge

24   or information sufficient to form a belief as to the remaining allegations set forth in Paragraph 32 of

25   the First Amended Complaint.

26

27

28

33.     Facebook denies that the addresses for Planner 5D's home-design objects were "secret."  Facebook denies knowledge or information sufficient to form a belief as to the remaining allegations set forth in Paragraph 33 of the First Amended Complaint.

34.     Facebook denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 34 of the First Amended Complaint.

35.     Facebook states that the allegations set forth in Paragraph 35 of the First Amended Complaint consist of legal conclusions to which no response is required, but to the extent any response is required, Facebook denies the allegations.

### 2.     Planner 5D's Scene Files

36.     Facebook denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 36 of the First Amended Complaint.

37.     Facebook denies that the addresses for interior design scenes were "secret." Facebook denies knowledge or information sufficient to form a belief as to the remaining allegations set forth in Paragraph 37 of the First Amended Complaint.

38.     Facebook denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 38 of the First Amended Complaint.

39.     Facebook states that the allegations set forth in Paragraph 39 of the First Amended Complaint consist of legal conclusions to which no response is required, but to the extent any response is required, Facebook denies the allegations.

### B.     Planner 5D's Terms of Service

40.     Facebook denies knowledge or information sufficient to form a belief as to the allegations that Princeton crawled and scraped Planner 5D's data files and the Terms of Service on Planner 5D's website.  Facebook states that the remainder of the allegations set forth in Paragraph 40 of the First Amended Complaint consist of legal conclusions to which no response is required, but to the extent any response is required, Facebook denies the allegations.

41.     Facebook states that the allegations set forth in Paragraph 41 of the First Amended Complaint consist of legal conclusions to which no response is required, but to the extent any

1    response is required, Facebook denies knowledge or information sufficient to form a belief as to the

2    allegations set forth in Paragraph 41 of the First Amended Complaint.

3        42.    Facebook states that the allegations set forth in Paragraph 42 of the First Amended

4    Complaint consist of legal conclusions to which no response is required, but to the extent any

5    response is required, Facebook denies knowledge or information sufficient to form a belief as to the

6    allegations set forth in Paragraph 42 of the First Amended Complaint.

7        43.    Facebook states that the allegations set forth in Paragraph 43 of the First Amended

8    Complaint consist of legal conclusions to which no response is required, but to the extent any

9    response is required, Facebook denies knowledge or information sufficient to form a belief as to the

10   allegations.

11       **C.    Combined Effect of Structural and Legal Barriers**

12       44.    Facebook denies that the "website architecture" restricts access to the location and

13   content of the underlying data files, or their downloading and copying.  Facebook denies knowledge

14   or information sufficient to form a belief as to the remaining allegations set forth in Paragraph 44 of

15   the First Amended Complaint.

16       45.    Facebook states that the allegations set forth in Paragraph 45 of the First Amended

17   Complaint consist of legal conclusions to which no response is required, but to the extent any

18   response is required, Facebook denies the allegations.

19       **D.    Planner 5D's Business Evolves into AI and Scene Recognition**

20       46.    Facebook denies knowledge or information sufficient to form a belief as to the

21   allegations set forth in Paragraph 46 of the First Amended Complaint.

22       47.    Facebook denies knowledge or information sufficient to form a belief as to the

23   allegations set forth in Paragraph 47 of the First Amended Complaint.

24       **E.    Defendants' Identification, Scraping, Copying, and Use of Planner 5D's Files**

25       **1.    Princeton's Acquisition, Use, and Distribution of Planner 5D's Object
                 and Scene Files**

26

27

28

48.     Facebook denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 48 of the First Amended Complaint, except admits that the linked document at the identified URL includes the quoted language and states that it was published by researchers at Princeton and Adobe Research.

49.     Facebook denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 49 of the First Amended Complaint, except admits that the linked document at the identified URL includes the quoted language and states that it was published by researchers at Princeton and Adobe Research.

50.     Facebook admits that the quoted language is included in the document identified and admits that the article at the identified URL states that it was published by researchers at Princeton and Adobe Research.  Facebook denies knowledge or information sufficient to form a belief as to the remaining allegations set forth in Paragraph 50 of the First Amended Complaint.

