**JENNER & BLOCK LLP**
David R. Singer (Cal. Bar No. 204699)
dsinger@jenner.com
633 West 5th Street, Suite 3600
Los Angeles, CA  90071-2054
Phone:        (213) 239-5100
Facsimile:    (213) 239-5199

**JENNER & BLOCK LLP**
Andrew H. Bart (*pro hac vice*)
abart@jenner.com
Jacob L. Tracer (*pro hac vice*)
jtracer@jenner.com
919 Third Avenue, 39th Floor
New York, NY  10022-3908
Phone:        (212) 891-1600
Facsimile:    (212) 891-1699

Attorneys for Defendant
*The Trustees of Princeton University*

**KIRKLAND & ELLIS LLP**
Dale M. Cendali (S.B.N. 1969070)
dale.cendali@kirkland.com
Johanna Schmitt (*pro hac vice*)
johanna.schmitt@kirkland.com
Ari Lipsitz (*pro hac vice*)
ari.lipsitz@kirkland.com
601 Lexington Avenue
New York, NY  10022
Phone:        (212) 446-4800

**KIRKLAND & ELLIS LLP**
Diana Torres (Cal. Bar No. 162284)
diana.torres@kirkland.com
2019 Century Park East
Los Angeles, CA  90067
Phone:        (310) 552-4200

Attorneys for Defendants
*Facebook, Inc.* and *Facebook Technologies, LLC*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| UAB "PLANNER5D" d/b/a PLANNER 5D,<br><br>                Plaintiff,<br><br>     v.<br><br>FACEBOOK, INC.; FACEBOOK TECHNOLOGIES, LLC; THE TRUSTEES OF PRINCETON UNIVERSITY; et al.,<br><br>                Defendants. | Case No. 3:19-cv-03132-WHO<br>Case No. 3:20-cv-02198-WHO<br>Case No. 3:20-cv-08261-WHO<br><br>**NOTICE OF MOTION AND MOTION BY DEFENDANTS TO DISMISS THE COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>This Document Relates To:<br>Case No. 3:20-cv-08261-WHO<br><br>Complaint filed:  November 23, 2020<br><br>Hearing Date: March 31, 2021<br>Hearing Time: 2:00 p.m.<br>Judge:  Honorable William H. Orrick<br>Courtroom:  2 |

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, on March 31, 2021, at 2:00 p.m., or as soon thereafter as the Court is available, Defendants Facebook, Inc., Facebook Technologies, LLC, and The Trustees of Princeton University (collectively, "Defendants") will and hereby do move the Court in Courtroom 2 of the federal courthouse located at 450 Golden Gate Avenue, San Francisco, CA 94102, to dismiss Plaintiff's Complaint for Copyright Infringement in Case No. 3:20-cv-08261-WHO pursuant to Federal Rule of Civil Procedure 12(b)(6) on the basis that the pleading fails to state a claim upon which relief can be granted.

Defendants' motion is based on this Notice of Motion and Motion, the following Memorandum of Points and Authorities, any additional briefing on this subject, and any evidence and arguments that will be presented to the Court at the hearing on this matter.

Dated:  February 2, 2021                                 JENNER & BLOCK LLP


                                                         By: /s/ Andrew H. Bart
                                                         ANDREW H. BART (PRO HAC VICE)

                                                         Attorneys for Defendant
                                                         The Trustees of Princeton University


Dated:  February 2, 2021                                 KIRKLAND & ELLIS LLP

                                                         By: /s/ Dale M. Cendali
                                                         Dale M. Cendali (S.B.N. 1969070)

                                                         Attorneys for Defendants
                                                         Facebook, Inc. and
                                                         Facebook Technologies, LLC

## <u>TABLE OF CONTENTS</u>

INTRODUCTION.................................................................................................................................1

BACKGROUND .................................................................................................................................4

I.       Planner 5D's Objects And Compilation Of Scenes.....................................................4

II.      Planner 5D's Efforts To Obtain Copyright Registrations ........................................5

III.    Planner 5D's Plan To Request Reconsideration ........................................................7

LEGAL STANDARD .........................................................................................................................7

ARGUMENT .......................................................................................................................................8

I.       Planner 5D Concedes That The Copyright Office Has Not Registered Its Alleged Works....9

II.      Section 411(a) Precludes Planner 5D From Simultaneously Seeking Reconsideration By The Copyright Office And Litigating Its Infringement Claim In This Court. .............................10

CONCLUSION ................................................................................................................................14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adidas Sportschuhfabriken ADI Dassler KG v. Chen*,
   No. 87-cv-6094, 1988 WL 1091940 (N.D. Cal. Feb. 2, 1988) ............................................................7

*Brewster v. City of Los Angeles*,
   No. 14-cv-2257, 2019 WL 1002518 (C.D. Cal. Jan. 15, 2019) ........................................................7

*DeHoog v. Anheuser-Busch InBev SA/NV*,
   899 F.3d 758 (9th Cir. 2018) ...........................................................................................................7, 8

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*,
   499 U.S. 340 (1991) ...........................................................................................................................12

*Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*,
   139 S. Ct. 881 (2019) ........................................................................................................2, 9, 11, 12

