UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UAB "PLANNER5D",

    Plaintiff,

    v.

FACEBOOK, INC., et al.,

    Defendants.

Case No. 19-cv-03132-WHO

**ORDER DENYING JOINT MOTION TO DISMISS COPYRIGHT CLAIMS**

Re: Dkt. No. 105

The Copyright Office rejected plaintiff UAB Planner 5D's ("Planner 5D") application to register its alleged works. Planner 5D then filed this infringement action. There is no dispute that exhaustion of remedies was not required for Planner 5D to do so; the pre-suit registration requirement under the second sentence of 411(a) of the Copyright Act, which authorizes suit when a "registration has been refused," was satisfied at that point. 17 U.S.C. § 411(a).

Almost three months after filing this infringement action, Planner 5D timely requested reconsideration from the Copyright Office of its registration refusals by following the administrative procedures outlined in 37 C.F.R. § 202.5. Planner 5D is required to exhaust those procedures if it chooses to challenge a registration refusal in federal court under the Administrative Procedure Act ("APA"). But as a result of Planner 5D's pursuing reconsideration, defendants Facebook, Inc., Facebook Technologies, LLC, (collectively "Facebook") and The Trustees of Princeton University's ("Princeton") contend that this infringement action is premature until a final decision is rendered by the Copyright Office. They move to dismiss the copyright infringement claims that were initially procedurally proper because, in their view, satisfaction of section 411(a) was nullified by Planner 5D's subsequent decision to seek reconsideration of the registration refusals. Joint Motion to Dismiss the Complaint for Copyright Infringement ("MTD")

United States District Court
Northern District of California

[Dkt. No. 105].

It is clear that exhaustion of the administrative review procedure within the Copyright Office is required before a party can challenge a registration refusal through an APA action. But the Copyright Act is silent about whether finality is required before Planner 5D can maintain an infringement action, and there is no caselaw on point. Based on the text of the Copyright Office's refusal to register Planner 5D's applications, the guidance in the Compendium of U.S. Copyright Office Practices, a treatise on copyright law and a balancing of interests of the parties and the institutional interests of the Copyright Office, I conclude that Planner 5D has met the prerequisites to proceed with this infringement action in federal court. The motion to dismiss is DENIED.

## BACKGROUND

The allegations underlying Planner 5D's copyright infringement and trade secret misappropriation claims against Facebook and Princeton are detailed in my previous orders. *See UAB "Planner 5D" v. Facebook, Inc.* ("*Planner 5D I*"), No. 19-CV-03132-WHO, 2019 WL 6219223 (N.D. Cal. Nov. 21, 2019); *UAB "Planner5D" v. Facebook, Inc.* ("*Planner 5D II*"), No. 19-CV-03132-WHO, 2020 WL 4260733, at *1 (N.D. Cal. Jul. 24, 2020). The trade secret misappropriation claims were sufficiently pleaded in Planner 5D's First Amended Complaint and are not at issue in the motion before me. *Planner 5D II*, 2020 WL 4260733, at *9.

With respect to the copyright infringement claims, Planner 5D's original Complaint failed to allege that it met the threshold registration requirement of section 411(a). I gave Planner 5D the choice to either sufficiently allege that its works are non-United States works that are exempt from registration or dismiss this suit and bring another suit after registering with the Copyright Office. *Planner 5D I*, 2019 WL 6219223, at *7.[1] Planner 5D chose to do that latter. It submitted two registration applications to the Copyright Office and, on December 20, 2019, obtained

---

[1] Planner 5D was also given leave to explain "the originality or creativity of the objects, scenes, and compilations of objects and scenes" and "that copyrightable elements were copied." *Planner 5D I*, 2019 WL 6219223, at *1. On amendment, Planner 5D insufficiently alleged an original selection or arrangement for its copyright claim in the alleged compilation of objects, and that portion of its copyright claim was dismissed with prejudice. *Planner 5D II*, 2020 WL 4260733, at *6. Defendants do not challenge the substance of Planner 5D's copyright allegations in the motion before me.

