| | | |
|---|---|---|
| 1 | **THE BUSINESS LITIGATION GROUP, P.C.** | **JENNER & BLOCK LLP** |
| 2 | MARC N. BERNSTEIN (SBN 145837) | DAVID R. SINGER (Cal. Bar No. 204699) |
| 3 | mbernstein@blgrp.com | dsinger@jenner.com |
| | WILL B. FITTON (SBN 182818) | 633 West 5th Street, Suite 3600 |
| 4 | wfitton@blgrp.com | Los Angeles, CA 90071 |
| | 150 Spear Street, Suite 800 | Phone: (213) 239-5100 |
| 5 | San Francisco, CA 94105 | Facsimile: (213) 239-5199 |

1 **THE BUSINESS LITIGATION GROUP, P.C.**
2 MARC N. BERNSTEIN (SBN 145837)
   mbernstein@blgrp.com
3 WILL B. FITTON (SBN 182818)
   wfitton@blgrp.com
4 150 Spear Street, Suite 800
   San Francisco, CA 94105
5 Telephone: 415.765.6633
   Facsimile: 415.283.4804

6 Attorneys for Plaintiff
7 UAB "PLANNER5D" d/b/a Planner 5D

**JENNER & BLOCK LLP**
DAVID R. SINGER (Cal. Bar No. 204699)
dsinger@jenner.com
633 West 5th Street, Suite 3600
Los Angeles, CA 90071
Phone: (213) 239-5100
Facsimile: (213) 239-5199

**JENNER & BLOCK LLP**
ANDREW H. BART (pro hac vice)
abart@jenner.com
JACOB L. TRACER (pro hac vice)
jtracer@jenner.com
919 Third Avenue, 39th Floor
New York, NY 10022
Phone: (212) 891-1600
Facsimile: (212) 891-1699

Attorneys for Defendant
The Trustees of Princeton University

**KIRKLAND & ELLIS LLP**
DALE M. CENDALI (Cal. Bar No. 1969070)
dale.cendali@kirkland.com
JOHANNA SCHMITT (pro hac vice)
johanna.schmitt@kirkland.com
ARI LIPSITZ (pro hac vice)
ari.lipsitz@kirkland.com
601 Lexington Avenue
New York, NY 10022
Phone: (212) 446-4800
Facsimile: (212) 446-4900
Attorneys for Defendants
Facebook Inc. and Facebook Technologies, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UAB "PLANNER5D" dba PLANNER 5D, <br><br> Plaintiff, <br> v. <br><br> FACEBOOK INC., FACEBOOK TECHNOLOGIES, LLC, THE TRUSTEES OF PRINCETON UNIVERSITY, DOES 1-200, ABC CORPORATIONS 1-20, and XYZ UNIVERSITIES 1-20. <br><br> Defendants. | **Case No. 3:19-cv-03132-WHO** <br> Case No. 3:20-cv-02198-WHO <br> Case No. 3:20-cv-08261-WHO <br><br> The Honorable William H. Orrick <br><br> **JOINT CASE MANAGEMENT STATEMENT** <br><br> **DATE: May 11, 2021** <br> **TIME:  2:00 pm** <br> **JUDGE: Hon. William H. Orrick** <br> **COURTROOM: 2, 17th Floor** |

INITIAL JOINT CASE MANAGEMENT STATEMENT AND RULE 26 (f) REPORT

In compliance with the Court's orders dated June 6, 2019 and January 19, 2021 [Dkt. Nos. 5 & 104], Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure, and Local Rules 16-9 and 16-10, Plaintiff UAB "Planner5D" dba Planner 5D (Planner 5D) and Defendants Facebook Inc., Facebook Technologies, LLC (collectively, Facebook), and The Trustees of Princeton University (Princeton) (collectively, the Parties) submit this Joint Case Management Conference Statement and Rule 26(f) Report.

