Dale M. Cendali (S.B.N. 1969070)
dale.cendali@kirkland.com
Johanna Schmitt (admitted *pro hac vice*)
johanna.schmitt@kirkland.com
Ari Lipsitz (admitted *pro hac vice*)
ari.lipsitz@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800

Ashley Littlefield (S.B.N. 281027)
ashley.littlefield@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
Telephone: (415) 552-4200

Attorneys for Defendants
*Meta Platforms, Inc.*
*and Facebook Technologies, LLC*

David R. Singer (S.B.N. 204699)
dsinger@jenner.com
JENNER & BLOCK LLP
633 West 5th Street, Suite 3600
Los Angeles, CA 90071
Telephone: (213) 239-5100

Andrew H. Bart (admitted *pro hac vice*)
abart@jenner.com
Jacob L. Tracer (admitted *pro hac vice*)
jtracer@jenner.com
JENNER & BLOCK LLP
919 Third Avenue, 39th Floor
New York, NY 10022
Telephone: (212) 891-1600

Attorneys for Defendant
*The Trustees of Princeton University*

Marc N. Bernstein (S.B.N. 145837)
mbernstein@blgrp.com
Will B. Fitton (S.B.N. 182818)
wfitton@blgrp.com
THE BUSINESS LITIGATION GROUP, P.C.
150 Spear Street, Suite 800
San Francisco, CA 94105
Telephone: (415) 765-6633

Attorneys for Plaintiff
*UAB "Planner5D"*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| UAB "PLANNER5D" d/b/a PLANNER 5D,<br><br>Plaintiff,<br><br>vs.<br><br>META PLATFORMS, INC., FACEBOOK TECHNOLOGIES, LLC, THE TRUSTEES OF PRINCETON UNIVERSITY, DOES 1-200, ABC CORPORATIONS 1-20 and XYZ UNIVERSITIES 1-20,<br><br>Defendants. | ) Case No. 3:19-cv-03132-WHO<br>) Case No. 3:20-cv-02198-WHO<br>) Case No. 3:20-cv-08261-WHO<br>)<br>) **STIPULATED FEDERAL RULES OF**<br>) **EVIDENCE  502(d) CLAWBACK**<br>) **ORDER**<br>)<br>) First Amended Complaint Filed: December 6,<br>) 2019<br>)<br>)<br>) |

**1.  PURPOSE**

Pursuant to Federal Rule of Evidence 502(d), the production or disclosure of any documents reflecting communications or information protected from discovery, including under the attorney-client privilege, work product doctrine, the joint defense or common interest privilege, privacy laws and regulations, or any other immunity from discovery (collectively "privilege or protection"), and accompanying metadata ("Protected Documents"), does not result in the waiver of any privilege or protection, including subject matter waiver, associated with such Protected Documents as to the receiving party or any third parties in this or in any other state or federal proceeding regardless of the circumstances.  This Paragraph provides the maximum protection allowed by Federal Rule of Evidence 502(d) with regard to Protected Documents.  Federal Rule of Evidence 502(b) does not apply to any disputes regarding Protected Documents, and instead this Stipulated 502(d) Order governs all disputes regarding Protected Documents produced in this litigation.  Nothing contained herein requires the production of Protected Documents, and no party is required to undertake a "quick peek" process under Fed. R. Civ. P. 26(b)(5).

**2.  CLAWBACK AGREEMENT**

In the event that a producing party discovers that it produced Protected Document(s), it shall serve notice of the claim of privilege or protection by email to all counsel of record for the receiving party (a "Clawback Notice"), sufficiently identifying the Protected Document(s) within a reasonable time.

As soon as practicable after service of  the Clawback Notice, the producing party shall provide (i) if only a portion of the document contains privileged or protected material, a new copy of the document utilizing the same bates number(s) as the original that has been redacted to protect the privilege or protected material; or (ii) if the entire document is privileged or protected, a slip sheet identifying the same bates number(s) as the original noting that the document has been withheld. Any Protected Document that is the subject of a Clawback Notice will be included on a privilege log

1

if and as required by the privilege-logging procedures agreed to by the parties or ordered by the Court.

**3.  PROCEDURES FOLLOWING CLAWBACK NOTICE**

a)  Within ten business days of receipt of a Clawback Notice (regardless of whether the receiving party agrees with or plans to challenge the producing party's claim of privilege or protection):

(i) the receiving party must promptly return and/or destroy the Protected Document(s), all copies thereof, and certify to the producing party when this has been completed; and

(ii)  the receiving party must either (A) destroy any notes that reproduce, copy, or otherwise disclose the substance of the Protected Documents, or (B) sequester such notes and not reference them until any dispute over the status of the Protected Documents is resolved, informing the producing party it is doing so.  If the documents are deemed protected, the receiving party must destroy the sequestered notes and so certify to the producing party.

b)  If a receiving party challenges a claim that a Protected Document specified in a Clawback Notice is privileged or protected, the receiving party shall notify the producing party of its challenge within 5 business days of receiving the Clawback Notice.

c)  Within ten business days of the producing party receiving notification of the challenge, the parties shall meet and confer in an effort to resolve their disagreement.  If the parties are unable to resolve their disagreement, either party may submit the issue to the Court for a determination in accordance with Judge Orrick's Standing Order.

d)  The receiving party must not use or disclose the Protected Document(s) covered by the Clawback Notice during the time in which the receiving party is challenging the Protected Document(s).

