MARC N. BERNSTEIN (SBN 145837)
mbernstein@blgrp.com
WILL B. FITTON (SBN 182818)
wfitton@blgrp.com
**THE BUSINESS LITIGATION GROUP, P.C.**
150 Spear Street, Suite 800
San Francisco, CA 94105
Telephone: 415.765.6633
Facsimile: 415.283.4804

Attorneys for Plaintiff
UAB "PLANNER5D"

**JENNER & BLOCK LLP**
DAVID R. SINGER (Cal. Bar No. 204699)
dsinger@jenner.com
515 S. Flower Street, Suite 3300
Los Angeles, CA 90071
Phone:          (213) 239-5100
Facsimile: (213) 239-5199

**JENNER & BLOCK LLP**
ANDREW H. BART (pro hac vice)
abart@jenner.com
JACOB L. TRACER (pro hac vice)
jtracer@jenner.com
1155 Avenue of the Americas
New York, NY 10036
Phone:          (212) 891-1600
Facsimile: (212) 891-1699

Attorneys for Defendant
The Trustees of Princeton University

**KIRKLAND & ELLIS LLP**
DALE M. CENDALI (Cal. Bar No. 1969070)
dale.cendali@kirkland.com
JOHANNA SCHMITT (pro hac vice)
johanna.schmitt@kirkland.com
ARI LIPSITZ (pro hac vice)
ari.lipsitz@kirkland.com
601 Lexington Avenue
New York, NY 10022
Phone:          (212) 446-4800
Facsimile: (212) 446-4900
Attorneys for Defendants
Meta Platforms, Inc. and Facebook Technologies, LLC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| UAB "PLANNER5D" dba PLANNER 5D,<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC., FACEBOOK TECHNOLOGIES, LLC, THE TRUSTEES OF PRINCETON UNIVERSITY, DOES 1-200, ABC CORPORATIONS 1-20, and XYZ UNIVERSITIES 1-20.<br><br>Defendants. | **Case No. 3:19-cv-03132-WHO**<br>**Case No. 3:20-cv-08261-WHO**<br>**Case No. 3:20-cv-08261-WHO**<br><br><br>**STIPULATED PROTECTIVE ORDER** |

1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, trade secret, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or tangible things that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 12.4, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 and Judge Orrick's Standing Order on Administrative Motions to Seal set forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

2. **DEFINITIONS**

2.1 <u>Challenging Party</u>: a Party or Non-Party that challenges the designation or non-designation of Disclosure or Discovery Material under this Stipulated Protective Order.

2.2 <u>"CONFIDENTIAL" Protected Material</u>: Disclosure or Discovery Material (regardless of how it is generated, stored or maintained) that qualifies for protection under Federal Rule of Civil Procedure 26(c), or the disclosure of which may cause harm to a Party or Non-Party.

2.3 <u>Designating Party</u>: a Party or Non-Party that designates Disclosure or Discovery Material that it produces in disclosures or in responses to discovery under this Stipulated Protective Order.

2.4 <u>Disclosure or Discovery Material</u>: all information and tangible things, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, documents, testimony, and transcripts), that are produced, disclosed, generated, or used in disclosures or responses to discovery in this matter.

2.5 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action; (2) is not a current or former employee or self-employed independent contractor of Planner 5D or Facebook; (3) is not a current employee, self-employed independent contractor, student, graduate student, or post-doctoral researcher of Princeton University, and has not, within the past 25 years, been a faculty member, student, graduate student, or post-doctoral researcher of Princeton's Computer Science Department; (4) has not, within six months prior to his or her retention, interviewed with or received a firm offer from a Party or one of the following companies: Google, Apple, YouTube, Tencent, Snap, Twitter, ByteDance, Microsoft, and Amazon ("each a Listed Company"); and (5) has not worked in the prior 3 years for a Listed Company.

