MARC N. BERNSTEIN (SBN 145837)
mbernstein@blgrp.com
WILL B. FITTON (SBN 182818)
wfitton@blgrp.com
**THE BUSINESS LITIGATION GROUP, P.C.**
150 Spear Street, Suite 800
San Francisco, CA 94105
Telephone: 415.765.6633
Facsimile: 415.283.4804

Attorneys for Plaintiff
UAB "PLANNER5D"

**JENNER & BLOCK LLP**
David R. Singer (Cal. Bar No. 204699)
dsinger@jenner.com
515 S. Flower Street, Suite 3300
Los Angeles, CA 90071
Phone:        (213) 239-5100
Facsimile: (213) 239-5199

**JENNER & BLOCK LLP**
Andrew H. Bart (pro hac vice)
abart@jenner.com
Jacob L. Tracer (pro hac vice)
jtracer@jenner.com
1155 Avenue of the Americas
New York, NY 10036
Phone:        (212) 891-1600
Facsimile: (212) 891-1699

Attorneys for Defendant
The Trustees of Princeton University

**KIRKLAND & ELLIS LLP**
DALE M. CENDALI (Cal. Bar No. 1969070)
dale.cendali@kirkland.com
JOHANNA SCHMITT (pro hac vice)
johanna.schmitt@kirkland.com
ARI LIPSITZ (pro hac vice)
ari.lipsitz@kirkland.com
601 Lexington Avenue
New York, NY 10022
Phone:        (212) 446-4800
Facsimile: (212) 446-4900
Attorneys for Defendants
Meta Platforms, Inc. and Facebook
Technologies, LLC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| UAB "PLANNER5D" dba PLANNER 5D, <br><br> Plaintiff, <br><br> v. <br><br> META PLATFORMS, INC. FACEBOOK TECHNOLOGIES, LLC, THE TRUSTEES OF PRINCETON UNIVERSITY, DOES 1-200, ABC CORPORATIONS 1-20, and XYZ UNIVERSITIES 1-20. <br><br> Defendants. | **Case No. 3:19-cv-03132-WHO** <br> **Case No. 3:20-cv-08261-WHO** <br> **Case No. 3:20-cv-08261-WHO** <br><br><br> STIPULATED PROTECTIVE ORDER |

1   **1.      PURPOSES AND LIMITATIONS**

2          Disclosure and discovery activity in this action are likely to involve

3   production of confidential, proprietary, trade secret, or private information for which

4   special protection from public disclosure and from use for any purpose other than

5   prosecuting this litigation may be warranted. Accordingly, the ~~parties~~Parties hereby

6   stipulate to and petition the ~~court~~Court to enter the following Stipulated Protective

7   Order. The ~~parties~~Parties acknowledge that this Stipulated Protective Order does not

8   confer blanket protections on all disclosures or responses to discovery and that the

9   protection it affords from public disclosure and use extends only to the limited

10  information or ~~items~~tangible things that are entitled to confidential treatment under

11  the applicable legal principles. The ~~parties~~Parties further acknowledge, as set forth in

12  Section ~~14~~12.4, below, that this Stipulated Protective Order does not entitle them to

13  file confidential information under seal; Civil Local Rule 79-5 ~~sets~~and Judge Orrick's

14  Standing Order on Administrative Motions to Seal set forth the procedures that must

15  be followed and the standards that will be applied when a ~~party~~Party seeks

16  permission from the ~~court~~Court to file material under seal.

17  **2.      DEFINITIONS**

18          2.1     Challenging Party: a Party or Non-Party that challenges the designation

19  or non-designation of ~~information~~Disclosure or ~~items~~Discovery Material under this

20  Stipulated Protective Order.

21          2.2     "CONFIDENTIAL" ~~Information or Items: information~~ Protected

22  Material: Disclosure or Discovery Material (regardless of how it is generated, stored

23  or maintained) ~~or tangible things~~ that ~~qualify~~qualifies for protection under Federal

24  Rule of Civil Procedure 26(c~~)~~.

25          ~~2.3     Counsel (without qualifier): Outside Counsel), or the disclosure of~~

26  ~~Record and House Counsel (as well as their support staff).~~

27

28

1   [2.4    ~~*Optional*: Designated House Counsel: House Counsel who seek~~
2   ~~access~~which may cause harm to ~~"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES~~
3   ~~ONLY" information in this matter.]~~a Party or Non-Party.

4   2.~~5~~3    Designating Party: a Party or Non-Party that designates

5   ~~information~~Disclosure or ~~items~~Discovery Material that it produces in disclosures or

6   in responses to discovery ~~as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –~~

7   ~~ATTORNEYS' EYES ONLY" [*Optional*: or "HIGHLY CONFIDENTIAL – SOURCE~~

8   ~~CODE"].~~under this Stipulated Protective Order.

9   2.~~6~~4    Disclosure or Discovery Material: all ~~items or~~ information and tangible

10   things, regardless of the medium or manner in which it is generated, stored, or

11   maintained (including, among other things, documents, testimony, and transcripts~~,~~

12   ~~and tangible things~~), that are produced ~~or~~, disclosed, generated, or used in

13   disclosures or responses to discovery in this matter.

14   2.~~7~~5    Expert: a person with specialized knowledge or experience in a matter

15   pertinent to the litigation who (1) has been retained by a Party or its counsel to serve

16   as an expert witness or as a consultant in this action~~, (2) is not a past or current~~

17   ~~employee of a Party or of a Party's competitor, and (3) at the time of retention, is not~~

18   ~~anticipated to become an employee of a Party or of a Party's competitor.~~; (2) is not a

19   current or former employee or self-employed independent contractor of Planner 5D

20   or Facebook; (3) is not a current employee, self-employed independent contractor,

21   student, graduate student, or post-doctoral researcher of Princeton University, and

22   has not, within the past 25 years, been a faculty member, student, graduate student,

23   or post-doctoral researcher of Princeton's Computer Science Department; (4) has not,

24   within six months prior to his or her retention, interviewed with or received a firm

25   offer from a Party or one of the following companies: Google, Apple, YouTube,

26   Tencent, Snap, Twitter, ByteDance, Microsoft, and Amazon ("each a Listed

27   Company"); and (5) has not worked in the prior 3 years for a Listed Company.

28

**Stipulated Protective Order**                                    **Case No. 3:19-cv-03132-WHO**

2.86   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

Information or ItemsRESTRICTED ACCESS" Protected Material: extremely sensitive

"Confidential Information or Items," disclosure of which to another Party or Non-

Party would create a substantial risk of serious harm that could not be avoided by

less restrictive means ("Substantial Risk"), including, for example, a Substantial Risk

that arises from development of materials for products and/or services, sensitive

products and/or services, and strategic decision-making information.

