| | |
|---|---|
| **THE BUSINESS LITIGATION GROUP, P.C.**<br>MARC N. BERNSTEIN (SBN 145837)<br>mbernstein@blgrp.com<br>WILL B. FITTON (SBN 182818)<br>wfitton@blgrp.com<br>150 Spear Street, Suite 800<br>San Francisco, CA 94105<br>Telephone: 415.765.6633<br>Facsimile: 415.283.4804<br><br>Attorneys for Plaintiff<br>UAB "PLANNER5D" d/b/a Planner 5D | **JENNER & BLOCK LLP**<br>DAVID R. SINGER (Cal. Bar No. 204699)<br>dsinger@jenner.com<br>515 S. Flower Street, Suite 3300<br>Los Angeles, CA 90071<br>Phone: (213) 239-5100<br>Facsimile: (213) 239-5199<br><br>**JENNER & BLOCK LLP**<br>ANDREW H. BART (pro hac vice)<br>abart@jenner.com<br>JACOB L. TRACER (pro hac vice)<br>jtracer@jenner.com<br>1155 Avenue of the Americas<br>New York, NY 10036<br>Phone: (212) 891-1600<br>Facsimile: (212) 891-1699<br><br>Attorneys for Defendant<br>The Trustees of Princeton University<br><br>**KIRKLAND & ELLIS LLP**<br>DALE M. CENDALI (Cal. Bar No. 1969070)<br>dale.cendali@kirkland.com<br>JOHANNA SCHMITT (pro hac vice)<br>johanna.schmitt@kirkland.com<br>ARI LIPSITZ (pro hac vice)<br>ari.lipsitz@kirkland.com<br>601 Lexington Avenue<br>New York, NY 10022<br>Phone: (212) 446-4800<br>Facsimile: (212) 446-4900<br>Attorneys for Defendants<br>Meta Platforms, Inc. and Facebook Technologies, LLC |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UAB "PLANNER5D" dba PLANNER 5D,<br><br>                Plaintiff,<br>     v.<br><br>META PLATFORMS, INC., FACEBOOK TECHNOLOGIES, LLC, THE TRUSTEES OF PRINCETON UNIVERSITY, DOES 1-200, ABC CORPORATIONS 1-20, and XYZ UNIVERSITIES 1-20.<br><br>                Defendants. | **Case No. 3:19-cv-03132-WHO**<br>Case No. 3:20-cv-02198-WHO<br>Case No. 3:20-cv-08261-WHO<br><br>The Honorable William H. Orrick<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>**DATE: March 1, 2022**<br>**TIME:  2:00 pm**<br>**JUDGE: Hon. William H. Orrick**<br>**COURTROOM: 2, 17th Floor** |

**Joint Case Management Statement**                                                                                 **Case No. 3:19-cv-03132-WHO**

In compliance with Local Rule 16-10(d), Plaintiff UAB "Planner5D" dba Planner 5D (Planner 5D) and Defendants Meta Platforms, Inc., Facebook Technologies, LLC (together "Meta"), and The Trustees of Princeton University (Princeton) (collectively, the Parties) submit this Joint Case Management Conference Statement.

## I. CASE MANAGEMENT HISTORY

The Court held its Initial Case Management Conference on May 11, 2021. (Dkt. 120.) The Court heard competing scheduling proposals and entered a twelve-month discovery schedule similar to the shorter schedule sought by Meta. (*Id.; see also* Dkt. 117.)

The Court held a second Case Management Conference on November 23, 2021. At that CMC, the Court helped the parties reach the following discovery timeline to supplement and help the parties keep pace to meet the case schedule:

- **December 17, 2021** – Interrogatory responses supplemented.
- **December 17, 2021** – Begin production of documents on a rolling basis.
- **March 4, 2022** – Substantial completion of document production.

## II. DISCOVERY UPDATE

Each party has worked diligently to meet these deadlines, although each has faced challenges. Over the past two months, each party has produced thousands of documents and served substantive interrogatory responses. The parties have conferred extensively over a number of discovery differences. Through persistence the parties have managed to reach agreement on the vast majority of these differences. (Meta and Planner 5D will soon seek court assistance as to one unresolved issue.) Nevertheless, much is left to be done. Third parties have yet to produce key information. And recent disclosures require extensive follow-up.

Because of these and other developments, all parties request a 3-month extension of the case schedule, as described more fully below.

### A. Party Discovery

This is a complex case requiring significant expert assistance in cutting-edge technical issues. In addition, each party has faced challenges in collecting and producing documents. Although the parties have made significant progress, disclosures have been clustered much nearer to the substantial completion deadline than the parties had hoped, and a lot of work remains.

