# Exh. B

**KIRKLAND & ELLIS LLP**
Dale M. Cendali (S.B.N. 1969070)
dale.cendali@kirkland.com
Johanna Schmitt (*pro hac vice*)
johanna.schmitt@kirkland.com
Ari Lipsitz (*pro hac vice*)
ari.lipsitz@kirkland.com
601 Lexington Avenue
New York, NY 10022
Phone:   (212) 446-4800

Attorneys for Defendants
*Meta Platforms, Inc.* and *Facebook Technologies, LLC*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| UAB "PLANNER5D" d/b/a PLANNER 5D,<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC., FACEBOOK TECHNOLOGIES, LLC, THE TRUSTEES OF PRINCETON UNIVERSITY, DOES 1-200, ABC CORPORATIONS 1-20 and XYZ UNIVERSITIES 1-20,<br><br>Defendants. | Case No. 3:19-cv-03132-WHO<br>Case No. 3:20-cv-02198-WHO<br>Case No. 3:20-cv-08261-WHO<br><br>**DEFENDANTS META PLATFORMS, INC. AND FACEBOOK TECHNOLOGIES, LLC'S AMENDED OBJECTIONS AND RESPONSES TO PLAINTIFF UAB "PLANNER5D" D/B/A PLANNER 5D'S SECOND SET OF REQUESTS FOR PRODUCTION** |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Federal Rules") and the Civil Local Rules of the United States District Court for the Northern District of California (the "Local Rules"), Defendants Meta Platforms, Inc. and Facebook Technologies, LLC (hereinafter, "Meta") hereby submit their amended responses and objections to Plaintiff UAB "Planner5D" d/b/a Planner 5D's (hereinafter, "Plaintiff") Second Set of Requests for Production (hereinafter, the "Second Set of Requests" and each individual request, a "Request") as follows:

**GENERAL OBJECTIONS**

Meta provides these responses (each a "Response," and collectively, the "Responses") to each of the Second Set of Requests, subject to the following General Objections:

1. Meta objects to the Second Set of Requests to the extent that they are overly broad, vague and ambiguous, duplicative, seek the production of documents or information that is not relevant to the claim or defense of any party in this litigation, and not proportional to the needs of the case, and/or seek to impose undue burden and expense. The Second Set of Requests are overbroad as they seek documents about all of Meta's object and scene recognition projects, which are not relevant to the claims in this case, and are not limited to projects for which Meta used the SUNCG Dataset. Further, the Second Set of Requests also impose an undue burden on Meta as they would require Meta to search for and produce records about all object and scene recognition projects that have ever used a dataset, as well as produce the underlying dataset for each project.

2. Meta objects to the definition of "INTERIOR OBJECT/SCENE DATASET" as vague, ambiguous, and overbroad because it does not define "interior object/scene" or "dataset," includes "ANY interior object or scene dataset," and includes "ANY dataset generated with the use of another INTERIOR OBJECT/SCENE DATASET." Meta will interpret this term to mean the SUNCG Dataset at issue in this case.

3. Meta objects to the definition of "OBJECT/SCENE MACHINE LEARNING PROJECT" as vague, ambiguous, and overbroad because it includes "ANY research effort, project, product, service, or feature," and also references "scene recognition, reconstruction, segmentation, or understanding," and "object pose estimation, insertion, deletion, segmentation, or classification," but fails to define any of those terms.

1

4.      Meta objects to the Second Set of Requests to the extent that they purport to impose obligations beyond those set forth in this Court's Orders, the Federal Rules, the Local Rules, or other applicable law.

5.      Meta objects to the Second Set of Requests to the extent that they seek proprietary or confidential business information, trade secrets, or other sensitive information.  To the extent that the Second Set of Requests seek the disclosure of any non-privileged proprietary or confidential information, trade secrets, or other sensitive information, Meta will only provide such documents in accordance with the protective order that has been entered in this case. (Dkt. 144.)  Additionally, Meta reserves the right to redact or exclude information from documents to the extent necessary to protect unnecessary disclosure of proprietary or confidential information, trade secrets, or other sensitive information.  Meta also reserves the right to withhold documents and information for which they need third-party consent to disclose, but agree to use reasonable efforts to obtain such consents.

