# Exh. A

MARC N. BERNSTEIN (SBN 145837)
mbernstein@blgrp.com
WILL B. FITTON (SBN 182818)
wfitton@blgrp.com
THE BUSINESS LITIGATION GROUP, P.C.
150 Spear Street, Suite 800
San Francisco, CA 94105
Telephone: 415.765.6633
Facsimile: 415.283.4804

Attorneys for Plaintiff
UAB "PLANNER5D"

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UAB "PLANNER5D" dba PLANNER 5D, <br><br> Plaintiff, <br><br> v. <br><br> FACEBOOK INC., FACEBOOK TECHNOLOGIES, LLC, THE TRUSTEES OF PRINCETON UNIVERSITY, DOES 1-200, ABC CORPORATIONS 1-20, and XYZ UNIVERSITIES 1-20. <br><br> Defendants. | **Case No.  3:19-cv-03132-WHO** <br> **Case No.  3:20-cv-08261-WHO** <br><br> PLANNER 5D'S NOTICE OF SUBPOENA AND SUBPOENA ON APPLE INC. |

To: All Parties and Their Attorneys of Record

PLEASE TAKE NOTICE THAT Pursuant to Federal Rule of Civil Procedure 45(a)(4), Plaintiff UAB "Planner 5D" dba "Planner5D" by its attorneys, has issued the attached subpoena duces tecum to Apple Inc. The subpoena commands the production of documents, electronically stored information, and/or tangible things, at the date, time, and place indicated on the attached subpoena.

RESPECTFULLY SUBMITTED,

DATED:  October 25, 2021                    THE BUSINESS LITIGATION GROUP, P.C.

                                            By:     /s/*Will B. Fitton*
                                                     Will B. Fitton

                                            Attorneys for Plaintiff
                                            PLANNER 5D

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

_____ District of _____

|  |  |  |
|---|---|---|
| *Plaintiff* | ) ) ) ) ) ) | Civil Action No. |
| v. |  |  |
| *Defendant* |  |  |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:

*(Name of person to whom this subpoena is directed)*

❏ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____        _____
*Signature of Clerk or Deputy Clerk*                                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____, who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
     **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
     **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
        **(i)** is a party or a party's officer; or
        **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
     **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
     **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
     **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
     **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
     **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        **(i)** fails to allow a reasonable time to comply;
        **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
        **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        **(iv)** subjects a person to undue burden.
     **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
         **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
         **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
     **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
     **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
     **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
     **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
     **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT TO DOCUMENT SUBPOENA

### DEFINITIONS AND INSTRUCTIONS

These definitions and construction rules supplement those set forth in the Federal Rules of Civil Procedure, Federal Rules of Evidence, or Local Rules.

A.   Please produce all responsive RECORDS that are in your possession, custody, or control regardless of their location and regardless of whether such RECORDS are held by you or your agents, lawyers, employees, independent contractors, or representatives. Even if you do not have physical custody of a RECORD, the RECORD is in your control if you have the right to secure it or a copy of it from another person or a public or private entity, including lawyers, consultants, and agents.

B.   The term AFFILIATES as used in these requests is defined as any entities that a first entity directly or indirectly beneficially owns or controls, or that directly or indirectly beneficially own or control the first entity, or that are under common beneficial ownership or control with the first entity.

C.   APPLE means Apple, Inc. and its personnel, and any of its AFFILIATES and their personnel.

D.   OCCIPITAL means Occipital, Inc. and its personnel, and any of its AFFILIATES and their personnel.  OCCIPITAL also means its sponsored students and researchers, including but not limited to Tatiana Khanova and Denver Dash.

E.   COMMUNICATIONS are transmissions of any data or information by whatever medium, and include, but are not limited to, physical correspondence and e-mail, video conferences, recorded voicemail messages, exchanged handwritten notes or images, instant messages, text messages, transmitted files, and all other means and manner of transmission of data or information.

F.     PLANNER 5D means UAB "PLANNER5D" d/b/a Planner 5D, and any of its personnel or representatives.

G.     PLANNER 5D'S DATA means PLANNER 5D's three-dimensional object (model) and scene data.

H.     The term RECORD as used in these requests, is defined as any recorded text, data, symbols, sounds, images, or other information, whether such recording occurs on paper, in a computer, in a digital storage medium, on videotape or audiotape, on photographic film, or on any other medium. A RECORD includes all forms of Electronically Stored Information, as that term is defined in Federal Rule of Civil Procedure 26, and anything coming within the definitions of "writings" and "recordings" in Federal Rule of Evidence 1001. A RECORD specifically includes, but is not limited to, any writings, recordings, photographs, videos, or discs of any kind or nature; any e-mail messages, text messages voicemail messages, or instant messages; any entry in any personal digital assistant or virtual or physical calendar or calendaring system; and any word-processing, spreadsheet, data, or image files.

