# Exh. B



November 16, 2021

*Via Email Only*

William B. Fitton
Marc N. Bernstein
The Business Litigation Group, P.C.
wfitton@blgrp.com
mbernstein@blgrp.com

      Re:    *UAB "Planner 5D" dba Planner 5D v. Facebook, et al.*,
             Case No. 3:19-cv-03132-WHO (N.D. Cal.)

Dear Will, Marc,

As you know, this firm represents Apple Inc. ("Apple") in connection with the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of a Premises in a Civil Action served on behalf of your client in the above-captioned action on or around October 26, 2021 (the "Subpoena"). Apple asserts the objections outlined below.

*First*, Apple's corporate headquarters is located in territory covered by the U.S. District Court for the Northern District of California, not the Central District of California where plaintiffs served the Subpoena. Pursuant to Federal Rule of Civil Procedure 45, the U.S. District Court for the Northern District of California is the governing district for purposes of the Subpoena and any related motions. Nothing in these objections and responses should be interpreted either as a waiver of the jurisdiction of the Northern District of California or a concession that the U.S. District Court for the Central District of California has jurisdiction over Apple here.

*Second*, Apple objects to the Subpoena as failing to take reasonable steps to avoid imposing undue burden and expense on non-party Apple. For example, the Subpoena, including all Requests for Production (each a "Request"), is oppressive and improper to the extent that it seeks information that is available from the parties to the litigation. Indeed, the Subpoena has thirty-five Requests, many of which appear to encompass communications with or information obtainable from the parties. For example, Request Nos. 1, 2, 3, 4, 6, 8, 9, 12, and -13 all appear to request information shared with parties to the litigation, including your client Planner 5D. The law of the Ninth Circuit is clear—a party should not burden a non-party for information available through party discovery. *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575 (N.D. Cal. 2007) ("There is simply no reason to burden nonparties when the documents sought are in possession of the party defendant."); *High Tech Med. Instrumentation, Inc. v. New Image*

W. Fitton
M. Bernstein
November 16, 2021
Page 2 of 4

*Indus., Inc.,* 161 F.R.D. 86, 88 (N.D. Cal. 1995) (citations omitted) ("the Ninth Circuit has long held that nonparties subject to discovery requests deserve extra protection from the courts"); *Free Stream Media Corp. v. Alphonso Inc.,* Case No. 8:17-mc-00011-CJC (KESx), 2017 WL 11632962 at *2 (C.D. Cal. May 4, 2017) (same).

Accordingly, the U.S. District Court for the Northern District of California regularly quashes subpoenas that ask a non-party to search for and produce documents that are available from a party to the litigation. *See, e.g. Chevron Corp. v. Donziger*, Case No. 13-MC-80038 CRB (NC), 2013 WL 1402727, at *6 (N.D. Cal. Apr. 5, 2013) (granting a motion to quash where the subpoenaing party had not shown that the information sought was unavailable from the parties to the underlying action). Burdening non-party Apple with the collection and production of documents available and more efficiently obtained from the parties is oppressive, unwarranted, and improper, and the Subpoena's requests for documents available through party discovery should be quashed. *See, e.g. Nidec Corp.*, 249 F.R.D. at 577 ("The burden on the third party … outweighs the likely benefit of the subpoena at least in the absence of a convincing showing that the subpoena is likely to yield unique and material evidence from the third party."). Apple will not endeavor to search for and produce documents related to the parties to the litigation (assuming such documents exist) unless or until Plaintiff can provide information as to why such documents cannot be obtained via party discovery.

*Third*, Apple objects to each Request, Definition, and Instruction to the extent it requires disclosure of Apple confidential commercial information and/or disclosure of an unretained expert's opinion or information. Indeed, Request Nos. 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 27, 28, 29, 30, 31, 32, 33, 34, and 35 all appear to demand highly confidential internal Apple analyses that are properly shielded from disclosure by Federal Rule of Civil Procedure 45(d)(3)(B) (assuming such analyses exist). Apple also objects to the Requests to the extent they call for confidential or personally identifiable information of any third party, including Request No. 25, which seeks the names and contact information of current and/or former Apple employees. To the extent Apple produces any documents or information in response to the Subpoena, such production would be subject to Apple's obligations to impacted parties or third-parties under any applicable confidentiality agreements. Such production would require the entry of, and would be subject to, an appropriate protective order limiting the use and disclosure of such information.

