UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UAB PLANNER5D,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>META PLATFORMS, INC., et al.,<br><br>　　　　　Defendants. | Case No. 19-cv-03132-WHO   (SK)<br><br>**ORDER REGARDING DISCOVERY LETTER BRIEF**<br><br>Regarding Docket Nos. 160, 161, 162 |

On March 8, 2022, all discovery in this matter was referred to the Undersigned for discovery. (Dkt. 153.) On April 21, 2022, and April 22, 2022. the parties filed identical versions of a joint discovery letter brief regarding their instant discovery dispute.[1] (Dkt. Nos. 160, 161, 162.) Plaintiff UAB "PLANNER5D" ("Plaintiff") seeks to compel production of documents responsive to a subpoena issued to non-party Apple, Inc. ("Apple"). Apple opposes production based on burden and lack of relevance.

**BACKGROUND**

Plaintiff alleges that Defendants Princeton University, Meta Platforms, Inc., and Facebook Technologies LLC misappropriated Plaintiff's trade secrets and infringed Plaintiff's copyrights. (Dkt. Nos. 53, 90, 112.) Specifically, Plaintiff alleges that Defendant Princeton "scraped" Plaintiff's works and then converted them into a "computer vision tool called the SUNCF dataset" and that Defendant Meta used that tool to develop products and services in the "scene-recognition market" – a "key component" of the "metaverse." (Dkt. No. 147.) Plaintiff alleges that Apple contacted Princeton about obtaining a commercial license to Princeton's product, and after Princeton declined, Apple asked Plaintiff for a license, which Plaintiff declined. (Dkt. No. 160.)

---
[1] The sole difference appears to be that one includes exhibits; the other does not.

1   Plaintiff alleges that Apple then "licensed other digital objects and scenes from another company,
2   Evermotion, and used them to create its own computer vision dataset, Hypersim." (Dkt. No. 160.)
3       On October 25, 2021, Plaintiff issued the subpoena at issue to Apple. (Dkt. No. 162-1.) In
4   the subpoena, Plaintiff seeks information from Apple in 35 categories of documents. (*Id*.) The
5   documents seek information about the licenses Apple entered with other entities to create its own
6   product, records of Apple's other expenses in developing its own product, and records of alternate
7   datasets. (*Id*.) Plaintiff alleges that the information is relevant to calculation of damages in this
8   case because Apple's costs and licenses are relevant to a hypothetical license for Plaintiff or a
9   reasonable royalty. (Dkt. No. 160.) Plaintiff points to the decision to compel similar information
10  from Defendant Meta. (Dkt. No. 150.) Apple argues that the relevance of its work in a similar
11  area has minor relevance to the value of Plaintiff's intellectual property and that the subpoena
12  imposes an undue burden on Apple. (Dkt. No. 160.) Apple argues that responding to the
13  subpoena requires a review of more than 1,000 emails, interviews with Apple's employees "across
14  multiple countries and business groups," and review of individual purchase orders not held in a
15  central database. (*Id*.)
16      The Court finds that the subpoena as currently drafted is unduly burdensome to Apple, a
17  non-party, and that the relevance of the information sought is minimal at best. The relevance of
18  Apple's actions in a similar business to potential damages in Plaintiff's case is low, and the burden
19  of asking a non-party to engage in substantial discovery outweighs any minimal relevance here.
20  For this reason, Plaintiff's motion to compel is DENIED, and the subpoena to Apple is
21  QUASHED pursuant to Federal Rule of Civil Procedure 45(d)(3)(A)(iv).
22  **IT IS SO ORDERED**.
23  Dated: May 3, 2022

SALLIE KIM
United States Magistrate Judge