| | |
|---|---|
| **JENNER & BLOCK LLP**<br>David R. Singer (Cal. Bar No. 204699)<br>dsinger@jenner.com<br>515 S. Flower Street, Suite 3300<br>Los Angeles, CA  90071<br>Phone:          (213) 239-5100<br>Facsimile:     (213) 239-5199<br><br>**JENNER & BLOCK LLP**<br>Andrew H. Bart (*pro hac vice*)<br>abart@jenner.com<br>Jacob L. Tracer (*pro hac vice*)<br>jtracer@jenner.com<br>1155 Avenue of the Americas<br>New York, NY  10036<br>Phone:          (212) 891-1600<br>Facsimile:     (212) 891-1699<br><br>Attorneys for Defendant<br>*The Trustees of Princeton University* | **KIRKLAND & ELLIS LLP**<br>Dale M. Cendali (Cal. Bar No. 1969070)<br>dale.cendali@kirkland.com<br>Johanna Schmitt (*pro hac vice*)<br>johanna.schmitt@kirkland.com<br>Aaron Schroeder (*pro hac vice*)<br>aaron.schroeder@kirkland.com<br>601 Lexington Avenue<br>New York, NY  10022<br>Phone:          (212) 446-4800<br>Facsimile:     (212) 446-4900<br><br>Attorneys for Defendants<br>*Meta Platforms, Inc.* and *Facebook Technologies, LLC* |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UAB "PLANNER5D" d/b/a PLANNER 5D,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>META PLATFORMS, INC.; FACEBOOK TECHNOLOGIES, LLC; THE TRUSTEES OF PRINCETON UNIVERSITY; et al.,<br><br>　　　　　　　Defendants. | Case No. 3:19-cv-03132-WHO (SK)<br>Case No. 3:20-cv-08261-WHO (SK)<br><br>**ADMINISTRATIVE MOTION TO SET A FURTHER CASE MANAGEMENT CONFERENCE** |

Pursuant to Civil Local Rule 7-11, Defendants Meta Platforms, Inc. and Facebook Technologies, LLC (together, "Meta") and The Trustees of Princeton University ("Princeton," and together with Facebook, "Defendants") respectfully move for an order setting an interim case management conference ("CMC") on June 7, 2022 or a date as soon thereafter as the Court is available. Defendants have met and conferred about this issue with Plaintiff UAB "Planner 5D" ("Planner 5D"), which opposes the relief sought herein. *See* Tracer Decl. Ex. A at 1.

## BACKGROUND

Defendants request a CMC to address the potential bifurcation of discovery in this action to permit an early, potentially dispositive summary judgment motion. At the last CMC held on March 1, 2022, the parties and Court discussed, among other things, the breadth of the damages discovery Planner 5D is seeking.[1] During that discussion, Defendants argued that the extensive damages discovery sought by Planner 5D may well be entirely unnecessary because there are serious questions regarding whether Planner 5D owns any protectable intellectual property interests in the alleged copyrights and trade secrets on which it bases its claims. Indeed, the U.S. Copyright Office *refused to register* Planner 5D's alleged copyrights, and the evidence will show that Planner 5D failed to take the necessary and required measures to protect its alleged trade secrets. In response, the Court specifically asked "whether there's a way of bifurcating" the case that would permit early resolution of these potentially dispositive threshold issues, Dkt. 157 at 9:6-9, and "[i]f there is a motion that [Defendants] can bring that would dispose of this case . . . [the Court is] here," *id.* at 19:22-25.

Since that CMC, Planner 5D has expanded its efforts to seek broad damages discovery. It has requested additional damages-related documents from both Meta and Princeton. It has served additional damages-focused document subpoenas on third parties. It has moved against Apple to compel compliance with one of those subpoenas. And, even after Magistrate Judge Kim quashed the Apple subpoena because it imposed an undue burden and sought materials that had "minimal" relevance "at best," Dkt. 163 at 2:17, Planner 5D filed a motion seeking leave to serve an additional subpoena on Apple and suggested it may

---

[1] After hearing arguments on some of the damages discovery Planner 5D is seeking, the Court referred all discovery disputes to a magistrate judge. Dkt. 157 at 17:17-23.

object to Magistrate Judge Kim's ruling and seek further relief from this Court under Federal Rule of Civil Procedure 72, *see* Dkt. 164. There can be no doubt that Planner 5D will continue to seek the broadest possible damages discovery in this case.

In light of the Court's comments at the prior CMC and Planner 5D's subsequent conduct, Defendants considered potential approaches to bifurcation that would enable them to obtain the targeted evidence they need to prepare an early dispositive motion while minimizing the potential need to engage in duplicative discovery if that motion is denied. Defendants sent such a proposal to Planner 5D on April 19, 2022, and subsequently responded to Planner 5D's questions and met and conferred with Planner 5D about the proposal. *See* Tracer Decl. Ex. A at 12. Nearly three weeks later, on May 6, 2022, Planner 5D stated that it would not agree to Defendants' proposal. *See id.* at 2. Accordingly, Defendants sought Planner 5D's consent to request a CMC so the parties could discuss the issue with the Court. *See id.* at 1-2. Planner 5D refused and claimed that Defendants were "required" to proceed by noticed motion to the Court. *Id.* at 1.

