# EXHIBIT A

**Archived:** Friday, May 13, 2022 11:46:47 AM
**From:** Marc N. Bernstein
**Mail received time:** Thu, 12 May 2022 18:10:48
**Sent:** Thu, 12 May 2022 23:10:32
**To:** Schmitt, Johanna  Schroeder, Aaron  Tracer, Jacob  Will B. Fitton  Christian Andreu-von Euw  Richard A. De Liberty  Tsui-Ming Chen
**Cc:** Bart, Andrew H.  Cendali, Dale M.  #Facebook-Planner5D
**Subject:** RE: P5D v. Meta/Princeton - bifurcation
**Importance:** Normal
**Sensitivity:** None

---

**External Email - Do Not Click Links or Attachments Unless You Know They Are Safe**

Johanna,

A request for a CMC is not the appropriate procedure here.

Defendants' proposal significantly alters the case management schedule. Local Rule 16-2 requires such requests be filed as noticed motions under Local Rule 7.

Apart from the local rule, we think a noticed motion is the only practical vehicle for briefing the court on these important issues. For example, it's quite possible the parties will need to submit declarations or other evidence in support of their positions.

Both cases you've cited for your proposal, *Wixen Music* and *Zahedi*, were decided on noticed motion.

We assume defendants will file their motion by this Wednesday, May 18. Due to the travel schedules of several key team members, we would request a two-day extension of P5D's opposition brief, from Wednesday June 1 to Friday June 3. We would, of course, stipulate to a corresponding extension of defendants' replies.

Best,

Marc


(415) 533-7773 (mobile)

---

**From:** Schmitt, Johanna <johanna.schmitt@kirkland.com>
**Sent:** Wednesday, May 11, 2022 11:55 AM
**To:** Marc N. Bernstein <mbernstein@blgrp.com>; Schroeder, Aaron <aaron.schroeder@kirkland.com>; *jtracer@jenner.com <jtracer@jenner.com>; Will B. Fitton <wfitton@blgrp.com>; Christian Andreu-von Euw <christian@blgrp.com>; Richard A. De Liberty <rdeliberty@blgrp.com>; Tsui-Ming Chen <tchen@blgrp.com>
**Cc:** Bart, Andrew H. <ABart@jenner.com>; Cendali, Dale M. <dale.cendali@kirkland.com>; #Facebook-Planner5D <facebook-planner5d@kirkland.com>
**Subject:** RE: P5D v. Meta/Princeton - bifurcation

Thanks Marc. Defendants plan to tee this up for Judge Orrick by requesting that he schedule a CMC. Under the rules, we'll put in a joint statement outlining our respective positions a week before. We want to request Tuesday June 7th for the CMC.

Please confirm you are available that day.

Regards,
Johanna

**Johanna Schmitt**
she/her/hers

**KIRKLAND & ELLIS LLP**
601 Lexington Avenue, New York, NY 10022
T +1 212 446 4841
F +1 212 446 4900

johanna.schmitt@kirkland.com

---

**From:** Marc N. Bernstein <mbernstein@blgrp.com>
**Sent:** Friday, May 6, 2022 8:38 PM
**To:** Schroeder, Aaron <aaron.schroeder@kirkland.com>; *jtracer@jenner.com <jtracer@jenner.com>; Schmitt, Johanna <johanna.schmitt@kirkland.com>; Will B. Fitton <wfitton@blgrp.com>; Christian Andreu-von Euw <christian@blgrp.com>; Richard A. De Liberty <rdeliberty@blgrp.com>; Tsui-Ming Chen <tchen@blgrp.com>
**Cc:** Bart, Andrew H. <ABart@jenner.com>; Cendali, Dale M. <dale.cendali@kirkland.com>; #Facebook-Planner5D <facebook-planner5d@kirkland.com>
**Subject:** RE: P5D v. Meta/Princeton - bifurcation

Aaron and all,

We've now had a chance to discuss defendants' bifurcation proposal with P5D.

