| | |
|---|---|
| Dale M. Cendali (S.B.N. 1969070)<br>dale.cendali@kirkland.com<br>Johanna Schmitt (admitted pro hac vice)<br>johanna.schmitt@kirkland.com<br>Aaron Schroeder (admitted pro hac vice)<br>aaron.schroeder@kirkland.com<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, NY 10022<br>Phone: (212) 446-4800<br><br>Kristen Reichenbach<br>kristen.reichenbach@kirkland.com<br>KIRKLAND & ELLIS LLP<br>555 California Street<br>San Francisco, CA 94104<br><br>Attorneys for Defendants<br>Meta Platforms, Inc. and<br>and Facebook Technologies, LLC | David R. Singer (S.B.N. 204699)<br>dsinger@jenner.com<br>JENNER & BLOCK LLP<br>515 S. Flower Street, Suite 3300<br>Los Angeles, CA 90071<br>Telephone: (213) 239-5100<br><br>Andrew H. Bart (admitted pro hac vice)<br>abart@jenner.com<br>Jacob L. Tracer (admitted pro hac vice)<br>jtracer@jenner.com<br>JENNER & BLOCK LLP<br>1155 Avenue of the Americas<br>New York, NY 10036<br>Telephone: (212) 891-1600<br><br>Attorneys for Defendant<br>The Trustees of Princeton University<br><br>Marc N. Bernstein (S.B.N. 145837)<br>mbernstein@blgrp.com<br>Will B. Fitton (S.B.N. 182818)<br>wfitton@blgrp.com<br>Christian Gabriel Andreu-von Euw (S.B.N. 265360)<br>christian@blgrp.com<br>THE BUSINESS LITIGATION GROUP, P.C.<br>150 Spear Street, Suite 800<br>San Francisco, CA 94105<br>Telephone: (415) 765-6633<br><br>Attorneys for Plaintiff<br>UAB "Planner5D" |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UAB "PLANNER5D" d/b/a PLANNER 5D,<br><br>    Plaintiff,<br><br>  v.<br><br>META PLATFORMS, INC., FACEBOOK TECHNOLOGIES, LLC, THE TRUSTEES OF PRINCETON UNIVERSITY, DOES 1-200, ABC CORPORATIONS 1-20 and XYZ UNIVERSITIES 1-20,<br>    Defendants. | ) CASE NO. 3:19-CV-03132-WHO<br>) CASE NO. 3:20-CV-02198-WHO<br>) CASE NO. 3:20-CV-08261-WHO<br>)<br>) STIPULATION AND PROPOSED ORDER<br>) RE BIFURCATION AND CASE SCHEDULE<br>)<br>)<br>) Judge: Honorable William H. Orrick<br>)<br>)<br>) |

1   Pursuant to Civil L.R. 6-1, 6-2, and 7-12 it is hereby stipulated by and between Plaintiff UAB
2   "Planner 5D" d/b/a Planner 5D ("Plaintiff"), Defendants Meta Platforms Inc. and Facebook
3   Technologies, LLC and Defendant The Trustees of Princeton University (collectively,
4   "Defendants"), through their respective attorneys, that:
5   WHEREAS, on June 7, 2022, following a Case Management Conference, the Court directed
6   the parties to "present a stipulation memorializing their agreement" to "bifurcat[e] discovery to
7   allow for the early filing of a motion for summary judgment" (Dkt. No. 172);
8   NOW, THEREFORE IT IS STIPULATED AND AGREED THAT, subject to the approval
9   of the Court, the above-captioned action shall be bifurcated into two phases;
10  IT IS FURTHER STIPULATED AND AGREED THAT, subject to the approval of the
11  Court, discovery in Phase 1 shall be limited to the following issues.  For Plaintiff's copyright claims,
12  the Phase 1 issues shall be: (1) whether Plaintiff cannot assert copyright interests in the works
13  asserted in this action because they are not "computer programs" as defined in the Copyright Act; (2)
14  whether the asserted works upon which Plaintiff bases its copyright claims in this action have the
15  required human authorship and originality necessary to bestow copyrightability; and (3) whether
16  Plaintiff has title to individual scene works.  For Plaintiff's trade secret claims, the Phase 1 issue
17  shall be whether Plaintiff took reasonable measures to protect the alleged trade secrets on which it
18  bases those claims.  All other discovery, except as expressly agreed by the parties, shall be stayed
19  pending resolution of a joint summary judgment motion the Defendants shall be entitled to file at the
20  conclusion of Phase 1, covering exclusively Phase 1 issues.
21  IT IS FURTHER STIPULATED AND AGREED THAT in Phase 1, Defendants shall be
22  permitted to take the depositions on Phase 1 issues of a Planner 5D modeler and, under Rule
23  30(b)(6), of Planner 5D itself; and that Planner 5D shall be permitted to take the deposition on Phase
24  1 issues of Dr. Shuran Song, and, if reasonably suggested by Dr. Song's deposition, under Rule
25  30(b)(6), of Princeton.  This stipulation is without waiver of any argument that Dr. Song's or
26  Princeton's testimony is irrelevant to Phase 1 issues as a matter of law.
27  IT IS FURTHER STIPULATED AND AGREED THAT if the case continues to Phase 2,
28  Defendants shall be permitted to serve discovery on additional topics and resume their 30(b)(6)

