# THE BUSINESS LITIGATION GROUP P.C.

COMMERCIAL & INTELLECTUAL PROPERTY LITIGATION

Christian G. Andreu-won Euw
Direct Dial: (858) 356-2672
christian@blgrp.com

June 27, 2022

*Filed Electronically Only*

The Honorable William H. Orrick
U.S. District Court for the
Northern District of California
450 Golden Gate Avenue
Courtroom 2, 17th Floor
San Francisco, CA 94102

    Re*:*    *Planner 5D v Meta Platforms, Inc., et al.*
            No. 3:19-cv-03132-WHO (SK)

Dear Judge Orrick:

      This responds to third party Google's letter (ECF No. 180), objecting to a provision of the parties' bifurcation stipulation under which previously served subpoenas remain enforceable in Phase 1. (ECF No. 178 at 2:19–22.) The Court has since entered the stipulation without change. (ECF No. 182.)

      The Court should not modify the stipulation or otherwise stay enforcement of open subpoenas.

      The stipulation is not unfair to Google or other third parties. It merely allows Planner 5D to finish enforcing *existing* subpoenas that seek the kinds of documents that Defendants have already produced. Planner 5D may not serve *new* subpoenas until Phase 2. (ECF No. 182 at 2:19–22.)

      Third parties received these subpoenas months ago, but some, like Google, have still not complied.

      The Google subpoena, attached as Exhibit A, is typical of the pending subpoenas. It seeks only: (1) the identities and positions of personnel who used SUNCG; (2) records of those personnel referring to SUNCG; and (3) paid licenses for computer-vision machine-learning datasets (like SUNCG). Nothing more.

**THE BUSINESS LITIGATION GROUP** P.C.

The Honorable William H. Orrick
June 27, 2022
Page 2

Defendants have already produced analogous records. Defendants have produced volumes about their use of SUNCG, and Meta agreed in the stipulation to "fully comply" by June 24 with an order compelling it to disclose its scene recognition projects and produce its alternate datasets. (ECF No. 182 at 2:4–18; see ECF 159 [order].)

Defendants may have paused their work on damages, but Planner 5D cannot afford to do so. Planner 5D expects this case to proceed to Phase 2, and to trial. Neglecting to prepare these issues now will needlessly prolong Phase 2, and thus the case. Planner 5D also needs this information if the mediation that defendants have proposed should follow Phase 1 is to be meaningful.

Google was served almost four months ago. The parties have conferred repeatedly. Yet Google has produced nothing. Google has not even agreed in principle to comply. If this process is paused, this pace will simply resume in Phase 2. Interrupting enforcement now is thus sure to extend Phase 2, and the case overall.

This is why Planner 5D opposed the Defendants' bifurcation motion until Defendants agreed, among other things, that Meta would produce these damages-related materials *now*, and that Planner 5D could continue enforcing its previously served subpoenas on Google and others.

Google's proposed stay would undermine fairness rather than advance it; upset the parties' expectations in entering the stipulation; and unacceptably extend the case schedule.

The Court should reject Google's proposal.

Very truly yours,

Christian G. Andreu-von Euw
Counsel for Plaintiff UAB "Planner5D"