| | |
|---|---|
| **THE BUSINESS LITIGATION GROUP, P.C.**<br>MARC N. BERNSTEIN (SBN 145837)<br>mbernstein@blgrp.com<br>WILL B. FITTON (SBN 182818)<br>wfitton@blgrp.com<br>150 Spear Street, Suite 800<br>San Francisco, CA 94105<br>Telephone: 415.765.6633<br>Facsimile: 415.283.4804<br><br>Attorneys for Plaintiff<br>UAB "PLANNER5D" d/b/a Planner 5D | **WALKER STEVENS CANNOM LLP**<br>HANNAH CANNOM (SBN 245635)<br>hcannom@wscllp.com<br>BETHANY STEVENS (SBN 245672)<br>bstevens@wscllp.com<br>500 Molino Street, Suite 118<br>Los Angeles, CA 90013<br>Phone: 213.337.9972<br><br>Attorneys for Apple Inc. |

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| UAB "PLANNER5D" dba PLANNER 5D,<br><br>                      Plaintiff,<br>    v.<br><br>META PLATFORMS, INC., FACEBOOK TECHNOLOGIES, LLC, THE TRUSTEES OF PRINCETON UNIVERSITY, DOES 1-200, ABC CORPORATIONS 1-20, and XYZ UNIVERSITIES 1-20.<br><br>                      Defendants. | **Case No. 3:19-cv-03132-WHO**<br>Case No. 3:20-cv-02198-WHO<br>Case No. 3:20-cv-08261-WHO<br><br>The Honorable William H. Orrick<br><br>**JOINT LETTER BRIEF RE: DISCOVERY DISPUTE**<br><br>April 21, 2022 |

Counsel for plaintiff UAB "Planner 5D" (P5D) and non-party Apple Inc. attest that before filing this letter they met and conferred telephonically and complied with Section 9 of the Northern District's Guidelines for Professional Conduct regarding discovery.

Dated: June 28, 2022

/s/ Marc N. Bernstein
Marc N. Bernstein (SBN 145837)
mbernstein@blgrp.com
Will B. Fitton (SBN 182818)
wfitton@blgrp.com
Christian Andreu-von Euw (SBN 265360)
christian@blgrp.com
THE BUSINESS LITIGATION GROUP, P.C.
150 Spear Street, Suite 800
San Francisco, CA 94105
Telephone: (415) 765-6633

Attorneys for Plaintiff UAB "Planner5D"

/s/ Hannah Cannom
Bethany Stevens (SBN 245672)
bstevens@wscllp.com
Hannah Cannom (SBN 245635)
hcannom@wscllp.com
WALKER STEVENS CANNOM LLP
500 Molino Street, Suite 118
Los Angeles, CA 90013
Phone: 213.337.9972

Attorneys for Apple Inc.

**The Dispute:**

On May 20, 2022, Planner 5D served Apple the attached subpoena, which seeks (1) e-mails that Apple previously agreed to produce and has already collected for production; (2) a license agreement; and (3) five purchases orders under that license agreement. (Ex. A.) Apple served objections on June 3, 2022. (Ex. B) Apple objects to producing responsive documents by a date certain. P5D asks the Court to order Apple to produce all responsive documents within three business days after entry of the order.

The relevant discovery cutoff, the final pretrial conference, and the trial date are not yet set. (ECF No. 182.)

**Planner 5D's Position:**

Apple obtained and presumably used the SUNCG dataset, the computer vision dataset created by Princeton from unauthorized copies of P5D's three-dimensional works. Apple later contacted Princeton about licensing the dataset for commercial use. Princeton declined. Apple then sought a license from P5D, on whose works SUNGC is based. P5D declined. Unable to legally acquire P5D's dataset, Apple licensed other digital objects and scenes from a different company, Evermotion, and used them to create its own computer vision dataset, Hypersim.

On May 3, this Court quashed P5D's original subpoena on Apple based on its breadth as written. (ECF No. 163.) The Court later clarified that P5D could serve a new subpoena on Apple, but that the Court was not ruling in advance on such a subpoena's acceptable scope. (ECF No. 167.)

