# Exh. B



June 3, 2022

*Via Email Only*

Amy Kashiwabara
Business Litigation Group
akashiwabara@blgrp.com

    Re:    *UAB "Planner 5D" dba Planner 5D v. Facebook, et al.*,
            Case No. 3:19-cv-03132-WHO

Dear Amy,

As you know, this firm represents Apple Inc. ("Apple") in connection with the second Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of a Premises in a Civil Action served on behalf of your clients in the above-captioned action on or around May 20, 2022 (the "Subpoena"). Apple asserts the objections outlined below.

*First*, Apple's corporate headquarters is located in territory covered by the U.S. District Court for the Northern District of California, not the Central District of California where plaintiffs served the Subpoena. Pursuant to Federal Rule of Civil Procedure 45, the U.S. District Court for the Northern District of California is the governing district for purposes of the Subpoena and any related motions. Nothing in these objections and responses should be interpreted either as a waiver of the jurisdiction of the Northern District of California or a concession that the U.S. District Court for the Central District of California has jurisdiction over Apple here.

*Second*, Apple objects to the Subpoena as untimely given the current status of the underlying litigation. I understand that the parties will be discussing bifurcation with the Court at the next Case Management Conference on Tuesday, June 7, 2022. Defendants are requesting that the Court stay discovery on liability, Defendants' affirmative defenses, and any alleged damages until after an early summary judgment motion on ownership of the copyrights and trade secrets alleged by Planner 5D in its complaint. Because the discovery sought by Planner 5D from Apple falls into the category of discovery that would be stayed pending resolution of the summary judgment motion if Defendants' request for bifurcation is granted, Apple objects to the Subpoena until the Court rules on bifurcation.

*Third,* Apple objects to this second Subpoena as failing to take reasonable steps to avoid imposing undue burden and expense on non-party Apple. Indeed, with respect to at least Request Nos. 2 and 3, Magistrate Judge Kim has already found that "[t]he relevance of Apple's

A, Kashiwabara
June 3, 2022
Page 2 of 3

actions in a similar business to potential damages in Plaintiff's case is low, and the burden of asking a non-party to engage in substantial discovery outweighs any minimal relevance here." Dkt. No. 163. Moreover, Apple objects to Request No. 1 as overbroad and unduly burdensome to the extent that it demands that Apple produce "[a]ll non-privileged" documents "that APPLE was or is reviewing." Moreover, Apple objects to all requests in that they are unbounded in time. Apple will meet and confer with Planner5D regarding the scope of the second Subpoena in view of these objections.

*Fourth*, Apple objects to each Request, Definition, and Instruction to the extent it requires disclosure of Apple confidential commercial information and/or disclosure of an unretained expert's opinion or information. To the extent Apple produces any documents or information in response to the Subpoena, such production would be subject to Apple's obligations to impacted parties or third-parties under any applicable confidentiality agreements. Such production would require the entry of, and would be subject to, an appropriate protective order limiting the use and disclosure of such information.

*Fifth,* Apple again objects to the Definitions and Instructions to the extent that they attempt to enlarge, broaden, modify, or otherwise change Apple's obligations under the Federal Rules. For example, Instruction G purports to change Apple's obligations through its demand that Apple "affirmative state in [Apple's] written response the full extent to which [Apple] will produce materials" and that Apple "promptly, after production, confirm in writing that [it] ha[s] produced all such material so described that has been located after a diligent search of all locations where such materials might plausibly be found." Apple will perform its investigation, negotiate the scope of the Subpoena, and make its production, if any, in compliance with the Federal Rules of Civil Procedure. Further, Apple did not negotiate or enter into the Protective Order, and Apple therefore objects to being subject to this order.

*Sixth,* Apple again objects to each Request, Definition, and Instruction as oppressive, improper, and not relevant to the current litigation or any party's claims or defenses. For example, Apple objects to the definition of "AFFILIATES" as oppressive and improper, and not relevant to the claims and defenses. In addition, Apple restates that its internal communications and analyses are not relevant here. Rather, these Requests again appear to be improper fishing expeditions for general information regarding Apple and its business practices that is not related to or necessary for the current litigation. Absent plaintiffs showing the Subpoena's direct relevance to the parties' claims and/or defenses in this lawsuit, Apple will not produce internal communications and/or analyses (assuming such documents exist).

*Sixth,* Apple objects to the undefined terms "P5D" and the "SUNCG DATASET" as overly broad, vague, unclear, and would call for the subjective judgment of Apple and its attorneys. Moreover, Apple objects to the Subpoena to the extent it seeks "[a]ll non-privileged 'internal and external e-mails collected from current and former APPLE employees related to P5D and the SUNCG dataset'" as overly broad. "The subpoena should be tailored to request only

A, Kashiwabara
June 3, 2022
Page 3 of 3

information reasonably necessary to address specific issues in the case." *Rankine v. Roller Bearing Co. of Am., Inc.*, Case No. 12-cv-2065-IEG (BLM), 2013 WL 3992963, at *3 (S.D. Cal. Aug. 5, 2013) (*citing Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 813 (9th Cir. 2003)). Here, the Subpoena fails to identify narrowly tailored information that is available to Apple, solely in the possession of Apple, understood by Apple, and relevant to the underlying litigation.

*And finally,* Apple further objects to the Subpoena to the extent that it seeks information protected by the attorney-client privilege or work product doctrine. Apple will not produce privileged information. Production of any such information would be inadvertent and does not constitute a waiver of the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity.

Apple submits these responses and objections on the basis of information now known to Apple and without waiving any additional objections Apple may have to the Subpoena, all of which are expressly reserved. Apple reserves the right to modify or amend these responses and objections at any time. Apple further reserves all objections or other questions as to the competency, relevance, materiality, privilege, or admissibility as evidence in any subsequent proceeding in or at trial of this or any other action, for any purpose whatsoever, of any information identified herein or provided in response to the Subpoena.

Please reach out to me to discuss.

Sincerely,

*/s/ Hannah Cannom*

Hannah Cannom