UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UAB "PLANNER5D",<br><br>    Plaintiff,<br><br>    v.<br><br>META PLATFORMS, INC., et al.,<br><br>    Defendants. | Case No. 19-cv-03132-WHO   (SK)<br><br>**ORDER REGARDING JOINT DISCOVERY LETTER BRIEF**<br><br>Regarding Docket No. 186 |

On July 1, 2022, the parties filed a joint discovery letter brief describing their current discovery dispute in this matter. (Dkt. No. 186.) Defendants move to compel production of 134 documents on Plaintiff's privilege log because the law of Lithuania does not protect them from disclosure. Plaintiff is a private company organized under the laws of Lithuania, and the employees who authored or received the documents in question are based in Lithuania. Plaintiff identified 107 documents between its employees and in-house counsel as protected by attorney-client privilege and attorney work product. Additionally, Plaintiff identified as privileged 27 communications between its lawyers and an in-house lawyer for a company that invested in Plaintiff. Defendants argue that, since Lithuanian law does not protect these documents from disclosure, this Court should not. Federal common law governs this action, which involves federal claims. Fed.R.Evid. 501. When there is a privilege dispute regarding communications in a foreign country, the court must apply a "touch base" test to determine which country's law of privilege applies. *Cadence Pharmas., Inc. v. Fersneius Kabi USA , LLC*, 996 F.Sup.2d 1015, 1019 (S.D. Cal. 2014) (internal citations omitted). Courts apply the law of the country that has the "'predominant'" or 'the most direct and compelling interest' in whether the challenge communications should remain confidential" – which is usually the "place where the alleged privileged relationship was entered into or the place in which that relationship was centered at the

time communication [sic] was sent." *Id*. (citing *Astra Aktiebolag v. Andrx Pharmaceuticals, Inc.,* 208 F.R.D. 92, 98 (S.D.N.Y.2002)).  Here, the parties agree that, because the communications were made in Lithuania, Lithuanian law of privilege applies.  Defendants argue that Lithuanian law does not protect communications between employees and in-house lawyers.  Plaintiff does not dispute that general analysis but points out that Lithuanian law would not compel disclosure of the documents in question because they are not "necessary to the decision of the case."  (Dkt. No. 186.)  This case is similar to *Astra*, in which the court found that Korean law applied, that there was no privilege under Korean law to protect those documents from disclosure, and that Korean discovery in general would not allow disclosure of the documents in question.  *Id*. at 102.  In that case, based on the last factor, the Court did not require production of the disputed documents.  *Id*.  Here, similarly, there is no showing that Defendants would be able to obtain the communications between in-house counsel and its employees under Lithuanian law.  For this reason, Defendants' motion to compel discovery of communications between Plaintiff's in-house lawyers and Plaintiff's employees is DENIED.

**IT IS SO ORDERED**.

Dated:  July 8, 2022

_____
SALLIE KIM
United States Magistrate Judge

2