MARC N. BERNSTEIN (SBN 145837)
mbernstein@blgrp.com
WILL B. FITTON (SBN 182818)
wfitton@blgrp.com
CHRISTIAN G. ANDREU-VON EUW (SBN 265360)
christian@blgrp.com
THE BUSINESS LITIGATION GROUP, P.C.
150 Spear Street, Suite 800
San Francisco, CA 94105
Telephone: 415.765.6633
Facsimile: 415.283.4804

Attorneys for Plaintiff
UAB "PLANNER5D"

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UAB "PLANNER5D" dba PLANNER 5D,<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC., FACEBOOK TECHNOLOGIES, LLC, THE TRUSTEES OF PRINCETON UNIVERSITY, DOES 1-200, ABC CORPORATIONS 1-20, and XYZ UNIVERSITIES 1-20.<br><br>Defendants. | **Case No. 3:19-cv-03132-WHO (SK)**<br>**Case No. 3:20-cv-08261-WHO**<br><br><br><br>**MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE** |

Planner 5D moves the Court to set aside the May 3, 2022, order of the Magistrate Judge, which stays decision on a motion to compel Apple Inc. to produce certain documents responsive to a subpoena. (ECF No. 187.) The Magistrate Judge's stay would modify the stipulated case schedule this Court recently entered. (ECF No. 182.) Only this Court can modify the case schedule.

## I.    LEGAL STANDARDS

The district court may reconsider a magistrate judge's nondispositive rulings if "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). "The magistrate's legal conclusions are reviewed de novo[.]" *EEOC v. Peters' Bakery*, 301 F.R.D. 482, 484 (N.D. Cal. 2014).

Only the assigned judge can modify the case schedule. Fed. R. Civ. P. 16(b)(4); Civil L.R. 16-2(d). Magistrate Judges to whom discovery is referred cannot. *Uniloc 2017 LLC v. Apple, Inc.*, No. 5:19-cv-1929, 2020 WL 978678, at *7 (N.D. Cal. Feb. 28, 2020); *Nuance Commc'ns, Inc. v. ABBYY Software House*, No. 3:08-cv-2912, 2012 WL 2838431, at *1 (N.D. Cal. July 10, 2012).

## II.   BACKGROUND

On June 22, this Court entered a stipulated order bifurcating discovery and making other changes to the case schedule. (ECF No. 182.) The new schedule stays discovery on certain issues during Phase 1. But it expressly allows Planner 5D to complete its ongoing enforcement of subpoenas against Apple, Google, and others, with the Court's assistance if necessary. (ECF No. 182 at 2:19–22.)

Also on June 22, third party Google filed a letter with the Court objecting to the provision that allows Planner 5D to enforce previously served subpoenas during Phase 1. (ECF No. 180.) Planner 5D filed its response on June 27. (ECF No. 183.) The Court has not yet ruled on Google's objection.

Planner 5D has continued working to enforce its existing subpoenas, including a November 2021 subpoena served on Apple.

1

**Motion for Relief from Order of Magistrate Judge**                Case No. 3:19-cv-03132-WHO (SK)

1  Planner 5D has been working to get documents from Apple for over seven
2  months. This April, Judge Kim quashed Planner 5D's original subpoena as overbroad
3  but allowed Planner 5D to serve a narrower one. (ECF 167.) Planner 5D's current
4  subpoena is very narrow.  It seeks only (i) certain e-mails Apple collected months ago
5  and had previously agreed to produce; (ii) a single license that Apple already has in
6  hand; and (iii) the five easiest-to-find purchase orders under that license. (*See* ECF No.
7  184 at 1:20–2:7.)
8  On June 28, the parties asked Judge Kim whether Apple should be compelled to
9  promptly produce all responsive documents. (ECF No. 184.) On July 7, Judge Kim
10  deferred resolution of this issue, ruling that "it is appropriate to stay this dispute"
11  pending resolution of the summary judgment motion contemplated by the stipulated
12  order. (ECF No. 187 at 182 at 1:18–25.)

13  **III.  ARGUMENT**

14  Judge Kim's ruling altered the current case schedule. That schedule expressly
15  permits Planner 5D to enforce existing subpoenas in Phase 1. (ECF No. 182 at 2:19–22.)
16  Modifying the schedule is the Court's province. *See* Fed. R. Civ. P. 16(b)(4); Civil L.R. 16-
17  2(d); *Uniloc 2017*, 2020 WL 978678, at \*7; *Nuance Commc'ns*, 2012 WL 2838431, at \*1. The
18  order staying a decision on the Apple subpoena was therefore "contrary to law." *See*
19  Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).
20  At Google's request, this Court is already deciding the third-party timing issue.
21  (ECF No. 180.) As Planner 5D explains in its response to Google's submission, its right to
22  enforce existing third-party subpoenas in Phase 1 was key to Planner 5D's assent to
23  Defendants' proposed bifurcation. (ECF No. 183.) Continuing enforcement is necessary
24  to avoid undue delay of Phase 2 of the litigation. Ten months' wrangling with third
25  parties over documents amply illustrates Planner 5D's concern. Apple in particular has
26  produced just two e-mail chains after eight months of negotiations.
27
28

**2**

**Motion for Relief from Order of Magistrate Judge**                                    Case No. 3:19-cv-03132-WHO (SK)

**IV. CONCLUSION**

Accordingly, Planner 5D requests the Court to set aside the stay of a decision of the Apple issue and return the issue to Judge Kim for a decision on the merits.

RESPECTFULLY SUBMITTED,

DATED: July 14, 2022                THE BUSINESS LITIGATION GROUP, P.C.

By:     */s/Marc N. Bernstein*
            Marc N. Bernstein

Attorneys for Plaintiff
UAB "PLANNER5D"