**WALKER STEVENS CANNOM LLP**
HANNAH L. CANNOM (SBN 245635)
hcannom@wscllp.com
BETHANY STEVENS (SBN 245672)
bstevens@wscllp.com
500 Molino Street, Suite 118
Los Angeles, CA 90013
Phone: 213.337.9972

*Attorneys for Non-Party Apple Inc.*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| UAB "PLANNER5D" dba PLANNER 5D,<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC., FACEBOOK TECHNOLOGIES, LLC, THE TRUSTEES OF PRINCETON UNIVERSITY, DOES 1-200, ABC CORPORATIONS 1-20, and XYZ UNIVERSITIES 1-20.<br><br>Defendants. | **Case No. 3:19-cv-03132-WHO**<br>Case No. 3:20-cv-02198-WHO<br>Case No. 3:20-cv-08261-WHO<br><br>The Honorable William H. Orrick<br><br>**NON-PARTY APPLE INC.'S OPPOSITION TO MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE** |

      Planner 5D misconstrues the present dispute with non-party Apple and the Magistrate Judge's order regarding that dispute in its continued attempt to seek untimely and burdensome damages discovery from a non-party to the litigation. Indeed, Planner 5D's "ten months' wrangling with third parties over documents" is a problem of its own making. Six months after it served its first subpoena on Apple, Magistrate Judge Kim quashed that subpoena in its entirely, finding that the burden to non-party Apple of producing the information sought exceeded such information's relevance, which was "minimal at best." (Dkt. No. 163 at 2:17.) Undeterred, Plaintiff served a second subpoena on Apple, which demanded a subset of the damages-related information sought in the original subpoena, which information continues to be largely (if not entirely) irrelevant to the present dispute. Planner 5D now complains to this Court that the Magistrate Judge's order staying determination of Planner 5D's second motion to compel pending the outcome of Defendants' forthcoming summary judgment motion(s) (which motion(s) may very well moot the dispute) "would modify the stipulated case schedule." (Dkt. No. 189 at 1.) But Planner 5D is wrong. Magistrate Judge Kim's order merely defers her own determination of the motion until it is timely based on this Court's order staying damages discovery pending the outcome of Defendants' forthcoming summary judgment motion(s).

      On June 22, 2022, this Court entered a stipulation bifurcating discovery to allow for an early summary judgment motion by Defendants. (Dkt. No. 182 at 1.) That Planner 5D stipulated to defer damages discovery underscores the lack of present need for such documents. On July 7, 2022, Magistrate Judge Kim stayed determination of Planner 5D's second motion to compel non-party Apple to produce documents finding that such documents are "not relevant to the issues for the summary judgment motion or motions," and that it is therefore "appropriate to stay [Plaintiff's dispute with Apple]" until the outcome of those motions. (Dkt. No. 187 at 1.) This order did not "modify the case schedule." (Dkt. No. 189 at 1.) Indeed, Magistrate Judge Kim's order does not alter or change any deadlines by which parties or non-parties must comply with their proper discovery obligations. Instead, it merely defers the Magistrate Judge's decision so as to conserve judicial resources. It would waste such resources to consider and rule on a motion that may be mooted by the Court's ruling on the summary judgment motion(s). The Magistrate Judge has the inherent authority to manage her own docket, and her decision to do so here is neither clearly erroneous nor contrary to law.

1  The cases cited by Planner 5D do not lead to a different conclusion. Neither stands for the proposition that a magistrate's deferral of determination of a motion is improper if it does not otherwise alter the deadlines in the litigation. *See, e.g. Uniloc 2017 LLC v. Apple, Inc.*, No. 5:19-cv-1929, 2020 WL 978678, at *7 (N.D. Cal. Feb. 28, 2020) ("As a general matter, a request to ***modify the deadlines set in a scheduling order*** is properly directed to the presiding judge who issued the order, not the undersigned magistrate judge.") (emphasis added); *Nuance Commc'ns, Inc. v. ABBYY Software House*, No. 3:08-cv-2912, 2012 WL 2838431, at *1 (N.D. Cal. July 10, 2012) (magistrate judge finding that she does not have the authority to allow for an eight-week extension to the discovery cut-off).

Moreover, Magistrate Judge Kim's order balances "the burden to the subpoenaed party against the value of the information to the serving party . . . ." *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005). At this juncture, the information sought from Apple has absolutely no value to Planner 5D unless and until the summary judgment motion is resolved in its favor. (And even then, such information is likely irrelevant.) "Concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs in a Rule 45 inquiry." *Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 300 F.R.D. 406, 409 (C.D. Cal. 2014) (internal quotations and citations omitted); *see also Intermarine, LLC v. Spliethoff Bevrachtingskantoor, B.V.*, 123 F. Supp. 3d 1215, 1218-19 (N.D. Cal. 2015) ("the Ninth Circuit has long held that nonparties subject to discovery requests deserve extra protection from the courts") (citations omitted). In view of the foregoing, the Court should not set aside the Magistrate Judge's order and should allow for deferral of the motion until after resolution of the summary judgment motion(s).

//
//
//
//
//
//

**Non-Party Apple Inc.'s Opposition**    CASE NO. 3:19-cv-003132

Dated:  July 20, 2022

Respectfully submitted,

  *Hannah L. Cannom*
Hannah L. Cannom (SBN 245635)
hcannom@wscllp.com
Bethany Stevens (SBN 245672)
bstevens@wscllp.com
WALKER STEVENS CANNOM LLP
500 Molino Street, Suite 118
Los Angeles, CA 90013
Phone: 213.337.9972

*Attorneys for Non-Party, Apple Inc.*