1   MARC N. BERNSTEIN (SBN 145837)
    mbernstein@blgrp.com
2   WILL B. FITTON (SBN 182818)
    wfitton@blgrp.com
3   CHRISTIAN G. ANDREU-VON EUW (SBN 265360)
    christian@blgrp.com
4   THE BUSINESS LITIGATION GROUP, P.C.
    150 Spear Street, Suite 800
5   San Francisco, CA 94105
    Telephone: 415.765.6633
6   Facsimile: 415.283.4804

7   Attorneys for Plaintiff
    UAB "PLANNER5D"
8

9                   UNITED STATES DISTRICT COURT

10              NORTHERN DISTRICT OF CALIFORNIA

11                    SAN FRANCISCO DIVISION

12

13

14   UAB "PLANNER5D" dba PLANNER 5D,          Case No.  3:19-cv-03132-WHO (SK)
                                              Case No.  3:20-cv-08261-WHO
15              Plaintiff,

16         v.                                 DECLARATION OF MARIUS INTA
                                              IN OPPOSITION TO DEFENDANTS'
17                                            MOTION FOR RELIEF FROM
     META PLATFORMS, INC., FACEBOOK           NONDISPOSITIVE PRETRIAL
18   TECHNOLOGIES, LLC, THE TRUSTEES          ORDER OF MAGISTRATE JUDGE
19   OF PRINCETON UNIVERSITY, DOES 1-
     200, ABC CORPORATIONS 1-20, and XYZ
20   UNIVERSITIES 1-20.

21
              Defendants.
22

23

24

25

26

27

28

---

Inta Decl. Opp. Defs' Motion for Relief                    Case No. 3:19-cv-03132-WHO (SK)

1    Marius Inta declares:

2         1.    I am a litigation lawyer licensed to practice law in Lithuania since 2007,

3    having received my master's degree in law from Vilnius University in 2003. I am

4    currently a partner and the Head of the Commercial Disputes Practice Group at

5    Cobalt Lithuania. Cobalt is a leading law firm in the Baltic States.

6         2.    I have extensive experience representing clients both in Lithuania's

7    courts of general jurisdiction, in its administrative courts and before the European

8    Court of Justice. My areas of expertise include representing and assisting clients in

9    various commercial litigation matters, especially focusing on disputes for

10   compensation for damages, insurance coverage, intellectual property infringements

11   and competition law.

12        3.    The below-cited legal decisions and provisions of the Code of Civil

13   Procedure of the Republic of Lithuania ("LCCP") originally appear in Lithuanian.

14   The English translations are either my own or I confirm them to be accurate.

15        4.    In Lithuania, there is no *inter partes* pre-trial discovery in civil litigation,

16   as there is in some other countries. That is, parties are not required to produce

17   evidence upon request without the court's involvement.

18        5.    Instead of exchanging evidence ahead of trial, parties in Lithuania

19   submit evidence *directly to the court*. LCCP, Art. 199(2).

20        6.    The court only receives evidence that "confirms or denies

21   circumstances relevant to the case." LCCP, Art. 180.

22        7.    If a party does not submit evidence on its own, the court can order it to

23   do so. LCCP, Art. 198(1).

24        8.    A party can also request the court to compel another party to submit

25   evidence to the court. LCCP, Art. 199(1). A party making such a motion must show

26   "the circumstances that may be substantiated by the requested written evidence,"

27   among other things. LCCP, Art. 199(1)(iii).

28

1

9.      Based on these provisions of the LCCP, a Lithuanian court will only compel production if the requested documents are necessary and important to the case, meaning that a comprehensive examination of the case is not possible without the requested evidence. Ruling of the Lithuanian Court of Appeals of 24 May 2013 in civil case No 2A-1765/2013; Ruling of the Lithuanian Court of Appeals of 31 July 2014 in civil case No 2-1303/2014; Ruling of the Lithuanian Court of Appeals of 4 December 2014 in civil case No 2-1895/2014.

10.      Prof. Mikelėnas argues that these decisions turn on relevancy rather necessity to the case. (ECF No. 196-1 ¶¶ 26–29.) He states that a court deciding whether to compel production "only makes a preliminary review of the relevance of the evidence sought to be recovered to the case file," and reserves its "final assessment" for "the final judgment on the merits." (ECF No. 196-1 ¶ 24.)

11.      But, under Lithuanian procedural law, evidence is only considered "relevant" for purposes of discovery if it is germane to an issue *and also* "necessary to the case." There is therefore no officially approved distinction between what is "relevant to the case" and what is "necessary to the case" in Lithuanian case law. The cited decisions do state that courts can recover evidence if the requesting party proves that it has at least a minimal relevance to the case. But the same decisions confirm that the evidence sought to be recovered must be necessary to determine the facts of the case and not excessive.

12.      Prof. Mikelėnas's own treatise confirms that Lithuanian courts only admit evidence that is "necessary and sufficient" to establish the facts of the case, and that this phrase is used interchangeably with "relevance":

> The court admits and examines only such evidence that
> supports the facts relevant to the case. This feature of evidence,
> which at the same time is one of the most important
> evidentiary rules, is known as relevance of evidence. In every

2

1       civil case, evidence must concentrate solely on the subject-

2       matter to be proven, i.e. the facts that must be established and

3       examined. *Therefore, only information that is necessary and*

4       *sufficient for establishing all the facts of the case may be*

5       *admitted, examined, and assessed.* This rule helps to sort out

6       from a great deal of information such information that has

7       nothing to do with the case, so as not to burden the court with

8       superfluous work of examining facts that are irrelevant to the

9       case. It is for the judge to determine whether the evidence that

10       the parties to the case have adduced and that they request to

11       recover is relevant to the case.

12  Egidijus Laužikas, Valentinas Mikelėnas, & Vytautas Nekrošius, *Civilinio Proceso*

13  *Teisė, II tomas.* (The Law on Civil Procedure, Vol. II), at 451 (2003) (emphasis added).

14      13.    As Prof. Mikelėnas correctly notes in this excerpt, the rule permitting

15  discovery only of evidence that is both relevant *and necessary* is critical to managing

16  the workload of the judiciary, which, as noted above, reviews the parties'

17  productions.

18      14.    This standard was reaffirmed in a recent decision of the Lithuanian

19  Court of Appeals. Ruling of the Lithuanian Court of Appeals of 28 June 2022 in civil

20  case No e2A-385-933/2022. The Court of Appeals affirmed the decision and reasoning

21  by a court of first instance rejecting a request for written evidence on the basis that

22  the requesting party sought to recover extensive evidence and did not prove the

23  necessity of the requested evidence to the case.

24      15.    When a motion to compel granted, written evidence must be "sent

25  *directly to the court* within the time limit set by the court." LCCP, Art. 199(2)

26  (emphasis added). Alternatively, the court can order the written evidence to be

27

28

Inta Decl. Opp. Defs' Motion for Relief          Case No. 3:19-cv-03132-WHO (SK)

1  produced to the requesting party "*so that it can be submitted to the court*." LCCP, Art.

2  199(4) (emphasis added).

3       16.     Based on the foregoing, it remains our opinion that under Lithuanian

4  civil procedure, the requesting party must prove requested discovery is closely

5  connected with the subject matter of the case, and that such written evidence is

6  necessary and important for the examination of the civil case.

7       I declare under penalty of perjury under the laws of the United States of

8  America that the foregoing is true and correct. Executed on July 27, 2022.

9

10

11                                      Marius Inta

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4