Case 3:19-cv-03132-WHO   Document 202   Filed 08/09/22   Page 1 of 12

<div style="display: flex;">

<div>

**THE BUSINESS LITIGATION GROUP, P.C.**
MARC N. BERNSTEIN (Cal. Bar No. 145837)
mbernstein@blgrp.com
WILL B. FITTON (Cal. Bar No. 182818)
wfitton@blgrp.com
CHRISTIAN G. ANDREU-VON EUW (Cal. Bar No. 265360)
christian@blgrp.com
150 Spear Street, Suite 800
San Francisco, CA 94105
Phone:      (415) 765-6633
Facsimile:  (415) 283-4804

Attorneys for Plaintiff
*UAB "Planner5D"*

**KIRKLAND & ELLIS LLP**
Dale M. Cendali (Cal. Bar No. 1969070)
dale.cendali@kirkland.com
Johanna Schmitt (*pro hac vice*)
johanna.schmitt@kirkland.com
Aaron Schroeder (*pro hac vice*)
aaron.schroeder@kirkland.com
601 Lexington Avenue
New York, NY 10022
Phone:      (212) 446-4800
Facsimile:  (212) 446-4900

Attorneys for Defendants
*Meta Platforms, Inc.* and *Facebook Technologies, LLC*

</div>

<div>

**JENNER & BLOCK LLP**
David R. Singer (Cal. Bar No. 204699)
dsinger@jenner.com
515 S. Flower Street, Suite 3300
Los Angeles, CA 90071
Phone:      (213) 239-5100
Facsimile:  (213) 239-5199

**JENNER & BLOCK LLP**
Andrew H. Bart (*pro hac vice*)
abart@jenner.com
Jacob L. Tracer (*pro hac vice*)
jtracer@jenner.com
1155 Avenue of the Americas
New York, NY 10036
Phone:      (212) 891-1600
Facsimile:  (212) 891-1699

Attorneys for Defendant
*The Trustees of Princeton University*

</div>

</div>

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UAB "PLANNER5D" d/b/a PLANNER 5D,<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC.; FACEBOOK TECHNOLOGIES, LLC; THE TRUSTEES OF PRINCETON UNIVERSITY; et al.,<br><br>Defendants. | Case No. 3:19-cv-03132-WHO (SK)<br>Case No. 3:20-cv-08261-WHO (SK)<br><br>**JOINT LETTER BRIEF RE: DISCOVERY DISPUTE**<br><br>**August 9, 2022** |

Case Nos. 3:19-cv-03132-WHO & 3:20-cv-08261-WHO

Counsel for Plaintiff UAB "Planner5D" ("Planner 5D") and Defendants Meta Platforms, Inc.; Facebook Technologies, LLC; and The Trustees of Princeton University ("Defendants") attest that before filing this letter they met and conferred on Zoom and complied with Section 9 of the Northern District's Guidelines for Professional Conduct regarding discovery.

Dated: August 9, 2022                **JENNER & BLOCK LLP**

                                     By: /s/ *Andrew H. Bart*
                                        Andrew H. Bart (*pro hac vice*)

                                     Attorneys for Defendant
                                     *The Trustees of Princeton University*

Dated: August 9, 2022                **KIRKLAND & ELLIS LLP**

                                     By: /s/ *Dale M. Cendali*
                                        Dale M. Cendali (Cal. Bar No. 1969070)

                                     Attorneys for Defendants
                                     *Meta Platforms, Inc.* and
                                     *Facebook Technologies, LLC*

Dated: August 9, 2022                **THE BUSINESS LITIGATION GROUP, P.C.**

                                     By: /s/ *Marc N. Bernstein*
                                        Marc N. Bernstein (Cal. Bar No. 145837)

                                     Attorneys for Plaintiff
                                     *UAB "Planner5D"*

**The Dispute**: Defendants seek to compel Planner 5D to produce a 30(b)(6) witness to testify about Examination Topic 1 identified in Defendants' Notice of 30(b)(6) Deposition of Plaintiff, served on June 29, 2022. (Ex. A.) Planner 5D has designated 30(b)(6) witnesses to testify on the remaining Examination Topics, or a reasonable subset of the information covered thereby. With regard to Topic 1, however, the parties are at an impasse.

Discovery in this action is bifurcated. *See* Dkt. 182. The deadline for the parties to complete the first phase of fact depositions is August 26, 2022. Dkt. 201. Planner 5D's 30(b)(6) witnesses are currently scheduled to be deposed on August 23 and August 25, with Topic 1 addressed on August 23.

