# EXHIBIT A

| | |
|---|---|
| Dale M. Cendali (S.B.N. 1969070)<br>dale.cendali@kirkland.com<br>Johanna Schmitt (*pro hac vice*)<br>johanna.schmitt@kirkland.com<br>Aaron Schroeder (*pro hac vice*)<br>aaron.schroeder@kirkland.com<br>**KIRKLAND & ELLIS LLP**<br>601 Lexington Avenue<br>New York, NY 10022<br>Phone: (212) 446-4800<br><br>Kristen Reichenbach<br>kristen.reichenbach@kirkland.com<br>**KIRKLAND & ELLIS LLP**<br>555 California Street<br>San Francisco, CA 94104<br><br>Attorneys for Defendants<br>*Meta Platforms, Inc.* and<br>*Facebook Technologies, LLC* | David R. Singer (S.B.N. 204699)<br>dsinger@jenner.com<br>**JENNER & BLOCK LLP**<br>515 S. Flower Street, Suite 3300<br>Los Angeles, CA 90071<br>Telephone: (213) 239-5100<br><br>Andrew H. Bart (admitted *pro hac vice*)<br>abart@jenner.com<br>Jacob L. Tracer (admitted *pro hac vice*)<br>jtracer@jenner.com<br>**JENNER & BLOCK LLP**<br>1155 Avenue of the Americas<br>New York, NY 10036<br>Telephone: (212) 891-1600<br><br>Attorneys for Defendant<br>*The Trustees of Princeton University* |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| UAB "PLANNER5D" d/b/a PLANNER 5D,<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC., FACEBOOK TECHNOLOGIES, LLC, THE TRUSTEES OF PRINCETON UNIVERSITY, DOES 1-200, ABC CORPORATIONS 1-20 and XYZ UNIVERSITIES 1-20,<br><br>Defendants. | Case No. 3:19-cv-03132-WHO<br>Case No. 3:20-cv-02198-WHO<br>Case No. 3:20-cv-08261-WHO<br><br>**DEFENDANTS META PLATFORMS, INC.'S, FACEBOOK TECHNOLOGIES, LLC'S, AND THE TRUSTEES OF PRINCETON UNIVERSITY'S NOTICE OF 30(b)(6) DEPOSITION OF PLAINTIFF UAB "PLANNER5D" D/B/A PLANNER 5D**<br><br>**CONFIDENTIAL Pursuant to the Terms of the Parties' Negotiated Protective Order** |

---

**META DEFENDANTS' NOTICE OF 30(b)(6) DEPOSITION OF PLANNER 5D**      CASE NO. 3:19-cv-003132

**CONFIDENTIAL**

PLEASE TAKE NOTICE that commencing at a date and time to be agreed upon by the parties, Defendants Meta Platforms, Inc. and Facebook Technologies, LLC (hereinafter, "Meta") and The Trustees of Princeton University (hereinafter, "Princeton", collectively "Defendants") will take the deposition of the corporate designee of Plaintiff UAB "Planner5D" d/b/a Planner 5D (hereinafter, "Plaintiff" or "You") by oral examination. Plaintiff must designate one or more persons as Plaintiff's representative(s) to testify on its behalf as to each of the topics identified in Attachment A.

The deposition will occur via videoconference, the information for which will be provided to you separately from this notice. The deposition will be held before a notary public or other person authorized to administer oaths in this action. The deposition will continue from day to day until completed, with such adjournments as to time and place as may be necessary. The deposition may be recorded by stenographic, audio, audiovisual, video and/or real-time computer means. The deposition will be taken for purposes of discovery, use at trial or hearings, and for any other purpose permitted under the orders of the presiding Court, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence.

CONFIDENTIAL

| | |
|---|---|
| Dated: June 29, 2022 | Respectfully submitted, |
| | KIRKLAND & ELLIS LLP |
| | |
| | */s/ Johanna Schmitt* |
| | **KIRKLAND & ELLIS LLP** |
| | Dale M. Cendali (S.B.N. 1969070) |
| | dale.cendali@kirkland.com |
| | Johanna Schmitt (*pro hac vice*) |
| | johanna.schmitt@kirkland.com |
| | Aaron Schroeder (*pro hac vice*) |
| | aaron.schroeder@kirkland.com |
| | 601 Lexington Avenue |
| | New York, NY 10022 |
| | Phone: (212) 446-4800 |
| | |
| | Kristen Reichenbach |
| | kristen.reichenbach@kirkland.com |
| | 555 California Street |
| | San Francisco, CA 94104 |
| | |
| | Attorneys for Defendants |
| | *Meta Platforms, Inc.* and |
| | *Facebook Technologies, LLC* |
| | |
| | JENNER & BLOCK LLP |
| | |
| | */s/ David R. Singer* |
| | David R. Singer (S.B.N. 204699) |
| | dsinger@jenner.com |
| | **JENNER & BLOCK LLP** |
| | 515 S. Flower Street, Suite 3300 |
| | Los Angeles, CA 90071 |
| | Telephone: (213) 239-5100 |
| | |
| | Andrew H. Bart (admitted *pro hac vice*) |
| | abart@jenner.com |
| | Jacob L. Tracer (admitted *pro hac vice*) |
| | jtracer@jenner.com |
| | **JENNER & BLOCK LLP** |
| | 1155 Avenue of the Americas |
| | New York, NY 10036 |
| | Telephone: (212) 891-1600 |
| | |
| | Attorneys for Defendant |
| | *The Trustees of Princeton University* |

# CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2022, a true and correct copy of **DEFENDANTS META PLATFORMS, INC.'S, FACEBOOK TECHNOLOGIES, LLC'S, AND THE TRUSTEES OF PRINCETON UNIVERSITY'S NOTICE OF 30(b)(6) DEPOSITION OF PLAINTIFF UAB "PLANNER5D" D/B/A PLANNER 5D** was served via electronic mail on Plaintiff's counsel at the below addresses:

> MARC N. BERNSTEIN
> mbernstein@blgrp.com
> WILL B. FITTON
> wfitton@blgrp.com
> CHRISTIAN GABRIEL ANDREU-VON EUW
> christian@blgrp.com
> THE BUSINESS LITIGATION GROUP, P.C.
> 150 Spear Street, Suite 800
> San Francisco, CA 94105
> Telephone: 415.765.6633

Dated: June 29, 2022

*/s/ Johanna Schmitt*
Johanna Schmitt (*pro hac vice*)
johanna.schmitt@kirkland.com

Attorney for Defendants
*Meta Platforms, Inc.* and
*Facebook Technologies, LLC*

**ATTACHMENT A**

**<u>DEFINITIONS</u>**

Unless otherwise defined, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense. Should Plaintiff not understand the meaning of any term, it is requested to immediately seek clarification through Meta's counsel. As used in the examination topics, the words set forth below shall be defined as follows:

1. The term "ASSERTED COPYRIGHTED WORKS" shall mean each, any, and all works that YOU assert have been infringed in this LITIGATION, including without limitation the ASSERTED OBJECTS WORK and the ASSERTED SCENE COMPILATION WORK.

2. The term "ASSERTED OBJECTS WORK" shall mean the "computer program comprised of object files created through January 13, 2016 (Objects Work)," as referenced in Paragraph 104 of the COPYRIGHT COMPLAINT and referenced in the Copyright Office correspondence attached to the COPYRIGHT COMPLAINT as Exhibit A.

3. The term "ASSERTED SCENE COMPILATION WORK" shall mean the "computer program comprised of public gallery scene files created through February 17, 2016 (Scenes Work)," as referenced in Paragraph 105 of the COPYRIGHT COMPLAINT and referenced in the Copyright Office correspondence attached to the COPYRIGHT COMPLAINT as Exhibit A.

4. The term "ASSERTED TRADE SECRETS" shall mean each, any, and all information that you assert to be a misappropriated trade secret in this LITIGATION and includes, without limitation, all information asserted to be a trade secret in PLANNER 5D's TRADE SECRET DISCLOSURES, namely, (1) each individual OBJECT FILE, and corresponding URL, (2) each individual SCENE FILE, and corresponding URL, (3) the compilation of OBJECT FILES, and (4) the compilation of SCENE FILES.

5. The term "COMMUNICATION(S)" means and refers to all forms of contact, whether oral, electronic, or written, formal or informal, direct or indirect, including without limitation by personal meaning, conversation, letter, memorandum, telephone, facsimile, or electronic mail, at any time or place, and under any circumstances whatsoever, whereby information of any nature was transmitted, transferred, or recorded.

6. The term "COPYRIGHT APPLICATION(S)" shall mean any applications for copyright registration filed by PLANNER 5D with the United States Copyright Office in connection with the ASSERTED COPYRIGHTED WORKS, in whole or in part, including without limitation the applications filed on September 14, 2020 titled "Planner5D Objects (2016)" and "Planner5D Scenes (2016)" which are the subject of the Copyright Office correspondence attached to the COPYRIGHT COMPLAINT as Exhibit A.

7. The term "COPYRIGHT COMPLAINT" shall mean the Complaint filed by Plaintiff in this LITIGATION on November 23, 2020 and appearing as Dkt. No. 1 in Case No. 3:20-cv-08261.

8. The term "LITIGATION" shall mean the lawsuit filed by PLANNER 5D against META and PRINCETON in the United States District Court for the Northern District of California, with the consolidated case numbers 3:19-cv-03132, 3:20-cv-02198, and 3:20-cv-08261.  Unless otherwise indicated, docket citations refer to Case No. 3:19-cv-03132 of this LITIGATION.

9. The term "META" means and refers to, collectively, Defendants Meta Platforms, Inc. and Facebook Technologies, LLC.

10. The term "OBJECT(S)" means the rendered objects provided to users through the PLANNER 5D HOME DESIGN TOOL, which are stored in OBJECT FILES.

