# EXHIBIT B

**JENNER & BLOCK LLP**
David R. Singer (Cal. Bar No. 204699)
dsinger@jenner.com
515 S. Flower Street, Suite 3300
Los Angeles, CA  90071-2246
Phone:       (213) 239-5100
Facsimile:   (213) 239-5199

**JENNER & BLOCK LLP**
Andrew H. Bart (*pro hac vice*)
abart@jenner.com
Jacob L. Tracer (*pro hac vice*)
jtracer@jenner.com
1155 Avenue of the Americas
New York, NY 10036-2711
Phone:       (212) 891-1600
Facsimile:   (212) 891-1699

Attorney for Defendant
The Trustees of Princeton University

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UAB "PLANNER 5D" d/b/a PLANNER 5D,<br><br>                      Plaintiff,<br><br>     v.<br><br>META PLATFORMS, INC.; FACEBOOK TECHNOLOGIES, LLC; THE TRUSTEES OF PRINCETON UNIVERSITY; et al.,<br><br>                      Defendants. | Case No. 3:19-cv-03132-WHO<br>Case No. 3:20-cv-08261-WHO<br><br>The Honorable William H. Orrick<br><br>**THE TRUSTEES OF PRINCETON UNIVERSITY'S SECOND SET OF INTERROGATORIES TO PLAINTIFF UAB "PLANNER 5D"** |

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and the Local Rules of the Northern District of California, Defendant The Trustees of Princeton University ("Princeton"), by and through its attorneys, hereby propounds its first set of interrogatories (the "Interrogatories") to Plaintiff UAB "Planner5D" d/b/a Planner 5D ("Plaintiff"), and demands Plaintiff answer the following Interrogatories in writing and under oath to be served on Princeton at the offices of Jenner & Block LLP, 1155 Avenue of the Americas, New York, NY 10036, or by email, no later than thirty (30) days after service. Princeton expressly reserves the right to propound additional interrogatories in this matter.

## DEFINITIONS

As used herein, the terms specified below are defined as follows:

1. "Concerning" should be construed in the broadest possible sense to mean relating to, referring, regarding, containing, identifying, monitoring, constituting, reflecting, embodying, comprising, stating, dealing with, commenting on, responding to, analyzing, describing, consisting of, discussing, evidencing, mentioning, pertaining to, pertinent to, citing, summarizing, or bearing any logical or factual connection with the matter discussed, as these terms are understood in the broadest sense.

2. "Copyright Complaint" means the Complaint for Copyright Infringement filed by Plaintiff in the United States District Court for the Northern District of California on November 23, 2020, in Case No. 3:20-cv-08261.

3. "Describe" means to state what is requested to be described, including all facts and opinions known or held by Planner 5D Concerning what is requested to be described; and (i) the Identity of each person or entity involved or having any knowledge of each fact or opinion that relates to what is so described; (ii) the Identity of each document evidencing the answer or response given or relating, referring or pertaining to said subject matter in any way; and (iii) all relevant or material dates and time periods, specifying the way in which said dates or time periods are pertinent to the subject matter described.

4. "Document" is used herein in its broadest sense to encompass the full breadth of

meaning permitted by the Federal Rules of Civil Procedure and California Evidence Code § 250. A draft or non-identical copy is a separate Document within the meaning of this term. The term "Document" means any means of writing, including agreements, audio recordings, books, calendars, correspondence, diagrams, diaries, electronic data or files, email, facsimiles, forms, letters, memoranda, messages, notes, papers, proposals, reports, source code, studies, text messages, or video recordings.

5. "First Amended Complaint" means the First Amended Complaint filed by Plaintiff in the United States District Court for the Northern District of California on December 6, 2019, in Case No. 3:19-cv-03132-WHO.

6. "Identify" and "Identity" shall mean: (a) in connection with a natural person, to the extent known, to state his or her full name, title, role played, and job description, and his or her present or last known business and residential address; (b) in connection with firms, partnerships, corporations, proprietorships, associations, and other business entities, to state their names and their present or last known addresses of their principal place of business; and (c) in connection with a Document (whether or not any claim of privilege is made in respect thereof), to state the type of Document, the date of creation of the Document, the date of communication of the Document, the names and Identities of the individuals who drafted, authored, or signed the Document or to whom a copy thereof was addressed or sent, a summary of the subject matter of the Document, the number of pages of the Document, the present whereabouts of the Document, including all originals and copies, and the name and address of the present or last-known custodian of the Document.

