United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UAB "PLANNER5D",<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>META PLATFORMS, INC., et al.,<br><br>　　　　Defendants. | Case No. 19-cv-03132-WHO<br><br>**ORDER DENYING RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE**<br><br>Re: Dkt. No. 196 |

　　　　Defendants Meta Platforms, Inc.; Facebook Technologies, LLC; and The Trustees of Princeton University ("the defendants") moved to set aside Magistrate Judge Sallie Kim's Order denying their motion to compel the production of 134 documents identified on the privilege log of plaintiff UAB "Planner 5D" ("Planner 5D"). Dkt. No. 196. "A non-dispositive order entered by a magistrate must be deferred to unless it is 'clearly erroneous or contrary to law.'" *Grimes v. City & Cty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (citing in part Fed. R. Civ. P. 72(a)). Judge Kim's decision is neither clearly erroneous nor contrary to law. The motion is DENIED.

　　　　The documents at issue are communications between Planner 5D's in-house counsel and its employees, or between Planner 5D's lawyers and an in-house lawyer for a company that invested in Planner 5D. Order [Dkt. No. 188] 1:16-20. Applying the "touch base" test and determining that Lithuanian privilege law governed, Judge Kim held that there was no showing that the defendants would be able to obtain the sought-after documents under Lithuanian law. *Id.* at 2:2-12. She noted that although the parties generally agreed that Lithuanian law does not protect communications between employees and in-house lawyers, Lithuanian law would not compel the disclosure of documents that were not "necessary to the decision of the case." *See id.*

at 2:3-7. She then held that the defendants had not shown that they would be able to obtain the communications under Lithuanian law, and denied the motion to compel. *Id*. at 2:11-14.

The defendants argue that Judge Kim applied an incorrect legal standard, meaning her decision was contrary to law and warrants setting aside under Federal Rule of Civil Procedure 72(a). Mot. [Dkt. No. 196] 1:6-8. They contend that she erred in applying a "narrow exception to the touch base test" based on *Astra Aktiebolag v. Andrx Pharmaceuticals, Inc.*, 208 F.R.D. 92 (S.D.N.Y. 2002). *Id*. at 3:2-6. The defendants read *Astra* as applying United States privilege law to Korean documents that did not "touch base" with the U.S. because: (1) "Korea had no developed body of substantive privilege law to apply," and (2) "the absence of such law was attributable to the fact that Korean procedural law permitted 'virtually no disclosure'" of the documents, making it impossible to obtain the documents at issue. *Id*. at 3:6-10. They argue that *Astra* does not apply here because Lithuania has a developed body of privilege law, as well as procedural laws that grant courts broad discretion to compel production of relevant non-privileged documents. *Id*. at 4:9-11.

Planner 5D disagrees with the defendants' read of *Astra* and argues that Judge Kim correctly applied the law. Oppo. [Dkt. No. 199] 3:9-4:7. They argue that Lithuanian courts would not require production of the documents unless they were necessary to the case, which the defendants did not show. *Id*. at 2:26-3:6.

Judge Kim's Order makes clear that she applied Lithuanian law—there is no mention of U.S. privilege law or any "exception" to the touch base test. *See generally* Order. Instead, she notes that "the parties agree that, because the communications were made in Lithuania, Lithuanian law of privilege applies." *Id*. at 2:2-3.

It appears from Judge Kim's Order that she drew on *Astra* not to determine whether Lithuanian or U.S. law applied, but in deciding whether Lithuanian law would allow the disclosure of the documents at issue. *See* Order at 2:7-12. This is evident from her emphasis on the third consideration cited from *Astra:*

> This case is similar to *Astra*, in which the court found that Korean law applied, that there was no privilege under Korean law to protect those documents from

2

> disclosure, and that Korean discovery in general would not allow disclosure of the documents in question. In that case, based on the last factor, the court did not require production of the disputed documents. *Here, similarly, there is no showing that defendants would be able to obtain the communications between in-house counsel and its employees under Lithuanian law. For this reason*, defendants' motion to compel discovery . . . is DENIED.

*Id*. at 2:7-14 (citations omitted and emphasis added). I read this as related to Planner 5D's argument, which Judge Kim cited, about the necessity of the sought-after communications. *See id*. at 2:5-7.

In sum, it appears that Judge Kim correctly applied Lithuanian law and determined that although the in-house communications might not be privileged, they were still not discoverable because there was no showing that the defendants could obtain them under Lithuanian law. The motion to set aside her Order is DENIED.

**IT IS SO ORDERED.**

Dated: August 30, 2022



William H. Orrick
United States District Judge