51.     Facebook admits that machine learning with respect to scene recognition requires realistic data, admits that the quoted language is included in the document identified, and admits that the article at the identified URL states that it was published by researchers at Princeton and Adobe Research.  Facebook denies knowledge or information sufficient to form a belief as to the remaining allegations set forth in Paragraph 51 of the First Amended Complaint.

52.     Facebook admits that Princeton published a link to the SUNCG Dataset for researchers to use and further admits that Dr. Manolis Savva is listed among the co-authors in the document at the identified URL.  Facebook denies that Dr. Manolis Savva is now a "senior Facebook computer-vision researcher," but states that Dr. Savva was a visiting researcher at Facebook AI Research from in or around July 2018 to August 2020.  Facebook denies knowledge or information sufficient to form a belief as to the remaining allegations set forth in Paragraph 52 of the First Amended Complaint.

53.     Facebook admits that the SUNCG Dataset was used by researchers at various institutions, including Facebook, and admits that the article at the identified URL includes the quoted

1   language.  Facebook denies the remaining allegations in Paragraph 53 of the First Amended

2   Complaint.

3       54.    Facebook admits that Dr. Savva is listed as a co-author on a July 2019 paper titled

4   *PlanIT: Planning and Instantiating Indoor Scenes with Relation Graph and Spatial Prior Networks*,

5   but denies that Facebook was affiliated with this publication.  Facebook denies knowledge or

6   information sufficient to form a belief as to the remaining allegations set forth in Paragraph 54 of the

7   First Amended Complaint.

8       55.    Facebook denies that Planner 5D and Princeton had the same purpose.  Facebook

9   denies knowledge or information sufficient to form a belief as to the allegations set forth in

10   Paragraph 55 of the First Amended Complaint.

11       56.    Facebook denies that Planner 5D's data was protected by "software protections" or

12   resided at "secret locations," and denies that Planner 5D's Internet address information could be

13   "stolen."  Facebook also states that Planner 5D's allegation that Princeton scraped the "entirety of

14   Planner 5D's then-existing data files" is contradicted by the First Amended Complaint's allegations

15   set forth in Paragraph 36 that Princeton scraped the pre-selected "gallery" subset of scenes created

16   by Planner 5D users.  Facebook denies knowledge or information sufficient to form a belief as to the

17   remaining allegations set forth in Paragraph 56 of the First Amended Complaint.

18       57.    Facebook denies knowledge or information sufficient to form a belief as to the

19   allegations set forth in Paragraph 57 of the First Amended Complaint concerning Princeton's

20   conduct or the content of the Terms of Service.  Facebook states the remaining allegations set forth

21   in Paragraph 57 of the First Amended Complaint consist of legal conclusions to which no response is

22   required, but to the extent any response is required, Facebook denies the allegations.

23       58.    Facebook denies knowledge or information sufficient to form a belief as to the

24   allegations set forth in Paragraph 58 of the First Amended Complaint concerning the content of the

25   Terms of Service, but states that the allegations concerning the legal effect of the Terms of Service

26   consist of legal conclusions to which no response is required, but to the extent any response is

27   required, Facebook denies the allegations.

28

**9**

**ANSWER TO FIRST AMENDED COMPLAINT**                    **CASE NO. 3:19-CV-003132**

59.     Facebook denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 59 of the First Amended Complaint concerning Princeton's conduct, and denies that Planner 5D's website hid the locations and contents of the data files. Facebook states that the remaining allegations forth in Paragraph 59 of the First Amended Complaint consist of legal conclusions to which no response is required, but to the extent any response is required, Facebook denies the allegations.

60.     Facebook denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 60 of the First Amended Complaint concerning Princeton's conduct or the content of the Terms of Service.  Facebook states that the remaining allegations set forth in Paragraph 60 of the First Amended Complaint concerning whether such conduct violated the Terms of Service, and whether such violation constituted improper means, consist of legal conclusions to which no response is required, but to the extent any response is required, Facebook denies the allegations.

61.     Facebook denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 61 of the First Amended Complaint.

**2.     Facebook's Involvement with Princeton and the SUNCG Dataset, Including the SUMO Challenge**

62.     Facebook admits it conducts research in the field of scene recognition and computer vision, among many other areas.  Facebook denies the remaining allegations set forth in Paragraph 62 of the First Amended Complaint.