*Gonzalez v. Planned Parenthood of L.A.*,
   759 F.3d 1112 (9th Cir. 2014) ...........................................................................................................8

*Greene v. Cabral*,
   No. 12-cv-11685, 2015 WL 4270173 (D. Mass. July 13, 2015) .......................................................7

*Kwan v. SanMedica Int'l*,
   854 F.3d 1088 (9th Cir. 2017) ...........................................................................................................8

*Proline Concrete Tools, Inc. v. Dennis*,
   No. 07-cv-2310, 2013 WL 12116134 (S.D. Cal. Mar. 28, 2013) ....................................................12

*Torres-Negron v. J & N Recs., LLC*,
   504 F.3d 151 (1st Cir. 2007) .............................................................................................................12

*UAB "Planner 5D" v. Facebook, Inc.*,
   No. 19-cv-03132-WHO, 2019 WL 6219223 (N.D. Cal. Nov. 21, 2019) ....................................2, 4, 5

*UAB "Planner 5D" v. Facebook, Inc.*,
   No. 19-cv-03132-WHO, 2020 WL 4260733 (N.D. Cal. July 24, 2020) ................................... *passim*

**Statutes**

17 U.S.C. § 411(a) ........................................................................................................................ *passim*

17 U.S.C. § 412............................................................................................................................................9

**Other Authorities**

2 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 7.16[B][3][c] ...............................2, 13

37 C.F.R. § 202.5 ...............................................................................................................2, 6, 10, 13

Br. for the U.S. as Amicus Curiae, *Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*,
    No. 17-571, 2018 WL 2264108 (U.S. May 16, 2018) .........................................................10

U.S. Copyright Office, *Compendium of U.S. Copyright Office Practices*
    § 1703.2 (3d ed. 2017) ........................................................................................................10

1    Pursuant to Civil Local Rule 7-4, Defendants Facebook, Inc. and Facebook Technologies, LLC
2  (together, "Facebook") and The Trustees of Princeton University ("Princeton," and together with
3  Facebook, "Defendants") respectfully submit this memorandum of points and authorities in support of their
4  Motion to Dismiss the Complaint for Copyright Infringement (the "Complaint") filed by Plaintiff UAB
5  "Planner5D," d/b/a Planner 5D ("Planner 5D") in Case No. 3:20-cv-08261-WHO for failure to state a claim
6  upon which relief can be granted.

7                                    **INTRODUCTION**

8    This is the third time Planner 5D's Complaint fails to plead a claim for copyright infringement
9  against Defendants because Planner 5D has not complied with the Copyright Act's registration requirement
10  before filing suit.  Accordingly, Planner 5D's copyright claim should be dismissed.

11    In its new complaint, Planner 5D continues to allege that it operates a home design website that
12  allows users to create interior design scenes using a library of virtual objects (such as tables, chairs, and
13  sofas) to populate the scenes.  Planner 5D further alleges that Defendants infringed its copyrights in the
14  objects and a compilation of user-created scenes appearing on its website.

15    However, before Planner 5D can litigate its infringement claim in federal court, it must first comply
16  with the Copyright Act's registration requirement, codified at 17 U.S.C. § 411(a) ("Section 411(a)").
17  Section 411(a) permits a plaintiff to sue for copyright infringement of a United States work only after it
18  first completes the process of trying to register the alleged work with the United States Copyright Office
19  (the "Copyright Office," or the "Office").  Among other purposes, the registration requirement ensures that
20  the Copyright Office has the opportunity to evaluate and make a final determination about the validity of
21  an alleged copyright before a federal court is called upon to adjudicate whether that alleged copyright has
22  been infringed.

23    There are two ways for plaintiffs to complete the registration process, which are described in the
24  first two sentences of Section 411(a).  In the overwhelming majority of cases, plaintiffs proceed under the
25  first sentence of Section 411(a), which permits them to institute actions for copyright infringement once
26  "registration . . . has been made" with the Copyright Office.  The Supreme Court has clarified that this
27  sentence permits plaintiffs to sue only after the Copyright Office actually registers the copyrights at issue

28

and issues certificates of registration accordingly. *See Fourth Est. Pub. Benefit Corp. v. Wall-Street.com*, 139 S. Ct. 881, 890 (2019) (noting that "the vast majority of applications are granted"); *see also* 2 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 7.16[B][3][c] ("That figure actually hovers around 99%.").

Alternatively, in the rare circumstance where the Copyright Office refuses to register an alleged copyright and a putative plaintiff wants to commence an infringement action anyway, the second sentence of Section 411(a) permits an applicant to file an infringement claim when "registration has been refused" by the Office. After such a final refusal, "the issue of registrability of the copyright claim" becomes a question for the court to decide, and the plaintiff must convince the Court that the Office's refusal was erroneous. 17 U.S.C. § 411(a).