United States District Court
Northern District of California

registrations for "Planner 5D objects" and "Planner 5D scenes" for works completed and published in 2019. It subsequently filed Case No. 20-cv-2198 with a single count for infringement of those two copyrights.

I dismissed Planner 5D's copyright infringement claims again because the alleged works were from 2016 and had not been registered. I could not conclude that the copyright registrations Planner 5D obtained for works completed and published in 2019 covered the alleged works from 2016. I gave Planner 5D leave to fix that discrepancy. *Planner 5D II*, 2020 WL 4260733, at * 4–5.

On September 14, 2020, Planner 5D submitted two new applications to the Copyright Office, seeking to register all Planner 5D objects created through January 13, 2016 and all public gallery scenes created through February 17, 2016. *See* Copyright Complaint ("Copyright Compl.") [Dkt. No. 1] in Case No. 20-cv-8261-WHO, ¶ 96. On November 16, 2020, the Copyright Office refused each of the applications. It wrote:

> Although the Registration Program Office has concluded that the deposits submitted with these applications do not meet the requirements for registering a work as a computer program you have delivered to the Office a deposit, application, and fee required for registration of the computer programs 'in proper form,' as required to institute a civil action for infringement under 17 U.S.C. § 411(a).

*Id.*, Ex. A (November 16, 2020 Copyright Office Letter) at 2; *id.* ¶ 102. In the next paragraph, it indicated that Planner 5D could also timely request reconsideration of the refusals by following the procedures outlined in 37 C.F.R. § 202.5. It did not condition its conclusion about section 411(a) on whether Planner 5D requested reconsideration of the refusals.

The pertinent regulation states that copyright owners who are refused registration may request, within three months, reconsideration from the Copyright Office Registration Program. 37 C.F.R. § 202.5(b). A Registration Program staff attorney not involved in the initial examination conducts a *de novo* review. *See* Compendium of U.S. Copyright Office Practices § 1703.2 (3d ed. 2021), *available at* https://www.copyright.gov/comp3/docs/compendium.pdf. If the refusal is maintained, the regulations provide that Planner 5D may request a second reconsideration from the Copyright Office Review Board ("Board"), which consists of the Register of Copyrights and the

General Counsel (or their designees), and a third member designated by the Register.  37 C.F.R. § 202.5(f).  The second request for reconsideration is also subject to *de novo* review.  *See* Compendium of U.S. Copyright Office Practices § 1704.2.  Decisions by the Board are nonprecedential and constitute final agency action, and denials can be challenged under the APA. 37 C.F.R. §§ 202.5(c), (g).[2]

On November 23, 2020, Planner 5D filed its third copyright complaint in Case No. 20-cv-8261.  *See* Copyright Compl.  After stipulating to an extension on their response deadline and based on Planner 5D's representation that it planned on seeking reconsideration with the Copyright Office before the February 16, 2021 deadline, defendants moved to dismiss the Copyright Complaint on February 2, 2021.  *See* MTD 7.  On February 16, 2021, Planner 5D submitted a request to the Copyright Office to reconsider its initial registration refusal.  *See* Declaration of Marc N. Bernstein in Opposition to Motion to Dismiss ("Bernstein Decl.") [Dkt. No. 107-1] ¶ 3.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted.  To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible when the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

---

[2] Planner 5D contends that the reconsideration process is lengthy, averaging about 17 months long in the last few years.  *See* Declaration of Natalia Ermakova in Opposition to Motion to Dismiss [Dkt. No. 107-2].  It seeks judicial notice of the chart it compiled on average reconsideration processing time using information from the Copyright Office's online database of Review Board Opinions.  *Id.*, Ex. A; Planner 5D's Request for Judicial Notice in Support of its Opposition to Motion to Dismiss [Dkt. No. 108].  Defendants oppose on grounds that the chart is not a public document or government record, and further point out some inaccuracies on how Planner 5D calculated the reconsideration processing times.  *See Abbas v. Vertical Ent., LLC*, No. 2:18-cv-7399, 2019 WL 6482229, at *1 (C.D. Cal. Aug. 19, 2019) (taking judicial notice of Copyright Office records, but not "comparison charts that Defendants claim were created from materials obtained from the Copyright Office").  Planner 5D's request for judicial notice is DENIED.  While I will not consider Planner 5D's chart, I will consider the official Copyright Office records cited by both parties.