The parties met and conferred on April 19, 2021 and May 3, 2021 via telephone. In attendance were: Marc N. Bernstein and Will B. Fitton, of The Business Litigation Group, P.C., for Planner 5D; Johanna Schmitt and Ari E. Lipsitz, of Kirkland & Ellis LLP, for the Facebook defendants; and Andrew H. Bart and Jacob L. Tracer, of  Jenner & Block LLP, for Princeton.

## I.    JURISDICTION AND SERVICE

The Court has subject matter jurisdiction over Planner 5D's claims under U.S.C. § 1331 (DTSA & copyright infringement claims), 28 U.S.C. § 1836(c) (DTSA claim), and 28 U.S.C. § 1367(a) (supplemental jurisdiction over CUTSA claim). There are no issues with regard to personal jurisdiction or venue. No named parties remain to be served.

## II.    FACTS

Planner 5D contends as follows:

Over many years and at a cost of millions of dollars, Planner 5D created and grew a large collection of realistic, digitized three-dimensional objects and scenes, depicting a wide variety of household and office designs. Princeton's artificial-intelligence scientists regarded this collection as unique—and uniquely valuable. They published an article stating that this dataset would break a logjam that had developed in AI research. Researchers could feed this large, realistic collection of digitized interiors into machine-learning algorithms, and in so doing teach computers how to recognize everyday surroundings.

Princeton decided to take this data.  It went online and scraped the entirety of Planner 5D's then-existing data collection. It then used the data in its scene-recognition research. It also publicly posted the data at a Princeton URL, where it was discovered and downloaded by an as-yet unknown number of others.

Facebook was one of these. It downloaded the stolen data from Princeton's site, and then it, too, used the data for scene-recognition research. Facebook also sponsored an international scene-recognition competition, inviting applicants to use a copy of the data to develop scene-recognition algorithms. In the years that followed, Facebook and many others have used Planner 5D's data to stake their claims in the scene-recognition market. That market is expected to grow to $60 billion by 2025.

Planner 5D owns copyrights and trade secrets in the misappropriated materials. Defendants' misappropriation and infringement of them caused Planner 5D enormous damage, in amounts to be quantified during discovery.

Princeton contends as follows:

Princeton's Department of Computer Science has a Vision & Robotics group, in which faculty and student researchers work on academic projects in the field of machine vision. In or around 2016, researchers in that group developed a dataset of images for the purpose of training machine vision algorithms, known as the "SUNCG Dataset." The SUNCG Dataset includes data files that depict rendered images of interior scenes in a format appropriate for academic research in the field. The researchers made the SUNCG Dataset available through Princeton's website subject to certain terms and conditions, among them that any use would be limited to "non-commercial research and educational purposes."

To create the SUNCG Dataset, the researchers obtained downloads of publicly accessible object and scene files from Planner 5D's website. No hacking was involved. Rather, Planner 5D designed its website in such a way that the locations of observed objects and scene files were disclosed to users.

1    The files that Planner 5D made available to the public were not suitable for

2    academic research in the field of machine vision. Accordingly, the researchers

3    engaged in a lengthy process to transform the downloads into data appropriate for

4    research in the field.  The transformation process involved many steps requiring the

5    judgment and creativity of the researchers.

6    In March 2019, Planner 5D sent Princeton a cease-and-desist letter alleging,

7    among other things, that the SUNCG Dataset infringed copyrights owned by Planner

8    5D. Upon receiving Planner 5D's letter, Princeton promptly disabled access to the

9    SUNCG Dataset.

10    Facebook contends as follows:

11    Planner 5D offers a free web-based interior design tool which allows users to

12    design floor plans using digitized renderings of real-life objects.  These floor plans, or

13    "scenes," are posted on Planner 5D's website and are accessible to anyone simply by

14    typing the relevant URL into a browser.  According to Planner 5D's complaint,

15    sometime on or after February 18, 2016, Princeton accessed a selection of scenes on

16    the "public gallery" page of Planner 5D's website and downloaded them.  Princeton

17    then allegedly used a subset of those scenes, and their constituent objects, to create

18    the SUNCG Dataset, which it published to enable innovative scene recognition

19    research.  After Princeton published the SUNCG Dataset, other groups including