**4.  PROCEDURE UPON DISCOVERY BY A RECEIVING PARTY OF PRODUCED PROTECTED DOCUMENTS**

Consistent with all counsel's professional obligations regarding the respect for rights of third persons, in the event that a receiving party discovers that it has received or examined document(s)

2

that are or reasonably may be subject to a claim of privilege or protection, the receiving party promptly shall (i) sequester the document(s), and (ii) within four business days of such discovery, serve notice by email to all counsel of record of the producing party of the possible production or disclosure by identifying the bates range(s) of the document the receiving party believes are or may be privileged or protected, and whether the document(s) were or may have been produced or disclosed (a "Production Notice").  Upon the producing party receiving a Production Notice, if the producing party determines that the subject documents are privileged or protected, the producing party shall serve a Clawback Notice by email on all counsel of record of the receiving party within ten business days, and the receiving party shall promptly destroy or return the Protected Documents, and the producing party shall promptly provide replacement images as described in Paragraph 2 above.

**5.   PROCEDURES DURING DEPOSITION AND HEARING**

a)   If, during a deposition, a producing party claims that a document being used in the deposition (e.g., marked as an exhibit, shown to the witness, or made the subject of examination) contains material that is privileged or protected, the producing party may, in its sole discretion, do one or more of the following: (a) allow the Protected Document to be used during the deposition without waiver of any claim of privilege or protection; (b) allow questioning about the Protected Document but instruct the witness not to answer questions concerning the parts of the Protected Document containing privileged or protected material; or (c) object to the use of the Protected Document at the deposition, in which case no questions may be asked and no testimony may be given relating to the Protected Document or the privileged or protected portion of the Document until the matter has been resolved by agreement or by the Court.

b)   In all events, once the Protected Document is no longer in use at the deposition, the receiving party shall immediately sequester all copies of the Protected Document.  As to any testimony subject to a claim of privilege or protection, the producing party shall serve a Clawback Notice within four business days after receipt of the final transcript of the deposition, after which the parties shall follow the procedures set forth in Paragraphs 2 and 3, as applicable.  Pending determination of any

3

challenge to such a Clawback Notice, all parties with access to the deposition transcript shall treat the relevant testimony in accordance with Paragraph 3.  In the event the Court decides the clawback dispute in the receiving party's favor and the receiving party was denied the opportunity to examine a witness as to the materials at issue, the witness shall be made available as soon as practicable after the Court's decision to be examined only about the materials subject to the Clawback Notice.

c)   If a receiving party uses discovery materials in a brief or at a hearing, and the producing party has not served a Clawback Notice as to those materials in advance of the briefing event or hearing, the producing party must serve a Clawback Notice within four business days of receipt of the briefing or the hearing.  Thereafter, the procedures set forth in Paragraph 3 apply.  To the extent any privileged or protected material is placed into the public record in connection with briefing or a hearing, the receiving party shall (a) withdraw the portion of the briefing and exhibits that contain privileged or protected material, (b) request the Court seal that material, in accordance with Judge Orrick's Standing Order on Administrative Motions to File Under Seal, or (c) join or not oppose a motion to seal the privileged or protected material, in accordance with Judge Orrick's Standing Order on Administrative Motions to File Under Seal.

## 6.   PROHIBITION ON USE OF PRIVILEGED INFORMATION

To the extent any party is aware that it has obtained Protected Documents, has received a Clawback Notice, or is reasonably on notice that it has obtained privileged or protected information through production, disclosure, or communications ("Privileged Information"), such Protected Documents and/or Privileged Information may not be submitted to the Court (except as part of a resolution on the status of the Protected Documents), presented for admission into evidence, or sought in discovery in this proceeding or in any other proceeding or action.

**IT IS SO STIPULATED**, through Counsel of Record.

4

Dated: November 22, 2021

KIRKLAND & ELLIS LLP

*/s/ Dale M. Cendali*
Dale M. Cendali (S.B.N. 1969070)

Attorneys for Defendants
*Meta Platforms, Inc.*
*and Facebook Technologies, LLC*

Dated: November 22, 2021

JENNER & BLOCK LLP

/s/ *Andrew H. Bart* (with consent)
Andrew H. Bart (admitted *pro hac vice*)

Attorneys for Defendant
*The Trustee of Princeton University*

Dated: November 22, 2021

THE BUSINESS LITIGATION GROUP, P.C.

*/s/ Will B. Fitton* (with consent)
Will B. Fitton (S.B.N. 182818)

Attorneys for Plaintiff
*UAB "Planner5D"*

**IT IS SO ORDERED**.

Dated: __November  22__, 2021

HON. WILLIAM H. ORRICK
United States District Judge

5