2.6 <u>"HIGHLY CONFIDENTIAL – RESTRICTED ACCESS" Protected Material</u>: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means ("Substantial Risk"), including, for example, a Substantial Risk that arises from development of materials for products and/or services, sensitive products and/or services, and strategic decision-making information.

2.7 <u>House Counsel</u>: attorneys who are employees of a Party to this action. House counsel does not include Outside Counsel of Record or any other outside counsel.

1    2.8    Non-Party: any natural person, partnership, corporation, association, or

2 other legal entity not named as a Party to this action.

3    2.9    Outside Counsel: attorneys who (a) are not employees of a Party to this

4 action but are retained to represent or advise a Party to this action, (b) are not

5 Outside Counsel of Record, (c) are attorneys practicing in the U.S. and admitted to

6 practice law in at least one United States jurisdiction, and (d) have signed the

7 "Acknowledgment and Agreement to Be Bound" that is attached as Exhibit A.

8    2.10    Outside Counsel of Record:  attorneys who are not employees of a

9 Party to this action but are retained to represent or advise a Party to this action and

10 have appeared in this action on behalf of that Party or are affiliated with a law firm

11 which has appeared on behalf of that Party.

12    2.11    Party: any party to this action, including all of its officers, directors,

13 employees, consultants, retained experts, and Outside Counsel of Record (and their

14 support staffs).

15    2.12    Producing Party: a Party or Non-Party that produces Disclosure or

16 Discovery Material in this action.

17    2.13    Professional Vendors: persons or entities that provide litigation support

18 services (e.g., photocopying, videotaping, translating, preparing exhibits or

19 demonstrations, and organizing, storing, or retrieving data in any form or medium)

20 and their employees and subcontractors.

21    2.14    Protected Material: any Disclosure or Discovery Material that qualifies

22 for protection under FRCP 26(c) that is designated as "CONFIDENTIAL" or as

23 "HIGHLY CONFIDENTIAL – RESTRICTED ACCESS."

24    2.15    Receiving Party: a Party that receives Disclosure or Discovery Material

25 from a Producing Party.

26 **3.    SCOPE**

27    The protections conferred by this Stipulated Protective Order cover not only

28 Protected Material (as defined above), but also (1) any information copied or

1  extracted from Protected Material; (2) all copies, excerpts, summaries, or

2  compilations of Protected Material; and (3) any testimony, conversations, or

3  presentations by Parties or their Counsel that might reveal Protected Material.

4  However, the protections conferred by this Stipulated Protective Order do not cover

5  the following information: (a) any information that is in the public domain at the

6  time of disclosure to a Receiving Party or becomes part of the public domain after its

7  disclosure to a Receiving Party as a result of publication not involving a violation of

8  this Stipulated Protective Order or another Court's Order, including becoming part

9  of the public record through trial or otherwise; and (b) any information known to the

10  Receiving Party prior to the disclosure or obtained by the Receiving Party after the

11  disclosure from a source who obtained the information lawfully and under no

12  obligation of confidentiality to the Designating Party. However, if the accuracy of

13  information may reasonably be confirmed only through the use of Protected

14  Material, then the information will not be considered to be in the public domain. For

15  example, unsubstantiated media speculations or rumors that may only reasonably be

16  confirmed as true through access to Protected Material are not in the public domain.

17  Any use of Protected Material at trial shall be governed by a separate agreement or

18  order.

19  **4.     <u>DURATION</u>**

20      Even after final disposition of this litigation, the confidentiality obligations

21  imposed by this Stipulated Protective Order shall remain in effect until a Designating

22  Party agrees otherwise in writing or a Court order otherwise directs. Final

23  disposition will be deemed to be the later of (1) dismissal of all claims and defenses

24  in this action, with or without prejudice; or (2) entry of a final judgment herein after

25  the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews

26  of this action, including the time limits for filing any motions or applications for

27  extension of time pursuant to applicable law and the time limits for filing a petition

28  for writ of certiorari to the Supreme Court of the United States if applicable.