[2.9   *Optional*: "HIGHLY CONFIDENTIAL – SOURCE CODE" Information

or Items: extremely sensitive "Confidential Information or Items" representing

computer code and associated comments and revision histories, formulas,

engineering specifications, or schematics that define or otherwise describe in detail

the algorithms or structure of software or hardware designs, disclosure of which to

another Party or Non-Party would create a substantial risk of serious harm that could

not be avoided by

less restrictive means.]

2.107   House Counsel: attorneys who are employees of a partyParty to this

action.  House Counselcounsel does not include Outside Counsel of Record or any

other outside counsel.

2.118   Non-Party: any natural person, partnership, corporation, association, or

other legal entity not named as a Party to this action.

2.129   Outside Counsel of Record: attorneys who (a) are not employees of a

partyParty to this action but are retained to represent or advise a partyParty to this

action, (b) are not Outside Counsel of Record, (c) are attorneys practicing in the U.S.

and admitted to practice law in at least one United States jurisdiction, and (d) have

signed the "Acknowledgment and Agreement to Be Bound" that is attached as

Exhibit A.

2.10   Outside Counsel of Record:  attorneys who are not employees of a

Party to this action but are retained to represent or advise a Party to this action and

1  have appeared in this action on behalf of that ~~party~~Party or are affiliated with a law

2  firm which has appeared on behalf of that ~~party~~Party .

3      2.~~13~~11 Party: any party to this action, including all of its officers, directors,

4  employees, consultants, retained experts, and Outside Counsel of Record (and their

5  support staffs).

6      2.~~14~~12 Producing Party: a Party or Non-Party that produces Disclosure or

7  Discovery Material in this action.

8      2.~~15~~13 Professional Vendors: persons or entities that provide litigation support

9  services (e.g., photocopying, videotaping, translating, preparing exhibits or

10  demonstrations, and organizing, storing, or retrieving data in any form or medium)

11  and their employees and subcontractors.

12      2.~~16~~14 Protected Material: any Disclosure or Discovery Material that qualifies

13  for protection under FRCP 26(c) that is designated as "CONFIDENTIAL~~,~~"" or as

14  "HIGHLY CONFIDENTIAL – ~~ATTORNEYS' EYES ONLY." [~~*Optional*~~: or as~~

15  ~~"HIGHLY CONFIDENTIAL – SOURCE CODE."]~~RESTRICTED ACCESS."

16      2.~~17~~15 Receiving Party: a Party that receives Disclosure or Discovery Material

17  from a Producing Party.

**3.    SCOPE**

19      The protections conferred by this ~~Stipulation and~~Stipulated Protective Order

20  cover not only Protected Material (as defined above), but also (1) any information

21  copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or

22  compilations of Protected Material; and (3) any testimony, conversations, or

23  presentations by Parties or their Counsel that might reveal Protected Material.

24  However, the protections conferred by this ~~Stipulation and~~Stipulated Protective

25  Order do not cover the following information: (a) any information that is in the

26  public domain at the time of disclosure to a Receiving Party or becomes part of the

27  public domain after its disclosure to a Receiving Party as a result of publication not

28  involving a violation of this Stipulated Protective Order or another Court's Order,

**Stipulated Protective Order**                                    **Case No. 3:19-cv-03132-WHO**

1  including becoming part of the public record through trial or otherwise; and (b) any

2  information known to the Receiving Party prior to the disclosure or obtained by the

3  Receiving Party after the disclosure from a source who obtained the information

4  lawfully and under no obligation of confidentiality to the Designating Party.

5  However, if the accuracy of information may reasonably be confirmed only through

6  the use of Protected Material, then the information will not be considered to be in the

7  public domain. For example, unsubstantiated media speculations or rumors that may

8  only reasonably be confirmed as true through access to Protected Material are not in

9  the public domain. Any use of Protected Material at trial shall be governed by a

10  separate agreement or order.

11  **4.      DURATION**

12       Even after final disposition of this litigation, the confidentiality obligations

13  imposed by this Stipulated Protective Order shall remain in effect until a Designating

14  Party agrees otherwise in writing or a courtCourt order otherwise directs. Final

15  disposition shallwill be deemed to be the later of (1) dismissal of all claims and

16  defenses in this action, with or without prejudice; andor (2) entry of a final judgment

17  herein after the completion and exhaustion of all appeals, rehearings, remands, trials,

18  or reviews of this action, including the time limits for filing any motions or

19  applications for extension of time pursuant to applicable law and the time limits for

20  filing a petition for writ of certiorari to the Supreme Court of the United States if

21  applicable.

22  **5.      DESIGNATING PROTECTED MATERIAL**

23       5.1      Exercise of Restraint and Care in Designating Material for Protection.

24  Each Party or Non-Party that designates informationDisclosure or itemsDiscovery

25  Material for protection under this Stipulated Protective Order must take care to limit

26  any such designation to specific material that qualifies under the appropriate

27  standards. To the extent it is practical to do so, the Designating Party must designate

28  for protection only those parts of material, documents, items, or oral or written

1  communications that qualify – so that other portions of the material, documents,

2  items, or communications for which protection is not warranted are not swept

3  unjustifiably within the ambit of this Stipulated Protective Order.

4  Mass, indiscriminate, or routinized designations are prohibited. Designations

5  that are shown to be clearly unjustified or that have been made for an improper

6  purpose (e.g., to unnecessarily encumber or retard the case development process or

7  to impose unnecessary expenses and burdens on other parties) expose the

8  Designating Party to sanctions. If it comes to a Designating Party's attention that

9  informationDisclosure or itemsDiscovery Material that it designated for protection

10  dodoes not qualify for protection at all or dodoes not qualify for the level of

11  protection initially asserted, that Designating Party must promptly notify all other

12  partiesParties that it is withdrawing the mistaken designation.

13  5.2  Manner and Timing of Designations. Except as otherwise provided in

14  this Stipulated Protective Order (see, e.g., second paragraph of sectionSection 5.2(a)

15  below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that

16  qualifies for protection under this Stipulated Protective Order must be clearly so

17  designated before the material is disclosed or produced.