Planner 5D's Statement: Planner 5D has made substantial progress in retrieving and producing materials responsive to more than 180 document requests served by defendants. This process has included the need to review and produce a large volume of Russian-language documents, which presented unique challenges. Russian Cyrillic often OCRed incorrectly, and searches had to be modified to capture multiple Russian declensions and address Russian transliteration variations. Other unexpected challenges included the need to develop ways to ingest years of Slack and Telegram chat transcripts into the Relativity review platform, as well as developing means of processing uncommon file types, multi-level document folders, and limitations of Google's eDiscovery tool, Vault. Although Planner 5D has now surmounted most of these obstacles, its early production of Russian language and other materials was delayed.

Meta's Statement: Meta has worked diligently to be able to meet the upcoming March 4th substantial completion of production deadline, which was set by the Court on November 23, 2021. Since then, Planner 5D has served a Second Set of Requests for Production (dated November 24, 2021) and a Third Set of Requests for Production (dated January 7, 2022). To date, Meta has reviewed over 75,000 documents, and has made five productions on a rolling basis, totaling over 17,500 pages of documents. Even with these additional document requests served by Planner 5D, Meta is on track to meet the deadline.

Finally, Princeton has reviewed and produced more than 70 million documents in this case. Most of those documents were the contents of digital

filesystems related to the SUNCG Dataset. Even after they were reviewed, determining how to produce these filesystems posed a significant challenge, as processing them in the typical course would have cost approximately $3 million in data processing fees and copying them onto single external storage devices would have taken months in data processing time. Moreover, Princeton's review of emails and other materials in its possession revealed numerous documents comprising student records pursuant to the Family Educational Rights and Privacy Act ("FERPA"). Accordingly, Princeton had to satisfy FERPA's regulatory requirements before it could produce these materials.

### B. Planner 5D's Separate Statement Regarding Third Party Discovery

Another important factor in the discovery schedule has been the lengthy negotiations that followed Planner 5D's October 2021 document subpoenas to three important third-party witnesses: Apple, Microsoft, and Adobe. Each of these companies previously approached Planner 5D for a license to Planner 5D's object and scene files for machine-learning purposes. No licenses ensued from these discussions. But Planner 5D subpoenaed evidence of how much these companies expected to pay for Planner 5D's files, and related valuation evidence. The subpoenas also seek evidence about the datasets these companies turned to when they could not obtain a license to Planner 5D's files. For example, Planner 5D wants to know how much the other datasets cost, and how they functioned compared to Planner 5D's own data. Recently-produced documents show that all three of these tech giants also accessed the SUNCG dataset from Princeton. Each company engaged high-caliber outside counsel, including Arnold & Porter and Davis Wright Tremaine, and has resisted producing critical categories of responsive documents, necessitating months of negotiations. Two of these companies have only now begun producing some categories of documents that Planner 5D subpoenaed in October. Other categories

are still being negotiated. The third company has stonewalled almost completely. Motions to compel are likely.

### C. Planner 5D's Separate Statement on the Need for a Continuance

Planner 5D writes separately to highlight a recent disclosure and other issues that have significantly impacted its case preparation.

On June 30, 2021, Planner 5D served an interrogatory on Princeton seeking the identity of everyone who sought or received the SUNCG dataset. Princeton answered this Interrogatory on February 11, 2022 with a list of some 900 SUNCG requestors or recipients. The size and scope of this list require follow-up by Planner 5D. For example, the list includes prominent hi-tech firms such as Google, IBM, Nvidia, Samsung, Baidu, and Alibaba, in addition to Facebook, Apple, Microsoft, and Adobe.

As part of its damages case, Planner 5D plans to serve focused document subpoenas on some of these commercial SUNCG recipients. And as Planner 5D's experience with Apple, Adobe, and Microsoft teaches, enforcing those subpoenas will likely require further negotiation and time.

Further, Planner 5D needs more time to process a large volume of materials Princeton produced in December. Princeton produced over 70 million files on an enterprise-grade hard drive array controller containing approximately 15 terabytes (i.e., 15,000 gigabytes) of highly technical materials that appear to relate to Princeton's artificial intelligence research. Planner 5D resolved some initial technical difficulties in accessing these materials in early January. Planner 5D needs further time to digest and understand the contents of Princeton's drives. Planner 5D also awaits Princeton's completion of its production of custodial documents, which began January 28, 2022.