6.      Meta objects to the Second Set of Requests to the extent that they seek documents that are subject to the attorney-client privilege, the work product privilege, or other applicable privilege or protection under federal or state law.  Meta does not waive, intends to preserve, and is preserving any such privilege with respect to any documents or information protected by such privilege.

7.      Meta objects to the Second Set of Requests to the extent that they seek documents that are publicly available or which Plaintiff already possesses or to which Plaintiff equally may otherwise obtain from other parties, or with less burden or expense by using other means of discovery.

8.      In responding to the Second Set of Requests, Meta does not in any way waive or intend to waive, but rather is preserving and intends to preserve:

   (i) All objections as to competency, authenticity, relevancy, materiality and admissibility;

   (ii) All rights to object on any grounds to the use in any subsequent proceedings of any of the responses or documents produced in response to the Second Set of Requests, including but not limited to the right to object to the use in trial of this or any other action;

2

META DEFENDANTS' AMENDED RESPONSES AND OBJECTIONS TO
PLAINTIFF PLANNER 5D'S SECOND REQUESTS FOR PRODUCTION                CASE NO. 3:19-cv-003132

(iii) All objections as to vagueness and ambiguity; and

(iv) All rights to object on any grounds to any further requests for production.

9. Meta objects to Instruction A of the Second Set of Requests to the extent that they seek documents that are outside of Meta's possession, custody, or control. Meta objects to Plaintiff's demand that Meta provide documents in the possession, custody, or control of its attorneys, to the extent that such information is protected by the work-product doctrine, attorney-client privilege, common-interest privilege, or any other privilege or protection.

10. As permitted by Federal Rule 34(b)(2)(E) and the Local Rules of this Court, Meta will produce documents as they are kept in the usual course of business in a reasonably usable electronic form or in accordance with the Stipulated Order Regarding Discovery of Electronically Stored Information ("ESI Order") (Dkt. 145) entered in this litigation.

11. Meta objects to Instruction V to the extent that it calls for information in connection with any privilege log(s) that is beyond that which is required under the Federal Rule of Civil Procedure 26(b)(5)(A) and/or the ESI Order. Meta also objects to the extent that it states that any such failure to produce information required under Instruction V constitutes a waiver of any such privilege or protection. Meta will provide a privilege log in connection with its document production at a time mutually agreed upon by the Parties.

12. Meta objects to the Second Set of Requests as premature to the extent that they ask or require Meta to provide documents or information that are the subject of expert disclosures under Federal Rule 26(a)(2).

13. Meta objects to the Second Set of Requests as overly broad and unduly burdensome to the extent that they seek "all records" or "all communications" responsive to each Request without limitation. Meta will produce non-privileged responsive documents, if any, that are located after a reasonable search, taking into account the many potential sources of documents arguably responsive to the Second Set of Requests, and the proportionality of the information sought to the burden of their production.

14. Meta objects to the Second Set of Requests as overly broad and unduly burdensome to the extent that "Meta" is defined to include "AFFILIATES" of Meta Platforms, Inc. and Facebook

3

META DEFENDANTS' AMENDED RESPONSES AND OBJECTIONS TO
PLAINTIFF PLANNER 5D'S SECOND REQUESTS FOR PRODUCTION          CASE NO. 3:19-cv-003132

Technologies, LLC, and to the extent that "AFFILIATES" is defined as "any entities that a first entity directly or indirectly beneficially owns or controls, or that directly or indirectly beneficially own or control the first entity, or that are under common beneficial ownership or control with the first entity." For the purposes of responding to the Second Set of Requests, Meta will construct the terms "Meta Platforms, Inc." and "Facebook Technologies, LLC" to mean Meta Platforms, Inc. and Facebook Technologies, LLC, and no other person or entity.

15. Meta objects to the Second Set of Requests to the extent that they are not limited to a time period or geographic area that is relevant to this action.

16. Neither these responses to the Second Set of Requests nor the production of documents by Meta shall be interpreted to concede the truth of any factual assertion or implication contained in the Second Set of Requests.

17. A response indicating that Meta will produce documents that are responsive to the Second Set of Requests is not a representation or statement of belief that any such documents exist or have ever existed.