I.     The term SUNCG DATASET means all versions and forms of the dataset generated at Princeton University for use in computer vision machine learning, and described using that name, including but not limited to the dataset once available at http://suncg.cs.princeton.edu/ and any prior or subsequent versions of it, and the dataset referenced in *SceneCAD: Predicting Object Alignments and Layouts in RGB-D Scans* (Avetisyan et al., arXiv:2003.12622v1 [cs.CV]) ("SCENECAD ARTICLE"). The term SUNCG DATASET also means all versions and forms of datasets derived from or based in whole or in part upon the SUNCG DATASET, including but not limited to the 3D60° Dataset (see https://github.com/VCL3D/3D60, visited September 25, 2021), SUNCG-MP and SUNCG-NYU (see https://arxiv.org/pdf/1709.06158.pdf) and any dataset derived from the SUNCG DATASET for any SUMO Challenge.

J. The term SUNCG ALTERNATIVES means datasets used, created or intended as alternatives to the use of the SUNCG DATASET in computer vision research and development. This includes both synthetic (human created) datasets and acquired datasets (those created via scanning or reconstruction), and includes, without limitation, ShapeNet, Matterport3D, 3D-FRONT, 3DFuture, OpenRooms, Stanford2D3D, and Structured3D.

K. Please make all RECORDS available in the manner set forth by Federal Rule of Civil Procedure Rule 45.

L. In responding to these Requests for Production, you are required to affirmatively state in your written response the full extent to which you will produce materials. In addition, you shall, promptly after the production, confirm in writing that you have produced all such material so described that have been located after a diligent search of all locations where such materials might plausibly be found.

M. All RECORDS should be produced with a load file that defines document breaks, attachments, and metadata, and with a cross-reference file that facilitates the linking of the produced file with a litigation database. Please produce emails and word processing documents in TIFF format, with metadata and text-searchable information extracted from the native file and produced as fielded metadata (as outlined directly below). Please maintain family relationships among email and attachments. Please produce spreadsheets and PowerPoint-like presentations in native format.

    a. Metadata for all ESI: start bates, end bates, start attachment, end attachment, custodian or source, MD-5 hash value, title, creation date, and page count.

    b. Metadata for E-Mail: in addition to the metadata to be produced for all ESI, for all e-mail, the producing party will also produce the following as fielded metadata: subject, from, to, copyees, blind copyees, date sent, time sent, MD-5

hash value, begin attachment, and end attachment. Family relationships among email and attachments will be maintained by ensuring that attachments immediately follow their parent email, and setting the "begin attachment" and "end attachment" metadata fields appropriately.

        c.      Spreadsheets and presentations: produced as a native file with its original file name followed by its bates number and any confidentiality designation, accompanied by a load file suitable for linking it to a litigation support database that (for authentication) identifies the MD-5 hash value of each file.

    N.      Please produce all drafts and copies of each responsive RECORD, including copies that are not identical because, for example, they have handwritten notes, markings, stamps, interlineations, or other annotations, and including copies that appear in different contexts or in association with other RECORDS.

    O.      Please answer each request fully.  If you have a good faith objection to a portion or all of a request, please state with specificity all of your grounds.  If your objection pertains to only a portion of a request, such as a word, phrase, or clause within it, you are required to state your objection to that portion only and to respond to the remainder of the request, using your best efforts to do so.

    P.      No part of any request is to be left unanswered merely because an objection is interposed to another part of the request.

    Q.      If your answer to any request is qualified in any manner, set forth the details of the qualification(s).

    R.      A complete original or copy of each RECORD or tangible thing must be produced, even though only a portion of such RECORD or thing is responsive to one of these numbered requests. RECORDS shall not be edited, cut, redacted (except where a claim of privilege is asserted with respect to a portion of a RECORD), or expunged, and shall include all attachments, appendices, tables and exhibits, and all

covering memoranda, letters or documents. Tangible things shall not be altered or modified, unless otherwise directed.

S.  However, where multiple email messages are part of a single chain or "thread," you should produce the most inclusive message ("Last In Time Email") and need not produce earlier, less inclusive email messages or "thread members" that are fully contained, including attachments and including identical senders and recipients, within the Last In Time Email. (Only email messages for which the parent document and all attachments are contained in the Last In Time Email are considered less inclusive email messages not to be produced.)