*Fourth,* Apple objects to the Definitions and Instructions to the extent that they attempt to enlarge, broaden, modify, or otherwise change Apple's obligations under the Federal Rules. For example, Instruction L. purports to change Apple's obligations through its demand that Apple "promptly, after production, confirm in writing that you have produced all such material so described that has been located after a diligent search of all locations where such materials might plausibly be found." Apple will perform its investigation, and make its production, if any,

W. Fitton
M. Bernstein
November 16, 2021
Page 3 of 4

in compliance with the Federal Rules of Civil Procedure. Further, Apple did not negotiate or enter into the Protective Order, and Apple therefore objects to being subject to this order.

*Fifth,* Apple objects to each Request, Definition, and Instruction as oppressive, improper, and not relevant to the current litigation or any party's claims or defenses. For example, Apple objects to the definition of "AFFILIATES" as oppressive and improper, and not relevant to the claims and defenses. Moreover, certain Requests are so overbroad as to be harassing – for example, Request No. 14 seeks information regarding "each feature, product, or service, contemplated or launched that was, or was to be, based in whole or in part on research using, or work derived from, PANNER 5D's DATA or the SUNCG DATASET, including APPLE products or services and any third-party products or services of which APPLE is aware." Apple also objects to the Requests as overbroad and improper to the extent they seek publicly available information (*see, e.g.,* Request No. 20). In addition, Apple's internal communications and analyses are not relevant here, nor are its analyses of or correspondence with OCCIPITAL or its use of the SUNCG DATASET or PLANNER 5D'S DATA. Rather, these Requests appear to be improper fishing expeditions for general information regarding Apple and its business practices that is not related to or necessary for the current litigation. Absent plaintiffs showing the Subpoena's direct relevance to the parties' claims and/or defenses in this lawsuit, Apple will not produce internal communications and/or analyses (assuming such documents exist).

*Sixth,* Apple objects to each Request, Definition, and Instruction as overly broad, vague and ambiguous. As a preliminary matter, the Definitions, including but not limited to the definition of "PLANNER 5D'S DATA," "SUNCG DATASET," and "SUNCG ALTERNATIVES" are overly broad, vague, unclear, and would call for the subjective judgment of Apple and its attorneys. Moreover, Apple objects to the each Request to the extent it seeks "all RECORDS" and "all COMMUNICATIONS" as overly broad. "The subpoena should be tailored to request only information reasonably necessary to address specific issues in the case." *Rankine v. Roller Bearing Co. of Am., Inc.*, Case No. 12-cv-2065-IEG (BLM), 2013 WL 3992963, at *3 (S.D. Cal. Aug. 5, 2013) (*citing Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 813 (9th Cir. 2003)). Here, the Subpoena fails to identify narrowly tailored information that is available to Apple, solely in the possession of Apple, understood by Apple, and relevant to the underlying litigation.

*And finally,* Apple further objects to the Subpoena to the extent that it seeks information protected by the attorney-client privilege or work product doctrine. For example, Request No. 21 appears to seek information that it is either (i) in the possession of the parties to the litigation (to the extent such documents were exchanged with the Planner 5D) or (ii) privileged information (to the extent that such documents were internal to Apple or created at the direction of attorneys). Apple will not produce privileged information. Production of any such information would be inadvertent and does not constitute a waiver of the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity.

W. Fitton
M. Bernstein
November 16, 2021
Page 4 of 4


Apple submits these responses and objections on the basis of information now known to Apple and without waiving any additional objections Apple may have to the Subpoena, all of which are expressly reserved. Apple reserves the right to modify or amend these responses and objections at any time. Apple further reserves all objections or other questions as to the competency, relevance, materiality, privilege, or admissibility as evidence in any subsequent proceeding in or at trial of this or any other action, for any purpose whatsoever, of any information identified herein or provided in response to the Subpoena.

Apple remains hopeful that your client will be able to obtain the information it seeks through party discovery, without the need to burden Apple further. Please reach out to me to discuss.

        Sincerely,

        */s/ Hannah Cannom*

        Hannah Cannom