## ARGUMENT

Defendants respectfully submit that scheduling a CMC is the most efficient procedure to consider Defendants' request for bifurcation and early summary judgment motion. As a threshold matter, Planner 5D is incorrect that a noticed motion is "required." The Northern District of California's Civil Local Rules expressly permit parties to request a CMC to resolve case management issues appropriate under Federal Rule of Civil Procedure 16. *See* L.R. 16-10(c). Rule 16, in turn, expressly authorizes district courts to hold a CMC for the purposes of "expediting disposition of the action." Fed. R. Civ. P. 16(a)(1). Unsurprisingly, other courts in the Northern District of California have resolved requests for bifurcation at CMCs. *See, e.g., Netfuel, Inc. v. Cisco Sys., Inc.*, No. 18-cv-2352-EJD, Dkt. 72 (N.D. Cal. Apr. 11, 2019) (Davila, J.) (Order amending case schedule and bifurcating discovery to accommodate early dispositive motion entered after CMC). Thus, if the Court believes Defendants' bifurcation request can be adequately presented and resolved through a CMC, Rule 16 permits it to proceed that way.

Planner 5D's purported basis for claiming that a noticed motion is "required" is Local Rule 16-2(d). *See* Tracer Decl. Ex. A at 1. However, that provision does not mandate a noticed motion. It merely

states that parties seeking relief from a case schedule "may" proceed by noticed motion.  L.R. 16-2(d).  Indeed, in this very case, the Court has previously granted relief from the case schedule during a CMC without requiring a noticed motion.  *See* Dkt. 149 (minute entry amending case schedule after March 1 CMC).

Moreover, requiring a noticed motion in this circumstance would cause needless delay without providing any benefit to the Court.  Bifurcation is most beneficial if the issue is resolved expeditiously and the litigation costs on the legal issues that are deferred have not already been incurred.  There can be no good faith dispute that Planner 5D will continue to impose such costs on Defendants, third parties, and the Court until this issue is resolved.  Indeed, during the nearly three weeks it took Planner 5D to respond to Defendants' proposal, it pursued new damages discovery against Defendants and third parties and burdened Magistrate Judge Kim first with a motion to compel and now a motion to "clarify" the Court's order resolving that motion.  Further, even after Defendants indicated they would request a CMC on June 7, Planner 5D has sought to compel damages discovery from Meta and even take a damages-related deposition of a Meta witness before that date.  To minimize these costs, Defendants' request for bifurcation should be resolved quickly.  Proceeding by noticed motion is thus counterproductive.

Defendants submit that scheduling a CMC on June 7 will resolve the issue quickly while also ensuring that the Court has the information it needs to rule on Defendants' request.  Regardless of whether bifurcation is resolved through a CMC or a noticed motion, the parties will have the opportunity to present their arguments to the Court in writing (either through a joint CMC statement filed one week before the CMC or through formal briefing) and the Court will have the opportunity to discuss the issues with the parties (either at the CMC or at the motion hearing).  The primary substantive difference between the two procedures is that proceeding via CMC will take less time.[2]  Scheduling a CMC will enable the parties to present their arguments to the Court simultaneously in the CMC statement and enable the Court to consider

---

[2] While Planner 5D claimed that a noticed motion will permit the parties to "submit declarations or other evidence in support of their positions," Tracer Decl. Ex. A. at 1, no such materials are necessary because the relief Defendants are seeking—bifurcation—is procedural and relates only to case management.  In other words, the Court's ruling will not resolve any claims or otherwise implicate the record for any issues on appeal.  In presenting its arguments opposing bifurcation in a CMC statement, Planner 5D is free to describe any evidence it believes is relevant to the Court's consideration.

the parties' arguments once that statement is submitted, whereas setting a schedule for a noticed motion will require time for sequential briefs and prevent the Court from having complete knowledge of the parties' arguments until Defendants submit their reply.  Further, while Defendants firmly believe that bifurcation will promote judicial efficiency, the Court may benefit from the relative informality and discussion that occur during a CMC in setting the precise details of that bifurcation.  Indeed, the Court first raised the possibility of bifurcation in the last CMC.  *See* Dkt. 157 at 9:6-9; 19:22-25.  For all these reasons, Defendants submit that the efficiency of the CMC process makes it a more appropriate procedure than a noticed motion.[3]

## CONCLUSION

For all the reasons stated above, Defendants respectfully request that the Court set a case management conference on June 7, 2022 or a date as soon thereafter as the Court is available to consider Defendants' request to bifurcate discovery in this action to facilitate an early summary judgment motion.

Dated:  May 13, 2022               JENNER & BLOCK LLP

                                   By: /s/ *Andrew H. Bart*
                                       Andrew H. Bart (*pro hac vice*)

                                       Attorneys for Defendant
                                       *The Trustees of Princeton University*

Dated:  May 13, 2022               KIRKLAND & ELLIS LLP

                                   By: /s/ *Dale M. Cendali*
                                       Dale M. Cendali (Cal. Bar No. 1969070)

                                       Attorneys for Defendants
                                       *Meta Platforms, Inc.* and
                                       *Facebook Technologies, LLC*

---

[3] Of course, if the Court prefers that Defendants proceed by noticed motion, Defendants will do so.  In that event, Defendants respectfully request that the Court set an expedited briefing schedule for the motion.

**ATTESTATION**

I, Andrew H. Bart, am the ECF user whose ID and password are being used to file this Administrative Motion to Set a Further Case Management Conference. In compliance with Local Rule 5-1(i)(3), I hereby attest that concurrence in the filing of this document has been obtained from all signatories.

Dated:  May 13, 2022                                    By: /s/ *Andrew H. Bart*
                                                                            Andrew H. Bart (*pro hac vice*)