For a number of reasons, including the lengthy anticipated timetable expected for Phase 1, and the contemplation that "ownership" discovery could continue into Phase 2, after which a *second* summary judgment motion could be filed on ownership, P5D thinks this arrangement would work a significant and unfair disadvantage on P5D.

But as you requested, we and P5D did try to think up a counterproposal all parties could agree to.

P5D is willing to stipulate that if defendants wish to file an early summary judgment motion just on "ownership" issues, P5D will not oppose defendants' filing a second summary judgment motion later in the case on any issues other than "ownership."

Let us know how you would like to proceed.

Marc


(415) 533-7773 (mobile)

---

**From:** Schroeder, Aaron <aaron.schroeder@kirkland.com>
**Sent:** Thursday, May 5, 2022 12:04 PM
**To:** *jtracer@jenner.com <jtracer@jenner.com>; Marc N. Bernstein <mbernstein@blgrp.com>; Schmitt, Johanna <johanna.schmitt@kirkland.com>; Will B. Fitton <wfitton@blgrp.com>; Christian Andreu-von Euw <christian@blgrp.com>; Richard A. De Liberty <rdeliberty@blgrp.com>; Tsui-Ming Chen <tchen@blgrp.com>

**Cc:** Bart, Andrew H. <ABart@jenner.com>; Cendali, Dale M. <dale.cendali@kirkland.com>; #Facebook-Planner5D <facebook-planner5d@kirkland.com>
**Subject:** RE: P5D v. Meta/Princeton - bifurcation

Marc,

When can we expect to hear from your Client on this? We understand that Planner 5D is interested in gating the issues as laid out in Jake's initial email, and we answered a number of your Client's questions in our meet and confer. As Andy noted in our meet and confer, there is room for discussion on the details. But as you said yourself, Planner 5D should now have a sufficiently clear understanding of Defendants' proposal to give us a response.

Best,
Aaron

**Aaron Schroeder**

**KIRKLAND & ELLIS LLP**
601 Lexington Avenue, New York, NY 10022
**T** +1 212 390 4156   **M** +1 332 225 6929
**F** +1 212 446 4900

He/Him/His
aaron.schroeder@kirkland.com

**From:** Tracer, Jacob <JTracer@jenner.com>
**Sent:** Monday, May 2, 2022 8:27 PM
**To:** Marc N. Bernstein <mbernstein@blgrp.com>; Schmitt, Johanna <johanna.schmitt@kirkland.com>; Will B. Fitton <wfitton@blgrp.com>; Christian Andreu-von Euw <christian@blgrp.com>; Richard A. De Liberty <rdeliberty@blgrp.com>; Tsui-Ming Chen <tchen@blgrp.com>
**Cc:** Bart, Andrew H. <ABart@jenner.com>; Cendali, Dale M. <dale.cendali@kirkland.com>; Schroeder, Aaron <aaron.schroeder@kirkland.com>; #Facebook-Planner5D <facebook-planner5d@kirkland.com>
**Subject:** RE: P5D v. Meta/Princeton - bifurcation

Hi Marc,

Let's go with Zoom. I will circulate a link shortly.

Best,
Jake

**From:** Marc N. Bernstein <mbernstein@blgrp.com>
**Sent:** Monday, May 2, 2022 5:53 PM
**To:** Tracer, Jacob <JTracer@jenner.com>; Schmitt, Johanna <johanna.schmitt@kirkland.com>; Will B. Fitton <wfitton@blgrp.com>; Christian Andreu-von Euw <christian@blgrp.com>; Richard A. De Liberty <rdeliberty@blgrp.com>; Tsui-Ming Chen <tchen@blgrp.com>
**Cc:** Bart, Andrew H. <ABart@jenner.com>; Cendali, Dale M. <dale.cendali@kirkland.com>; Schroeder, Aaron <aaron.schroeder@kirkland.com>; #Facebook-Planner5D <facebook-planner5d@kirkland.com>
**Subject:** RE: P5D v. Meta/Princeton - bifurcation

**External Email - Do Not Click Links or Attachments Unless You Know They Are Safe**

Hi Jake and all,

Our team can meet tomorrow, Tuesday, at 1 p.m. Pacific, 4 p.m. Eastern.