deposition of Planner 5D, and, as to any individual or Planner 5D witnesses they did not depose in Phase 1, shall be permitted to seek deposition testimony about Phase 1 issues. Defendants will also be permitted to seek written Phase 1 discovery during Phase 2 to the extent there is a new, articulable basis in the record to conclude that any additional non-privileged materials or information relevant to Phase 1 exist and are in Planner 5D's possession, custody, or control. Planner 5D shall likewise be permitted in Phase 2 to take the depositions of Dr. Song and Princeton regardless of whether depositions were taken of them in Phase 1, as well as to take other depositions in Phase 2. Furthermore, as with Defendants, Planner 5D will be permitted in Phase 2 to ask Phase 1 deposition questions of any witness Planner 5D did not depose in Phase 1, and to seek written Phase 1 discovery during Phase 2 to the extent there is a new, articulable basis in the record to conclude that any additional non-privileged materials or information relevant to Phase 1 exist and are in a Defendant's possession, custody, or control. The parties reserve all their rights with regard to the length of depositions begun in Phase 1 and resumed in Phase 2.

IT IS FURTHER STIPULATED AND AGREED THAT Meta committed to produce certain dataset metadata and to fully comply with Judge Kim's March 18 Order (ECF 159) by June 24. The parties have not yet agreed about whether Meta has complied with Judge Kim's March 18 Order, at least with regard to Request for Production No. 29. Accordingly, the present stipulation does not waive any party's rights with regard to disputes about the sufficiency of these discovery responses.

IT IS FURTHER STIPULATED AND AGREED THAT, subject to approval of the Court, this stipulation shall have no effect on the enforceability of third-party document subpoenas served on or before June 7, 2022. Plaintiff may continue to pursue the production of documents responsive to those third-party subpoenas and request Court assistance in those efforts if necessary.

IT IS FURTHER STIPULATED AND AGREED THAT, subject to approval of the Court, if the Court denies Defendants' joint summary judgment motion regarding Phase 1 issues, in whole or in part, the parties shall resume discovery in Phase 2 on all issues not addressed in Phase 1 and shall meet and confer regarding an appropriate case schedule.

IT IS FURTHER STIPULATED AND AGREED THAT, subject to approval of the Court, at the conclusion of Phase 2, any party may again move for summary judgment, jointly or separately,

provided that such subsequent summary judgment motion not seek summary judgment of Phase 1 issues.

IT IS FURTHER STIPULATED AND AGREED THAT, subject to approval of the Court, the following deadlines shall apply to Phase 1:

| Event | Deadline |
| --- | --- |
| Plaintiff shall respond to Defendant Princeton's First Set of Requests for Admissions. | July 15, 2022 |
| Substantial completion of production of documents potentially relevant to Phase 1 issues or as agreed to among the parties. | July 15, 2022 |
| The parties shall complete Phase 1 fact witness depositions. | August 12, 2022 |
| Service of movants' expert reports, if any, in support of Phase 1 summary judgment motion.[1] | September 2, 2022 |
| Service of rebuttal expert reports, if any. | September 30, 2022 |
| The parties shall complete expert depositions, if any. | October 21, 2022 |
| Summary judgment motions due regarding Phase 1 issues (maximum of one motion per side). | November 11, 2022 |

---

[1] If this case continues to Phase 2, all parties reserve the right to prepare and serve additional expert reports addressing Phase 1 issues after the close of all fact discovery.  In addition, no rebuttal expert reports shall be treated as affirmative expert reports in Phase 2 and at trial.

IT IS SO STIPULATED, through Counsel of Record.

Dated: June 21, 2022

KIRKLAND & ELLIS LLP

/s/ Dale M. Cendali
Dale M. Cendali (S.B.N. 1969070)

Attorneys for Defendants
Meta Platforms, Inc.
and Facebook Technologies, LLC

Dated: June 21, 2022

JENNER & BLOCK LLP

/s/ Andrew H. Bart (with consent)
Andrew H. Bart

Attorneys for Defendant
The Trustee of Princeton University

Dated: June 21, 2022

THE BUSINESS LITIGATION GROUP, P.C.

/s/ Will B. Fitton (with consent)
Will B. Fitton

Attorneys for Plaintiff
UAB "Planner5D"

IT IS SO ORDERED.

Dated: June 22, 2022

[signature]

HON. WILLIAM H. ORRICK

United States District Judge

ATTESTATION PURSUANT TO CIVIL L.R. 5-1(i)(3)

I, Dale Cendali, am the ECF User whose ID and password are being used to file this document. I hereby attest that concurrence in the filing of this document has been obtained from the signatories.

DATED: June 21, 2022                            /s/ Dale M. Cendali
                                                              Dale M. Cendali