On May 20, P5D served Apple with the current subpoena, which consists of three very simple, very narrow requests:

Request 1 confirms that Apple will produce documents that it has already collected and repeatedly agreed to produce: e-mails relating to SUNCG and Planner 5D. Apple first agreed to produce these documents *months ago*, but never followed through. In April, P5D threatened to move to compel, raising Princeton's delay in producing the promised documents in its first draft of its portion of the earlier joint letter motion. Planner 5D agreed to drop that section from the motion based on Apple's further assurances that a production was forthcoming. Then, after the Court's May 3 order, on May 5, Apple confirmed again that it would still complete the agreed production. This often-agreed,

long-delayed production is all that Request 1 seeks.

Request 2 seeks a single license for Evermotion data that Apple already has in hand.

Request 3 seeks the five purchase orders under that license that are easiest for Apple to find.[1]

The evidence sought is relevant to Planner 5D's damages claim. For example, the e-mails are likely to show how Apple used the infringing SUNCG dataset and what value Apple placed on Planner 5D's works. The licensing documents will show what Apple paid for an alternative dataset and on what terms.

The three basic requests are hardly burdensome. It should take Apple little time to comply. Yet Apple continues to stall and delay. Apple refuses to commit to comply at all, let alone in full and within a reasonable time. On June 16, P5D asked Apple to commit to producing all responsive documents by June 24. When the parties conferred on June 21, Apple asked for two more weeks to complete its review and still committed to nothing. P5D thus amended its demand, asking Apple to commit to a complete production by July 1. Apple again refused to commit to complying by July 1, or any other date. Apple offered no explanation for wanting more time to comply.

Apple cannot justify further delay. It should be easy for Apple to produce already-collected e-mails, one license, and five purchase orders. If Apple claims that these three simple requests are unduly burdensome or that timely compliance is impossible, the Court should require Apple to submit declarations or other competent evidence to support those objections. *See La. Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer*, 285 F.R.D. 481, 485 (N.D. Cal. 2012) ("[T]he party opposing discovery has the burden of showing that discovery should not be allowed, and also has the burden of clarifying, explaining and supporting its objections with competent evidence.").

Apple cannot meet that burden. It cannot establish that it is disproportionately burdensome to produce (1) e-mails Apple has already collected and promised to produce; (2) a license it already has in hand; and (3) its five easiest-to-find purchase orders. The Court should order Apple to produce all responsive documents within three business days of service of the order.

---

[1] Request 3 reads in full: "The first five purchase orders submitted under the Evermotion License that Apple identifies after reasonable investigation." Below, Apple misleadingly shortens this to "first five purchase orders submitted." This changes the meaning. The unedited request clearly refers to the "first five purchase orders . . . that Apple identifies"—that is, the easiest to find.

**Apple's Position:**

Planner 5D's second subpoena to Apple seeks onerous damages discovery from non-party Apple despite that (i) the Court previously quashed a similar subpoena to Apple in its entirety because of the minimal relevance of the information sought (*see* Dkt. No. 163); and (ii) the Court has stayed party discovery on damages issues in view of Defendant's forthcoming summary judgment motion on threshold ownership issues that may render damages discovery wholly unnecessary (*see* Dkt. No. 182). In seeking to enforce its second subpoena against Apple, Planner 5D misrepresents the scope of its demands of Apple and its negotiations with Apple regarding such demands. Apple is not opposed to negotiating with Planner 5D regarding the scope of the second subpoena—namely, Apple inquired whether Planner 5D was willing to stand down on or, at a minimum, defer enforcement of Request Nos. 2 and 3 pending the stay of damages discovery—but Planner 5D refuses to do so and instead demands that Apple produce everything sought by the second subpoena by July 1, 2022 (less than two weeks after the first and only meet and confer regarding the second subpoena). Plaintiff's demands are arbitrary, unreasonable, and its second subpoena—just as with its first subpoena—should be quashed as imposing an undue burden on non-party Apple.