**Defendants' Position**: At issue is Planner 5D's refusal to produce a 30(b)(6) witness knowledgeable about the creation of the specific works to which it claims to own a valid copyright interest. Although Planner 5D has the burden to demonstrate that these works contain original and creative material, it seeks to prevent Defendants from obtaining discovery on the evidence it will use to meet that burden. Planner 5D should be compelled to produce a witness knowledgeable about this subject matter, or—at the very least—the evidence on which it intends to rely at summary judgment.

Planner 5D operates a website that offers its users access to a library of digital renderings of real-world objects (e.g., sofas, beds, windows, baths, sinks, lights, and plants) and enables its users to create virtual home design scenes incorporating those objects. Users can drag and manipulate objects to and around floor plans to create design scenes, which they can choose to designate for potential inclusion in a public gallery on Planner 5D's website.

The objects and scenes visible on Planner 5D's website are each saved as an individual data file. In this proceeding, Planner 5D alleges claims of copyright infringement against Defendants based on its purported copyright interest in: (1) each of the files for objects that were on its website and created between 2012 and January 13, 2016; (2) each of the files for 18 scenes purportedly created by Planner 5D employees; and (3) the compilation of user-created scenes it allegedly chose to display as part of its public gallery between 2012 and February 17, 2016 (collectively, the "Asserted Copyrighted Works").

Defendants' Examination Topic 1 covers "[t]he creation of the Asserted Copyrighted Works, including, without limitation, who created them; when they were created; the process by which they were created; the software, programs, tools, and/or reference materials that were used to create them; and

communications related to their creation." Ex. A at 4. This topic is necessary for Defendants to be able to discover whether each of the Asserted Copyrighted Works contains original and creative material or is—for example—merely a slavish copy of third-party reference materials. Planner 5D, however, has refused to produce a witness knowledgeable about this topic, claiming it would be unduly burdensome to prepare a witness on each of its Asserted Copyrighted Works.

Planner 5D's refusal is improper. *First*, it is undisputed that it is Planner 5D's burden to prove that it has a valid copyright interest in **each** of the Asserted Copyrighted Works. *Dolores Press, Inc. v. Jones*, 766 Fed.Appx. 455, 458 (9th Cir. 2019).[1] That necessarily requires Planner 5D to prove that the creation of the works involved the contribution of original and creative material. *See Phantomalert, Inc. v. Google Inc.*, No. 15 Civ. 03986 JCS, 2016 WL 879758, at *8 (N.D. Cal. Mar. 8, 2016) (*citing Feist Publ'ns, Inc. v. Rural Tel. Serv. Co. Inc.*, 499 U.S. 340, 361 (1991)); *see also* 1 Nimmer on Copyright § 2.05[B] (2017) ("[C]opyrightable works require two ingredients. The first is **originality**, which signifies that the work originates in the author rather than having been copied from past sources. The second is **creativity**, signifying that the work has a spark that goes beyond the banal or trivial.") (emphasis in original). Planner 5D claims that it can meet this burden. If that is so, then it must have documentary or testimonial evidence demonstrating that *each* of the Asserted Copyrighted Works contains original and creative material.

Nevertheless, Planner 5D has sought to prevent Defendants from obtaining any specific evidence it possesses on a work-by-work basis. Indeed, before seeking deposition testimony from Planner 5D on this subject, Defendants first attempted to discover some such evidence with interrogatories. In particular, Defendants specifically asked Planner 5D to identify, *inter alia*, whether each of its Asserted Copyrighted Works was designed based on an image or other source material and, if so, whether Planner 5D obtained a license to use that source material. (Ex. B, Interrogatory Nos. 10, 11). Planner 5D provided only a general response that "roughly 10%" of its objects were created without reference to source material. However, Planner 5D's response did not identify which objects those are and, for the approximately 90%

---

[1] Notably, because the Copyright Office rejected Planner 5D's copyright registration applications for the Asserted Copyrighted Works, Planner 5D "has the burden of establishing that the work is properly the subject of a copyright, and is not entitled to the prima facie presumptions arising from registration." *Jonathan Browning, Inc. v. Venetian Casino Resort LLC*, 816 F. Supp. 2d 793, 796 (N.D. Cal. 2009) (granting summary judgment because plaintiff could not "establish a valid copyright or the right to enforce" its asserted works).

of objects that concededly had source material (i) state whether Planner 5D is able to identify the source material (and if so, to identify it), and (ii) identify what specific license (express or implied), if any, governed the use of that source material. (*See* Ex. C, Responses to Interrogatory Nos. 10, 11). Accordingly, Defendants asked Planner 5D months ago—on April 26, 2022—to supplement its responses to provide that information. On April 29, Planner 5D indicated that it believed such information was irrelevant and was unduly burdensome to provide.[2] Defendants then prepared to seek this information through Rule 30(b)(6) testimony instead. Indeed, without obtaining this information one way or another in discovery, Planner 5D could withhold evidence about how it created a particular object (including what, if any, reference materials were used, and pursuant to what contractual terms) until it opposes Defendants' summary judgment motion, and Defendants would have no ability to test that evidence, to their prejudice.