11. The term "OBJECT FILE(S)" means the JSON files used to render the OBJECTS listed in Exhibit A of PLANNER 5D's TRADE SECRET DISCLOSURES and the OBJECTS which PLANNER 5D asserts constitute the ASSERTED OBJECTS WORK.

12. The terms "PLAINTIFF," "PLANNER 5D," "YOU" and "YOUR" shall mean UAB "Planner5D" d/b/a Planner 5D and any of its former or current parents, subsidiaries, predecessors, successors, affiliated entities, controlled entities, joint ventures, related entities, agents, attorneys, employees, interns, representatives, licensees, licensors, assigns, directors, officers, and other persons acting or purporting to act on its behalf.

13. The term "PLANNER 5D HOME DESIGN TOOL" means the feature provided by PLANNER 5D on its website and as a downloadable app, which allows users to arrange OBJECTS to create their own SCENES for the purposes of interior design.

14. The term "PLANNER 5D TERMS OF SERVICE" means the Terms of Service of PLANNER 5D HOME DESIGN TOOL, effective as of February 18, 2016.

15. The term "PLANNER 5D's TRADE SECRET DISCLOSURES" means the trade secret disclosures served by PLANNER 5D on META on June 10, 2021, and any amendments or supplements thereto.

16. The term "PRINCETON" means and refers to Defendant The Trustees of Princeton University.

17. The term "SCENE(S)" means the configuration of OBJECTS in a virtual floor plan created with the PLANNER 5D HOME DESIGN TOOL, stored in a SCENE FILE and featured on PLANNER 5D's public gallery.

18. The term "SCENE FILE(S)" means the JSON files used to render the SCENES listed in Exhibit B of PLANNER 5D's TRADE SECRET DISCLOSURES and the SCENES which PLANNER 5D asserts it selected and arranged to create the ASSERTED SCENE COMPILATION WORK.

19. The term "TRADE SECRET COMPLAINT" shall mean the First Amended Complaint filed by PLAINTIFF in this LITIGATION on December 6, 2019 and appearing as Dkt. 53 in this LITIGATION.

20. The term "WEBSITE" means https://planner5d.com or any predecessor thereto, and any material accessible through any such domain names.

21. The words "and" and "or" shall be construed both conjunctively and disjunctively, and each shall include the other wherever such dual construction will serve to bring within the scope of a Request any information which otherwise would not be brought within its scope.

22. The use of the singular form of any word includes the plural and vice versa.

23. "Any" and "all" are mutually interchangeable and are meant to encompass each other.

24. The past tense shall be construed to include the present tense and vice versa.

**EXAMINATION TOPICS**

1. The creation of the ASSERTED COPYRIGHTED WORKS, including, without limitation, who created them; when they were created; the process by which they were created; the software, programs, tools, and/or reference materials that were used to create them; and COMMUNICATIONS related to their creation.

2. YOUR COPYRIGHT APPLICATIONS, including, but not limited to, the preparation of, decision to file, contentions contained in, and works covered by YOUR COPYRIGHT APPLICATIONS, the prosecution history and disposition of YOUR COPYRIGHT APPLICATIONS, and COMMUNICATIONS related to YOUR COPYRIGHT APPLICATIONS.

3. The factual bases for YOUR contention that the OBJECT FILES and SCENE FILES are computer programs, as alleged in YOUR COPYRIGHT APPLICATIONS and Paragraph 96 of the COPYRIGHT COMPLAINT.

4. The factual bases for YOUR position that Planner 5D satisfied the Copyright Registration requirement before filing suit under 17 U.S.C. § 411(a), as described in YOUR response to Meta's Interrogatory No. 17.

5. The measures and any corporate policies employed by YOU to preserve the secrecy and prevent disclosure of the ASSERTED TRADE SECRETS—and COMMUNICATIONS related to the same—before, at the time of, and after the alleged downloading of Planner 5D's OBJECT FILES and SCENE FILES, as alleged in Paragraphs 50 & 56 of the TRADE SECRET COMPLAINT, including, but not limited to who created them, when they were created, the process by which they were created, and COMMUNICATIONS related to their creation.

6. The factual bases for YOUR contention that YOUR "website architecture" preserved the secrecy of and prevented the disclosure of its ASSERTED TRADE SECRETS, as alleged in Paragraph 44 of the TRADE SECRET COMPLAINT, at the time of the alleged downloading of Planner 5D's OBJECT FILES and SCENE FILES, as alleged in Paragraphs 50 & 56 of the TRADE SECRET COMPLAINT.

7. The provisions of the PLANNER 5D TERMS OF SERVICE, which YOU contend preserved the secrecy of and prevented disclosure of the ASSERTED TRADE SECRETS, as alleged in Paragraph 44 of the TRADE SECRET COMPLAINT.

8. The display of the PLANNER 5D TERMS OF SERVICE or links thereto on the WEBSITE, and how users interacted with the same, at the time of the alleged downloading of Planner 5D's OBJECT FILES and SCENE FILES, as alleged in Paragraphs 50 & 56 of the TRADE SECRET COMPLAINT.