7. "Including" means "including, but not limited to," and "includes" means "includes, but is not limited to."

8. The term "Litigation" shall mean the lawsuit filed by Planner 5D against Meta and Princeton in the United States District Court for the Northern District of California, with the consolidated case numbers 3:19-cv-03132, 3:20-cv-02198, and 3:20-cv-08261. Unless otherwise indicated, docket citations refer to Case No. 3:19-cv-03132 of this Litigation.

9. "Logging and Monitoring Efforts" means any steps taken to log, monitor, track or detect any Security Events, Including unauthorized access to your Website or alleged trade secrets, or downloads from your Website or of your alleged trade secrets.

10. "Object(s)" means the rendered objects provided to users through the Planner 5D Home Design Tool, which are stored in Object Files.

11. "Object File(s)" means the JSON files used to render Objects, Including (1) all files listed in Exhibit A of Planner 5D's Trade Secret Disclosures, and (2) all files which Planner 5D asserts constitute the "computer program comprised of object files created through January 13, 2016 (Objects Work)," referenced in Paragraph 104 of the Copyright Complaint.

12. "Person" or "Persons" means any natural person, corporation, partnership, association, organization, joint ventures, or other entity of any type or nature.

13. "Plaintiff," "Planner 5D," "you," "your," or "your company" means UAB "Planner 5D" d/b/a Planner 5D and any of its subsidiaries, predecessors, successors, directors, officers, employees, agents, representatives, attorneys (in-house or retained), and anyone else acting or purporting to act on its behalf or under its control.

14. "Planner 5D Home Design Tool" means the feature provided by you on your Website and as a downloadable app, which allows Users to arrange Objects to create their own scenes.

15. "Planner 5D Objects (2016)" means the alleged work that is the subject of your registration application to the Copyright Office submitted on September 14, 2020 and bearing the service request number 1-9270652291.

16. "Planner 5D Scenes (2016)" means the alleged work that is the subject of your registration application to the Copyright Office submitted on September 14, 2020 and bearing the service request number 1-9270798186.

17. "Planner 5D's Trade Secret Disclosures" means the trade secret disclosures served by Planner 5D on June 10, 2021, and any amendments or supplements thereto.

18. "Princeton" means The Trustees of Princeton University and any of its faculty

members, directors, officers, employees, agents, representatives, attorneys (in-house or retained), and anyone else acting or purporting to act on its behalf or under its control.

19. "Scene" means the configuration of objects in a virtual floor plan created with the Planner 5D Home Design Tool, stored in a scene file.

20. "Security Event" means any occurrence that could affect your company's information security or compromise or threaten to compromise any of your company's data or alleged trade secrets, or a change in the normal behavior of a given system that stores your company's data or alleged trade secrets. The term Includes occurrences of unauthorized access or inadvertent disclosure impacting the confidentiality, integrity, or availability of Planner 5D's data or alleged trade secrets, Including a data breach.

21. "User" means a person, not under the control of or otherwise affiliated with You, who utilized the Planner 5D Home Design Tool to create a Scene.

22. "Website" means https://planner5d.com or any predecessor thereto, and any material accessible through any such domain names.

23. "Website Security Assessments" means any penetration testing, secure code review, security architecture/threat modeling activities, security assessments, security audits, application security controls, automated application security scans, or other steps taken to test the security of or detect vulnerabilities of Planner 5D's Website, alleged trade secrets, or other digital assets.

24. Whenever appropriate in these Interrogatories, the singular and plural forms of words shall be interpreted interchangeably so as to bring within the scope of these Interrogatories any matter that might otherwise be construed to be outside their scope.

25. The present tense shall include the past tense and vice-versa to bring within the scope of these Interrogatories all responses that might be construed to be outside its scope.

## INSTRUCTIONS

1. In responding to these Interrogatories, You are required to provide all information that is available to You, Including information possessed by Your attorneys, accountants,

consultants, representatives, agents, or any other persons subject to Your control.

2. Unless otherwise specified, the time frame for these Interrogatories are the founding of the Website to the present.

3. If, for reasons other than a claim of privilege, You refuse to answer any Interrogatory, state the grounds upon which the refusal is based with sufficient specificity to permit a determination of the propriety of such refusal.