63.     Facebook admits the allegations set forth in Paragraph 63 of the First Amended Complaint that it was the primary sponsor of the SUMO Challenge, admits that the identified URL includes the quoted language, and admits that institutions including Princeton, Stanford, UC Berkeley, and Georgia Tech participated in the SUMO Challenge.

64.     Facebook admits the allegations set forth in Paragraph 64 of the First Amended Complaint.

65.     Facebook denies the allegations set forth in Paragraph 65 of the First Amended Complaint, except admits that the 2018 and 2019 SUMO Challenge rules evaluated submissions based on "geometry, pose, appearance and semantics" metrics, and that the SUMO Challenge contest winners could win cash prizes and a chance to give an oral presentation at the Conference on Computer Vision and Pattern Recognition (CVPR).

66.     Facebook admits that the SUMO Challenge organizers created a dataset based on the SUNCG Dataset, but denies knowledge as to how many copies of the dataset were downloaded. Facebook denies the remaining allegations set forth in Paragraph 66 of the First Amended Complaint.

67.     Facebook admits the allegations set forth in Paragraph 67 of the First Amended Complaint.

68.     Facebook admits that it has made other copies and other uses of the SUNCG Dataset. Facebook admits that the House 3D page provided a link to a public Github page not affiliated with Facebook, where a toolbox for loading and viewing the SUNCG Dataset was hosted.  Facebook admits that the identified URL states that the House3D project is a rich environment containing thousands of human-designed 3D scenes of visually realistic houses with fully labeled 3D objects, textures and layouts, and contains scenes extracted from the SUNCG Dataset.  Facebook denies that House3D's scenes "came from Planner 5D" as it implies that such scenes constituted or incorporated a trade secret.

69.     Facebook admits that it sponsors a scene-recognition project called AI Habitat, an open source simulation platform that is designed to train programs to recognize interior scenes using simulated three-dimensional environments; but denies that AI Habitat "relies" on the SUNCG Dataset given that it is compatible with numerous scene recognition datasets, including MatterPort3D, Gibson, and Replica.  Facebook denies any remaining allegations set forth in Paragraph 69 of the First Amended Complaint.

70.     Facebook admits that Facebook has relationships with and has provided financial support to various academic institutions and researchers including Princeton.  Facebook denies

1   knowledge as to any particular statement made by Princeton's research departments regarding

2   Facebook's support.  Facebook admits that Dr. Song was the recipient of a Facebook Fellowship and

3   is listed as an author, along with other Princeton researchers, on the article cited at the identified

4   URL.  Facebook denies the remaining allegations set forth in Paragraph 70 of the First Amended

5   Complaint.

6        71.     Facebook admits that Dr. Manolis Savva was a visiting researcher with Facebook AI

7   Research between July 2018 and August 2020 and that Dr. Savva and Dr. Shuran Song are listed

8   among the co-authors of the three articles cited in Paragraphs 9, 48, 52, and 70 of the First Amended

9   Complaint.  Facebook denies knowledge or information sufficient to form a belief as to the

10  remaining allegations set forth in Paragraph 71 of the First Amended Complaint.

11       72.     Facebook denies the allegations set forth in Paragraph 72 of the First Amended

12  Complaint.

13       73.     Facebook denies the allegations set forth in Paragraph 73 of the First Amended

14  Complaint.

15       74.     Facebook denies the allegations set forth in Paragraph 74 of the First Amended

16  Complaint to the extent that they imply Facebook had contemporaneous knowledge of, or

17  involvement in, the acts that Planner 5D alleges constitute trade secret misappropriation.  Facebook

18  denies knowledge or information sufficient to form a belief as to the remaining allegations set forth

19  in Paragraph 74 of the First Amended Complaint.

20       75.     Facebook states that the allegations set forth in Paragraph 75 of the First Amended

21  Complaint consist of legal conclusions to which no response is required, but to the extent any

22  response is required, Facebook denies the allegations.