Together, the first two sentences of Section 411(a) ensure that plaintiffs cannot litigate copyright infringement claims involving United States works in federal court until after they complete the process of seeking registrations from the Copyright Office. Yet in its zeal to assert its copyright claim, Planner 5D has repeatedly ignored Section 411(a). In its initial pleading, Planner 5D failed to allege it made any effort to comply with Section 411(a) at all. As a result, this Court dismissed Planner 5D's infringement claim. *See UAB "Planner 5D" v. Facebook, Inc.*, No. 19-cv-03132-WHO, 2019 WL 6219223, at *5–6 (N.D. Cal. Nov. 21, 2019) [hereinafter "*Planner 5D I*"]. Planner 5D subsequently registered some works with the Copyright Office, but it did not register the works it alleged were infringed. That failure led to a second dismissal of Planner 5D's copyright claim. *See UAB "Planner 5D" v. Facebook, Inc.*, No. 19-cv-03132-WHO, 2020 WL 4260733, at *4–5 (N.D. Cal. July 24, 2020) [hereinafter "*Planner 5D II*"].

After the second dismissal, Planner 5D filed two new applications with the Copyright Office. The Office reviewed those applications and made an initial determination that they should be refused. At that point, Planner 5D filed its third copyright complaint, which is the subject of this motion. In doing so, it alleged that commencing the action was proper under the second sentence of Section 411(a). However, Planner 5D's attempt to invoke this statutory provision must be rejected because Planner 5D is still engaged in the registration process before the Copyright Office. Copyright Office regulations permit Planner 5D to request that the Office reconsider its initial decision. *See* 37 C.F.R. § 202.5. If successful, a request for

reconsideration would result in the Office issuing certificates of registration for Planner 5D's alleged works.  Planner 5D has represented to Defendants that it will seek reconsideration of the Office's initial refusal of its registrations by its February 16, 2021 deadline to do so.

Accordingly, Planner 5D's copyright claim must be dismissed as prematurely filed.  *Fourth Estate* expressly rejected an interpretation of Section 411(a) that would have allowed copyright plaintiffs to pursue the registration process with the Copyright Office and litigate infringement claims in federal court simultaneously.  Yet that is precisely what Planner 5D seeks to do here.  In seeking reconsideration, Planner 5D is plainly pursuing its applications for the registration of the alleged works with the Copyright Office. But in refiling its copyright claim with this Court, Planner 5D is also seeking to litigate an infringement claim based on the refusal of the Copyright Office to issue registrations for those alleged works.  As a result, Planner 5D is asking both the Copyright Office and this Court to consider the same issue—the registrability of its alleged works—at the same time.  This duplicative process would be extremely inefficient and would prejudice both the Office and this Court, subjecting each entity to the possibility that its review will be affected, or even mooted by the other, and creating a risk of inconsistent rulings should they disagree.  It also prejudices Defendants, who would have to defend against Planner 5D's infringement claim and litigate "the issue of registrability" without knowing whether Planner 5D will obtain registrations.

Planner 5D is free to elect to seek reconsideration within the Copyright Office.  However, having made its election, it cannot also litigate before this Court at the same time.  The Supreme Court's analysis of the controlling statutory language and the application of basic principles of equity and judicial economy prohibit Planner 5D from taking those actions simultaneously.

Thus, Planner 5D's copyright claim should again be dismissed.

1

## BACKGROUND[1]

2   This Court is well aware of Planner 5D's factual allegations against Defendants.  *See Planner 5D*

3   *I*, 2019 WL 6219223, at *1–4; *see also Planner 5D II*, 2020 WL 4260733, at *1–2.  Below, Defendants

4   provide background only insofar as it is relevant to resolving this motion.

5   **I.   Planner 5D's Objects And Compilation Of Scenes**

6   Planner 5D operates a website that offers its users access to a library of digital renderings of

7   household objects (*e.g.*, sofas, beds, windows, baths, sinks, lights, and plants) and enables its users to create

8   virtual home design scenes incorporating those objects.  Compl. ¶ 31.  Users can drag objects to or around

9   floor plans and then move, rotate, resize, or otherwise manipulate the objects to create design scenes.  *Id.*

10   Users can also "toggle between two- and three-dimensional" renderings of their scenes and rotate and tilt

11   the 3D renderings "to any desired perspective."  *Id.*

12   The objects and scenes visible on Planner 5D's website are each saved as individual data files on

13   Planner 5D's servers.  *Id.* ¶ 33 (referring to "object files"), ¶ 45 (referring to "scene files").  Planner 5D

14   alleges that it created all the objects on its website.  *Id.* ¶ 33.  However, the scenes were created by Planner

15   5D's users, who can choose whether to designate them for potential inclusion in a public gallery on Planner

16   5D's website.  *Id.* ¶ 6.  Planner 5D alleges that it owns copyrights in the objects on its website and the

17   compilation of user-created scenes it chose to display as part of its website's public gallery.

18   Planner 5D alleges on information and belief that "on or after February 18, 2016," computer science

19   researchers at Princeton[2] obtained downloads of Planner 5D's objects and compilation of scenes.  Compl.

20   ¶¶ 33, 46.  Planner 5D further alleges that the researchers later distributed those materials to the public by

21   posting them to a Princeton-hosted website as the "SUNCG Dataset," and that Facebook further distributed

22   them as part of its Scene Understanding and Modeling Challenge (the "SUMO Challenge").  *Id.* ¶¶ 63, 77.