United States District Court
Northern District of California

1   (citation omitted).  There must be "more than a sheer possibility that a defendant has acted

2   unlawfully." *Id.*  While courts do not require "heightened fact pleading of specifics," a plaintiff

3   must allege facts sufficient to "raise a right to relief above the speculative level."  *See Twombly*,

4   550 U.S. at 555, 570.

5   **DISCUSSION**

6       Section 411(a) of the Copyright Act provides that "no civil action for infringement of the

7   copyright in any United States work shall be instituted until preregistration or registration of the

8   copyright claim has been made" with the Copyright Office. 17 U.S.C. § 411(a).  "In any case,

9   however, where the deposit, application, and fee required for registration have been delivered to

10  the Copyright Office in proper form and registration has been refused, the applicant is entitled to

11  institute a civil action for infringement if notice thereof, with a copy of the complaint, is served on

12  the Register of Copyrights." *Id.*

13      The parties agree that section 411(a) permits a plaintiff to institute an infringement action

14  after one of two things happen—a "registration of the copyright claim has been made" or "has

15  been refused." 17 U.S.C. § 411(a).  In other words, the statute creates two tracks for pursuing an

16  infringement action in federal court—a "registration grant" track under the first sentence of

17  section 411(a) and a "registration refusal" track under the second sentence of section 411(a).  This

18  case concerns the second track.

19      The parties dispute whether Planner 5D can commence an infringement action based on an

20  initial refusal determination while simultaneously asking the Copyright Office to reconsider those

21  very refusals.  In defendants' view, if Planner 5D brought this infringement action based on the

22  registration refusals, without seeking reconsideration from the Copyright Office, then the second

23  sentence of section 411(a) would be satisfied.  MTD 3.  But because Planner 5D is now seeking

24  reconsideration of the registration refusals, defendants contend that section 411(a) will not be

25  properly satisfied until after the Copyright Office rules on the request for reconsideration.  *Id.*

26      Neither party has cited other examples of a copyright plaintiff attempting to litigate an

27  infringement claim on the basis of a refused application while its request for reconsideration is

28  pending.  That is to be expected given the unique posture of this case; the vast majority of

*United States District Court*
*Northern District of California*

5

applications are granted by Copyright Office, allowing plaintiffs to bring infringement actions under the first sentence of section 411(a).  *See* United States Copyright Office, 2019 Annual Report at 38, *available at* https://www.copyright.gov/reports/annual/2019/ar2019.pdf  ("In fiscal 2019, the Office rejected approximately 4 percent of claims received").

The statutory text does not provide guidance on the finality issue.  The second sentence of section 411(a) only states that applicants are entitled to institute a civil infringement actions after a registration refusal if "notice thereof, with a copy of the complaint, is served on the Register of Copyrights."  17 U.S.C. § 411(a).  This notice requirement allows the Register to choose whether to "become a party to the action with respect to the issue of registrability of the copyright claim by entering an appearance within sixty days after such service, but the Register's failure to become a party [does] not deprive the court of jurisdiction to determine that issue."  *Id.*; *see Nova Stylings, Inc. v. Ladd*, 695 F.2d 1179, 1181 (9th Cir. 1983) ("As is evident, a party may now sue for infringement notwithstanding the refusal of the Register to register the claim to copyright.  The only precondition is that notice be served on the Register.").  Defendants do not contend that Planner 5D has failed to meet the notice requirement delineated in the second sentence of section 411(a).  Instead, they argue that section 411(a) implicitly imposes a finality requirement that precludes Planner 5D from simultaneously seeking reconsideration from the Copyright Office and litigating its infringement claim in this court.