20    Facebook began using it for their own scene recognition research purposes.

21    Facebook is a leader in collaborative and open academic research in artificial

22    intelligence.  Its research efforts extend to the emerging field of scene recognition, the

23    goal of which is to train a computer to understand the contents and context of a

24    three-dimensional space.  The better a computer can understand visual context, the

25    better it can interact with the world.  Among Facebook's scene recognition research

26    projects was the "SUMO Challenge," a collaborative competition in partnership with

27    researchers from various universities including Princeton, Stanford, UC Berkeley,

28    and Virginia Tech.  The SUMO Challenge, which began in August 2018, utilized an

3

open source dataset built on (but not identical to) the SUNCG Dataset (the "SUMO Dataset") and challenged researchers to submit algorithms that best represented a given 3D scene.

Planner 5D alleges it owns copyrights in two computer programs comprising (1) the individual objects created through January 13, 2016 and (2) the compilation of public gallery scenes created through February 17, 2016.  Its infringement claims (both direct and indirect) against Facebook fail for the following reasons:

- As the Copyright Office has repeatedly acknowledged, neither the objects nor the scene compilation constitute copyrightable computer programs.  As such, Planner 5D cannot claim infringement in the alleged outputs in the form of the graphical displays of the objects and scenes.

- Planner 5D's objects are not copyrightable because they are exact digital renderings of real-world objects—indeed, in creating the renderings, Planner 5D's intent was to replicate the real-world objects as realistically as possible.

- The SUNCG Dataset and the SUMO Dataset do not infringe any thin copyright Planner 5D may possess in the selection and arrangement of the user-generated scenes, as they are not virtually identical compilations of such scenes.

- Facebook's research-based uses of the SUNCG Dataset constitute fair use.

Planner 5D also alleges that the objects and scenes, and the compilations thereof, are trade secrets misappropriated by both Princeton and Facebook.  These claims fail against Facebook for the following reasons:

- Planner 5D owns no trade secrets.  By posting the objects and scenes to its website without sufficient technical or contractual protections, it did not take reasonable measures to preserve the secrecy of its information.  Nor are its objects and scenes independently economically valuable because of their secrecy.

1 • By the time Facebook began using the SUNCG Dataset, it was already public

2 and thus not protectable.

3 **III.    LEGAL ISSUES**

4 Planner 5D contends that Defendants infringed valid copyrights owned by

5 Planner 5D, causing damage to Planner 5D and necessitating a permanent injunction.

6 Planner 5D also contends that Defendants willfully and maliciously misappropriated

7 Planner 5D's trade secrets, causing damage to Planner 5D and meriting an award of

8 enhanced damages and attorneys' fees.

9 Princeton contends that there are multiple legal infirmities in Planner 5D's

10 claims, including but not limited to (a) whether Planner 5D owns any trade secrets;

11 (b) whether Princeton misappropriated any alleged trade secrets; (c) whether Planner

12 5D owns any valid copyrights; (d) whether Princeton infringed any alleged

13 copyrights; and (e) whether Princeton's alleged activities with respect to the SUNCG

14 Dataset were permitted by the doctrine of fair use, *see* 17 U.S.C. § 107.

15 Facebook contends that Planner 5D does not own a valid copyright in its

16 alleged works, that Facebook's use of the SUNCG Dataset does not constitute

17 copyright infringement, and that any use by Facebook of Planner 5D's alleged

18 copyrighted works constitutes fair use.  Further, Facebook contends that Planner

19 5D's data does not contain any protectable trade secrets, and that it did not

20 misappropriate any of Planner 5D's trade secrets.  Facebook contends that Planner

21 5D is not entitled to injunctive relief, damages or attorneys' fees from Facebook.

22 **IV.    MOTIONS**

23 There are no pending motions. Prior motions include motions to appear *pro*

24 *hac vice*, motions related to extensions of time and scheduling, motions to relate and

25 consolidate cases, motions to dismiss, and requests for judicial notice. No motions

26 are immediately anticipated. Defendants anticipate filing motions for summary

27 judgment later in the case.