1  **5.      DESIGNATING PROTECTED MATERIAL**

2      5.1      Exercise of Restraint and Care in Designating Material for Protection.

3  Each Party or Non-Party that designates Disclosure or Discovery Material for

4  protection under this Stipulated Protective Order must take care to limit any such

5  designation to specific material that qualifies under the appropriate standards. To the

6  extent it is practical to do so, the Designating Party must designate for protection

7  only those parts of material, documents, items, or oral or written communications

8  that qualify – so that other portions of the material, documents, items, or

9  communications for which protection is not warranted are not swept unjustifiably

10  within the ambit of this Stipulated Protective Order.

11      Mass, indiscriminate, or routinized designations are prohibited. Designations

12  that are shown to be clearly unjustified or that have been made for an improper

13  purpose (e.g., to unnecessarily encumber or retard the case development process or

14  to impose unnecessary expenses and burdens on other parties) expose the

15  Designating Party to sanctions. If it comes to a Designating Party's attention that

16  Disclosure or Discovery Material that it designated for protection does not qualify for

17  protection at all or does not qualify for the level of protection initially asserted, that

18  Designating Party must promptly notify all other Parties that it is withdrawing the

19  mistaken designation.

20      5.2      Manner and Timing of Designations. Except as otherwise provided in

21  this Stipulated Protective Order (see, e.g., second paragraph of Section 5.2(a) below),

22  or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies

23  for protection under this Stipulated Protective Order must be clearly so designated

24  before the material is disclosed or produced.

25      Designation in conformity with this Stipulated Protective Order requires:

26      (a)      for Protected Material in documentary form (e.g., paper or

27  electronic documents, but excluding transcripts of depositions or other pretrial or

28  trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or

1  "HIGHLY CONFIDENTIAL – RESTRICTED ACCESS" to each page that contains

2  protected material. For Protected Material that is produced in native electronic

3  format, the designated legend must be included in the file name and on any

4  slipsheets when produced, and any Party when printing such Protected Material

5  must affix the designated legend to each page of the printed copy.

6  A Party or Non-Party that makes original documents or materials available for

7  inspection need not designate them for protection until after the inspecting Party has

8  indicated which material it would like copied and produced. During the inspection

9  and before the designation, all of the material made available for inspection shall be

10  deemed "HIGHLY CONFIDENTIAL – RESTRICTED ACCESS." After the inspecting

11  Party has identified documents it wants copied and produced, the Producing Party

12  must determine which documents, or portions thereof, qualify for protection under

13  this Stipulated Protective Order. Then, before producing the specified documents,

14  the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or

15  "HIGHLY CONFIDENTIAL –RESTRICTED ACCESS") to each page that contains

16  Protected Material. If only a portion or portions of the material on a page qualifies for

17  protection, to the extent practicable, the Producing Party also must clearly identify

18  the protected portion(s) (e.g., by making appropriate markings in the margins) and

19  must specify, for each portion, the level of protection being asserted.

20  (b)  for testimony given in deposition or in other pretrial or trial

21  proceedings, that the Designating Party identify on the record, before the close of the

22  deposition, hearing, or other proceeding, all protected testimony and specify the

23  level of protection being asserted.  When it is impractical to identify specifically each

24  portion of testimony that is entitled to protection, the Designating Party may invoke

25  on the record (before the deposition, hearing, or other proceeding is concluded) a

26  right to have up to 7 business days from receipt of the transcript (including a non-

27  final draft) to identify the specific portions of the testimony as to which protection is

28  sought and to specify the level of protection being asserted, and the entire transcript

6

1    shall be treated during that period at the level of protection identified by the

2    Designating Party.  After the expiration of the designation period, the transcript shall

3    be treated only as actually designated, and only those portions of the testimony that

4    are appropriately designated for protection within the period outlined above shall be

5    covered by the provisions of this Stipulated Protective Order.