18  Designation in conformity with this Stipulated Protective Order requires:

19  (a)  for informationProtected Material in documentary form (e.g.,

20  paper or electronic documents, but excluding transcripts of depositions or other

21  pretrial or trial proceedings), that the Producing Party affix the legend

22  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

23  [Optional: or "HIGHLY CONFIDENTIAL – SOURCE CODE"]RESTRICTED

24  ACCESS" to each page that contains protected material. If only a portion or portions

25  of the material on a page qualifies for protection, the Producing Party alsoFor

26  Protected Material that is produced in native electronic format, the designated legend

27  must clearly identify the protected portion(s) (e.g., by making appropriate markings

28  in the margins)be included in the file name and on any slipsheets when produced,

6

1  and any Party when printing such Protected Material must specify, foraffix the
2  designated legend to each portion, the level of protection being assertedpage of the
3  printed copy.

4     A Party or Non-Party that makes original documents or materials available for
5  inspection need not designate them for protection until after the inspecting Party has
6  indicated which material it would like copied and produced. During the inspection
7  and before the designation, all of the material made available for inspection shall be
8  deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."RESTRICTED
9  ACCESS." After the inspecting Party has identified the documents it wants copied
10 and produced, the Producing Party must determine which documents, or portions
11 thereof, qualify for protection under this Stipulated Protective Order. Then, before
12 producing the specified documents, the Producing Party must affix the appropriate
13 legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
14 ONLY" [Optional: or "HIGHLY CONFIDENTIAL – SOURCE CODE])RESTRICTED
15 ACCESS") to each page that contains Protected Material. If only a portion or portions
16 of the material on a page qualifies for protection, to the extent practicable, the
17 Producing Party also must clearly identify the protected portion(s) (e.g., by making
18 appropriate markings in the margins) and must specify, for each portion, the level of
19 protection being asserted.

20          (b)     for testimony given in deposition or in other pretrial or trial
21 proceedings, that the Designating Party identify on the record, before the close of the
22 deposition, hearing, or other proceeding, all protected testimony and specify the
23 level of protection being asserted.  When it is impractical to identify
24 separatelyspecifically each portion of testimony that is entitled to protection and it
25 appears that substantial portions of the testimony may qualify for protection, the
26 Designating Party may invoke on the record (before the deposition, hearing, or other
27 proceeding is concluded) a right to have up to 21 days7 business days from receipt of
28 the transcript (including a non-final draft) to identify the specific portions of the

1   testimony as to which protection is sought and to specify the level of protection being

2   asserted. ~~Only~~, and the entire transcript shall be treated during that period at the

3   level of protection identified by the Designating Party.  After the expiration of the

4   designation period, the transcript shall be treated only as actually designated, and

5   only those portions of the testimony that are appropriately designated for protection

6   within the ~~21 days~~period outlined above shall be covered by the provisions of this

7   Stipulated Protective Order. ~~Alternatively, a Designating Party may specify, at the~~

8   ~~deposition or up to 21 days afterwards if that period is properly invoked, that the~~

9   ~~entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY~~

10  ~~CONFIDENTIAL – ATTORNEYS' EYES ONLY."~~

11       Parties shall give the other ~~parties~~Parties reasonable notice if they reasonably

12  expect a deposition, hearing or other proceeding to include Protected Material so that

13  the other ~~parties~~Parties can ensure that only authorized individuals who have signed

14  the "~~Acknowledgment~~Acknowledgement and Agreement to Be Bound~~"~~ (Exhibit A)

15  are present at those proceedings. The use of ~~a document~~Protected Material as an

16  exhibit at a deposition or other pretrial proceeding shall not in any way affect its

17  designation ~~as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'~~

18  ~~EYES ONLY."~~under this Stipulated Protective Order.

19       Transcripts containing Protected Material shall have an obvious legend on the

20  title page that the transcript contains Protected Material, and the title page shall be

21  followed by a list of all pages (including line numbers as appropriate) that have been

22  designated as Protected Material and the level of protection being asserted by the

23  Designating Party. The Designating Party shall inform the court reporter of these

24  requirements. ~~Any transcript that is prepared before the expiration of a 21-day~~

25  ~~period for designation shall be treated during that period as if it had been designated~~

26  ~~"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless~~

27  ~~otherwise agreed. After the expiration of that period, the transcript shall be treated~~

28  ~~only as actually designated.~~

8

(c)      for ~~information~~Protected Material produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ~~ATTORNEYS' EYES ONLY" [*Optional*: or "HIGHLY CONFIDENTIAL – SOURCE CODE"].~~RESTRICTED ACCESS." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

   5.3      Inadvertent Failures to Designate. ~~If timely corrected, an~~An inadvertent failure to designate qualified ~~information~~Disclosure or ~~items~~Discovery Material does not~~, standing alone,~~ waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material. ~~Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.~~

   Upon correction of a designation, the Receiving Party must make all reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order, which may require a Party to withdraw access to Protected Material that was given to a person who is not authorized to have access under the new designation (an "Unauthorized Person"). Within a reasonable time after the correction of a designation, a Receiving Party must provide written notice to the Designating Party that it has withdrawn access to the Protected Material to all Unauthorized Persons.  In addition, the Receiving Party must maintain a record of all Unauthorized Persons (including signed copies of the "Acknowledgment and Agreement to Be Bound" (Exhibit A)) and the Protected Material disclosed to them, which may be disclosed to the Designating Party upon request for good cause, such as, for example, to investigate a leak or misuse of Protected Material.

9

In the event that any document, material, or testimony that is subject to a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – RESTRICTED ACCESS" designation is inadvertently produced without such designation, the Producing Party that inadvertently failed to designate Protected Material shall give written notice of such inadvertent production (the "Inadvertent Production Notice") and shall reproduce copies of the Protected Material that are labeled with the appropriate confidentiality designation. Upon receipt of an Inadvertent Production Notice and properly labeled Protected Material, the Receiving Party shall promptly destroy, or in the case of materials containing work product, correct the confidentiality designation of, the inadvertently produced Protected Material and all copies thereof or return such together with all copies of such Protected Material to counsel for the Producing Party. Should the Receiving Party choose to destroy or correct the confidentiality designation of such inadvertently produced Protected Material, the Receiving Party shall notify the Producing Party in writing of such destruction or designation correction within 14 calendar days of receipt of written notice of the Inadvertent Production Notice and properly labeled Protected Material. This provision is not intended to apply to any inadvertent production of any document, material, or testimony protected by attorney-client or work product privileges.

**6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1      <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2      <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging

and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific ~~paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice.~~section of the Stipulated Protective Order.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next ~~stage~~state of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner. The Parties shall meet and confer consistent with Paragraph 4 of Judge Orrick's Standing Order for Civil Cases (but with videoconferencing also permitted as a means of conferring) within 14 days of the date of service of notice.