Finally, Planner 5D continues to work through discovery disputes with Meta. The parties have managed to resolve many disagreements. But after extensive, good

faith negotiation, one critical dispute related to Planner 5D's damages case had to be submitted to the Court. To avoid adjourned and continued depositions, Planner 5D is awaiting receipt of these records.

Planner 5D and Meta are still working through other important disputes. They are hopeful to avoid Court intervention, but need more time to work through these issues.

### D.  Princeton's Separate Statement on the Need for a Continuance

As noted above, all parties have been working diligently to comply with their discovery obligations and all parties have faced logistical challenges in doing so. Accordingly, Princeton agreed to Planner 5D's suggestion that the parties submit a joint request for an extension of the fact discovery period.[1]

From Princeton's perspective, the extra time is necessary to obtain information about and test the basis for Planner 5D's claims that it owns protectable copyrights and trade secrets. Planner 5D began producing its own internal communications on February 11, 2022, and those productions are ongoing. Most of Planner 5D's internal communications are in Russian, as are the vast majority of documents Planner 5D alleges support the chain of title by which it claims to own a copyright interest in the objects on its website. Once it receives a full production of Planner 5D's documents, Princeton will need time to translate them before it can even begin reviewing.

### E.  Meta's Separate Statement on the Need for a Continuance

Meta acknowledges that the parties have confronted complex technical issues with regard to collecting and producing data in this case. In addition, Meta believes additional time is warranted to review Planner 5D's production and follow up on any issues. Planner 5D did not start producing internal documents (such as emails)

---

[1] While Planner 5D emphasizes that the SUNCG Dataset was distributed to some "commercial" enterprises, the evidence in this case will ultimately show that anyone who obtained access to SUNCG from the researchers who developed it expressly agreed to use the Dataset exclusively for non-commercial purposes.

until February 11, 2022, and many of them are in Russian and will need to be translated. Meta expects more documents are forthcoming.

Meta agrees that it has been able to resolve several discovery disputes with Planner 5D, and is continuing to work through the remaining issues in good faith. It acknowledges Planner 5D's plans to file a motion to compel on one issue, and notes that Meta's position will be addressed in the parties' forthcoming joint letter brief.

### III. SCHEDULING

In view of the above developments, all parties now jointly request a limited, three-month extension of case deadlines, as provided below:

| Date | Current Date | New Date |
| --- | --- | --- |
| Fact discovery cutoff: | Wed., May 11, 2022 | Wed., Aug. 10, 2022 |
| Expert disclosure: | Thur., June 23, 2022 | Thur., Sep. 22, 2022 |
| Expert rebuttal: | Fri., July 29, 2022 | Fri., Oct. 28, 2022 |
| Expert discovery cutoff: | Fri., September 2, 2022 | Fri., Dec. 02, 2022 |
| Dispositive Motion filing: | Mon., October 3, 2022 | Mon., Jan. 09, 2023 |
| Dispositive Motion Opposition: | Wed., November 2, 2020 | Mon., Feb. 08, 2023 |
| Dispositive Motion Reply: | Wed., November 16, 2022 | Wed., Feb. 22, 2023 |
| Dispositive Motions heard by: | Wed., December 7, 2022 | Wed., Mar. 15, 2023 |
| Pretrial Conference: | February 27, 2023, at 2:00 p.m. | Mon., Jun. 05, 2023 |
| Trial: | March 27, 2023 | The first date following July 10 that the Court is available. |

RESPECTFULLY SUBMITTED,

DATED: February 22, 2022    THE BUSINESS LITIGATION GROUP, P.C.

By:    /s/*Marc N. Bernstein*
              Marc N. Bernstein

Attorneys for Plaintiff
PLANNER 5D

DATED: February 22, 2022    JENNER & BLOCK LLP

By:    /s/*Andrew H. Bart*
              Andrew H. Bart

Attorneys for Defendant
THE TRUSTEES OF PRINCETON UNIVERSITY

DATED: February 22, 2022    KIRKLAND & ELLIS LLP

By:    /s/*Dale M. Cendali*
              Dale M. Cendali

Attorneys for Defendants
META PLATFORMS, INC. AND
FACEBOOK TECHNOLOGIES LLC

# ATTESTATION

I, Marc N. Bernstein, am the ECF user whose ID and password are being used to file this Joint Case Management Statement. In compliance with Local Rule 5-1(i)(3), I hereby attest that concurrence in the filing of this document has been obtained from all signatories.

DATED: February 22, 2022      By:      */s/ Marc N. Bernstein*
                                                                      Marc N. Bernstein