18. By producing documents in response to the Second Set of Requests, Meta does not waive, intends to preserve, and is preserving all of their rights to assert that any and all such documents are confidential and proprietary. Information furnished by Meta shall only be used in connection with this litigation and shall not be disclosed, in whole or in part, to any person or entity that is not a party or a representative of a party to this litigation, except as permitted by the protective order entered in this litigation.

19. Meta reserves the right to modify or supplement their responses and objections to the Second Set of Requests, as well as their document production, to conform to the results of continuing discovery.

20. Meta's responses to the Second Set of Requests in no way constitute an admission or acknowledgement by Meta as to the relevance, materiality or admissibility of any of these issues or the information contained there, and Meta expressly reserves its rights to object as such.

21. Meta incorporates the foregoing General Objections into each and every one of their responses to the Second Set of Requests as set forth below.

META DEFENDANTS' AMENDED RESPONSES AND OBJECTIONS TO
PLAINTIFF PLANNER 5D'S SECOND REQUESTS FOR PRODUCTION                         CASE NO. 3:19-cv-003132

**RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 27:**

ALL RECORDS constituting, referencing, or concerning any evaluation of characteristics and/or strengths or weaknesses of any INTERIOR OBJECT/SCENE DATASET.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Meta incorporates by reference the above-stated General Objections as if fully set forth herein.  Meta objects to this Request as overly broad, unduly burdensome, and seeking information that is neither relevant to the claim or defense of any party in this litigation, nor proportional to the needs of the case, to the extent that it seeks "ALL RECORDS" with respect to "any INTERIOR OBJECT/SCENE DATASET."  Meta objects to this Request as overly broad because it is not limited to a temporal scope that is relevant to this action.  Meta objects to this Request to the extent that it is duplicative of Request Nos. 1, 2, 3, 15, 23, and 24.  Meta objects to this Request on the grounds that the term "evaluation of characteristics" is vague and ambiguous.  Meta objects to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Meta objects to this Request to the extent that it seeks documents that are protected by the attorney client work product doctrine, attorney-client privilege, or any other privilege or protection.  Meta objects to this Request as premature to the extent that it asks or requires Meta to provide documents or information that are the subject of expert disclosures under Federal Rule 26(a)(2).

Subject to and without waiving the foregoing objections, Meta agrees to produce non-privileged, relevant documents about the evaluation of characteristics, strengths or weaknesses of the SUNCG Dataset, to the extent such documents exist and are located after a reasonably diligent search.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Subject to and without waiving the foregoing objections, Meta agrees to produce non-privileged, relevant documents about the projects identified in Meta's response to Interrogatory No. 14, which discuss the evaluation of characteristics, strengths or weaknesses of interior object or

5

META DEFENDANTS' AMENDED RESPONSES AND OBJECTIONS TO
PLAINTIFF PLANNER 5D'S SECOND REQUESTS FOR PRODUCTION       CASE NO. 3:19-cv-003132

1  scene datasets used in those projects before this litigation was filed, to the extent such documents
2  exist and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 28:**

ALL RECORDS constituting, referencing, or reflecting any projection of the value (monetary or otherwise, and whether quantitative or qualitative) of any INTERIOR OBJECT/SCENE DATASET.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Meta incorporates by reference the above-stated General Objections as if fully set forth herein.  Meta objects to this Request as overly broad, unduly burdensome, and seeking information that is neither relevant to the claim or defense of any party in this litigation, nor proportional to the needs of the case, to the extent that it seeks "ALL RECORDS" with respect to "any INTERIOR OBJECT/SCENE DATASET."  Meta objects to this Request as overly broad because it is not limited to a temporal scope that is relevant to this action.  Meta objects to this Request on the grounds that the term "any projection of the value (monetary or otherwise, and whether quantitative or qualitative)" is vague and ambiguous.  Meta objects to this Request to the extent that it is duplicative of Request Nos. 1, 2, 3, 15, 23, and 24.  Meta objects to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information.  Meta objects to this Request to the extent that it seeks documents that are protected by the attorney client work product doctrine, attorney-client privilege, or any other privilege or protection.  Meta objects to this Request as premature to the extent that it asks or requires Meta to provide documents or information that are the subject of expert disclosures under Federal Rule 26(a)(2).