T.  In cases where you withhold RECORDS or information under a claim of privilege, please follow Rule 26(b)(5).  In particular, if you withhold any RECORD from production on the ground of privilege, work product, or other ground, please provide a privilege log which, separately for each RECORD not produced, sets forth: (1) the title or other identifying data sufficient to describe the RECORD; (2) the date the RECORD was created, or, if no date appears in the RECORD, an approximate date; (3) the identity of each person to whom the RECORD, or any copy thereof, was transmitted, shown or disclosed; and (4) each fact or basis on which you claim such a privilege or ground for your refusal to produce, in sufficient detail to allow the claim of privilege to be tested in a motion to compel.  Failure to furnish this information at the time of the assertion will be deemed a waiver of the privilege or protection.

U.  If you object that it would be unduly burdensome or expensive to produce all RECORDS or things responsive to a request, then as part of your response please (1) identify the responsive materials that are being withheld on the basis of the objection, (2) set forth facts establishing the burden and expense that would be incurred in producing the RECORDS, and (3) identify all responsive materials that can be produced without undue burden or expense and state that those RECORDS will be produced.

V.  These requests shall be interpreted to be inclusive rather than exclusive.

a.  The singular shall include the plural, and the present tense shall include the past tense.

b.  "And" and "or" shall be construed conjunctively or disjunctively so as to enlarge rather than narrow the scope of the request.

c.  "Any" encompasses "all."

## DOCUMENT REQUESTS

**Request for Production No. 1**

All RECORDS, including internal and external COMMUNICATIONS, discussing or referencing PLANNER 5D.

**Request for Production No. 2**

All RECORDS, including COMMUNICATIONS, discussing or referencing the lawsuit PLANNER 5D brought against Facebook and Princeton University regarding the SUNCG DATASET (*See UAB "Planner5D" v. Facebook, Inc., et al.*, Case No. 3:19-cv-03132-WHO (N.D. Cal. June 5, 2019), *consolidated with* Case No. 3:20-cv-08261-WHO (N.D. Cal. Nov. 23, 2020)).

**Request for Production No. 3**

All COMMUNICATIONS, and their attachments between APPLE and PLANNER 5. This request includes but is not limited to any RECORDS between or among Katherine Liu, Matt Regnier, Ethan Oates, Danny Nahmias, and Roman Hasenbeck, or Jung Yoo, on the one hand, and Alexey Sheremetyev or Jonas Gavelis, on the other.

**Request for Production No. 4**

All RECORDS discussing or recording APPLE'S COMMUNICATIONS or meetings with PLANNER 5D, whether in-person or virtual.

**Request for Production No. 5**

All RECORDS discussing or reflecting APPLE's desire for three-dimensional object (model) and scene data for the development of any APPLE product, service, feature, or research effort.

**Request for Production No. 6**

All RECORDS, including COMMUNICATIONS, constituting, referencing, or reflecting APPLE's planned or actual identification, acquisition, and/or use of PLANNER 5D's DATA.

**Request for Production No. 7**

All RECORDS discussing or reflecting the present or future value of PLANNER 5D's DATA, including but not limited to any valuation or qualitative assessment.

**Request for Production No. 8**

All RECORDS discussing or reflecting any APPLE plan to license, purchase, or otherwise acquire PLANNER 5D's DATA.

**Request for Production No. 9**

All RECORDS discussing or reflecting APPLE's consideration of collaborating with, acquiring, or entering into any other business relationship with PLANNER 5D.

**Request for Production No. 10**

All RECORDS, including COMMUNICATIONS, referencing or reflecting APPLE's discovery of the SUNCG DATASET, or its planned or actual acquisition, and/or use of it. This request includes but is not limited to all COMMUNICATIONS with anyone associated with OCCIPITAL.

**Request for Production No. 11**

All RECORDS reflecting the present or future value of the SUNCG DATASET, including but not limited to valuation or qualitative assessment.

**Request for Production No. 12**

All RECORDS discussing or reflecting any APPLE plan to license, purchase, or otherwise acquire the SUNCG DATASET.

**Request for Production No. 13**

RECORDS sufficient to show how APPLE and those with whom it collaborated, used or proposed to use PLANNER 5D's DATA or the SUNCG DATASET for any product, service, feature or research effort.

**Request for Production No. 14**

RECORDS sufficient to identify each feature, product, or service contemplated or launched that was, or was to be, based in whole or in part on research using, or work derived from, PLANNER 5D's DATA or the SUNCG DATASET, including APPLE products or services and any third-party products or services of which APPLE is aware.

**Request for Production No. 15**

RECORDS, including data files, sufficient to show how APPLE modified or developed the SUNCG DATASET.