Do defense counsel prefer a Zoom call or a voice call?

Best,

Marc

(415) 533-7773 (mobile)

---

**From:** Tracer, Jacob <JTracer@jenner.com>
**Sent:** Monday, May 2, 2022 7:25 AM
**To:** Marc N. Bernstein <mbernstein@blgrp.com>; Schmitt, Johanna <johanna.schmitt@kirkland.com>; Will B. Fitton <wfitton@blgrp.com>; Christian Andreu-von Euw <christian@blgrp.com>; Richard A. De Liberty <rdeliberty@blgrp.com>; Tsui-Ming Chen <tchen@blgrp.com>
**Cc:** Bart, Andrew H. <ABart@jenner.com>; Cendali, Dale M. <dale.cendali@kirkland.com>; Schroeder, Aaron <aaron.schroeder@kirkland.com>; #Facebook-Planner5D <facebook-planner5d@kirkland.com>
**Subject:** RE: P5D v. Meta/Princeton - bifurcation

Marc,

That time does not work for us. The only window on Tuesday when both we and folks from Kirkland are all available is 1-3 pm PT / 4-6 pm ET. Can your team be available in that window?

We will be prepared to discuss your questions in our call. In advance, though, we have one point to raise. At the end of your email you indicated that the time available for Phase 2 discovery is "probably dispositive" to P5D in reaching a decision on our proposal to bifurcate the case. If a particular position on this issue is that significant, please advise us what time frame would work for you. As we've said from the beginning, our goal is to be more efficient and to save all parties the costs and burdens of engaging in Phase 2 discovery until the court determines the Phase 1 issues. We are not trying to limit the time the parties believe they need. So if P5D has a view on that issue, please share it and we can discuss when we meet.

Best,
Jake

---

**From:** Marc N. Bernstein <mbernstein@blgrp.com>
**Sent:** Thursday, April 28, 2022 8:24 PM
**To:** Tracer, Jacob <JTracer@jenner.com>; Schmitt, Johanna <johanna.schmitt@kirkland.com>; Will B. Fitton <wfitton@blgrp.com>; Christian Andreu-von Euw <christian@blgrp.com>; Richard A. De Liberty <rdeliberty@blgrp.com>; Tsui-Ming Chen <tchen@blgrp.com>
**Cc:** Bart, Andrew H. <ABart@jenner.com>; Cendali, Dale M. <dale.cendali@kirkland.com>; Schroeder, Aaron <aaron.schroeder@kirkland.com>; #Facebook-Planner5D <facebook-planner5d@kirkland.com>
**Subject:** RE: P5D v. Meta/Princeton - bifurcation

**External Email - Do Not Click** Links or Attachments Unless You Know They Are Safe

Jake (and colleagues),

Thanks for being accommodating regarding scheduling. We appreciate it. Does 9am PT on Tuesday work for defendant counsel?

Though P5D is also interested in a streamlining resolution of this case, defendants' proposal looks like it would work a major disruption of the existing schedule, and P5D's discovery plans.

That said, we will need to better understand your proposal before P5D can provide its position.

## The Bounds of Phase 1

We need to understand exactly what issues defendants propose to include in Phase 1.

Concerning the copyright claims, you say Phase 1 will include both who owns the copyrights and also copyrightability, "including but not be limited to" whether P5D's works are computer programs."

What "copyrightability" arguments does this include?  Originality?  Creativity?  Other?

Recent discovery requests suggest defendants plan to mount a second federal-court litigability challenge under section § 411(a).  If so, is this meant to be within Phase 1?

On trade secrets, you say Phase 1 will include whether P5D's trade secrets constitute "trade secrets" under federal and California law.

We know defendants challenge whether Planner 5D took reasonable secrecy steps. Does this mean Phase 1 will be limited to whether Planner 5D's trade secrets satisfy 18 USC § 1839(3)(A) and Cal. Civ. Code § 3426.1(d)(2)?

If not, what other trade secret elements do defendants anticipate litigating in Phase 1?