This Court has already determined that the relevance of the information sought by Planner 5D from Apple is "minimal at best." (Dkt. No. 163 at 2.) Since then, the parties to the litigation have agreed to set aside the "extensive damages discovery sought by Planner 5D" until after determination of Defendants' summary judgment motion. (Dkt. No. 166 at 1.) The documents demanded in the second subpoena will have no relevance ***at all*** unless and until Planner 5D survives Defendants' forthcoming summary judgment motion, which concerns the threshold issues of whether Plaintiff owns and can enforce the copyrights and trade secrets on which it bases its claims. In the interim, Planner 5D's demands are untimely and inappropriate, and a mere fishing expedition. *See e.g., Blagman v. Apple Inc.*, Case No. 13-cv-8496-PSG, 2014 WL 12607841 at *2 (N.D. Cal. Jan. 6, 2014) ("discovery must be narrowly tailored … and must not be a fishing expedition.") (citations omitted); *Ameri v. GEICO General Ins. Co.*, Case No. 14-cv-0966-JB-SCY, 2015 WL 4461212 *6 (D.N.M. July 13, 2015) ("Discovery is not intended to be a fishing expedition, but rather is meant to allow the parties to flesh out allegations for which they initially have at least a modicum of objective support.")

(internal citations and quotations omitted).

Given the minimal (if any) relevance of the documents demanded by Planner 5D, the burden on non-party Apple of complying with the second subpoena (particularly on Plaintiff's arbitrary timetable) would be disproportionate and undue. This is especially true for the documents and information that would require Apple to engage in substantial discovery. (Dkt. No. 163 at 2.) To minimize this burden to the Court, Planner 5D misconstrues the scope of the second subpoena. For example, in this Joint Statement, Planner 5D states that its Request No. 3 seeks "the five purchase orders under that license that are easiest for Apple to find." But this is not true; the second subpoena seeks the "first five purchase orders submitted." And as Apple made clear in the briefing on the first subpoena, identifying those first five purchase orders sought by Request No. 3 would require multiple interviews across business groups and would be unduly burdensome on non-party Apple. (*See* Dkt. No. 162 at 6:8-17.)

Request No. 1 also shows the burdensome nature of this second subpoena. Despite that this Court quashed the first subpoena in its entirety, Planner 5D continues to demand that Apple review and produce "[a]ll non-privileged 'internal and external e-mails collected from current and former APPLE employees related to P5D and the SUNCG dataset." But this Request is improper and unduly burdensome, especially at this juncture. Planner 5D's subpoena demands that Apple review hundreds if not thousands of documents for responsiveness and privilege because "the e-mails are likely to show how Apple used the infringing SUNCG dataset and what value Apple placed on Planner 5D's works." (*Supra* at 2.) But this is an undue burden to a non-party. *See Fears v. Wilhelmina Model Agency, Inc.*, 2004 WL 719185, at *1 (S.D.N.Y. Apr.1, 2004) ("[W]here, as here, discovery is sought from a non-party, the Court should be particularly sensitive to weighing the probative value of the information sought against the burden of production on the non party.").

Here, Planner 5D has not met its burden of showing that production of the documents sought by the second subpoena are proportional to the needs of the case, especially on the time frame demanded. In view of the foregoing, Apple respectfully requests that the Court quash the second subpoena in its entirety or table its resolution until after the Court lifts the stay of damages-related party discovery.

Dated: June 28, 2022

Respectfully submitted,

| | |
|---|---|
| /s/ Marc N. Bernstein | /s/ Hannah Cannom |
| Marc N. Bernstein (SBN 145837) | Bethany Stevens (SBN 245672) |
| mbernstein@blgrp.com | bstevens@wscllp.com |
| Will B. Fitton (SBN 182818) | Hannah Cannom (SBN 245635) |
| wfitton@blgrp.com | hcannom@wscllp.com |
| Christian Andreu-von Euw (SBN 265360) | WALKER STEVENS CANNOM LLP |
| christian@blgrp.com | 500 Molino Street, Suite 118 |
| THE BUSINESS LITIGATION GROUP, P.C. | Los Angeles, CA 90013 |
| 150 Spear Street, Suite 800 | Phone: 213.337.9972 |
| San Francisco, CA 94105 | |
| Telephone: (415) 765-6633 | Attorneys for Apple Inc. |

Attorneys for Plaintiff UAB "Planner5D"

## ATTESTATION

I, Marc N. Bernstein, am the ECF user whose ID and password are being used to file this Joint Discovery Letter Brief. In compliance with Local Rule 5-1(i)(3), I hereby attest that concurrence in the filing of this document has been obtained from all signatories.

Dated: June 28, 2022                          By: /s/ Marc N. Bernstein
                                                  Marc N. Bernstein