*Second,* Planner 5D has effectively admitted that its original objection—that designation of a witness (or witnesses) knowledgeable about this topic would be burdensome—was false. Below, Planner 5D reveals *for the first time* that in fact, it has "few" records on an object-by-object basis and "little specific information" available to it regarding this subject matter. If that is true, then it cannot possibly be burdensome for Planner 5D to prepare a corporate witness to testify about all the information available to it. Moreover, according to Planner 5D's discovery responses, there are only four employees who were involved in the creation of the objects and two employees who were involved in the creation of the scene compilation. Two of these six employees have been or will be deposed. There is no reason to assume that it would be unduly burdensome to educate each of those witness on the knowledge of two other individuals.[3] Indeed, Planner 5D itself argued that discovery on dozens of Meta's datasets was "not that burdensome" as "[Meta] can simply ask all 120 engineers what datasets they use. . . ." Dkt. 157 at 11:6-

---

[2] Below, Planner 5D claims its interrogatory responses are complete because it has since provided *some* of the information Defendants requested. That is false. Planner 5D has *never* stated in a verified interrogatory response whether or not it is able to identify what specific objects are among the "roughly 10%" it claims were created without reference to source material. Further, Planner 5D's interrogatory responses *do not* indicate, for each of the remaining 90% of objects, whether Planner 5D can identify its source material and any licenses that govern the use of such source material. For example, while Planner 5D claims that the creation of "some" of its objects "may" have been governed by "implied or Creative Commons licenses," it has never identified what objects or what alleged licenses it is referring to. (Ex. C. at 9:14-18.).

[3] While Planner 5D has not identified how many of its employees allegedly created the individual scenes Planner 5D claims to have authored, there are only 18 such scenes at issue. It cannot be burdensome to prepare a 30(b)(6) witness to testify about that limited body of alleged works.

11:8; *see also Allstate Indem. Co. v. Lindquist*, No. C20-1508JLR, at *6, *9 (W.D. Wash. Mar. 16, 2022) (holding corporate designee "must make a good faith effort 'to find out the relevant facts by . . . interview[ing] employees with personal knowledge'"). Further, Planner 5D had the option to designate additional witnesses to testify on this topic.

*Finally,* Planner 5D's objection as to burden is unreasonable given that it demonstrably understood that Defendants would seek deposition testimony on this topic from Planner 5D at the time it agreed to the bifurcation stipulation but failed to raise this issue at that time. The parties expressly agreed that Phase 1 of discovery would include issues of "whether the asserted works upon which Plaintiff bases its copyright claims in this action have the required human authorship and originality necessary to bestow copyrightability." Dkt. 182. Thus, Planner 5D knew that this was an issue ripe for discovery on before the August 26, 2022 close of fact discovery.

Despite disagreeing with Planner 5D's objection, Defendants have attempted to negotiate a reasonable compromise to the scope of Examination Topic 1 with Planner 5D and offered the following solution: Planner 5D's witness would only need to be generally knowledgeable about the creation of the Asserted Copyrighted Works (including who created them; when they were created; the typical process by which they were created; the software, programs, tools, and/or reference materials that were used to create them), *so long as* the witness is also knowledgeable about the creation of the *certain specific* works identified by the parties in advance of the deposition.[4] Defendants agreed to first identify the specific Asserted Copyrighted Works that they wish to address, and asked that—to the extent Planner 5D intends to rely at summary judgment on any other, specific works—Planner 5D identify those, as well.

Although Planner 5D agreed to this proposal during the parties meet and confer on Examination Topic 1, it revoked that agreement two days later, declaring that it would not identify any specific works on which it intends to rely at summary judgment in advance of the 30(b)(6) deposition. Rather, it expressly stated that it wanted to see what questions Defendants ask Planner 5D's witnesses during their depositions, and how Defendants address that testimony on summary judgment, before it would disclose the evidence on which *it* intends to rely at summary judgment.