4. If, in answering any of the Interrogatories, You encounter any ambiguity in construing either the Interrogatory or instruction relevant to the inquiry contained within the interrogatory, identify the matter deemed ambiguous and set forth the construction chosen or used in responding to the interrogatory.

5. If You believe that any of the following Interrogatories calls for the assertion of a claim of privilege, answer so much of the Interrogatory as is not objected to, and set forth with respect to each specific item of information as to which a claim of privilege is asserted the nature of the privilege asserted (e.g., attorney-client or work product) and the basis for Your claim. For each item of information as to which You claim privilege, provide a privilege log.

6. If You are unable to answer an Interrogatory in full or in part, You should answer it to the extent possible and state an explanation as to why the remainder cannot be answered and a statement as to the nature of the information or knowledge that cannot be furnished. If You know the name of an individual or entity possessing any or all of the information sought by the interrogatory that You cannot furnish, disclose the name and address of such individual or entity and the nature of the information possessed by such individual or entity.

7. When the Interrogatory includes a request to identify or describe an event, please indicate: (a) the name or title of the event, (b) the nature of the event, (c) the subject matter of the

event, (d) the date of the event, (e) the location of the event, and (f) the identity of individuals who attended or participated in the event.

8. When the Interrogatory includes a request to identify or describe a Document, please indicate the file name or other individual indicator of the Document, as produced to Princeton.

9. Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, You are under a duty to supplement or amend Your responses to include updated or subsequently-acquired information that is responsive to these interrogatories.

## INTERROGATORIES

**INTERROGATORY NO. 7**:

Describe any Website Security Assessments, Including when they were conducted, who conducted them, the results of such Website Security Assessments, and any actions you took or considered taking in response to such Website Security Assessments.

**INTERROGATORY NO. 8**:

Describe your Logging and Monitoring Efforts, Including who conducted them and when they were conducted, both in February 2016 and today.

**INTERROGATORY NO. 9**:

Describe when and how you first became aware of the alleged downloading of Planner 5D's Object and Scene files, as alleged in Paragraphs 7–9 of the Copyright Complaint, Including the time of your first awareness, the means by which you became aware, and any actions you took or considered taking in response to becoming aware.

**INTERROGATORY NO. 10:**

For each Object in Planner 5D Objects (2016), Identify whether it was designed based on an image, photograph, or other source material depicting a real-world object or not, and if so, identify such source material.

**INTERROGATORY NO. 11:**

Identify any copyrights you own in photographs, images, or other source material that you used to design Objects or licenses that you have obtained from third parties to use their copyrighted photographs, images, or other source material to design Objects.

Dated: March 22, 2022                                           JENNER & BLOCK LLP

By: /s/ *Andrew H. Bart*
Andrew H. Bart

Attorney for Defendant
The Trustees of Princeton University

# PROOF OF SERVICE

I am a citizen of the United States and a resident of the State of New York. I am employed in New York, New York, and I was admitted *pro hac vice* to practice in this Court for the purposes of this litigation. I am over the age of eighteen years and not a party to the above-referenced actions.

On March 22, 2022, I served the following document(s) in the manner described below:

**THE TRUSTEES OF PRINCETON UNIVERSITY'S SECOND SET OF INTERROGATORIES TO PLAINTIFF UAB "PLANNER 5D"**

☑ BY ELECTRONIC SERVICE: By electronically mailing a true and correct copy through Jenner & Block LLP's electronic mail system from jtracer@jenner.com to the email addresses set forth below.

I served the above-referenced document(s) on the following party or parties in these actions:

| THE BUSINESS LITIGATION GROUP, P.C.<br>Marc N. Bernstein<br>mbernstein@blgrp.com<br>Will B. Fitton<br>wfitton@blgrp.com<br>150 Spear Street, Suite 800<br>San Francisco, CA 94105<br><br>Attorneys for Plaintiff<br>UAB "PLANNER5D" d/b/a Planner 5D | KIRKLAND & ELLIS LLP<br>Dale M. Cendali<br>dale.cendali@kirkland.com<br>Johanna Schmitt<br>johanna.schmitt@kirkland.com<br>601 Lexington Avenue<br>New York, NY 10022<br><br>Attorneys for Defendants<br>Meta Platforms, Inc. and Facebook Technologies, LLC |
|---|---|

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 22, 2022 in New York, New York:

By:  /s/ *Jacob L. Tracer*
     Jacob L. Tracer