23       76.     Facebook denies the allegations set forth in Paragraph 76 of the First Amended

24  Complaint.

25       **F.     Defendants' Knowledge of the Terms of Service**

26       77.     Facebook denies the allegation set forth in Paragraph 77 of the First Amended

27  Complaint that it saw Planner 5D's Terms of Service, and states that the allegation that Facebook

28

was bound by the Terms of Service is a legal conclusion to which no response is required, but to the extent any response is required, Facebook denies the allegation.  Facebook denies knowledge or information sufficient to form a belief as to the allegation that Princeton saw Planner 5D's Terms of Service, and states that the allegation that Princeton was bound by the Terms of Service is a legal conclusion to which no response is required.

78.     Facebook states that the allegations set forth in Paragraph 78 of the First Amended Complaint consist of legal conclusions to which no response is required, but to the extent any response is required, Facebook denies knowledge or information sufficient to form a belief as to the allegations.

79.     Facebook states that the allegations set forth in Paragraph 79 of the First Amended Complaint consist of legal conclusions to which no response is required, but to the extent any response is required, Facebook denies the allegations.

80.     Facebook denies the allegations set forth in Paragraph 80 of the First Amended Complaint.

**G.     Defendants' Continuing Wrongdoing**

81.     Facebook denies the allegations set forth in Paragraph 81 of the First Amended Complaint.

82.     Facebook admits that Planner 5D wrote to Facebook in March 2019, but denies the remaining allegations about Facebook set forth in Paragraph 82 of the First Amended Complaint. Facebook denies knowledge or information sufficient to form a belief with regard to the factual allegations about Princeton or "others," and states that the allegations about "infringing and misappropriated copies of Planner 5D's copyrighted and trade secret materials" consist of legal conclusions to which no response is required.

83.     Facebook states that the allegations set forth in Paragraph 83 of the First Amended Complaint consist of legal conclusions to which no response is required, but to the extent any response is required, Facebook denies the allegations.

**FIRST CAUSE OF ACTION**
**(Misappropriation of Individual Trade Secrets Under the**
**Defend Trade Secrets Act—Against All Defendants)**

84.     Facebook repeats and re-alleges its responses to Paragraphs 1–83 of the First Amended Complaint as if fully set forth herein.

85.     Facebook states that the allegations set forth in Paragraph 85 of the First Amended Complaint consist of legal conclusions to which no response is required, but to the extent any response is required, Facebook denies the allegations.

86.     Facebook denies that the location or content of Planner 5D's data files were secret. Facebook states that the remaining allegations set forth in Paragraph 86 of the First Amended Complaint consist of legal conclusions to which no response is required, but to the extent any response is required, Facebook denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 86 of the First Amended Complaint.

87.     Facebook states that the allegations set forth in Paragraph 87 of the First Amended Complaint consist of legal conclusions to which no response is required, but to the extent any response is required, Facebook denies the allegations.

88.     Facebook states that the allegations set forth in Paragraph 88 of the First Amended Complaint consist of legal conclusions to which no response is required, but to the extent any response is required, Facebook denies the allegations.

89.     Facebook states that the allegations set forth in Paragraph 89 of the First Amended Complaint consist of legal conclusions to which no response is required, but to the extent any response is required, Facebook denies the allegations.

90.     Facebook states that the allegations set forth in Paragraph 90 of the First Amended Complaint consist of legal conclusions to which no response is required, but to the extent any response is required, Facebook denies the allegations.

91.     Facebook states that the allegations set forth in Paragraph 91 of the First Amended Complaint consist of legal conclusions to which no response is required, but to the extent any response is required, Facebook denies the allegations.

**14**

**SECOND CAUSE OF ACTION**

**(Misappropriation of Trade Secret Compilation Under the
Defend Trade Secrets Act—Against All Defendants)**

92.     Facebook repeats and re-alleges its responses to Paragraphs 1–91 of the First

Amended Complaint as if fully set forth herein.

93.     Facebook states that the allegations set forth in Paragraph 93 of the First Amended

Complaint consist of legal conclusions to which no response is required, but to the extent any

response is required, Facebook denies the allegations.

94.     Facebook denies that the location or content of Planner 5D's data files were secret.

Facebook states that the remaining allegations set forth in Paragraph 94 of the First Amended

Complaint consist of legal conclusions to which no response is required, but to the extent any

response is required, Facebook denies knowledge or information sufficient to form a belief as to the

allegations set forth in Paragraph 94 of the First Amended Complaint.