23

24

25   ---

25   [1] Unless otherwise noted, the facts described herein are drawn from the Complaint and accepted as true for
26   the purposes of this motion only.  Nothing in this submission should be read to suggest that Defendants
26   agree with any fact alleged by Planner 5D.

27   [2] While the Complaint defines "Princeton" to include "the university, its employees, agents, and others
27   acting at its behest and direction," Compl. ¶ 26, that term is used herein to refer only to Defendant The
28   Trustees of Princeton University (*i.e.*, the university and not its employees, agents, or others).

## II.   **Planner 5D's Efforts To Obtain Copyright Registrations**

Planner 5D first initiated this action in June 2019, alleging claims for copyright infringement and misappropriation of trade secrets.  *See* Dkt. 1, Complaint (June 5, 2019).[3]  In its original pleading, Planner 5D did not allege that it had made any effort to register its alleged copyrights.  Accordingly, Defendants each moved to dismiss, arguing that Planner 5D had not satisfied the Copyright Act's registration requirement before filing suit.  *See* Dkt. 31, Princeton's Motion to Dismiss the Complaint (Aug. 2, 2019); Dkt. 33, Facebook's Motion to Dismiss the Complaint (Aug. 16, 2019).  This Court granted those motions on November 21, 2019, holding, among other things, that Planner 5D was required either to register its alleged copyrights with the Copyright Office or to allege sufficient facts to show that its works were foreign works exempt from the registration requirement.  *See Planner 5D I*, 2019 WL 6219223, at *7.

Planner 5D informed the Court on December 6, 2019 that it intended to register its alleged copyrights.  *See* Dkt. 54, Notice of Intent to Register Copyright (Dec. 6, 2019).  Planner 5D then submitted two applications to the Copyright Office.  After review, the Office issued two certificates of registration to Planner 5D.  Significantly, both registrations expressly covered works completed and published in 2019. *See Planner 5D II*, 2020 WL 4260733, at *1 (describing certificates).  On the basis of those registrations, Planner 5D filed a second action reasserting its claim for copyright infringement.  *See* Case No. 3:20-cv-02198-WHO, Dkt. 1, Complaint (Mar. 31, 2020).

However, while Planner 5D's registrations covered works completed and published in 2019, Planner 5D alleged that Defendants infringed its works in 2016.  Because Planner 5D had pled that Defendants committed infringement years before the works at issue were created or published, Defendants moved to dismiss again, arguing that Planner 5D did not register the works it alleged were actually infringed.  *See* Dkt. 68, Princeton's Motion to Dismiss the Complaints (Apr. 29, 2020); Dkt. 69, Facebook's Motion to Dismiss the Amended Complaint (Apr. 29, 2020).  This Court agreed, and on July 24, 2020, it again dismissed Planner 5D's copyright claim.  *See Planner 5D II*, 2020 WL 4260733, at *2–5.

---

[3] Defendants have already answered Planner 5D's trade secrets claims.  *See* Dkt. 101, Princeton's Answer, Defenses, and Affirmative Defenses to Planner 5D's First Amended Complaint (Dec. 21, 2020); Dkt. 102, Facebook's Answer to Planner 5D's First Amended Complaint (Dec. 21, 2020).  Those claims are irrelevant to this motion.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

During oral argument on Defendants' motions to dismiss the second copyright complaint, Planner 5D represented that it could resolve its registration failure by registering the versions of its alleged works as they existed before they were allegedly infringed.  *See id.* at *5.  The Court granted Planner 5D the opportunity to do so, after which Planner 5D could again reassert its infringement claim.  *See id.*

Accordingly, Planner 5D submitted two new applications to the Copyright Office on September 14, 2020.  Compl. ¶ 95.  Four days later, the Copyright Office sent letters to Planner 5D stating its initial determination to refuse to register the works at issue.  *See id.* ¶ 98 & Ex. A at 5–8, 11–12.  Attached to each letter were instructions informing Planner 5D how to request that the Copyright Office reconsider its initial determination.  *See* Compl. Ex. A at 9–10, 13–14; *see generally* 37 C.F.R. § 202.5 (describing the Office's reconsideration procedures).  The letters also stated that pursuant to Office regulations, any such request for reconsideration must be submitted within three months after the Office's initial determination.  *See* Compl. Ex. A at 9, 13; *see also* 37 C.F.R. § 202.5(b)(3).

Planner 5D alleges that after receiving the Copyright Office's letters, it "engaged in further exchanges" with the Office in an attempt to persuade the Office to register its alleged works without needing to file a formal request for reconsideration.  Compl. ¶ 99.  However, on November 16, 2020, the Copyright Office sent Planner 5D another letter restating its initial determination that Planner 5D's registrations should be refused.  *See id.* ¶ 101 & Ex. A at 2–4.  That letter stated that, "as a courtesy," the Office would consider any reconsideration requests timely so long as they were submitted within three months of November 16, 2020.  Compl. Ex. A at 3.  Thus, Planner 5D's deadline to seek reconsideration is February 16, 2021.