Both parties rely on *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881 (2019), but unfortunately that case does not provide guidance on the core issue here.  *Fourth Estate* considered whether, under the first sentence of section 411(a), a "registration of the copyright has been made" as soon as the copyright claimant delivered the required applications, copies of the work, and fee to the Copyright Office (the "application approach") or whether a registration been made only after the Copyright Office reviews and registers the copyright (the "registration approach").  *Fourth Estate*, 139 S. Ct. at 886.  The Court adopted the "registration approach," because "[r]ead together, [section] 411(a)'s opening sentences focus not on the claimant's act of applying for registration, but on action by the Copyright Office—namely, its registration or refusal to register a copyright claim."  *Id.* at 888–89.  As one of several reasons for

rejecting the "application approach," the Court noted that if an application alone sufficed, then "[section] 411(a)'s second sentence—allowing suit upon refusal of registration—would be superfluous" because "[w]hat utility would that allowance have if a copyright claimant could sue for infringement immediately after applying for registration without awaiting the Register's decision on her application?" *Id.* at 889.

The flawed "application approach" reading of section 411(a) "stem[med] in part from [Fourth Estate's] misapprehension of the significance of certain 1976 revisions to the Copyright Act." *Fourth Estate*, 139 S. Ct. at 890. The Court explained that the "refusal" language in the second sentence of section 411(a) was enacted in response to the Second Circuit's opinion in *Vacheron & Constantin-Le Coultre Watches, Inc. v. Benrus Watch Co.*, 260 F.2d 637 (2d Cir. 1958). *Id.*; *see* H.R. REP. 94-1476, at 157 ("The second and third sentences of section 411(a) would alter the present law as interpreted in [*Vacheron*]."). In *Vacheron*, the Second Circuit held that copyright owners who are refused registration must bring a separate *mandamus* action against the Register to obtain a registration certificate before initiating an infringement suit. *Vacheron*, 260 F.2d at 640–41. Congress changed the law "to permit an infringement suit upon refusal of registration." *Fourth Estate*, 139 S. Ct. at 891 n.5. Although copyright owners were no longer required to first compel the Copyright Office to issue a registration before filing an infringement action, section 411(a) did "not eliminate Copyright Office action as the trigger for an infringement suit." *Id.* That action may be either registration or refusal. *Id.* at 891.

By seeking to litigate its infringement claim while simultaneously seeking reconsideration of its refused applications from the Copyright Office, defendants argue that Planner 5D is asking me to circumvent *Fourth Estate*'s rejection of the "application approach." MTD 11. Because *Fourth Estate* prohibits copyright plaintiffs from suing for infringement at the same time as they also seek to register their alleged copyrights, it follows, they reason, that an infringement suit may be filed only after the Register has issued a *final* decision refusing registration. But the *Fourth Estate* opinion is silent on whether a finality requirement exists for section 411(a).

Defendants cite an amicus brief submitted in *Fourth Estate*, in which the United States endorsed the "registration approach" because the second sentence of section 411(a) would

otherwise be superfluous.  *See* Brief for the United States as Amicus Curiae, 2018 WL 2264108, at

*14–15.  "Thus," the United States concluded, "an applicant who has submitted a proper

application package may file an infringement suit once the Register has issued a *final* decision

refusing registration."  *Id.* at *15 (emphasis added).  Defendants latch on to the word "final" in the

United States' amicus brief.  This is the slenderest of reeds to grasp.  While the Court's opinion in

*Fourth Estate* recognized the superfluous statutory argument raised in the United States' amicus

brief, it did not say that the refusal necessarily had to be a *final action* by the Copyright Office to

trigger the second sentence of section 411(a).  Instead, the Court only said that section 411(a)

"requires owners to await *action* by the Register before filing suit for infringement."  *Fourth*

*Estate*, 139 S. Ct. at 892 (emphasis added).

The Copyright Office has acted here.  It refused Planner 5D's registration applications.