28

1

## V.     AMENDMENT OF PLEADINGS

2        At some point, Planner 5D may add additional defendants or revise its

3  allegations if and as warranted by the evidence. As set forth in Section XVII below,

4  Planner 5D proposes May 13, 2022 for amending the pleadings.  Defendants propose

5  August 6, 2021.

6  ## VI.    EVIDENCE PRESERVATION

7        The Parties certify that they have reviewed to Guidelines Relating to the

8  Discovery of Electronically Stored Information (ESI) and confirm that they have met

9  and conferred regarding ESI issues, plan to do so again, and anticipate entering into

10 an ESI agreement. The Parties further confirm that they have taken steps to preserve

11 evidence relevant to the issues reasonably evident in this action.

12 ## VII.   DISCLOSURES

13       The Parties agreed to extend the date for Initial Disclosures from May 4, 2021

14 to May 11, 2021.

15 ## VIII.  DISCOVERY

16       No formal discovery has taken place to date; however, by agreement among

17 the parties, Planner 5D has provided Defendants with some correspondence between

18 it and the Copyright Office.

19       The Parties will cooperate professionally on discovery matters and anticipate

20 entering into an e-discovery agreement.

21       Planner 5D has informed Defendants that a large number of its documents are

22 in Russian, and its witnesses will require interpreters at depositions. Because the

23 issues in this case are complex and the Parties will need to translate Planner 5D's

24 documents and coordinate multilingual depositions, the Parties request an extended

25 period for fact discovery.

26       They also will submit a proposed protective order and a FRE 502(d) order to

27 the Court.

28

1    Planner 5D anticipates that there will be a higher than usual number of

2    witnesses in the case, including:

3    • the three defendants;

4    • a number of Princeton scientists involved in taking and using Planner 5D's
         files;

5

6    • some number of witnesses to the uses defendants have made of Planner 5D's
         files;

7    • a subset of the SUMO Challenge sponsors and participants;

8    • third party companies that have used the SUNCG dataset in research and in
         product development; and

9

10   • third party damages witnesses.

11    Planner 5D thus anticipates that it may need up to 20 depositions, exclusive of

12   expert depositions.

13    Defendants assert that it is premature to increase the number of fact witness

14   depositions and propose instead that the Parties agree to meet and confer on this

15   issue once initial disclosures and written discovery are exchanged.  In addition,

16   Defendants propose that no limit be set on the number of expert depositions in this

17   action and that the Parties should be allowed to depose all of the experts disclosed in

18   the case (regardless of the number of experts or fact witnesses).

19   **IX.    CLASS ACTION**

20    This is not a class action case.

21   **X.    RELATED CASES**

22    The related matters have been consolidated for all purposes.

23   **XI.    RELIEF**

24    Planner 5D currently seeks all available damages categories for its claims, as

25   well as permanent injunctive relief and attorneys' fees, as specified in the

26   Complaints. Planner 5D will not be seeking statutory copyright damages. The

27   amounts and theories of damages will depend on the evidence developed in

28   discovery.

7

1   **XII.**   **SETTLEMENT AND ADR**

2      There have been no ADR efforts to date, and at this time, the Parties believe

3   that it is too early to assess the prospects of settlement. The Parties anticipate that

4   ADR efforts may become useful at a later point in the case, such as after discovery or

5   after any dispositive motions. The Parties agree to meet and confer at the close of fact

6   discovery regarding their preferred ADR method(s).

7   **XIII.**   **CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

8      The Parties do not consent to a Magistrate Judge for all purposes.

9   **XIV.**   **OTHER REFERENCES**

10      This case is not suitable for reference to binding arbitration, a special master,

11   or the Judicial Panel on Multidistrict Litigation.

12   **XV.**   **NARROWING OF ISSUES**

13      The Parties have not at this point identified any issues that can be narrowed or

14   expedited.