6    Parties shall give the other Parties reasonable notice if they reasonably expect

7    a deposition, hearing or other proceeding to include Protected Material so that the

8    other Parties can ensure that only authorized individuals who have signed the

9    "Acknowledgement and Agreement to Be Bound (Exhibit A) are present at those

10   proceedings. The use of Protected Material as an exhibit at a deposition or other

11   pretrial proceeding shall not in any way affect its designation under this Stipulated

12   Protective Order.

13   Transcripts containing Protected Material shall have an obvious legend on the

14   title page that the transcript contains Protected Material, and the title page shall be

15   followed by a list of all pages (including line numbers as appropriate) that have been

16   designated as Protected Material and the level of protection being asserted by the

17   Designating Party. The Designating Party shall inform the court reporter of these

18   requirements.

19   (c)    for Protected Material produced in some form other than

20   documentary and for any other tangible items, that the Producing Party affix in a

21   prominent place on the exterior of the container or containers in which the

22   information or item is stored the legend "CONFIDENTIAL" or "HIGHLY

23   CONFIDENTIAL – RESTRICTED ACCESS." If only a portion or portions of the

24   information or item warrant protection, the Producing Party, to the extent

25   practicable, shall identify the protected portion(s) and specify the level of protection

26   being asserted.

27

28

**Stipulated Protective Order**                                    **Case No. 3:19-cv-03132-WHO**

5.3     <u>Inadvertent Failures to Designate</u>. An inadvertent failure to designate qualified Disclosure or Discovery Material does not waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material.

Upon correction of a designation, the Receiving Party must make all reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order, which may require a Party to withdraw access to Protected Material that was given to a person who is not authorized to have access under the new designation (an "Unauthorized Person"). Within a reasonable time after the correction of a designation, a Receiving Party must provide written notice to the Designating Party that it has withdrawn access to the Protected Material to all Unauthorized Persons.  In addition, the Receiving Party must maintain a record of all Unauthorized Persons (including signed copies of the "Acknowledgment and Agreement to Be Bound" (Exhibit A)) and the Protected Material disclosed to them, which may be disclosed to the Designating Party upon request for good cause, such as, for example, to investigate a leak or misuse of Protected Material.

In the event that any document, material, or testimony that is subject to a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – RESTRICTED ACCESS" designation is inadvertently produced without such designation, the Producing Party that inadvertently failed to designate Protected Material shall give written notice of such inadvertent production (the "Inadvertent Production Notice") and shall reproduce copies of the Protected Material that are labeled with the appropriate confidentiality designation. Upon receipt of an Inadvertent Production Notice and properly labeled Protected Material, the Receiving Party shall promptly destroy, or in the case of materials containing work product, correct the confidentiality designation of, the inadvertently produced Protected Material and all copies thereof or return such together with all copies of such Protected Material to counsel for the Producing Party. Should the Receiving Party choose to destroy or correct the

confidentiality designation of such inadvertently produced Protected Material, the Receiving Party shall notify the Producing Party in writing of such destruction or designation correction within 14 calendar days of receipt of written notice of the Inadvertent Production Notice and properly labeled Protected Material. This provision is not intended to apply to any inadvertent production of any document, material, or testimony protected by attorney-client or work product privileges.

**6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1      Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2      Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific section of the Stipulated Protective Order.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next state of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner. The Parties shall meet and confer consistent with Paragraph 4 of Judge Orrick's Standing Order for Civil Cases (but with

1    videoconferencing also permitted as a means of conferring) within 14 days of the

2    date of service of notice.

3            6.3      Judicial Intervention. If the Challenging and Designating Parties cannot

4    resolve a challenge without the Court's intervention, the Designating Party may

5    submit the dispute to the Court consistent with Paragraph 4 of Judge Orrick's

6    Standing Order for Civil Cases within 14 days of any Party notifying the others that

7    the meet and confer process outlined in Section 6.2 will not resolve the dispute.

8            The Challenging Party's failure to file its challenge with the Court will result

9    in the Protected Material being designated as requested by the Designating Party.