   6.3 <u>Judicial Intervention</u>. If the Challenging and Designating Parties cannot resolve a challenge without ~~court~~the Court's intervention, the Designating Party ~~shall file and serve a motion~~may submit the dispute to ~~retain confidentiality under Civil Local Rule 7 (and in compliance~~the Court consistent with ~~Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or~~Paragraph 4 of Judge Orrick's Standing Order for Civil Cases within 14 days of any Party notifying the ~~parties agreeing~~others that the meet and confer process outlined in Section 6.2 will not resolve ~~their dispute, whichever is earlier.¹ Each such motion must be~~

---

~~¹ Alternative: It may be appropriate in certain circumstances for the parties to agree to shift the burden to move on the Challenging Party after a certain number of challenges are made to avoid an abuse of the process. The burden of persuasion would remain on the Designating Party.~~

1  accompanied by a competent declaration affirming that the movant has complied the

2  dispute.

3        The Challenging Party's failure to file its challenge with the meet and confer

4  requirements imposedCourt will result in the preceding paragraph. Failure by the

5  Designating Party to make such a motion including the required declaration within

6  21 days (or 14 days, if applicable) shall automatically waive Protected Material being

7  designated as requested by the confidentiality designation for each challenged

8  designation. In addition, the ChallengingDesignating Party may file a motion

9  challenging a confidentiality designation at any time if there is good cause for doing

10  so, including a challenge to the designation of a deposition transcript or any portions

11  thereof. Any motion brought pursuant to this provision must be accompanied by a

12  competent declaration affirming that the movant has complied with the meet and

13  confer requirements imposed by the preceding paragraph.

14        . The burden of persuasion in any such challenge proceeding shall be on the

15  Designating Party. Frivolous challenges and those made for an improper purpose

16  (e.g., to harass or impose unnecessary expenses and burdens on other partiesParties)

17  may expose the Challenging Party to sanctions. Unless the Designating Party has

18  waived the confidentiality designation by failing to filemake a motionsubmission to

19  the Court to retain confidentiality asin the manner and within the time frames

20  described above, all partiesParties shall continue to afford the material in question

21  the level of protection to which it is entitled under the ProducingDesignating Party's

22  designation until the courtCourt rules on the challenge.

23  **7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

24        7.1    Basic Principles. A Receiving Party may use Protected Material that is

25  disclosed or produced by another Party or by a Non-Party in connection with this

26  case only(other than its own) solely for prosecuting, defending, or attempting to

27  settle this litigation. Such Protected Material may be disclosed only to the categories

28  of persons and under the conditions described in this Stipulated Protective Order.

1  When the litigation has been terminated, a Receiving Party must comply with the

2  provisions of ~~section 15~~Section 13 below (FINAL DISPOSITION).

3  Protected Material must be stored and maintained by a Receiving Party at a

4  location or locations, and in a secure manner[2] ~~that ensures~~, sufficient to ensure that

5  access is limited to the persons authorized under this Stipulated Protective Order.

6  7.2  Disclosure of "CONFIDENTIAL" ~~Information or Items.~~Protected

7  Material. Unless otherwise ordered by the ~~court~~Court or permitted in writing by the

8  Designating Party, a Receiving Party may disclose ~~any information or item~~

9  ~~designated~~ "CONFIDENTIAL" Protected Material only to:

10  (a)  the Receiving Party's Outside Counsel of Record in this action,

11  as well as ~~employees~~personnel of said Outside Counsel of Record to whom it is

12  reasonably necessary to disclose the information for this litigation and who have

13  signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as

14  Exhibit A;

15  ~~(b)~~ (b) the Receiving Party's Outside Counsel, as well as personnel of

16  said Outside Counsel, (1) to whom it is reasonably necessary to disclose the

17  information for this litigation, (2) who have no involvement in competitive decision-

18  making for the Receiving Party, (3) who have signed the "Acknowledgment and

19  Agreement to Be Bound" (Exhibit A) and (4) as to whom the procedures set forth in

20  Section 7.4(a)(1), below, have been followed;

21  (c)  the officers, directors, and employees (including House Counsel)

22  of the Receiving Party to whom disclosure is reasonably necessary for this litigation

23  and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

24  A);

25

26

27

28  ~~[2] It may be appropriate under certain circumstances to require the Receiving Party to store any electronic Protected Material in password-protected form.~~

13

(c) d)   Experts (as defined in this Stipulated Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) e)   the court Court and its personnel;

(e) f)   court reporters and their staff ,;

(g)   professional jury or trial consultants including mock jurors who have signed a confidentiality agreement, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) h)   during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order. Court;

(g) i)   the author or recipient of a document containing the information Protected Material or a custodian or other person who otherwise possessed or personally knew the information. Protected Material; and

(j) any mediator who is assigned to this matter, and his or her staff, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.3   Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" [Optional: and "HIGHLY CONFIDENTIAL – SOURCE CODE"] Information or Items. RESTRICTED ACCESS" Protected Material. Unless otherwise ordered by the court Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item Protected Material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" [Optional: or "HIGHLY CONFIDENTIAL – SOURCE CODE"] RESTRICTED ACCESS" only to:

14

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as ~~employees~~personnel of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" ~~that is attached hereto~~(Exhibit A);

(b)     the Receiving Party's Outside Counsel, as ~~Exhibit A;~~

~~[(b) Optional~~well as ~~deemed appropriate in case-specific circumstances: Designated House Counsel of the Receiving Party²  (1) who has no involvement in competitive decision-making, (2~~personnel of such Outside Counsel, (1) to whom disclosure is reasonably necessary for this litigation, (2) who have no involvement in competitive decision-making for the Receiving Party, (3) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (4) as to whom the procedures set forth in ~~paragraph~~Section 7.4(a)(1), below, have been followed~~].³~~;

~~(c)~~(c)  Designated House Counsel of the Receiving Party (1) who has no involvement in competitive decision-making, (2) to whom disclosure is reasonably necessary for this litigation, (3) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (4) as to whom the procedures set forth in Section 7.4(a)(1), below, have been followed;

(d)     Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment

---

² It may be appropriate under certain circumstances to limit the number of Designated House Counsel who may access "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information under this provision.
³ This Order contemplates that Designated House Counsel shall not have access to any information or items designated "HIGHLY CONFIDENTIAL – SOURCE CODE." It may also be appropriate under certain circumstances to limit how Designated House Counsel may access "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information. For example, Designated House Counsel may be limited to viewing "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information only if it is filed with the court under seal, or in the presence of Outside Counsel of Record at their offices.