Subject to and without waiving the foregoing objections, Meta agrees to produce non-privileged, relevant documents about the projection of the value of the SUNCG Dataset, to the extent such documents exist and are located after a reasonably diligent search.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Subject to and without waiving the foregoing objections, Meta agrees to produce non-privileged, relevant documents about the projects identified in Meta's response to Interrogatory No.

6

META DEFENDANTS' AMENDED RESPONSES AND OBJECTIONS TO
PLAINTIFF PLANNER 5D'S SECOND REQUESTS FOR PRODUCTION       CASE NO. 3:19-cv-003132

14, which discuss the projection of the value of interior object or scene datasets used in those projects before this litigation was filed, to the extent such documents exist and are located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 29:**

A copy of every INTERIOR OBJECT/SCENE DATASET(s) YOU have used for an OBJECT/SCENE MACHINE LEARNING PROJECT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Meta incorporates by reference the above-stated General Objections as if fully set forth herein. Meta objects to this Request as overly broad, unduly burdensome, and seeking information that is neither relevant to the claim or defense of any party in this litigation, nor proportional to the needs of the case, to the extent that it seeks a copy of every "INTERIOR OBJECT/SCENE DATASET[.]" Meta objects to this Request as overly broad because it is not limited to a temporal scope that is relevant to this action. Meta objects to this Request to the extent that it seeks copies of datasets that are publicly available, or which Plaintiff already possesses, or to which Plaintiff equally may otherwise obtain from other parties, or with less burden or expense by using other means of discovery. Meta objects to this Request to the extent that it is duplicative of Request Nos. 3 and 6. Meta objects to this Request to the extent that it calls for confidential information, trade secrets, or proprietary business information.

Subject to and without waiving the foregoing objections, Meta refers to and incorporates its amended responses to Request Nos. 3 and 6.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Subject to and without waiving the foregoing objections, Meta refers to and incorporates its amended responses to Request Nos. 3 and 6. In addition, Meta will produce non-privileged, responsive documents sufficient to show where the interior scene or object datasets that were used in the projects listed in Interrogatory No. 14 before this litigation was filed are available for download, to the extent such documents exist and are located after a reasonably diligent search.

7

**META DEFENDANTS' AMENDED RESPONSES AND OBJECTIONS TO
PLAINTIFF PLANNER 5D'S SECOND REQUESTS FOR PRODUCTION**   CASE NO. 3:19-cv-003132

| | |
|---|---|
| Dated: January 27, 2022 | Respectfully submitted,<br><br>KIRKLAND & ELLIS LLP<br><br>*/s/ Dale M. Cendali*<br>**KIRKLAND & ELLIS LLP**<br>Dale M. Cendali (S.B.N. 1969070)<br>dale.cendali@kirkland.com<br>Johanna Schmitt (*pro hac vice*)<br>johanna.schmitt@kirkland.com<br>Ari Lipsitz (*pro hac vice*)<br>ari.lipsitz@kirkland.com<br>601 Lexington Avenue<br>New York, NY 10022<br>Phone:        (212) 446-4800<br><br>Attorneys for Defendants<br>*Meta Platforms Inc.* and<br>*Facebook Technologies, LLC* |

# CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2022, a true and correct copy of **DEFENDANTS META PLATFORMS, INC. AND FACEBOOK TECHNOLOGIES, LLC'S AMENDED OBJECTIONS AND RESPONSES TO PLAINTIFF UAB "PLANNER5D" D/B/A PLANNER 5D'S SECOND SET OF REQUESTS FOR PRODUCTION** was served via electronic mail on Plaintiff's counsel at the below addresses:

> MARC N. BERNSTEIN
> mbernstein@blgrp.com
> WILL B. FITTON
> wfitton@blgrp.com
> CHRISTIAN GABRIEL ANDREU-VON EUW
> christian@blgrp.com
> THE BUSINESS LITIGATION GROUP, P.C.
> 150 Spear Street, Suite 800
> San Francisco, CA 94105
> Telephone: 415.765.6633

_____
Karina Patel