**Request for Production No. 16**

All RECORDS constituting or discussing any efforts to create work-arounds or alternatives to PLANNER 5D'S DATA or the SUNCG DATASET for use in the development of any APPLE product, service, feature or research effort.

**Request for Production No. 17**

All RECORDS, including COMMUNICATIONS, constituting, referencing, or reflecting APPLE's planned or actual identification, acquisition, and/or use of SUNCG ALTERNATIVES.

**Request for Production No. 18**

All RECORDS discussing or reflecting any APPLE plan to license, purchase, or otherwise acquire SUNCG ALTERNATIVES, including RECORDS reflecting the anticipated or actual price of any such acquisition.

**Request for Production No. 19**

All RECORDS comparing the SUNCG DATASET to SUNCG ALTERNATIVES.

**Request for Production No. 20**

RECORDS sufficient to show APPLE promotion, announcements, or publications of research, products, or services based in whole or part on research using, or work derived from, PLANNER 5D's DATA or the SUNCG DATASET.

**Request for Production No. 21**

All RECORDS constituting or reflecting projections, analyses, or discussions of the market for and/or the benefits from any product, service, or feature that was (or was intended to be) developed using PLANNER 5D'S DATA, the SUNCG DATASET, or SUNCG ALTERNATIVES, or algorithms or research developed using any of them.

**Request for Production No. 22**

All RECORDS constituting, reflecting, or referring to APPLE's actual or contemplated licensure (as licensor or licensee) of any product or service in the fields of computer or machine vision, mixed reality, machine learning, or Augmented Reality, including but not limited to RECORDS reflecting the expected or actual license fees.

**Request for Production No. 23**

RECORDS sufficient to identify the purpose, terms, and expected outcomes of any APPLE collaboration with the Technical University of Munich, Max Planck

Institute for Intelligent Systems, or their researchers, on the use of three-dimensional scene or object data for computer vision machine learning.

**Request for Production No. 24**

All RECORDS constituting, referencing, or reflecting any agreement between APPLE and any third party discussing rights and obligations, including licensing rights, for or to PLANNER 5D'S DATA or the SUNCG DATASET.

**Request for Production No. 25**

RECORDS sufficient to identify the names, job titles and duties, and current employer and contact information of all people, whether or not still at APPLE, who were involved in APPLE's efforts to conduct research or product development with PLANNER 5D'S DATA or the SUNCG DATASET.

**Request for Production No. 26**

All RECORDS, including COMMUNICATIONS, discussing or referencing any contract or partnership between APPLE and any outside computer vision researchers, including but not limited to any at the Technical University of Munich and the Max Planck Institute for Intelligent Systems.

**Request for Production No. 27**

All RECORDS, including COMMUNICATIONS, discussing or referencing APPLE's reasons for developing the Hypersim dataset, or comparing the Hypersim dataset to the SUNCG DATASET.

**Request for Production No. 28**

RECORDS sufficient to identify any datasets created by or used by APPLE, including any in progress datasets, that include or will include some or all of the SUNCG DATASET.

**Request for Production No. 29**

RECORDS sufficient to establish the actual and projected research and development costs or other expenditures incurred by APPLE related to any datasets created by or used by APPLE, including any in progress datasets, that include or will include some or all of the SUNCG DATASET.

**Request for Production No. 30**

RECORDS sufficient to identify any projects, platforms, products, software, or services in which APPLE has used or has considered using the SUNCG DATASET in any capacity in research and development.

**Request for Production No. 31**

RECORDS sufficient to establish the actual and projected research and development costs or other expenditures incurred by APPLE of any projects, platforms, products, software, or services in which APPLE has used or has considered using the SUNCG DATASET in any capacity in research and development.

**Request for Production No. 32**

RECORDS sufficient to show the terms on which APPLE acquired, licensed, or otherwise obtained rights or permissions to any materials APPLE intended or intends to use as, or convert to, datasets for training computer vision, machine learning, or artificial intelligence.

**Request for Production No. 33**

RECORDS sufficient to show the terms on which any person or entity other than APPLE acquired, licensed, or otherwise obtained rights or permissions from APPLE for any materials intended to use as, or convert to, datasets for training computer vision, machine learning, or artificial intelligence.

**Request for Production No. 34**

RECORDS sufficient to identify any AI algorithm that APPLE has developed or used that was trained using some or all of PLANNER 5D'S DATA or the SUNCG DATASET (alone, or in conjunction with other data).

**Request for Production No. 35**

RECORDS sufficient to identify the name or other unique identifier of any computer or file store that currently contains, or previously contained, a copy of some or all of PLANNER 5D'S DATA or the SUNCG DATASET.