We understand that all issues not identified as within Phase 1 will be stayed, including all elements of all affirmative defenses not contained in the Phase 1 list.  But if this is incorrect, please let us know.

## Discovery Mechanics

We understand that in Phase 1, all parties will be precluded from pursuing or responding to any discovery unrelated to the Phase 1 topics.

Will the same be true for Phase 2?  In particular, assuming the case moves to Phase 2, will defendants be precluded from exploring any further Phase 1 discovery?

If not, what Phase 1 discovery could be pursued in Phase 2?

Will there be multiple depositions of witnesses who are deposed about both Phase 1 and Phase 2 issues?

Which P5D witnesses do you currently anticipate deposing during Phase 1, and are you preposing to re-depose any of them if there's a Phase 2?

Do you currently contend any defense or third-party witnesses would be off limits in Phase 1 because not having any relevant Phase 1 testimony?  If so, which witnesses?

What kinds of experts do defendants contend will be needed for Phase 1?  How many experts do defendants anticipate will be testifying?  Will all experts be submitting FRCP 26 reports and subsequent depositions?

**Pending P5D Discovery**

P5D has several pending discovery requests that are relevant to the Phase 1 issues that Defendants have objected to and/or not yet fully responded to.

Are Defendants willing to agree to provide documents responsive to the requests identified below by a date certain? If so, when?

0. RFP 21 (to Meta) (Records relevant to 17 USC § 411(a) defense)
1. RFP 26 (to Meta) (Proceedings where Meta has asserted unlawful scraping)
2. RFP 33 (to Meta) (Policies regarding protection of trade secrets)
3. RFP 34 (to Meta) (Policies regarding use of third-party datasets)
4. RFP 13 (to Princeton) (Records relevant to 17 USC § 411(a) defense)
5. RFPs 20-24 (to Princeton) (Records relevant to scraping and dataset acquisition)

**Summary Judgment Motions**

Do defendants intend to file a joint Phase 1 summary judgment motion, or separate ones?

Are defendants reserving the right to bring summary judgment arguments based new facts or theories not already disclosed in defendants' interrogatory responses? If so, which ones?

If defendants intend to file a second summary judgment motion at the end of Phase 2, do they intend to apportion the page limits among their Phase 1 and Phase 2 motions?

**Case Management Schedule & Timing**

While you have said that you don't know precise Phase 2 timing, what are defendants' best preliminary estimates of when summary judgment for Phase 1 would be decided and, assuming denial of all summary judgment motions on "ownership" in Phase 1, how many more months would be needed for Phase 2?

It seems to us this question is one the most important factors in estimating the potential costs and risks of bifurcated discovery. Even though it may be impossible to know with certainty, we think Judge Orrick will want to know the parties' best estimates to decide whether to allow this. This is also of critical and probably dispositive significance to P5D in deciding whether to sign on to this plan.

We look forward to your thoughts and answers and then to discussing this with you on Tuesday.

Marc

(415) 533-7773 (mobile)

---

**From:** Tracer, Jacob <JTracer@jenner.com>
**Sent:** Thursday, April 28, 2022 7:45 AM
**To:** Marc N. Bernstein <mbernstein@blgrp.com>; Schmitt, Johanna <johanna.schmitt@kirkland.com>; Will B. Fitton <wfitton@blgrp.com>; Christian Andreu-von Euw <christian@blgrp.com>; Richard A. De Liberty <rdeliberty@blgrp.com>; Tsui-Ming Chen <tchen@blgrp.com>

**Cc:** Bart, Andrew H. <ABart@jenner.com>; Cendali, Dale M. <dale.cendali@kirkland.com>; Schroeder, Aaron <aaron.schroeder@kirkland.com>; #Facebook-Planner5D <facebook-planner5d@kirkland.com>
**Subject:** RE: P5D v. Meta/Princeton - bifurcation

Marc,

While we are willing to postpone our call to early next week to accommodate travel schedules, we would like to know your position this week so that we can plan accordingly. Please confirm you will provide that. As we said when we first raised this subject more than a week ago, we intend to raise this issue with the Court, whether by stipulation or motion. We would like to know which posture we are in.