---

[4] Defendants envision identifying no more than 35 specific works.

Planner 5D's refusal to accept this proposed compromise is unreasonable. Defendants are entitled to this information about all the works at issue. Nonetheless, under this proposal, Defendants would accept the obligation (which does not exist at law) to identify works that they currently plan to address on summary judgment so long as Planner 5D supplements that list to identify the additional works to which it will cite in opposition to that motion.[5] By refusing to do so or to make any alternative proposal whereby Defendants would obtain this information, Planner 5D is trying to prevent Defendants from obtaining relevant discovery on the asserted works in this case. In other words, Planner 5D wants to withhold the evidence it knows it will use to oppose Defendants' summary judgment motion until it files its opposition papers so that Defendants cannot test it with Planner 5D's 30(b)(6) witnesses. That is precisely the prejudice that the discovery process was designed to avoid. Planner 5D cannot deprive Defendants of their entitlement to know the "facts upon which [Planner 5D' bases [its] claims" so that they may "understand[], evaluat[e], and defend[] against liability[.]" *Franklin v. Tate*, No. 19 CV 01170 AWI SAB, 2021 WL 2983008, at *2 (E.D. Cal. July 15, 2021); *see also Gardias v. San Jose State Univ.*, No. 04 04086 HRL, 2007 WL 3101255, at *3 (N.D. Cal. Oct. 22, 2007).

Planner 5D is obligated to produce a witness (or witnesses) knowledgeable about Examination Topic 1 but has refused to do so. Thus, Defendants seek an order compelling it to do the same. However, Defendants remain willing to agree to the compromise they previously offered Planner 5D. Thus, in the alternative, Defendants seek an order compelling Planner 5D to abide by the terms of that compromise.

---

[5] Because the parties stipulated to the issues Defendants can raise at summary judgment, Planner 5D's claim below that it does not know what "specific arguments" Defendants will make is disingenuous. Planner 5D knows—and has known at least since the parties stipulated to bifurcation—that Defendants will argue that Planner 5D cannot meet its burden to prove that its works are each sufficiently original and creative. As the evidence Planner 5D will use to argue it can meet that burden is entirely in Planner 5D's possession, there is no reason why Planner 5D cannot identify it now.

**Planner 5D's Position**:

From the start, Planner 5D has agreed to produce a witness who knows who created its copyrighted works, when, and how—which is all that Topic 1 requires by its terms. But one of the two works Topic 1 asks about consists of thousands of objects, created many years ago. So Planner 5D noted that its witness could not be reasonably expected to answer every possible question about every possible object within that one work. Nonetheless, Planner 5D agreed its witness would be prepared to discuss reasonably available facts about any specific objects that Defendants identify ahead of time. That's pretty reasonable

But Defendants want more. The Planner 5D work Defendants discuss here—what Defendants call "Planner 5D's Objects (2016)" work—encompasses thousands of objects created over many years. Defendants insist that Planner 5D identify *now* the individual objects that it will rely upon in its opposition to a summary judgment motion that Defendants won't file for several more months. As relevant here, Defendants plan to challenge Planner 5D's works as lacking the "human authorship and originality" required for copyrightability. (ECF No. 182 at 1:14–15.) Of course, Defendants haven't yet disclosed the specific arguments they will make when they do file their motion. Nor have Defendants agreed to limit the evidence, or objects, they'll rely upon. They likely don't yet know themselves.

Defendants want a different standard applied to Planner 5D. Even though Defendants won't disclose their summary judgment arguments for several months, they insist that Planner 5D immediately identify the objects it will rely upon to oppose the yet-unseen motion.

There's no rule requiring this. A Rule 30(b)(6) deponent isn't required to tell the noticing party what to ask about. And a plaintiff is not required to limit the evidence it may use in a response to a summary judgment motion before it has even been filed. In the two decisions that Defendants cite, the plaintiffs failed to respond to contention interrogatories even after the Court ordered them to do so. *Franklin*, 2021 WL 2983008; *Gardias*, 2007 WL 3101255. Planner 5D has responded to Defendants' interrogatories. More to the point, Defendants have not served an interrogatory asking what evidence Planner 5D will use to oppose Defendants' undisclosed summary judgment arguments. Nor would such an interrogatory be proper. There's simply no authority for the novel relief Defendants seek.