95.     Facebook states that the allegations set forth in Paragraph 95 of the First Amended

Complaint consist of legal conclusions to which no response is required, but to the extent any

response is required, Facebook denies the allegations.

96.     Facebook states that the allegations set forth in Paragraph 96 of the First Amended

Complaint consist of legal conclusions to which no response is required, but to the extent any

response is required, Facebook denies the allegations.

97.     Facebook states that the allegations set forth in Paragraph 97 of the First Amended

Complaint consist of legal conclusions to which no response is required, but to the extent any

response is required, Facebook denies the allegations.

98.     Facebook states that the allegations set forth in Paragraph 98 of the First Amended

Complaint consist of legal conclusions to which no response is required, but to the extent any

response is required, Facebook denies the allegations.

99.     Facebook states that the allegations set forth in Paragraph 99 of the First Amended

Complaint consist of legal conclusions to which no response is required, but to the extent any

response is required, Facebook denies the allegations.

**15**

**THIRD CAUSE OF ACTION**
**(Misappropriation of Individual Trade Secrets Under the**
**California Uniform Trade Secrets Act—Against All Defendants)**

100.    Facebook repeats and re-alleges its responses to Paragraphs 1–99 of the First Amended Complaint as if fully set forth herein.

101.    Facebook states that the allegations set forth in Paragraph 101 of the First Amended Complaint consist of legal conclusions to which no response is required, but to the extent any response is required, Facebook denies the allegations.

102.    Facebook denies that the location or content of Planner 5D's data files were secret. Facebook states that the remaining allegations set forth in Paragraph 102 of the First Amended Complaint consist of legal conclusions to which no response is required, but to the extent any response is required, Facebook denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 102 of the First Amended Complaint.

103.    Facebook states that the allegations set forth in Paragraph 103 of the First Amended Complaint consist of legal conclusions to which no response is required, but to the extent any response is required, Facebook denies the allegations.

104.    Facebook states that the allegations set forth in Paragraph 104 of the First Amended Complaint consist of legal conclusions to which no response is required, but to the extent any response is required, Facebook denies the allegations.

105.    Facebook states that the allegations set forth in Paragraph 105 of the First Amended Complaint consist of legal conclusions to which no response is required, but to the extent any response is required, Facebook denies the allegations.

106.    Facebook states that the allegations set forth in Paragraph 106 of the First Amended Complaint consist of legal conclusions to which no response is required, but to the extent any response is required, Facebook denies the allegations.

**FOURTH CAUSE OF ACTION**
**(Misappropriation of Trade Secret Compilation Under the**
**California Uniform Trade Secrets Act—Against All Defendants)**

1      107.    Facebook repeats and re-alleges its responses to Paragraphs 1–106 of the First

2   Amended Complaint as if fully set forth herein.

3      108.    Facebook states that the allegations set forth in Paragraph 108 of the First Amended

4   Complaint consist of legal conclusions to which no response is required, but to the extent any

5   response is required, Facebook denies the allegations.

6      109.    Facebook denies that the location or content of Planner 5D's data files were secret.

7   Facebook states that the remaining allegations set forth in Paragraph 109 of the First Amended

8   Complaint consist of legal conclusions to which no response is required, but to the extent any

9   response is required, Facebook denies knowledge or information sufficient to form a belief as to the

10  allegations set forth in Paragraph 109 of the First Amended Complaint.

11      110.    Facebook states that the allegations set forth in Paragraph 110 of the First Amended

12  Complaint consist of legal conclusions to which no response is required, but to the extent any

13  response is required, Facebook denies the allegations.

14      111.    Facebook states that the allegations set forth in Paragraph 111 of the First Amended

15  Complaint consist of legal conclusions to which no response is required, but to the extent any

16  response is required, Facebook denies the allegations.

17      112.    Facebook states that the allegations set forth in Paragraph 112 of the First Amended

18  Complaint consist of legal conclusions to which no response is required, but to the extent any

19  response is required, Facebook denies the allegations.

20      113.    Facebook states that the allegations set forth in Paragraph 113 of the First Amended

21  Complaint consist of legal conclusions to which no response is required, but to the extent any

22  response is required, Facebook denies the allegations.