One week after receiving the Copyright Office's November 16, 2020 letter, Planner 5D reasserted its copyright infringement claim in this Court by filing the operative Complaint.  *See* Case No. 3:20-cv-08261-WHO, Dkt. 1, Complaint (Nov. 23, 2020).  Planner 5D alleges that it has satisfied Section 411(a) because the Copyright Office has refused to register its alleged works and Planner 5D has satisfied all other preconditions to filing suit.  Compl. ¶¶ 101–02, 104–06.

III.   **Planner 5D's Plan To Request Reconsideration**

As Defendants analyzed their potential responses to Planner 5D's latest pleading, they realized that the substance of their responses would depend on whether or not Planner 5D sought reconsideration from the Copyright Office.  Specifically, if Planner 5D planned to seek reconsideration, Defendants would file this motion.  In contrast, if Planner 5D decided not to seek reconsideration, there would be no simultaneous attempt to litigate and register and Defendants would not assert the present motion.  However, Defendants' responses to the Complaint were due *before* Planner 5D's deadline to seek reconsideration.  Accordingly, Defendants were not able to wait to see what Planner 5D did before determining how they should proceed.

To avoid undertaking the needless burden of preparing speculative responses to Planner 5D's pleading and to avoid imposing the burden on the Court to review such responses, Defendants reached out to Planner 5D on January 4, 2021 to ask about its plans and discuss how this case should proceed.  Over the course of nearly two weeks, the parties met and conferred about these issues numerous times by phone and email.  Eventually, Planner 5D represented that it *does* plan to seek reconsideration with the Copyright Office on or before its February 16, 2021 deadline.  *See* Dkt. 103-1, Decl. of Andrew H. Bart in Support of Stipulation ¶ 13 (Jan. 15, 2021).[4]  In response, Defendants have filed this motion.

## LEGAL STANDARD

Under the "now-familiar standard of *Twombly* and *Iqbal*," to survive a motion to dismiss "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *DeHoog v. Anheuser-Busch InBev SA/NV*, 899 F.3d 758, 763 (9th Cir. 2018) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (internal quotation marks omitted).  A complaint's "factual allegations

---

[4] Accepting the representations of counsel is a longstanding and essential feature of litigation, as the court system would "fail to function" if the Court could not rely on such representations.  *Adidas Sportschuhfabriken ADI Dassler KG v. Chen*, No. 87-cv-6094, 1988 WL 1091940, at *7 (N.D. Cal. Feb. 2, 1988); *see also Brewster v. City of Los Angeles*, No. 14-cv-2257, 2019 WL 1002518, at *4 (C.D. Cal. Jan. 15, 2019) (recognizing that a party in litigation is "well aware that opposing counsel and the court rely on its representations").  Indeed, this Court has expressly relied on representations made by Planner 5D's counsel in resolving Defendants' second motions to dismiss.  *See Planner 5D II*, 2020 WL 4260733, at *5 (relying on representations made by Planner 5D's counsel in granting leave to amend copyright claim).  Accordingly, the Court can take judicial notice of the fact that Planner 5D plans to seek reconsideration with the Copyright Office.  *See Greene v. Cabral*, No. 12-cv-11685, 2015 WL 4270173, at *4 (D. Mass. July 13, 2015) (taking judicial notice of dispositive fact occurring after filing of complaint based on representations made by counsel).

1   'must be enough to raise a right to relief above the speculative level.'" *Id.* (quoting *Bell Atl. Corp. v.*

2   *Twombly*, 550 U.S. 544, 555 (2007)).  Moreover, a court evaluating a motion to dismiss need not accept as

3   true legal conclusions in a complaint or factual allegations that are contradicted by materials subject to

4   judicial notice or incorporated into the complaint by reference.  *See Kwan v. SanMedica Int'l*, 854 F.3d

5   1088, 1096 (9th Cir. 2017) (legal conclusions); *Gonzalez v. Planned Parenthood of L.A.*, 759 F.3d 1112,

6   1115 (9th Cir. 2014) (factual allegations contradicted by materials properly before the court).

## ARGUMENT

8   As it has done twice before, the Court should dismiss Planner 5D's copyright claim for failing to

9   satisfy the registration requirement in Section 411(a).

10   Section 411(a) provides:

> Except for an action brought for a violation of the rights of the author under
> section 106A(a), and subject to the provisions of subsection (b), no civil
> action for infringement of the copyright in any United States work shall be
> instituted until preregistration or registration of the copyright claim has been
> made in accordance with this title.  In any case, however, where the deposit,
> application, and fee required for registration have been delivered to the
> Copyright Office in proper form and registration has been refused, the
> applicant is entitled to institute a civil action for infringement if notice
> thereof, with a copy of the complaint, is served on the Register of
> Copyrights.  The Register may, at his or her option, become a party to the
> action with respect to the issue of registrability of the copyright claim by
> entering an appearance within sixty days after such service, but the
> Register's failure to become a party shall not deprive the court of jurisdiction
> to determine that issue.