And it will act again on reconsideration.  But based on the reasoning in *Fourth Estate*, I am not

convinced that Planner 5D's request for reconsideration effectively nullifies satisfaction of section

411(a)'s pre-suit registration requirement.[3]  In reaching its conclusion, the Court found Fourth

Estate's fear that "a copyright owner may lose the ability to enforce her rights if the Copyright

Act's three-year statute of limitations runs out before the Copyright Office acts on her application

for registration" was "overstated, as the average processing time for registration applications [was]

seven months, leaving ample time to sue after the Register's decision, even for infringement that

began before submission of an application."  *Fourth Estate*, 139 S. Ct. at 892 (citing U.S.

Copyright Office, Registration Processing Times (Oct. 2, 2018) (Registration Processing Times),

https://www.copyright.gov/ registration/docs/processing-times-faqs.pdf (as last visited Mar. 1,

2019)).  If I adopt defendants' finality requirement, that fear would be more realistic here.

Requiring Planner 5D to wait for Copyright Office's reconsideration decision would have the

anomalous result of nullifying a properly filed complaint in federal court and could encroach on

---

[3] Notably, defendants did not know that they could proceed with this nullification argument before their motion to dismiss was due, a deadline that was already extended by stipulation.  *See* MTD 7 (recognize that their "responses to the Complaint were due before Planner 5D's [three-month] deadline to seek reconsideration," and thus they "were not able to wait to see what Planner 5D did before determining how they should proceed").

United States District Court
Northern District of California

the statute of limitation period, especially if Planner 5D ends up pursuing a second reconsideration after receiving a decision on the first.

As the statutory text and *Fourth Estate* do not help much in answering the issue here, I look elsewhere for guidance. The letter sent by the Copyright Office to Planner 5D is a place to start. In its refusal of the registration applications on November 16, 2020, the Copyright Office stated that Planner 5D had done all of the things "required to institute a civil action for infringement under 17 U.S.C. § 411(a)." November 16, 2020 Copyright Office Letter at 2; Copyright Compl. ¶ 102. In the next paragraph of the letter, the Copyright Office indicated that Planner 5D could request reconsideration of the refusals by following the procedures outlined in 37 C.F.R. § 202.5; it did not condition its conclusion about section 411(a) on whether Planner 5D requested reconsideration.

The letter is consistent with guidance provided in the internal Compendium of U.S. Copyright Office Practices. Section 1706 on "Final Agency Action" states:

> A decision issued by the Review Board in response to a second request for reconsideration constitutes the final agency action with respect to the issues addressed therein. 37 C.F.R. § 202.5(g).
>
> If the U.S. Copyright Office upholds the refusal to register following a request for reconsideration, an applicant may appeal that decision under the Administrative Procedure Act ("APA") by instituting a judicial action against the Register of Copyrights in federal district court. *See* 5 U.S.C. § 500 *et seq.*
>
> An applicant *does not need to appeal a refusal to register under the APA in order to institute an infringement action in federal district court. See* 17 U.S.C. § 411(a). However, the applicant must serve a copy of the infringement complaint on the Register, and "[t]he Register may, at his or her option, become a party to the action with respect to the issue of registrability of the copyright claim by entering an appearance within sixty days after such service . . ." *Id.*

Compendium of U.S. Copyright Office Practices § 1706.

Williams F. Patry, a prominent commentator on copyright law, interprets section 1706 of the Compendium as requiring exhaustion of the administrative process "for APA appeal but not to bring a suit against an infringer pursuant to a section 411(a) rejection," although "the text of the regulation does not make this distinction." *See* Appeals within the Copyright Office from a refusal to register a claim, 5 Patry on Copyright § 17:97. This case is an infringement action, not

an APA action seeking review of the Copyright Office's refusal to register.

Patry explains:

> The initial inquiry in any discussion of exhaustion of administrative remedies is congressional intent. Where, in the statute, Congress has required exhaustion, the inquiry stops there. In the case of section 411(a), the statute is silent, merely indicating that where a proper application has been presented to the Office "the applicant is entitled to institute an action for infringement of notice thereof, with a copy of the complaint, is served on the Register of Copyrights." Where Congress "has not clearly required exhaustion, sound judicial discretion governs." In determining whether exhaustion is required, courts "must balance the interest of the individual in retaining prompt access to a federal judicial forum against the countervailing institutional interests favoring exhaustion." In the case of section 411(a), the need to promptly bring an infringement suit, including injunctive relief would, in most if not all cases, outweigh any institutional interests, especially since the Office itself takes the position that no exhaustion is required for section 411(a) purposes.