15   **XVI.**   **EXPEDITED TRIAL PROCEDURE**

16      This case is not appropriate for an expedited trial.

17   **XVII.**  **SCHEDULING**

18      **Planner 5D's Proposed Schedule:**

19      Deadline to amend/add parties: May 13, 2022

20      Fact discovery cutoff: August 19, 2022

21      Expert opening reports: October 3, 2022

22      Expert rebuttal reports: November 7, 2022

23      Expert discovery cutoff: December 19, 2022

24      Dispositive Motion filing deadline: January 9, 2023

25      Dispositive Motion Hearing date: March 8, 2023 at 2:00 p.m.

26      Pretrial Conference: April 25, 2023 at 2:00 p.m.

27      Trial: May 22, 2023 at 8:30 a.m. by Jury

28

**Facebook's Proposed Schedule:**

Deadline to amend/add parties: August 6, 2021

Fact discovery cutoff: April 1, 2022

Expert opening reports: May 13, 2022

Expert rebuttal reports: June 17, 2022

Expert discovery cutoff: July 22, 2022

Dispositive Motion filing deadline: August 12, 2022

Dispositive Motion - Opposition Briefs due: September 12, 2022

Dispositive Motion - Reply Briefs due: September 26, 2022

Dispositive Motion Hearing date: October 19, 2022 at 2:00 p.m.

Pretrial Conference: December 14, 2022 at 2:00 p.m.

Trial: January 17, 2023 at 8:30 a.m. by Jury

**Princeton's Proposed Schedule:**

Deadline to amend/add parties: August 6, 2021

Fact discovery cutoff: January 14, 2022

Expert opening reports: February 18, 2022

Expert rebuttal reports: March 25, 2022

Expert discovery cutoff: May 6, 2022

Dispositive Motion filing deadline: June 3, 2022

Dispositive Motion – Opposition Briefs due: July 1, 2022

Dispositive Motion – Reply Briefs due: July 15, 2022

Dispositive Motion Hearing date: August 10, 2022 at 2:00 p.m.

Pretrial Conference: October 11, 2022 at 2:00 p.m.

Trial: November 28, 2022 at 8:30 a.m.

**XVIII. TRIAL**

This matter will be tried to a jury. The parties will need discovery and post-discovery motion practice to determine the number of issues to be tried. At present,

they anticipate that, assuming the Court holds 5-hour trial days, trial will run 15 trial days.

**XIX.  DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

The Parties have all filed their Certifications of Interested Parties.

**XX.  PROFESSIONAL CONDUCT**

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**XXI.  SUCH OTHER MATTERS**

The Parties are not currently aware of other matters that may facilitate the just, speedy, and inexpensive disposition of the matter.

1   DATED:  May 4, 2021                    THE BUSINESS LITIGATION GROUP, P.C.

2                                          By:       /s/*Marc N. Bernstein*
3                                                       Marc N. Bernstein

4                                          Attorneys for Plaintiff
                                           PLANNER 5D
5

6
    DATED:  May 4, 2021                    JENNER & BLOCK LLP
7

8                                          By:       /s/*Andrew H. Bart*
                                                      Andrew H. Bart
9

10                                         Attorneys for Defendant
                                           THE TRUSTEES OF PRINCETON
11                                         UNIVERSITY

12
    DATED:  May 4, 2021                    KIRKLAND & ELLIS LLP
13

14                                         By:       /s/*Dale M. Cendali*
                                                      Dale M. Cendali
15

16                                         Attorneys for Defendants
                                           FACEBOOK INC. AND FACEBOOK
17                                         TECHNOLOGIES LLC

18

19

20

21

22

23

24

25

26

27

28

Joint Case Management Statement                    Case No. 3:19-cv-03132-WHO

1

**ATTESTATION**

2      I, Marc N. Bernstein, am the ECF user whose ID and password are being used

3  to file this Joint Case Management Statement.  In compliance with Local

4  Rule 5-1(i)(3), I hereby attest that concurrence in the filing of this document has been

5  obtained from all signatories.

6

7  DATED:  May 4, 2021                    By:      /s/*Marc N. Bernstein*

8                                              Marc N. Bernstein

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28