10   The burden of persuasion in any such challenge proceeding shall be on the

11   Designating Party. Frivolous challenges and those made for an improper purpose

12   (e.g., to harass or impose unnecessary expenses and burdens on other Parties) may

13   expose the Challenging Party to sanctions. Unless the Designating Party has waived

14   the confidentiality designation by failing to make a submission to the Court  to retain

15   confidentiality in the manner and within the time frames described above, all Parties

16   shall continue to afford the material in question the level of protection to which it is

17   entitled under the Designating Party's designation until the Court rules on the

18   challenge.

19   **7.      ACCESS TO AND USE OF PROTECTED MATERIAL**

20           7.1      Basic Principles. A Receiving Party may use Protected Material (other

21   than its own) solely for prosecuting, defending, or attempting to settle this litigation.

22   Such Protected Material may be disclosed only to the categories of persons and under

23   the conditions described in this Stipulated Protective Order. When the litigation has

24   been terminated, a Receiving Party must comply with the provisions of Section 13

25   below (FINAL DISPOSITION).

26           Protected Material must be stored and maintained by a Receiving Party at a

27   location or locations, and in a secure manner, sufficient to ensure that access is

28   limited to the persons authorized under this Stipulated Protective Order.

7.2     <u>Disclosure of "CONFIDENTIAL" Protected Material</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose "CONFIDENTIAL" Protected Material only to:

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as personnel of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)     the Receiving Party's Outside Counsel, as well as personnel of said Outside Counsel, (1) to whom it is reasonably necessary to disclose the information for this litigation, (2) who have no involvement in competitive decision-making for the Receiving Party, (3) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and (4) as to whom the procedures set forth in Section 7.4(a)(1), below, have been followed;

(c)     the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     Experts (as defined in this Stipulated Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)     the Court and its personnel;

(f)     court reporters and their staff;

(g)     professional jury or trial consultants including mock jurors who have signed a confidentiality agreement, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and

1  Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating

2  Party or ordered by the Court;

3        (i)    the author or recipient of a document containing the Protected

4  Material or a custodian or other person who otherwise possessed or personally knew

5  the Protected Material; and

6        (j)    any mediator who is assigned to this matter, and his or her staff,

7  who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

8      7.3    <u>Disclosure of "HIGHLY CONFIDENTIAL – RESTRICTED ACCESS"</u>

9  <u>Protected Material</u>. Unless otherwise ordered by the Court or permitted in writing by

10  the Designating Party, a Receiving Party may disclose any Protected Material

11  designated "HIGHLY CONFIDENTIAL – RESTRICTED ACCESS" only to:

12        (a)    the Receiving Party's Outside Counsel of Record in this action,

13  as well as personnel of said Outside Counsel of Record to whom it is reasonably

14  necessary to disclose the information for this litigation and who have signed the

15  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

16        (b)    the Receiving Party's Outside Counsel, as well as personnel of

17  such Outside Counsel, (1) to whom disclosure is reasonably necessary for this

18  litigation, (2) who have no involvement in competitive decision-making for the

19  Receiving Party, (3) who has signed the "Acknowledgment and Agreement to Be

20  Bound" (Exhibit A), and (4) as to whom the procedures set forth in Section 7.4(a)(1),

21  below, have been followed;

22        (c)    Designated House Counsel of the Receiving Party (1) who has

23  no involvement in competitive decision-making, (2) to whom disclosure is

24  reasonably necessary for this litigation, (3) who has signed the "Acknowledgment

25  and Agreement to Be Bound" (Exhibit A), and (4) as to whom the procedures set

26  forth in Section 7.4(a)(1), below, have been followed;

27        (d)    Experts of the Receiving Party (1) to whom disclosure is

28  reasonably necessary for this litigation, (2) who have signed the "Acknowledgment

and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in Section 7.4(a)(2), below, have been followed;

(e)     the Court and its personnel;