15

and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set

forth in ~~paragraph~~Section 7.4(a)(2), below, have been followed~~];~~;

(~~d) e)~~   the ~~court~~Court and its personnel;

(~~e) f)~~   court reporters and their staff, professional jury or trial

consultants,[5] and Professional Vendors to whom disclosure is reasonably necessary

for this litigation and who have signed the "Acknowledgment and Agreement to Be

Bound" (Exhibit A); ~~and~~

(~~f) g)~~   the author or recipient of a document containing the

~~information~~Protected Material or a custodian or other person who otherwise

possessed or personally knew the ~~information.~~Protected Material, unless the

Designating Party objects to the disclosure; and

(h) any mediator who is assigned to this matter and his or her staff,

who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.4   Procedures for Approving or Objecting to Disclosure of Protected

Materials to Outside Counsel or Disclosure of "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY" [*Optional:* or "HIGHLY CONFIDENTIAL – SOURCE

CODE"] Information or ItemsRESTRICTED ACCESS" Protected Material to

Designated House Counsel[6] or and Experts.[7]

(~~a)~~(1) Unless otherwise ordered by the ~~court~~Court or agreed to in

writing by the Designating Party, a Party that seeks to disclose to ~~Designated House~~

~~Counsel any information~~Outside Counsel pursuant to Sections 7.2 and 7.3 any

Protected Material ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -

---

[5] *Alternative:* The parties may wish to allow disclosure of information not only to professional jury or trial consultants, but also to mock jurors, to further trial preparation. In that situation, the parties may wish to draft a simplified, precisely tailored Undertaking for mock jurors to sign.

[6] *Alternative:* The parties may exchange names of a certain number of Designated House Counsel instead of following this procedure.

[7] *Alternative:* "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information or items may be disclosed to an Expert without disclosure of the identity of the Expert as long as the Expert is not a current officer, director, or employee of a competitor of a Party or anticipated to become one.

1    RESTRICTED ACCESS"), or item to disclose to House Counsel pursuant to Section

2    7.3 any Protected Material that has been designated "HIGHLY CONFIDENTIAL –

3    ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) RESTRICTED ACCESS,"

4    must first must make a written request to the Designating Party that (1) sets forth (i)

5    the name of the Outside Counsel's law firm, or (ii) the full name(s) of the Designated

6    House Counsel and the city and state of his or her their residence, and (2; (ii)

7    describes the Designated House Counsel's current and reasonably foreseeable future

8    primary job duties and responsibilities in sufficient detail to determine if the

9    Designated House Counsel is involved, or may become involved, in any competitive

10   decision-making.⁸; and (iii) in the case of Outside Counsel, confirms that they do not

11   serve as a de facto House Counsel to the Party.

12            (a)(2)  Unless otherwise ordered by the court Court or agreed to in

13   writing by the Designating Party, a Receiving Party that seeks to disclose to an

14   Expert (as defined in this Order) Stipulated Protective Order) pursuant to Section 7.3

15   any information or item that has been designated "HIGHLY CONFIDENTIAL –

16   ATTORNEYS' EYES ONLY" [*Optional:* or "HIGHLY CONFIDENTIAL – SOURCE

17   CODE"] pursuant to paragraph 7.3(c) RESTRICTED ACCESS," must first must make

18   a written request to the Designating Party that (1) i) identifies the general categories

19   of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" [*Optional:* or "HIGHLY

20   CONFIDENTIAL – SOURCE CODE"] RESTRICTED ACCESS" information that the

21   Receiving Party seeks permission to disclose to the Expert, (2; (ii) sets forth the full

22   name of the Expert and the home city, state, and state of his or her primary residence,

23   (3 country of the Expert; (iii) attaches a copy of the Expert's current resume, (4) ;

24   (iv) identifies the Expert's current employer(s), (5) ); (v) identifies each person or

25

26   _____

27   ⁸ It may be appropriate in certain circumstances to require any Designated House
     Counsel who receives "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"
     information pursuant to this Order to disclose any relevant changes in job duties or
28   responsibilities prior to final disposition of the litigation to allow the Designating
     Party to evaluate any later-arising competitive decision-making responsibilities.

entity from whom the Expert has received compensation or funding for work in his

or her areas of expertise or to whom the ~~expert~~Expert has provided professional

services, including in connection with a litigation, at any time during the preceding

five years~~;⁹ and (6~~ and the Party to the litigation for whom such work was done; (vi)

identifies (by name and number of the case, filing date, and location of court) any

litigation in connection with which the Expert has offered expert testimony,

including through a declaration, report, or testimony at a deposition or trial, during

the preceding five years~~.¹⁰~~; and (vii) identifies any patents or published patent

applications in which the Expert is identified as an inventor or applicant, is involved

in prosecuting or maintaining, or has any pecuniary interest. If the Expert believes

any of this information is subject to a confidentiality obligation to a third-party, then

the Expert should provide whatever information the Expert believes can be disclosed

without violating any confidentiality agreements, and the Party seeking to disclose to

the Expert shall be available to meet and confer with the Designating Party regarding

any such engagement. Unless and until an Expert is designated as a testifying expert

in this matter, the information identified above, including the fact of the Expert's

retention in this matter, will itself be treated as CONFIDENTIAL under this

Stipulated Protective Order.

(b)    A Party that makes a request and provides the information

specified in the preceding ~~respective paragraphs~~subsections may disclose the subject

Protected Material to the identified Outside Counsel, Designated House Counsel, or

Expert unless, within ~~14~~ten business days of delivering the request, the Receiving

---

⁹ ~~If the Expert believes any of this information is subject to a confidentiality~~
~~obligation to a third-party, then the Expert should provide whatever information the~~
~~Expert believes can be disclosed without violating any confidentiality agreements,~~
~~and the Party seeking to disclose to the Expert shall be available to meet and confer~~
~~with the Designating Party regarding any such engagement.~~
¹⁰ ~~It may be appropriate in certain circumstances to restrict the Expert from~~
~~undertaking certain limited work prior to the termination of the litigation that could~~
~~foreseeably result in an improper use of the Designating Party's "HIGHLY~~
~~CONFIDENTIAL – ATTORNEYS' EYES ONLY" information.~~

18

1   Party receives a written objection from the Designating Party. Any such objection

2   must set forth in detail the grounds on which it is based. For objections to disclosed

3   Experts, such grounds could include that the Expert has a past affiliation, or is

4   anticipated to become affiliated, with a Party; or is currently, or anticipated to

5   become a competitor of a Party. Whether such grounds, even if shown, justify

6   preclusion will then be determined under the following procedure.

7             (c)    A Party that receives a timely written objection must meet and

8   confer with the Designating Party ~~(through direct voice to voice dialogue~~consistent

9   with Paragraph 4 of Judge Orrick's Standing Order for Civil Cases (but with

10  videoconferencing also permitted as a means of conferring) to try to resolve the

11  matter by agreement within ~~seven~~ten calendar days of the written objection.