As for the call, Tuesday works for us. Defendants are available between 1-3 Pacific / 4-6 Eastern.

Best,
Jake

---

**From:** Marc N. Bernstein <mbernstein@blgrp.com>
**Sent:** Wednesday, April 27, 2022 8:21 PM
**To:** Tracer, Jacob <JTracer@jenner.com>; Schmitt, Johanna <johanna.schmitt@kirkland.com>; Will B. Fitton <wfitton@blgrp.com>; Christian Andreu-von Euw <christian@blgrp.com>; Richard A. De Liberty <rdeliberty@blgrp.com>; Tsui-Ming Chen <tchen@blgrp.com>
**Cc:** Bart, Andrew H. <ABart@jenner.com>; Cendali, Dale M. <dale.cendali@kirkland.com>; Schroeder, Aaron <aaron.schroeder@kirkland.com>; #Facebook-Planner5D <facebook-planner5d@kirkland.com>
**Subject:** RE: P5D v. Meta/Princeton - bifurcation

**External Email - Do Not Click Links or Attachments Unless You Know They Are Safe**

Hi Jake and all,

Friday noon Pacific does not work because Christian is traveling starting at 11:30 Pacific and he and I both have appointments before then.

Christian will be driving home Monday, and could pull over somewhere in his car that morning.

Better would be Tuesday, when the BLG schedules are much wider open.

Are there times that would work for Kirkland and Jenner that day?

Best,

Marc


(415) 533-7773 (mobile)

---

**From:** Tracer, Jacob <JTracer@jenner.com>
**Sent:** Wednesday, April 27, 2022 8:01 AM
**To:** Marc N. Bernstein <mbernstein@blgrp.com>; Schmitt, Johanna <johanna.schmitt@kirkland.com>; Will B. Fitton <wfitton@blgrp.com>; Christian Andreu-von Euw <christian@blgrp.com>; Richard A. De Liberty <rdeliberty@blgrp.com>; Tsui-Ming Chen <tchen@blgrp.com>

**Cc:** Bart, Andrew H. <ABart@jenner.com>; Cendali, Dale M. <dale.cendali@kirkland.com>; Schroeder, Aaron <aaron.schroeder@kirkland.com>; #Facebook-Planner5D <facebook-planner5d@kirkland.com>
**Subject:** RE: P5D v. Meta/Princeton - bifurcation

Hi Marc,

How about Friday at noon Pacific / 3 pm Eastern?

Jake

---

**From:** Marc N. Bernstein <mbernstein@blgrp.com>
**Sent:** Tuesday, April 26, 2022 10:04 PM
**To:** Tracer, Jacob <JTracer@jenner.com>; Schmitt, Johanna <johanna.schmitt@kirkland.com>; Will B. Fitton <wfitton@blgrp.com>; Christian Andreu-von Euw <christian@blgrp.com>; Richard A. De Liberty <rdeliberty@blgrp.com>; Tsui-Ming Chen <tchen@blgrp.com>
**Cc:** Bart, Andrew H. <ABart@jenner.com>; Cendali, Dale M. <dale.cendali@kirkland.com>; Schroeder, Aaron <aaron.schroeder@kirkland.com>; #Facebook-Planner5D <facebook-planner5d@kirkland.com>
**Subject:** RE: P5D v. Meta/Princeton - bifurcation

**External Email – Do Not Click Links or Attachments Unless You Know They Are Safe**

Thanks, Jake.

This helps. We do have more questions, but let's set a time for the meet-and-confer.

If we are able get further questions answered before then, great.

Is your team free at 11 a.m. Friday?