Defendants argue that in interrogatory responses Planner 5D has "refused" to provide available information and "sought to prevent Defendants from obtaining any evidence it possesses on a work-by-

work basis." (*See, supra,* at 2:17–3:10.) This is false. The two interrogatories Defendants cite pose a narrower question than the 30(b)(6) topic. They asked questions about the source material for Planner 5D's models. Planner 5D searched for and provided what little specific information it found of its modelers' inspirations for specific objects, supplementing its responses twice when source materials for specific objects have been uncovered. (*See* Ex. C at 8:6–21.) But not surprisingly, Planner 5D has few such object-by-object records. Where specific references were no longer available, Planner 5D provided information applicable to the models generally.

Defendants' broad 30(b)(6) topic covers much more than just the source materials sought by the interrogatories, and Planner 5D's records and recollections about specific objects vary widely depending on the question and the object. Planner 5D is willing to respond to reasonable requests—but Defendants have to say what they are looking for.

Notably, Planner 5D served supplemental interrogatory responses on May 12 and August 1, as Planner 5D found more information. It is thus misleading for Defendants to point to a burden argument Planner 5D raised in April. (*See, supra,* 3:4–6.) The responses are complete based on the information reasonably available to Planner 5D. Defendants' suggestion that Planner 5D might be "withhold[ing] evidence" is utterly false. Its modelers simply didn't keep—had no reason to keep—records of the many web pages they visited to get ideas for models. In any event, Defendants never conferred about the completeness of the current responses, which is thus an unripe, and inappropriate, issue for this motion.

(While not important to this motion, it is also not true that Planner 5D agreed to Defendants' proposal on a call before rejecting it. (*See, supra,* at 4:17–22.) Defendants asked Planner 5D to pre-identify objects it will use in summary judgment, and the Planner 5D lawyer said only that he would discuss it with his team and let Defendants know, which he did.)

Defendants' fallback position is that to meet its burden, Planner 5D's witness must be prepared to testify by whom, when, and how each of the thousands of objects comprising "Planner 5D's Objects (2016)" work were created. But their cited authority doesn't support this argument, even if each object is looked at separately. *See Dolores Press*, 766 Fed. Appx. at 458 (reversing district court dismissing copyright complaint asserting "all-encompassing statements of ownership of every" asserted work).

Planner 5D's designated witness already knows a great deal about how its copyrighted objects were

created, including about many specific objects. And the witness will be well prepared to answer questions on the topic fully, including questions about any specific objects that Defendants identify in advance. Nothing more is required. *See Risinger v. SOC, LLC*, 306 F.R.D. 655, 663 (D. Nev. 2015). But "Rule 30(b)(6) is not designed to be a memory contest." *Id.* Planner 5D's witness cannot commit to memory every who, when, and how reasonably available to the company as to each of thousands of objects that make up Planner 5D's work. Even if it were possible, Rule 30(b)(6) does not require it. *Id.* Again, Planner 5D's witness will be prepared to testify about the objects' creation in general and about many specific objects—perhaps every one Defendants will ask about. But Planner 5D cannot anticipate which objects it will need to rebut arguments that Defendants will not make until they file their summary judgment motion three months from now.

      Defendants' motion should be denied.

| | | |
|---|---|---|
| 1 | Dated: August 9, 2022 | **JENNER & BLOCK LLP** |
| 2 | | |
| 3 | | By: /s/ *Andrew H. Bart* |
| | | Andrew H. Bart (*pro hac vice*) |
| 4 | | |
| | | Attorneys for Defendant |
| 5 | | *The Trustees of Princeton University* |
| 6 | Dated: August 9, 2022 | **KIRKLAND & ELLIS LLP** |
| 7 | | |
| | | By: /s/ *Dale M. Cendali* |
| 8 | | Dale M. Cendali (Cal. Bar No. 1969070) |
| 9 | | |
| | | Attorneys for Defendants |
| 10 | | *Meta Platforms, Inc.* and |
| | | *Facebook Technologies, LLC* |
| 11 | Dated: August 9, 2022 | **THE BUSINESS LITIGATION GROUP, P.C.** |
| 12 | | |
| | | By: /s/ *Marc N. Bernstein* |
| 13 | | Marc N. Bernstein (Cal. Bar No. 145837) |
| 14 | | |
| | | Attorneys for Plaintiff |
| 15 | | *UAB "Planner5D"* |

**Attestation**

I, Andrew H. Bart, am the ECF user whose ID and password are being used to file this Joint Letter Brief Re: Discovery Dispute. In compliance with Local Rule 5-1(i)(3), I hereby attest that concurrence in the filing of this document has been obtained from all signatories.

Dated: August 9, 2022                                      By: /s/ *Andrew H. Bart*
                                                                              Andrew H. Bart