## AFFIRMATIVE DEFENSES

24      Facebook sets forth below its affirmative defenses.  Each affirmative defense is asserted as to

25  all claims asserted in the First Amended Complaint.  Facebook has insufficient information upon

26  which to form a belief as to whether it may have additional affirmative defenses.  Facebook reserves

27  its rights to assert additional affirmative defenses in the event it discovers facts upon which such

28

affirmative defenses may be based.  By setting forth any affirmative defenses, Facebook does not assume the burden of proving any fact, issue, or element of a claim where such burden properly belongs to Plaintiff.

### FIRST AFFIRMATIVE DEFENSE (FAILURE TO STATE A CLAIM)

Plaintiff has failed to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE (NO TRADE SECRET)

Plaintiff's information is not a protectable trade secret, either individually or as a compilation.

### THIRD AFFIRMATIVE DEFENSE (READILY ASCERTAINABLE)

Plaintiff's alleged trade secrets do not derive independent economic value from not being generally known to, or readily accessible by, the public through proper means.

### FOURTH AFFIRMATIVE DEFENSE (NO REASONABLE MEASURES)

Plaintiff failed to take reasonable measures to protect its trade secrets, and failed to alert third parties, including Facebook, who acquired the information in good faith, of the misappropriation claims.

### FIFTH AFFIRMATIVE DEFENSE (NO MISAPPROPRIATION)

Facebook did not misappropriate Plaintiff's information, because by the time Facebook became involved with the SUNCG Dataset, it was publicly disclosed.

### SIXTH AFFIRMATIVE DEFENSE (FAILURE TO SPECIFY)

Plaintiff has failed to describe its trade secrets with the requisite specificity in its First Amended Complaint, as required by Cal. Civ. P. Code § 2019.210, thereby failing to give Facebook sufficient notice as to whether or to what extent Plaintiff possesses any trade secrets, or that such trade secrets have been misappropriated.

### SEVENTH AFFIRMATIVE DEFENSE (LACHES, WAIVER, ESTOPPEL)

The SUNCG Dataset was publicly used by numerous academic institutions and companies for over two years before Plaintiff chose to file its First Amended Complaint.  As a result of this

1  delay, Plaintiff created the impression that it waived all claims based on use of the SUNCG Dataset.

2  Consequently, Plaintiff's claims are barred.

3  **EIGHTH AFFIRMATIVE DEFENSE (STATUTE OF LIMITATIONS)**

4  Plaintiff's trade secrets claims are barred, in whole or in part, by the statute of limitations.

5  **NINTH AFFIRMATIVE DEFENSE (INJUNCTIVE RELIEF)**

6  Plaintiff's claim for injunctive relief is barred because Plaintiff has an adequate remedy at

7  law.

8  Dated: December 21, 2020                    Respectfully submitted,

9                                              KIRKLAND & ELLIS LLP

10

11                                              */s/ Dale M. Cendali*
                                               Dale M. Cendali (S.B.N. 1969070)

12                                              dale.cendali@kirkland.com
                                               Johanna Schmitt (admitted *pro hac vice*)

13                                              johanna.schmitt@kirkland.com
                                               Ari Lipsitz (admitted *pro hac vice*)

14                                              ari.lipsitz@kirkland.com
                                               KIRKLAND & ELLIS LLP

15                                              601 Lexington Avenue

16                                              New York, NY 10022
                                               Telephone: (212) 446-4800

17

18                                              Attorneys for Defendants
                                               *Facebook, Inc.*

19                                              *and Facebook Technologies, LLC*

20

21

22

23

24

25

26

27

28

**19**

1

## **CERTIFICATE OF SERVICE**

On December 21, 2020, I electronically filed the foregoing with the Clerk of the Court by using CM/ECF system which will send a notice of electronic filing to all persons registered for ECF. All copies of documents required to be served by Fed. R. Civ. P. 5(a) and L.R. 5-1 have been so served.

*/s/ Dale M. Cendali*
Dale M. Cendali (S.B.N. 1969070)
dale.cendali@kirkland.com

Attorney for Defendants
*Facebook, Inc.*
*Facebook Technologies, LLC*

**1**