17 U.S.C. § 411(a).

Under the first two sentences of Section 411(a), quoted above, owners of United States works are

only permitted to sue for copyright infringement after they first submit applications to the Copyright Office

and obtain one of two results.  Copyright plaintiffs overwhelmingly institute infringement actions under

the first sentence, once "registration of the copyright claim has been made." *Id.*  In the rare circumstance

in which the Copyright Office refuses to register an alleged work and its owner wants to sue for

infringement anyway, the second sentence permits plaintiffs to institute infringement actions if

"registration has been refused" by the Copyright Office and other conditions are met. *Id.*

A plaintiff suing on the basis of the Office's refusal to register the relevant work must satisfy

additional burdens not required of a plaintiff suing after obtaining a copyright registration.  Most notably,

1  when the Copyright Office refuses to register a work, "the issue of registrability of the copyright claim"

2  must be resolved by the court in an infringement action.  *Id.*  Plainly, that issue—whether the Copyright

3  Office erred in refusing to register the alleged work—is not presented when the Office actually registers

4  the work.  To ensure that the Copyright Office has the opportunity to intervene in the action in order to

5  address that issue, Section 411(a) also obligates a plaintiff suing on the basis of a refusal to serve a copy

6  of its complaint on the Office.  *See id.*; *see also* Compl. ¶ 106.[5]

7  Failing to comply with Section 411(a) results in dismissal without prejudice to file a new

8  infringement action if the registration requirement is satisfied.  *See* Dkt. 59, Order re: Joint Motion for

9  Clarification at 3 (Mar. 5, 2020) (permitting Planner 5D to "re-assert its copyright claims in a new lawsuit"

10  after its first pleading was dismissed for failing to satisfy Section 411(a)).  Such dismissal is necessary here

11  because the Copyright Office has neither registered the copyrights Planner 5D alleges were infringed nor

12  made a final decision to refuse to register those works.  Indeed, given Planner 5D's unambiguous

13  commitment to seek reconsideration, it is beyond dispute that Planner 5D is still engaged in the process of

14  attempting to convince the Office to issue registrations for the works at issue.

15  **I.      Planner 5D Concedes That The Copyright Office Has Not Registered Its Alleged Works.**

16  Planner 5D cannot litigate its copyright claim pursuant to the first sentence of Section 411(a).  That

17  sentence authorizes copyright plaintiffs to sue for infringement once "registration of the copyright claim

18  has been made."  17 U.S.C. § 411(a).  Registration is "made" only "when the Copyright Office registers a

19  copyright."  *Fourth Est.*, 139 S. Ct. at 888.  However, Planner 5D does not allege—nor could it—that the

20  Copyright Office registered the copyrights it claims were infringed.  To the contrary, the Complaint

21  concedes that the Copyright Office made an initial determination to ***refuse*** to register Planner 5D's alleged

22  works.  *See* Compl. ¶¶ 98, 101, 106 & Ex. A.  Thus, Planner 5D cannot pursue its infringement claim based

23  on the first sentence of Section 411(a).

24

25

26  ───────────────

[5] Registration is also a prerequisite for a copyright plaintiff to claim statutory damages as a remedy for

27  infringement.  *See* 17 U.S.C. § 412.  However, because eligibility for statutory damages also includes other requirements that Planner 5D cannot meet, Planner 5D is precluded from seeking statutory damages in this

28  action, regardless of whether it is able to register its alleged works.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## II.    Section 411(a) Precludes Planner 5D From Simultaneously Seeking Reconsideration By The Copyright Office And Litigating Its Infringement Claim In This Court.

As noted above, the second sentence of Section 411(a) permits copyright plaintiffs to bring infringement actions once "registration has been refused" by the Copyright Office.  17 U.S.C. § 411(a). However, Planner 5D is still pursuing the registration process and is attempting to persuade the Copyright Office to issue certificates of registration for its alleged copyrights.  Indeed, as discussed below, those efforts will result in the Copyright Office undertaking a *de novo* review of Planner 5D's registration applications.  In this factual context, it is clear that the Office has not yet "refused" registrations to Planner 5D for the purposes of Section 411(a).

As noted above, Planner 5D has represented to Defendants that it intends to request that the Copyright Office reconsider its initial determination refusing to register Planner 5D's alleged copyrights. *See supra* at 7.  The Copyright Office has promulgated regulations that govern such requests.  When the Copyright Office makes an initial determination to refuse to register a copyright, the applicant has a right to request that the Office reconsider its decision.  *See* 37 C.F.R. § 202.5(a).  A request for reconsideration must state "the reasons the applicant believes registration was improperly refused, including any legal arguments in support of those reasons and any supplementary information." *Id.* § 202.5(b)(1).  The request will then be evaluated under a *de novo* standard of review by an Office attorney who was not involved in the Office's initial determination, allowing the Office to take a "fresh look" at whether the work at issue can be registered.  U.S. Copyright Office, *Compendium of U.S. Copyright Office Practices* § 1703.2 (3d ed. 2017).  Ultimately, the Office will respond either by registering the work or explaining why refusal is warranted.  *See* 37 C.F.R. § 202.5(b)(4).