*Id.* (citations omitted). Thus, "[t]he line examiner's action is a definite rejection of the claim, denying registration and at least facially triggering section 411(a)." *Id.*

Patry "found no judicial decision that suggests otherwise," and instead found at least three decisions where "courts appear willing to proceed under section 411(a) based merely on the examiner's rejection." *Id.* (citing cases). He concludes, "while it would be desirable for the Copyright Office to clarify the matter, there appears to be no need for a rejected applicant to exhaust the Office's appeal process before proceeding under section 411(a), although exhaustion is required for APA review." *Id.*

Considered together, the Copyright Office's November 16, 2020 Letter, the internal guidance provided by the Compendium, and the treatise interpreting the Compendium, all support a conclusion that Planner 5D has sufficiently met the registration requirement under the second sentence of section 411(a).[4] On that basis, I will take Patry's suggestion to balance the interest of

---

[4] In their reply brief, defendants cite another section of the Compendium that they argue supports imposing a finality requirement. Section 625 states that "[t]he registration decision date is the date that 'registration of the copyright claim has been made in accordance with [title 17].'" Compendium of U.S. Copyright Office Practices § 625 (quoting 17 U.S.C. § 411(a)). Thus, when registration is granted after reconsideration, the registration decision date "is the date that the Office completed its examination and approved the claim after reviewing the applicant's first or second request for reconsideration." *Id.* § 1705. This simply shows the date on which a "registration of the copyright claim has been made," under the first track of section 411(a). Defendants do not convincingly explain how this would have any effect on the second track of

1   Planner 5D in retaining prompt access to a federal judicial forum against the institutional interests

2   favoring exhaustion.

3          Defendants are concerned that allowing this infringement action to proceed before the

4   Copyright Office has issued its final reconsideration decision would prejudice them, this court,

5   and the Copyright Office.  *See* MTD 12–14.  None of these arguments bears weight, particularly

6   against Planner 5D's interest in prompt access to court.

7          Defendants contend that Planner 5D would have me consider "the issue of registrability"

8   before the Copyright Office completes its *de novo* review, potentially depriving me of the benefit

9   of the Office's considered judgment when I consider the merits of Planner 5D's infringement

10  claim.  If the Copyright Office decides on reconsideration to register the alleged works, they

11  reason, the issue of registrability will be moot and any time I spend on the issue before the Office

12  reaches its decision would thus be wasted.

13         It is clear, however, that "[w]here the Copyright Office denies registration, and the

14  unsuccessful applicant subsequently brings an infringement action, courts nonetheless make an

15  independent determination as to copyrightability."  *Aqua Creations USA Inc. v. Hilton Hotels*

16  *Corp.*, No. 10 CIV. 246 PGG, 2011 WL 1239793, at *3 (S.D.N.Y. Mar. 28, 2011), *aff'd sub nom.*

17  *Aqua Creations USA Inc. v. Hilton Worldwide, Inc.*, 487 F. App'x 627 (2d Cir. 2012).  As the

18  Ninth Circuit explained in *Nova Stylings*, 695 F.2d at 1181, a party may sue for infringement

19  "notwithstanding the refusal of the Register to register the claim to copyright" as long as "notice

20  [is] served on the Register," and "[o]nce that has occurred, the district court can determine both

21  the validity of the copyright, which in turn determines its registrability, as well as whether an

22  infringement has occurred."  To be sure, the Copyright Office's final reconsideration

23  determination can have persuasive value.  But Planner 5D has been trying for almost two years to

24  get this case off the ground, and I am not convinced that waiting for such a determination warrants

25  freezing Planner 5D's infringement suit at this stage.

26         Next, defendants argue that the Copyright Office will be prejudiced because Planner 5D's

27

28  section 411(a) at issue in this case, which allows suit when a "registration has been refused."  17
    U.S.C. 411(a).