(f)     court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)     the author or recipient of a document containing the Protected Material or a custodian or other person who otherwise possessed or personally knew the Protected Material, unless the Designating Party objects to the disclosure; and

(h)     any mediator who is assigned to this matter and his or her staff, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.4     <u>Procedures for Approving or Objecting to Disclosure of Protected Materials to Outside Counsel or Disclosure of "HIGHLY CONFIDENTIAL – RESTRICTED ACCESS" Protected Material to Designated House Counsel and Experts.</u>

(a)(1) Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to Outside Counsel pursuant to Sections 7.2 and 7.3 any Protected Material ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - RESTRICTED ACCESS"), or to disclose to House Counsel pursuant to Section 7.3 any Protected Material that has been designated "HIGHLY CONFIDENTIAL – RESTRICTED ACCESS," must first make a written request to the Designating Party that sets forth (i) the name of the Outside Counsel's law firm, or (ii) the full name(s) of the Designated House Counsel and the city and state of their residence; (ii) describes the Designated House Counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if the Designated House Counsel is involved, or may become involved, in

1  any competitive decision-making; and (iii) in the case of Outside Counsel, confirms

2  that they do not serve as a de facto House Counsel to the Party.

3          (a)(2)   Unless otherwise ordered by the Court or agreed to in writing by

4  the Designating Party, a Receiving Party that seeks to disclose to an Expert (as

5  defined in this Stipulated Protective Order) pursuant to Section 7.3 any information

6  or item that has been designated "HIGHLY CONFIDENTIAL – RESTRICTED

7  ACCESS," must first make a written request to the Designating Party that

8  (i) identifies the general categories of "HIGHLY CONFIDENTIAL – RESTRICTED

9  ACCESS" information that the Receiving Party seeks permission to disclose to the

10  Expert; (ii) sets forth the full name and home city, state, and country of the Expert;

11  (iii) attaches a copy of the Expert's current resume; (iv) identifies the Expert's current

12  employer(s); (v) identifies each person or entity from whom the Expert has received

13  compensation or funding for work in his or her areas of expertise or to whom the

14  Expert has provided professional services, including in connection with a litigation,

15  at any time during the preceding five years and the Party to the litigation for whom

16  such work was done; (vi) identifies (by name and number of the case, filing date, and

17  location of court) any litigation in connection with which the Expert has offered

18  expert testimony, including through a declaration, report, or testimony at a

19  deposition or trial, during the preceding five years; and (vii) identifies any patents or

20  published patent applications in which the Expert is identified as an inventor or

21  applicant, is involved in prosecuting or maintaining, or has any pecuniary interest. If

22  the Expert believes any of this information is subject to a confidentiality obligation to

23  a third-party, then the Expert should provide whatever information the Expert

24  believes can be disclosed without violating any confidentiality agreements, and the

25  Party seeking to disclose to the Expert shall be available to meet and confer with the

26  Designating Party regarding any such engagement. Unless and until an Expert is

27  designated as a testifying expert in this matter, the information identified above,

28

1  including the fact of the Expert's retention in this matter, will itself be treated as

2  CONFIDENTIAL under this Stipulated Protective Order.

3       (b)    A Party that makes a request and provides the information

4  specified in the preceding subsections may disclose the subject Protected Material to

5  the identified Outside Counsel, Designated House Counsel, or Expert unless, within

6  ten business days of delivering the request, the Receiving Party receives a written

7  objection from the Designating Party. Any such objection must set forth in detail the

8  grounds on which it is based. For objections to disclosed Experts, such grounds could

9  include that the Expert has a past affiliation, or is anticipated to become affiliated,

10  with a Party; or is currently, or anticipated to become a competitor of a Party.

11  Whether such grounds, even if shown, justify preclusion will then be determined

12  under the following procedure.