12      If no agreement is reached, the ~~Party seeking to make the disclosure to~~

13  ~~Designated House Counsel or the Expert may file a motion as provided in Civil Local~~

14  ~~Rule 7 (~~Receiving and ~~in compliance with Civil Local Rule 79-5, if applicable) seeking~~

15  ~~permission from the court to do so. Any such motion must describe the~~

16  ~~circumstances with specificity, set forth in detail the reasons why the disclosure to~~

17  ~~Designated House Counsel or the Expert is reasonably necessary, assess the risk of~~

18  ~~harm that the disclosure would entail, and suggest any additional means that could~~

19  ~~be used to reduce that risk. In addition, any such motion must be accompanied by a~~

20  ~~competent declaration describing the parties' efforts to resolve the matter by~~

21  ~~agreement (i.e., the extent and the content of the meet and confer discussions) and~~

22  ~~setting forth the reasons advanced by the~~ Designating ~~Party for its refusal to approve~~

23  ~~the disclosure.~~

24      Parties may submit the dispute to the Court consistent with Paragraph 4 of

25  Judge Orrick's Standing Order for Civil Cases. In any such proceeding, the Party

26  opposing disclosure ~~to Designated House Counsel or the Expert~~ shall bear the

27  burden of proving that the risk of harm that the disclosure would entail (under the

28

1   safeguards proposed) outweighs the Receiving Party's need to disclose the Protected

2   Material ~~to its Designated House Counsel or Expert~~.

3   8.     PROSECUTION BAR *[Optional]*

4       Absent written consent from the ~~Producing~~Designating Party, any individual

5   bound by this Stipulated Protective Order who receives access to "HIGHLY

6   CONFIDENTIAL ~~ATTORNEYS' EYES ONLY" [*Optional*: or "HIGHLY~~

7   ~~CONFIDENTIAL – SOURCE CODE"] information shall~~ RESTRICTED ACCESS"

8   Protected Material must not be involved in the prosecution of patents or patent

9   applications relating to ~~[insert~~the subject matter of the ~~invention and of highly~~

10  ~~confidential technical information~~"HIGHLY CONFIDENTIAL – RESTRICTED

11  ACCESS" Protected Material to ~~be produced], including without limitation the~~

12  ~~patents asserted in this action and any patent or application claiming priority to or~~

13  ~~otherwise related to the patents asserted in this action~~which access is received, before

14  any foreign or domestic agency, including the United States Patent and Trademark

15  Office ("the Patent Office").~~11~~ For purposes of this paragraph, "prosecution" includes

16  directly or indirectly drafting, amending, advising, or otherwise affecting the scope

17  or maintenance of patent claims.~~12~~ Prosecution includes, for example, original

18  prosecution, reissue, and reexamination and other post-grant proceedings. To avoid

19  any doubt, "prosecution" as used in this paragraph does not include representing a

20  ~~party~~Party challenging a patent before a domestic or foreign agency (including, but

21  not limited to, a reissue protest, *ex parte* reexamination, *inter partes* reexamination,

22  post grant review, covered business method patent review, or *inter partes*

23  ~~reexamination~~review). This Prosecution Bar ~~shall begin~~begins when access to

24  "HIGHLY CONFIDENTIAL – ~~ATTORNEYS' EYES ONLY" [*Optional*: or "HIGHLY~~

25

26  _____

27  ~~11 It may be appropriate under certain circumstances to require Outside and House~~
    ~~Counsel who receive access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES~~
    ~~ONLY" information to implement an "Ethical Wall."~~

28  ~~12 Prosecution includes, for example, original prosecution, reissue and reexamination~~
    ~~proceedings.~~

1   CONFIDENTIAL – SOURCE CODE"] informationRESTRICTED ACCESS" Protected

2   Material is first received by the affected individual and shall endends two (2) years

3   after final termination of this action.[13] has concluded, as defined in Section 4.

4   DURATION above.

5

6                        I.      9.      SOURCE CODE [*OPTIONAL*]

7        (a)     To the extent production of source code becomes necessary in this case,

8   a Producing Party may designate source code as "HIGHLY CONFIDENTIAL –

9   SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret

10  source code.

11       (b)     Protected Material designated as "HIGHLY CONFIDENTIAL –

12  SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY

13  CONFIDENTIAL – ATTORNEYS' EYES ONLY" information [*Optional*: including the

14  Prosecution Bar set forth in Paragraph 8], and may be disclosed only to the

15  individuals to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

16  information may be disclosed, as set forth in Paragraphs 7.3 and 7.4, with the

17  exception of Designated House Counsel.[14]

18       (c)     Any source code produced in discovery shall be made available for

19  inspection, in a format allowing it to be reasonably reviewed and searched, during

20  normal business hours or at other mutually agreeable times, at an office of the

21  Producing Party's counsel or another mutually agreed upon location.[15] The source

---

[13] *Alternative*: It may be appropriate for the Prosecution Bar to apply only to
individuals who receive access to another party's "HIGHLY CONFIDENTIAL –
ATTORNEYS' EYES ONLY" technical or source code information pursuant to this
Order, such as under circumstances where one or more parties is not expected to
produce "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that
is technical in nature or "HIGHLY CONFIDENTIAL – SOURCE CODE" information.
[14] It may be appropriate under certain circumstances to allow House Counsel access
to derivative materials including "HIGHLY CONFIDENTIAL – SOURCE CODE"
information, such as exhibits to motions or expert reports.
[15] *Alternative*: Any source code produced in discovery shall be made available for
inspection in a format through which it could be reasonably reviewed and searched
during normal business hours or other mutually agreeable times at a location that is

**Stipulated Protective Order**                           **Case No. 3:19-cv-03132-WHO**

1   code shall be made available for inspection on a secured computer in a secured room

2   without Internet access or network access to other computers, and the Receiving

3   Party shall not copy, remove, or otherwise transfer any portion of the source code

4   onto any recordable media or recordable device. The Producing Party may visually

5   monitor the activities of the Receiving Party's representatives during any source code

6   review, but only to ensure that there is no unauthorized recording, copying, or

7   transmission of the source code.[16]

8         (d)    The Receiving Party may request paper copies of limited portions of

9   source code that are reasonably necessary for the preparation of court filings,

10  pleadings, expert reports, or other papers, or for deposition or trial, but shall not

11  request paper copies for the purposes of reviewing the source code other than

12  electronically as set forth in paragraph (c) in the first instance. The Producing Party

13  shall provide all such source code in paper form including bates numbers and the

14  label "HIGHLY CONFIDENTIAL – SOURCE CODE." The Producing Party may

15  challenge the amount of source code requested in hard copy form pursuant to the

16  dispute resolution procedure and timeframes set forth in Paragraph 6 whereby the

17  Producing Party is the "Challenging Party" and the Receiving Party is the

18  "Designating Party" for purposes of dispute resolution.