Marc

(415) 533-7773 (mobile)

---

**From:** Tracer, Jacob <JTracer@jenner.com>
**Sent:** Tuesday, April 26, 2022 9:28 AM
**To:** Marc N. Bernstein <mbernstein@blgrp.com>; Schmitt, Johanna <johanna.schmitt@kirkland.com>; Will B. Fitton <wfitton@blgrp.com>; Christian Andreu-von Euw <christian@blgrp.com>; Richard A. De Liberty <rdeliberty@blgrp.com>; Tsui-Ming Chen <tchen@blgrp.com>
**Cc:** Bart, Andrew H. <ABart@jenner.com>; Cendali, Dale M. <dale.cendali@kirkland.com>; Schroeder, Aaron <aaron.schroeder@kirkland.com>; #Facebook-Planner5D <facebook-planner5d@kirkland.com>
**Subject:** RE: P5D v. Meta/Princeton - bifurcation

Marc,

We address both sets of issues (subject matter and timing) below. If you have additional questions about the substance of the proposal, perhaps we could have a call today to discuss rather than emailing back and forth.

Subject Matter: On copyright, our early motion could include both challenges to who owns any alleged copyrights and to copyrightability, including but not limited to whether P5D's alleged works are "computer programs." And with regard to the trade secret misappropriation claim, the motion would address whether P5D's alleged trade secrets constitute "trade secrets" under federal and California law.

Timing: Yes, we are proposing changes to the existing case management schedule. By bifurcation, we meant that the case would be broken into two phases. In Phase 1, the parties would engage in ownership discovery along our proposed schedule or something like it, and during that time all other discovery would be stayed on all sides, including third party discovery (unless it is related to ownership, which we don't think any of it does). If Defendants prevail on the ownership issues at summary judgment, the case will be over. If there are triable issues of fact on those issues, then the case would proceed to Phase 2 and the schedule will need to be reset. Since the necessity of Phase 2 turns on the court's resolution of the issues in Phase 1, our proposal would have the parties confer on Phase 2 dates upon resolution of the Phase 1 summary judgment motion in P5D's favor. That structure would ensure that the costs and burdens associated with Phase 2 are incurred only if necessary.

Best,
Jake

---

**From:** Marc N. Bernstein <mbernstein@blgrp.com>
**Sent:** Monday, April 25, 2022 7:14 PM
**To:** Schmitt, Johanna <johanna.schmitt@kirkland.com>; Tracer, Jacob <JTracer@jenner.com>; Will B. Fitton <wfitton@blgrp.com>; Christian Andreu-von Euw <christian@blgrp.com>; Richard A. De Liberty <rdeliberty@blgrp.com>; Tsui-Ming Chen <tchen@blgrp.com>
**Cc:** Bart, Andrew H. <ABart@jenner.com>; Cendali, Dale M. <dale.cendali@kirkland.com>; Schroeder, Aaron <aaron.schroeder@kirkland.com>; #Facebook-Planner5D <facebook-planner5d@kirkland.com>
**Subject:** RE: P5D v. Meta/Princeton - bifurcation

**External Email – Do Not Click** Links or Attachments Unless You Know They Are Safe

Hi Johanna and all,

Tomorrow is not a good time for us, in part because we still need to discuss defendants' proposal with our client, for whom this past weekend was a holiday.

We are also need to better understand defendants' proposal, both on timing and subject matter.

On timing, are defendants contemplating changes to the existing case management schedule?

I see the proposed schedule below about "ownership"; but are defendants contemplating any changes to the current overall fact or expert discovery cutoffs?  Or any other deadlines?

On subject matter, we'd like to understand more specifically what defendants mean by "ownership" of copyrights or trade secrets.

I gather by "ownership" you mean not whether P5D vs. someone else *owns* the copyrights and trade secrets asserted, but whether there exist any copyrights or trade secrets in the first place?

If this is correct, do you mean that under the below schedule discovery would include all issues concerning the copyrightability of the asserted works?

And similarly for P5D's trade secret claims: is the schedule below meant to encompass challenges of whatever kind to the qualification of P5D's JSON files under the California and federal trade secret statutes as trade secrets?

Am I correct that discovery on all affirmative defenses would be stayed?

And finally, am I correct that defendants are seeking to stay all other discovery during this time period? E.g., a discontinuation of all pending requests and responses on both sides, other than the issues above? Including third party discovery?