Thus, when an applicant chooses to seek reconsideration, the Copyright Office's initial determination refusing to register the work at issue is superseded by the Office's subsequent *de novo* review, after which the Office can either issue a registration or refuse to register the work.  In other words, when an applicant seeks reconsideration, both the applicant and the Office are engaged in a process that replaces the Office's initial findings with a subsequent *de novo* review and determination of whether the work at issue should be registered.

Planner 5D's maneuver is plainly foreclosed by the logic underlying the Supreme Court's opinion in *Fourth Estate*.  A plaintiff cannot litigate an infringement claim in federal court based on a refusal that is not final while simultaneously seeking reconsideration by the Copyright Office.  In *Fourth Estate*, the Supreme Court considered whether Section 411(a) permits copyright plaintiffs to sue for infringement upon filing applications with the Copyright Office (the "application approach") or whether Section 411(a) requires the Office to issue or refuse to issue certificates of registration before infringement suits can be commenced (the "registration approach").  *See* 139 S. Ct. at 888.  The Court expressly rejected the application approach, concluding that Section 411(a) is satisfied only "[o]nce the Register [of Copyrights] grants or refuses registration."  *Id.* at 891; *see also* Br. for the U.S. as Amicus Curiae, *Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, No. 17-571, 2018 WL 2264108, at *14 (U.S. May 16, 2018) ("Thus, an applicant who has submitted a proper application package may file an infringement suit once the Register has issued a *final* decision refusing registration.") (emphasis added).  In other words, *Fourth Estate* held that Section 411(a) prohibits copyright plaintiffs from suing for infringement **at the same time** as they also seek to register their alleged copyrights and the Copyright Office considers the merits of their registration applications.

In seeking to litigate its infringement claim while simultaneously seeking *de novo* reconsideration of its applications from the Copyright Office, Planner 5D is plainly asking this Court to circumvent *Fourth Estate*'s rejection of the application approach.  Under the application approach, a copyright plaintiff could litigate an infringement claim **while** the Copyright Office determined whether or not the work at issue could be registered.  *Fourth Estate* rejected that approach to ensure that the Copyright Office has completed the registration process before infringement litigation commences.  By trying to litigate in this Court while it prosecutes its applications with the Copyright Office, Planner 5D is impermissibly seeking to have this Court review a decision of the Office that is also the subject of a contemporaneous *de novo* Office review.

Planner 5D's attempt to litigate and seek reconsideration simultaneously clearly benefits Planner 5D.  However, Planner 5D's effort to circumvent Section 411(a) prejudices every other entity involved in this dispute, namely this Court, the Copyright Office, and Defendants.

1     The Court will be prejudiced because Planner 5D would have it consider "the issue of registrability"

2   before the Copyright Office completes its *de novo* review of that very issue.  That procedure risks judicial

3   waste and deprives the Court of the benefit of the Office's considered judgment when considering the

4   merits of Planner 5D's infringement claim.  The risk of waste is obvious: "the issue of registrability" arises

5   only if Planner 5D litigates on the basis of the Copyright Office's refusal to register its alleged works.

6   Thus, if the Copyright Office decides on reconsideration to register those works, the issue will be moot

7   and any time the Court spends on the issue before the Office reaches its decision will be wasted.

8     Further, Planner 5D's attempt to litigate and seek reconsideration at the same time would prevent

9   the Court from being able to rely on (or even consider) the Copyright Office's final registration decision

10   when evaluating the merits of Planner 5D's infringement claim.  Like any copyright plaintiff, Planner 5D

11   must plead and prove "ownership of a valid copyright" as an element of infringement.  *Feist Publ'ns, Inc.*

12   *v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).  Among other purposes, the registration requirement in

13   Section 411(a) ensures that the Copyright Office can make a judgment "based on its experience and

14   expertise" regarding the validity of an alleged copyright before litigation begins, which allows courts to

15   "reduce the burdens of litigation by giving that judgment some weight."  *Torres-Negron v. J & N Recs.,*

16   *LLC*, 504 F.3d 151, 161 (1st Cir. 2007); *see also Proline Concrete Tools, Inc. v. Dennis*, No. 07-cv-2310,

17   2013 WL 12116134, at *4 n.3 (S.D. Cal. Mar. 28, 2013) (recognizing that in an infringement action, the

18   Copyright Office's registration decision "is entitled to judicial deference if it is reasonable").  In fact, the

19   Supreme Court rejected the application approach in *Fourth Estate* in part because allowing a plaintiff to

20   litigate an infringement claim before the Copyright Office resolved an application would deprive the Court

21   of "the benefit of the Register's assessment."  139 S. Ct. at 889.  However, Planner 5D hopes to proceed

22   in a way that would deprive the Court of any opportunity to even consider the *de novo* determination of

23   the Copyright Office before ruling on this issue.