United States District Court
Northern District of California

United States District Court
Northern District of California

attempt to litigate on the basis of an initial refusal while a request for reconsideration is pending deprives the Office of its right to make an informed decision whether to exercise its right to participate in the litigation.  As noted above, section 411(a) requires that a plaintiff bringing an infringement suit under the second "refusal" track serve a copy of the complaint on the Copyright Office to give it the opportunity to decide whether to intervene in the litigation "with respect to the issue of registrability," a decision the Copyright Office must make within sixty days of service. 17 U.S.C. § 411(a).  On the other hand, a registration applicant has three months to request that the Copyright Office reconsider an initial refusal.  *See* 37 C.F.R. § 202.5(b)(3).  Thus, defendants contend, a plaintiff could force the Copyright Office to decide whether to use its limited resources to intervene before it even knows whether a request for reconsideration is forthcoming and what position it might take on its *de novo* review.

That argument is not persuasive.  I cannot presume prejudice simply based on the timing of deadlines, particularly when those deadlines are defined in the statute and the regulations.  As a practical matter, the Copyright Office could always file a protective notice to participate if it had any doubts about whether to intervene.

Defendants also argue that the Copyright Office will be prejudiced in the event that I make a ruling bearing on the registrability of Planner 5D's work before the Copyright Office resolves Planner 5D's reconsideration request, forcing the Copyright Office to revisit any work it has done on reconsideration.  But under "[section] 411(a), a judicial determination of the registrability of copyright claims doesn't vacate, as it were, the Register's decision on their registrability, but is rather an independent judicial determination made solely for the purposes of adjudicating an infringement suit."  *Proline Concrete Tools, Inc. v. Dennis*, No. 07CV2310-LAB (AJB), 2013 WL 12116134, at *4 (S.D. Cal. Mar. 28, 2013).  As mentioned above, this case is an infringement action, not an APA action seeking review of the Copyright Office's refusal to register.  *See id.* ("To the extent Proline actually wants to contest the Register's decision and see its copyright claims registered, it isn't doing so for the purposes of litigating an infringement claim, and it therefore must follow the route of the Administrative Procedures Act.").

Finally, defendants contend that Planner 5D has put them in the position of addressing the

merits of the copyright claims without the benefit of the Copyright Office's considered judgment. As they explain, a registration issued within five years of first publication of the work establishes a presumption of validity, shifting the burden on the defendant to rebut the facts stated in the certificate. *See United Fabrics Int'l, Inc. v. C&J Wear, Inc.*, 630 F.3d 1255, 1257 (9th Cir. 2011). Planner 5D does not have that presumption of validity based on the Copyright Office's initial refusal. However, if the Copyright Office were to grant the applications on reconsideration, that would shift the burden on defendants. Defendants are concerned that this potential change in circumstances may arise as the parties are going through discovery or after they have filed their dispositive motions.

The presumption of validity (or lack of presumption of validity) is something either party can use to bolster their arguments when I consider the merits of Planner 5D's copyright claims. But defendants' concern is easily addressed through case management. I have yet to set the trial and pre-trial schedule. I do not see how the Copyright Office determination on reconsideration would have more than a minor impact on the way the parties conduct discovery. In the event that Planner 5D does not receive a final reconsideration determination before dispositive motions are due in this case, I can delay the briefing schedule (and, as appropriate, expert depositions). I doubt it will come to that given that the Copyright Office responds "to the first request within four months after the date that the first request was received," which in this case would be on or around June 16, 2021. *See* Compendium of U.S. Copyright Office Practices § 1703.2. The Copyright Office does not provide an anticipated response time for second reconsideration requests; we will cross that bridge if we come to it. This case has been stalled in the pleadings stage for almost two years; there is no reason to wait any longer.

## CONCLUSION

Defendants' joint motion to dismiss Planner 5D's copyright claims is DENIED.

**IT IS SO ORDERED.**

Dated: April 14, 2021

William H. Orrick
United States District Judge