13       (c)    A Party that receives a timely written objection must meet and

14  confer with the Designating Party consistent with Paragraph 4 of Judge Orrick's

15  Standing Order for Civil Cases (but with videoconferencing also permitted as a

16  means of conferring) to try to resolve the matter by agreement within ten calendar

17  days of the written objection.

18       If no agreement is reached, the Receiving and Designating Parties may submit

19  the dispute to the Court consistent with Paragraph 4 of Judge Orrick's Standing

20  Order for Civil Cases. In any such proceeding, the Party opposing disclosure shall

21  bear the burden of proving that the risk of harm that the disclosure would entail

22  (under the safeguards proposed) outweighs the Receiving Party's need to disclose

23  the Protected Material.

24  8.    PROSECUTION BAR

25       Absent written consent from the Designating Party, any individual bound by

26  this Stipulated Protective Order who receives access to "HIGHLY CONFIDENTIAL–

27  RESTRICTED ACCESS" Protected Material must not be involved in the prosecution

28  of patents or patent applications relating to the subject matter of the "HIGHLY

CONFIDENTIAL – RESTRICTED ACCESS" Protected Material to which access is received, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office"). For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims. Prosecution includes, for example, original prosecution, reissue, and reexamination and other post-grant proceedings. To avoid any doubt, "prosecution" as used in this paragraph does not include representing a Party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination, *inter partes* reexamination, post grant review, covered business method patent review, or *inter partes* review). This Prosecution Bar begins when access to "HIGHLY CONFIDENTIAL – RESTRICTED ACCESS" Protected Material is first received by the individual and ends two (2) years after this action has concluded, as defined in Section 4. DURATION above.

9.     <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that seeks to compel disclosure of any Protected Material designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – RESTRICTED ACCESS" that Party must:

(a)     promptly notify in writing the Designating Party, including a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order and provide a copy of this Stipulated Protective Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

1    If the Designating Party timely files a protective order or motion to quash, the

2    Party served with the subpoena or court order shall not produce any Protected

3    Material designated in this action as "CONFIDENTIAL" or "HIGHLY

4    CONFIDENTIAL – RESTRICTED ACCESS" before a determination on the

5    Designating Party's motion, unless the Party has obtained the Designating Party's

6    permission. The Designating Party shall bear the burden and expense of seeking

7    protection of its confidential material – and nothing in these provisions should be

8    construed as authorizing or encouraging a Receiving Party in this action to disobey a

9    lawful directive from another court. Any agreement by a Designating Party that

10   Protected Material may be produced in response to a subpoena does not in any way

11   waive the protections this Stipulated Protective Order provides against disclosure in

12   any other litigation.

13   **10.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED**

14          **IN THIS LITIGATION**

15       (a)    Any subpoenas propounded to Non-Parties must be

16   accompanied by a copy of this Stipulated Protective Order.  The terms of this

17   Stipulated Protective Order are applicable to Protected Material produced by a Non-

18   Party in this action and designated as "CONFIDENTIAL" or "HIGHLY

19   CONFIDENTIAL – RESTRICTED ACCESS." Such Protected Material produced by

20   Non-Parties in connection with this litigation is protected by the remedies and relief

21   provided by this Stipulated Protective Order. Nothing in these provisions should be

22   construed as prohibiting a Non-Party from seeking additional protections.

23       (b)    In the event that a Party (the "Producing Party") is required, by

24   a valid discovery request, to produce a Non-Party's confidential information in its

25   possession, and the Producing Party is subject to an agreement with the Non-Party

26   not to produce the Non-Party's confidential information, then the Producing Party

27   shall:

28

1.   promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.   promptly provide the Non-Party with a copy of this Stipulated Protective Order, the relevant discovery request(s), and a reasonably specific description of the information requested, and

3.   make the requested information available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Producing Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party objects or seeks a protective order, the Producing Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a Court order to the contrary, the Non-Party bears the burden and expense of seeking protection in this Court of its Protected Material.

**11.     <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached as Exhibit A.

12.  **MISCELLANEOUS**

12.1    <u>Right to Further Relief</u>. Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by agreement with all other Parties or by applying to the Court if such agreement cannot be reached.