19        (e)    The Receiving Party shall maintain a record of any individual who has

20  inspected any portion of the source code in electronic or paper form. The Receiving

21  Party shall maintain all paper copies of any printed portions of the source code in a

22  secured, locked area. The Receiving Party shall not create any electronic or other

23  images of the paper copies and shall not convert any of the information contained in

24

25  reasonably convenient for the Receiving Party and any experts to whom the source
    code may be disclosed. This alternative may be appropriate if the Producing Party

26  and/or its counsel are located in a different jurisdiction than counsel and/or experts
    for the Receiving Party.

27  [16] It may be appropriate under certain circumstances to require the Receiving Party to
    keep a paper log indicating the names of any individuals inspecting the source code

28  and dates and times of inspection, and the names of any individuals to whom paper
    copies of portions of source code are provided.

1   the paper copies into any electronic format. The Receiving Party shall only make

2   additional paper copies if such additional copies are (1) necessary to prepare court

3   filings, pleadings, or other papers (including a testifying expert's expert report), (2)

4   necessary for deposition, or (3) otherwise necessary for the preparation of its case.

5   Any paper copies used during a deposition shall be retrieved by the Producing Party

6   at the end of each day and must not be given to or left with a court reporter or any

7   other unauthorized individual.[17]

8   ~~10~~9.   **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN**

9      **OTHER LITIGATION**

10      If a Party is served with a subpoena or a court order issued in other litigation

11   that ~~compels~~seeks to compel disclosure of any ~~information or items~~Protected

12   Material designated in this action as "CONFIDENTIAL" or "HIGHLY

13   CONFIDENTIAL – ~~ATTORNEYS' EYES ONLY" [*Optional:* or "HIGHLY~~

14   ~~CONFIDENTIAL – SOURCE CODE"]~~RESTRICTED ACCESS" that Party must:

15      (a)   promptly notify in writing the Designating Party~~. Such~~

16   ~~notification shall include~~, including a copy of the subpoena or court order;

17      (b)   promptly notify in writing the party who caused the subpoena

18   or order to issue in the other litigation that some or all of the material covered by the

19   subpoena or order is subject to this Stipulated Protective Order~~. Such notification~~

20   ~~shall include~~ and provide a copy of this Stipulated Protective Order; and

21      (c)   cooperate with respect to all reasonable procedures sought to be

22   pursued by the Designating Party whose Protected Material may be affected.[18]

23

24   _____

25   [17] The nature of the source code at issue in a particular case may warrant additional
     protections or restrictions, For example, it may be appropriate under certain
     circumstances to require the Receiving Party to provide notice to the Producing Party

26   before including "HIGHLY CONFIDENTIAL – SOURCE CODE" information in a
     court filing, pleading, or expert report.

27   [18] The purpose of imposing these duties is to alert the interested parties to the
     existence of this Protective Order and to afford the Designating Party in this case an

28   opportunity to try to protect its confidentiality interests in the court from which the
     subpoena or order issued.

1    If the Designating Party timely ~~seeks~~files a protective order or motion to

2    quash, the Party served with the subpoena or court order shall not produce any

3    ~~information~~Protected Material designated in this action as "CONFIDENTIAL" or

4    "HIGHLY CONFIDENTIAL – ~~ATTORNEYS' EYES ONLY" [*Optional:* or "HIGHLY~~

5    ~~CONFIDENTIAL – SOURCE CODE"]~~RESTRICTED ACCESS" before a

6    determination ~~by~~on the ~~court from which the subpoena or order issued~~Designating

7    Party's motion, unless the Party has obtained the Designating Party's permission.

8    The Designating Party shall bear the burden and expense of seeking protection ~~in~~

9    ~~that court~~ of its confidential material – and nothing in these provisions should be

10   construed as authorizing or encouraging a Receiving Party in this action to disobey a

11   lawful directive from another court. Any agreement by a Designating Party that

12   Protected Material may be produced in response to a subpoena does not in any way

13   waive the protections this Stipulated Protective Order provides against disclosure in

14   any other litigation.

15   ~~11~~10.  **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED**

16            **IN THIS LITIGATION**

17            (a)    Any subpoenas propounded to Non-Parties must be

18   accompanied by a copy of this Stipulated Protective Order.  The terms of this

19   Stipulated Protective Order are applicable to ~~information~~Protected Material

20   produced by a Non-Party in this action and designated as "CONFIDENTIAL" or

21   "HIGHLY CONFIDENTIAL – ~~ATTORNEYS' EYES ONLY" [*Optional:* or "HIGHLY~~

22   ~~CONFIDENTIAL – SOURCE CODE"].~~RESTRICTED ACCESS." Such

23   ~~information~~Protected Material produced by Non-Parties in connection with this

24   litigation is protected by the remedies and relief provided by this Stipulated

25   Protective Order. Nothing in these provisions should be construed as prohibiting a

26   Non-Party from seeking additional protections.

27            (b)    In the event that a Party (the "Producing Party") is required, by

28   a valid discovery request, to produce a Non-Party's confidential information in its

possession, and the Producing Party is subject to an agreement with the Non-Party

not to produce the Non-Party's confidential information, then the Producing Party

shall:

      1.   promptly notify in writing the Requesting Party and the Non-

Party that some or all of the information requested is subject to a confidentiality

agreement with a Non-Party;

      2.   promptly provide the Non-Party with a copy of ~~the~~this

Stipulated Protective Order ~~in this litigation~~, the relevant discovery request(s), and a

reasonably specific description of the information requested~~;~~, and

      3.   make the requested information ~~requested~~ available for

inspection by the Non-Party.

      (c)     If the Non-Party fails to object or seek a protective order from

this ~~court~~Court within 14 days of receiving the notice and accompanying

information, the ~~Receiving~~Producing Party may produce the Non-Party's

confidential information responsive to the discovery request. If the Non-Party

~~timely~~objects or seeks a protective order, the ~~Receiving~~Producing Party shall not

produce any information in its possession or control that is subject to the

confidentiality agreement with the Non-Party before a determination by the

~~court.¹⁹~~Court. Absent a ~~court~~Court order to the contrary, the Non-Party ~~shall~~

~~bear~~bears the burden and expense of seeking protection in this ~~court~~Court of its

Protected Material.