Once we understand what you are proposing, we will confer with our client and then discuss with everyone, which we still expect to be able to do this week.

Thanks.

Marc


(415) 533-7773 (mobile)

---

**From:** Schmitt, Johanna <johanna.schmitt@kirkland.com>
**Sent:** Monday, April 25, 2022 12:45 PM
**To:** *jtracer@jenner.com <jtracer@jenner.com>; Marc N. Bernstein <mbernstein@blgrp.com>; Will B. Fitton <wfitton@blgrp.com>; Christian Andreu-von Euw <christian@blgrp.com>; Richard A. De Liberty <rdeliberty@blgrp.com>; Tsui-Ming Chen <tchen@blgrp.com>
**Cc:** Bart, Andrew H. <ABart@jenner.com>; Cendali, Dale M. <dale.cendali@kirkland.com>; Schroeder, Aaron <aaron.schroeder@kirkland.com>; #Facebook-Planner5D <facebook-planner5d@kirkland.com>
**Subject:** RE: P5D v. Meta/Princeton - bifurcation

Marc,

What time works for you tomorrow? Kirkland is available anytime except for 2-4 ET.

Regards,
Johanna

**Johanna Schmitt**
she/her/hers

**KIRKLAND & ELLIS LLP**
601 Lexington Avenue, New York, NY 10022
T +1 212 446 4841
F +1 212 446 4900

johanna.schmitt@kirkland.com


**From:** Tracer, Jacob <JTracer@jenner.com>
**Sent:** Friday, April 22, 2022 5:55 PM
**To:** Marc N. Bernstein <mbernstein@blgrp.com>; Will B. Fitton <wfitton@blgrp.com>; Christian Andreu-von Euw <christian@blgrp.com>; Richard A. De Liberty <rdeliberty@blgrp.com>; Tsui-Ming Chen <tchen@blgrp.com>
**Cc:** Bart, Andrew H. <ABart@jenner.com>; Cendali, Dale M. <dale.cendali@kirkland.com>; Schmitt, Johanna <johanna.schmitt@kirkland.com>; Schroeder, Aaron <aaron.schroeder@kirkland.com>; #Facebook-Planner5D <facebook-planner5d@kirkland.com>
**Subject:** RE: P5D v. Meta/Princeton - bifurcation

Hi Marc,

You're correct that our proposal would also stay fair use discovery. One other clarifying point is that since paragraph 7 of

Judge Orrick's standing order generally limits parties to one summary judgment motion absent an order to the contrary, we will want to seek leave to have the right to file two such motions as part of any submission to the Court.

As for the schedule, here is what we are thinking. If you are open to this structure but think different time periods are appropriate, we are open to discussing:
- One month: Substantial completion of document production on ownership
- Three weeks: Fact depositions on ownership [likely just a few depositions on our side]
- Three weeks: Expert reports on ownership issues
- Three weeks: Rebuttal reports on ownership issues
- Three weeks: Expert depositions on ownership issues
- Four weeks: Ownership dispositive motion due

Finally, with regard to scheduling the meet and confer, for a number of reasons, next Tuesday would work best for Andy and me if that works for everyone else.

Best,
Jake

---

**From:** Marc N. Bernstein <mbernstein@blgrp.com>
**Sent:** Wednesday, April 20, 2022 8:08 PM
**To:** Tracer, Jacob <JTracer@jenner.com>; Will B. Fitton <wfitton@blgrp.com>; Christian Andreu-von Euw <christian@blgrp.com>; Richard A. De Liberty <rdeliberty@blgrp.com>; Tsui-Ming Chen <tchen@blgrp.com>
**Cc:** Bart, Andrew H. <ABart@jenner.com>; Cendali, Dale M. <dale.cendali@kirkland.com>; Schmitt, Johanna <johanna.schmitt@kirkland.com>; Schroeder, Aaron <aaron.schroeder@kirkland.com>; #Facebook-Planner5D <facebook-planner5d@kirkland.com>
**Subject:** RE: P5D v. Meta/Princeton - bifurcation

**External Email – Do Not Click** Links or Attachments Unless You Know They Are Safe

Counsel,

I write to respond to your below email.