24     The Copyright Office will also be prejudiced by Planner 5D's attempt to litigate at the same time

25   that it pursues reconsideration.  Indeed, any attempt to litigate on the basis of an initial refusal while a

26   request for reconsideration is pending deprives the Office of its right to make an informed decision as to

27   whether to exercise its right to participate in the litigation.  As noted above, when a plaintiff sues for

28

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS THE COPYRIGHT COMPLAINT
Case Nos. 3:19-cv-03132-WHO & 3:20-cv-08261-WHO

copyright infringement based on the Office's purported refusal to register the copyright at issue, Section 411(a) requires the plaintiff to serve a copy of the complaint on the Office and permits the Office to intervene in the litigation "with respect to the issue of registrability."  17 U.S.C. § 411(a).  Infringement lawsuits based on refusals to register are exceedingly rare.  *See* 2 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 7.16[B][3][c] (noting that the Copyright Office grants registrations "around 99%" of the time).  Thus, when they occur, the Office has a significant interest in intervening to defend its decision to refuse registration.  In order to do so, the Office must enter its appearance within 60 days of service.  *See* 17 U.S.C. § 411(a).  However, a registration applicant has three months to request that the Office reconsider an initial refusal.  *See* 37 C.F.R. § 202.5(b)(3).  Thus, a plaintiff could force the Office to decide whether to use its limited resources to intervene before it even knows whether a request for reconsideration is forthcoming and what position it might take on its *de novo* review.

Indeed, Planner 5D put the Copyright Office in precisely that untenable position here.  Planner 5D filed its operative pleading on November 23, 2020 and affirmatively alleged that it would be serving the Office "contemporaneously."  Compl. ¶ 106.  Assuming that Planner 5D, in fact, served the Copyright Office around that time, the Office's 60-day deadline to intervene in this case has already passed.  However, Planner 5D's request for reconsideration is not due until February 16, 2021.  Thus, the Copyright Office was forced to decide whether to intervene without seeing Planner 5D's forthcoming request for reconsideration, let alone having a meaningful opportunity to review it.  And if the Office had chosen to intervene, it would have had to take positions as a party in this litigation concerning questions that it might be simultaneously addressing in a *de novo* review as part of the registration process.

In addition, Planner 5D's procedure risks wasting the Office's limited resources.  If the Court resolves the "the issue of registrability" before the Copyright Office resolves Planner 5D's reconsideration request, any interim work the Office does on reconsideration will, at a minimum, need to be revisited in light of the Court's decision.

Finally, Planner 5D's conduct also prejudices Defendants by requiring them to address the merits of Planner 5D's copyright claim without the Copyright Office's considered judgment.  Defendants have long recognized the value of the Copyright Office's expertise and analysis in evaluating Planner 5D's claim

of copyright ownership.  Indeed, when moving to dismiss Planner 5D's first complaint filed in this action, they noted that the Office's examination of Planner 5D's alleged works "could be particularly helpful" in this case in light of Planner 5D's "extravagant claims of copyright ownership."  Dkt. 31, Princeton's Motion to Dismiss the Complaint at 7 (Aug. 2, 2019); *see also* Dkt. 33, Facebook's Motion to Dismiss the Complaint at 8 (Aug. 16, 2019) (arguing that the registration process "weeds out many unfounded claims" of copyright ownership (internal quotations and alterations omitted)).  While the Copyright Office's initial determination refusing to register Planner 5D's alleged works supports Defendants' position, that determination is not final as Planner 5D is seeking reconsideration.  Nevertheless, instead of waiting for the Copyright Office to finish reviewing its applications as required by Section 411(a), Planner 5D reasserted its copyright claim.  That decision improperly forces the Court and Defendants to address these issues at the very time that Planner 5D is still pursuing the registrations with the Copyright Office.

Planner 5D put Defendants in the position of responding to its copyright claim without the benefit of the Copyright Office's analysis of the works Planner 5D alleges were infringed.  Indeed, until Planner 5D represented unambiguously that it would seek reconsideration, Planner 5D put Defendants in the position of responding to the Complaint without even knowing whether the Office's initial analysis would be subjected to *de novo* review.  Because Section 411(a) prohibits Planner 5D from simultaneously pursuing registration of its works while litigating its infringement claim based on the purported "refusal" of the Office to grant those registrations, dismissal is warranted.

### <u>CONCLUSION</u>

For the reasons stated above, Planner 5D's claim for copyright infringement should be dismissed.

1    Dated:  February 2, 2021                           JENNER & BLOCK LLP

2

3                                      By: /s/ *Andrew H. Bart*
                                          ANDREW H. BART (PRO HAC VICE)

4

5                                          Attorneys for Defendant
                                         *The Trustees of Princeton University*

6    Dated:  February 2, 2021                           KIRKLAND & ELLIS LLP

7

8                                      By: /s/ *Dale M. Cendali*
                                         Dale M. Cendali (S.B.N. 1969070)

9

10                                          Attorneys for Defendants
                                         *Facebook, Inc.* and
                                         *Facebook Technologies, LLC*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **ATTESTATION**

2

     I, Andrew H. Bart, am the ECF user whose ID and password are being used to file this Notice of

3

Motion and Motion by Defendants to Dismiss the Complaint for Copyright Infringement.  In compliance

4

with Local Rule 5-1(i)(3), I hereby attest that concurrence in the filing of this document has been obtained

5

from all signatories.

6

7

Dated:  February 2, 2021                   By: */s/ Andrew H. Bart*_____

8

                                   Andrew H. Bart (*pro hac vice*)

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28