12.2    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Stipulated Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any Disclosure or Discovery Material on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to the use in evidence of any of the material covered by this Stipulated Protective Order.

12.3    <u>Export Control</u>. The Protected Material disclosed by the Producing Party may contain technical data subject to export control laws and therefore the release of such technical data to foreign persons or nationals in the United States or elsewhere may be restricted. The Producing Party shall be responsible for identifying any such controlled technical data ("Controlled Data"), and the Receiving Party shall take measures necessary to ensure compliance with applicable export control laws, including ensuring that no unauthorized foreign person has access to such technical data.

12.4    <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Judge Orrick's Standing Order on Administrative Motions to Seal.

13.  **FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or

**Stipulated Protective Order**                                    **Case No. 3:19-cv-03132-WHO**

capturing any of the Protected Material. Whether the Protected Material is returned

or destroyed, the Receiving Party must submit a written certification to the

Producing Party (and, if not the same person or entity, to the Designating Party) by

the 60-day deadline that (1) identifies (by category, where appropriate) all the

Protected Material that was returned or destroyed and (2) affirms that the Receiving

Party has not retained any copies, abstracts, compilations, summaries or any other

format reproducing or capturing any of the Protected Material. Notwithstanding this

provision, Outside Counsel of Record are entitled to retain an archival copy of all

pleadings, motion papers, trial, deposition, and hearing transcripts, legal

memoranda, correspondence, deposition and trial exhibits, expert reports, attorney

work product, and consultant and expert work product, even if such materials

comprise, contain, or attach Protected Material. Any such archival copies that contain

or constitute Protected Material remain subject to this Stipulated Protective Order as

set forth in Section 4.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: December 17, 2021                THE BUSINESS LITIGATION GROUP, P.C.

                                        By:      /s/Will B. Fitton
                                                 Will B. Fitton

                                        Attorneys for Plaintiff
                                        PLANNER 5D

DATED: December 17, 2021                JENNER & BLOCK LLP

                                        By:      /s/Andrew H. Bart
                                                 Andrew H. Bart

                                        Attorneys for Defendant
                                        THE TRUSTEE OF PRINCETON
                                        UNIVERSITY

20

DATED: December 17, 2021                    KIRKLAND & ELLIS LLP

                                            By:      /s/Dale M. Cendali
                                                      Dale M. Cendali

                                            Attorneys for Defendants
                                            META PLATFORMS, INC. AND
                                            FACEBOOK TECHNOLOGIES LLC

**ATTESTATION**

I, Will B. Fitton, am the ECF user whose ID and password are being used to file this Stipulated Protective Order. In compliance with Local Rule 5-1(i)(3), I hereby attest that concurrence in the filing of this document has been obtained from all signatories.

DATED:  December 17, 2021           By:      /s/Will B. Fitton
                                              Will B. Fitton

        PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____           _____
                                 THE HONORABLE WILLIAM H. ORRICK
                                 UNITED STATES DISTRICT JUDGE

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that

I have read in its entirety and understand the Stipulated Protective Order that was

issued by the United States District Court for the Northern District of California on

_____ [date] in the case of *UAB "Planner5B" dba Planner 5D v. Meta Platforms,*

*Inc., et al.*, Case No. 3:19-cv-03132-WHO (N.D. Cal.). I agree to comply with and to be

bound by all the terms of this Stipulated Protective Order and I understand and

acknowledge that failure to so comply could expose me to sanctions and punishment

in the nature of contempt. I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Stipulated Protective Order to any

person or entity except in strict compliance with the provisions of this Stipulated

Protective Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Northern District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone

number] as my California agent for service of process in connection with this action

or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City, State, and Country where sworn and signed: _____

Printed name: _____

[printed name]

Signature: _____

[signature]

**Stipulated Protective Order**                                    **Case No. 3:19-cv-03132-WHO**