**~~12~~11.**  **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

Protected Material to any person or in any circumstance not authorized under this

Stipulated Protective Order, the Receiving Party must immediately (a) notify in

---

~~¹⁹ The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.~~

writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

II.     13.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).[20] This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

14**12. MISCELLANEOUS**

14**12**.1 Right to Further Relief. Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the court in the

---

[20] *Alternative*: The parties may agree that the recipient of an inadvertent production may not "sequester" or in any way use the document(s) pending resolution of a challenge to the claim of privilege or other protection to the extent it would be otherwise allowed by Federal Rule of Civil Procedure 26(b)(5)(B) as amended in 2006. This could include a restriction against "presenting" the document(s) to the court to challenge the privilege claim as may otherwise be allowed under Rule 26(b)(5)(B) subject to ethical obligations.
An alternate provision could state: "If information is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return or destroy the specified information and any copies it has and may not sequester, use or disclose the information until the claim is resolved. This includes a restriction against presenting the information to the court for a determination of the claim."

1   futureagreement with all other Parties or by applying to the Court if such agreement

2   cannot be reached.

3         1412.2 Right to Assert Other Objections. By stipulating to the entry of this

4   Stipulated Protective Order no Party waives any right it otherwise would have to

5   object to disclosing or producing any informationDisclosure or itemDiscovery

6   Material on any ground not addressed in this Stipulated Protective Order. Similarly,

7   no Party waives any right to object on any ground to the use in evidence of any of the

8   material covered by this Stipulated Protective Order.

9         [1412.3        *Optional:*Export Control. Disclosure ofThe Protected Material

10   shall be subject to all applicable laws and regulations relating todisclosed by the

11   export ofProducing Party may contain technical data contained in such Protected

12   Material, includingsubject to export control laws and therefore the release of such

13   technical data to foreign persons or nationals in the United States or elsewhere. may

14   be restricted. The Producing Party shall be responsible for identifying any such

15   controlled technical data, ("Controlled Data"), and the Receiving Party shall take

16   measures necessary to ensure compliance.] with applicable export control laws,

17   including ensuring that no unauthorized foreign person has access to such technical

18   data.

19         1412.4 Filing Protected Material. Without written permission from the

20   Designating Party or a court order secured after appropriate notice to all interested

21   persons, a Party may not file in the public record in this action any Protected

22   Material. A Party that seeks to file under seal any Protected Material must comply

23   with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant

24   to a court order authorizing the sealing of the specific Protected Material at issue.

25   Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request

26   establishing that the Protected Material at issue is privileged, protectable as a trade

27   secret, or otherwise entitled to protection under the law. If a Receiving Party's

28   request to file Protected Material under seal pursuant to Civil Local Rule 79-5(e) is

27

1  denied by the court, then the Receiving Party may file the Protected Material in the

2  public record pursuant to Civil Local Rule 79-5(e)(2) unless otherwise instructed by

3  the court.Judge Orrick's Standing Order on Administrative Motions to Seal.

4  1513.  **FINAL DISPOSITION**

5  Within 60 days after the final disposition of this action, as defined in

6  paragraphSection 4, each Receiving Party must return all Protected Material to the

7  Producing Party or destroy such material. As used in this subdivision, "all Protected

8  Material" includes all copies, abstracts, compilations, summaries, and any other

9  format reproducing or capturing any of the Protected Material. Whether the

10  Protected Material is returned or destroyed, the Receiving Party must submit a

11  written certification to the Producing Party (and, if not the same person or entity, to

12  the Designating Party) by the 60-day deadline that (1) identifies (by category, where

13  appropriate) all the Protected Material that was returned or destroyed and (2) affirms

14  that the Receiving Party has not retained any copies, abstracts, compilations,

15  summaries or any other format reproducing or capturing any of the Protected

16  Material. Notwithstanding this provision, Outside Counsel of Record are entitled to

17  retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing

18  transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert

19  reports, attorney work product, and consultant and expert work product, even if

20  such materials comprise, contain, or attach Protected Material. Any such archival

21  copies that contain or constitute Protected Material remain subject to this Stipulated

22  Protective Order as set forth in Section 4 (DURATION)..

23  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

24  DATED: December 17, 2021            THE BUSINESS LITIGATION GROUP, P.C.

25                                     By:      /s/Will B. Fitton

26                                              Will B. Fitton

27                                     Attorneys for Plaintiff

28                                     PLANNER 5D

DATED: December 17, 2021                JENNER & BLOCK LLP


                                        By:      /s/*Andrew H. Bart*
                                                 Andrew H. Bart


                                        Attorneys for Defendant
                                        THE TRUSTEE OF PRINCETON
                                        UNIVERSITY


DATED: December 17, 2021                KIRKLAND & ELLIS LLP


                                        By:      /s/*Dale M. Cendali*
                                                 Dale M. Cendali

                                        Attorneys for Defendants
                                        META PLATFORMS, INC. AND
                                        FACEBOOK TECHNOLOGIES LLC

## ATTESTATION

I, Will B. Fitton, am the ECF user whose ID and password are being used to file this Joint Stipulation & [Proposed] Order. In compliance with Local Rule 5-1(i)(3), I hereby attest that concurrence in the filing of this document has been obtained from all signatories.


DATED: December 17, 2021         By:      /s/*Will B. Fitton*
                                          Will B. Fitton


        PURSUANT TO STIPULATION, IT IS SO ORDERED.


DATED: _____         _____
                                      THE HONORABLE WILLIAM H. ORRICK
_____ UNITED STATES DISTRICT JUDGE

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that

I have read in its entirety and understand the Stipulated Protective Order that was

issued by the United States District Court for the Northern District of California on

_____[date] in the case of ~~[insert formal name of the case and the number and initials~~

~~assigned to it by the court].~~*UAB "Planner5B" dba Planner 5D v. Facebook Inc., et al.*, Case

No. 3:19-cv-03132-WHO (N.D. Cal.). I agree to comply with and to be bound by all

the terms of this Stipulated Protective Order and I understand and acknowledge that

failure to so comply could expose me to sanctions and punishment in the nature of

contempt. I solemnly promise that I will not disclose in any manner any information

or item that is subject to this Stipulated Protective Order to any person or entity

except in strict compliance with the provisions of this Stipulated Protective Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Northern District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone

number] as my California agent for service of process in connection with this action

or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City, State, and ~~State~~Country where sworn and signed:

_____

Printed name: _____
      [printed name]
Signature: _____
      [signature]

**Stipulated Protective Order**                                              **Case No. 3:19-cv-03132-WHO**