Defendants' proposal would, of course, work a dramatic change in the case, and our team will need a few days more time, and bit more information, before we're ready for a productive meet and confer call.

But we're happy to set up a call for next week.

In the meantime, can you share with us the revised case management schedule you are proposing?

I assume fair use discovery would be also stayed, as part of liability, and would not be included in the early summary judgment motion you mention. But please let me know if this is incorrect.

We look forward to your further clarification.

Best,

Marc

(415) 533-7773 (mobile)

**From:** Tracer, Jacob <JTracer@jenner.com>
**Sent:** Tuesday, April 19, 2022 3:05 PM
**To:** Marc N. Bernstein <mbernstein@blgrp.com>; Will B. Fitton <wfitton@blgrp.com>; Christian Andreu-von Euw <christian@blgrp.com>; Richard A. De Liberty <rdeliberty@blgrp.com>; Tsui-Ming Chen <tchen@blgrp.com>
**Cc:** Bart, Andrew H. <ABart@jenner.com>; Cendali, Dale M. <dale.cendali@kirkland.com>; Schmitt, Johanna <johanna.schmitt@kirkland.com>; Schroeder, Aaron <aaron.schroeder@kirkland.com>; #Facebook-Planner5D <facebook-planner5d@kirkland.com>
**Subject:** P5D v. Meta/Princeton - bifurcation

Counsel,

Defendants would like to schedule a meet and confer this week to discuss a potential bifurcation of this matter to first resolve the threshold questions of copyright/trade secret ownership before the parties expend additional resources on discovery related to liability and damages. Following the meet and confer, we intend to raise this issue with the Court, whether by stipulation or motion. Our application is based on the fact that P5D is imposing enormous cost and burden on the Defendants and third parties—virtually all of it focused on alleged damages—which we believe is pointless given the fact that P5D will not be able to meet its threshold burden to demonstrate that it owns any copyrights or trade secrets. The Copyright Office refused to register P5D's alleged works because they are not computer programs, and the record demonstrates that P5D's alleged trade secrets were not actually secret because P5D transmitted the URLs hosting object and scene datafiles to its users. Further, the evidence relevant to these issues is distinct from the voluminous liability and damages discovery P5D has sought and continues to request. Accordingly, we believe that bifurcation is appropriate. *See, e.g.*, *Wixen Music Publishing, Inc. v. Triller, Inc.*, No. 20-cv-10515, 2021 WL 4816627 (C.D. Cal. Aug. 11, 2021); *Zahedi v. Miramax, LLC*, No. 20-cv-4512, 2021 WL 3260603 (C.D. Cal. Mar. 24, 2021).

We also believe that the Court will be receptive to a proposed mechanism to resolve these threshold ownership issues before engaging with other issues in the case. Indeed, at the case management conference on March 1, Judge Orrick indicated, *sua sponte*, that he would be open to bifurcated proceedings. *See* 3/1/22 Hearing Tr. at 9:6-10. Since that hearing, P5D has propounded even more extensive and burdensome damages and liability discovery from Defendants and appears to be imposing similarly needless burdens on third parties to produce damages-related discovery as well.

Accordingly, Defendants propose that the case management schedule be amended to permit Defendants to file an early motion for summary judgment on P5D's alleged ownership of copyrights and trade secrets, while discovery on liability and damages issues is stayed. If the Court determines P5D can make a sufficient evidentiary showing of ownership, liability and damages discovery will then continue. We have a proposed schedule to tee up the ownership issues for the court, including for some limited discovery on those issues, which we are happy to discuss with you if you are open to such a proposal.

Please provide your availability this week to discuss. Please also provide your position in advance of our meet and confer.

Best,
Jake

**Jacob Tracer**

**Jenner & Block LLP**
1155 Avenue of the Americas, New York, NY 10036-2711  |  jenner.com
+1 212 407 1765 | TEL
+1 312 515 3588 | MOBILE
JTracer@jenner.com
Download V-Card  |  View Biography

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.