MARC N. BERNSTEIN (SBN 145837)
mbernstein@blgrp.com
WILL B. FITTON (SBN 182818)
wfitton@blgrp.com
CHRISTIAN G. ANDREU-VON EUW (SBN 265360)
christian@blgrp.com
THE BUSINESS LITIGATION GROUP, P.C.
150 Spear Street, Suite 800
San Francisco, CA 94105
Telephone: 415.765.6633
Facsimile: 415.283.4804

Attorneys for Plaintiff
UAB "Planner5D"

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UAB "PLANNER5D" dba PLANNER 5D, | **Case No. 3:19-cv-03132-WHO** |
| | **Case No. 3:20-cv-08261-WHO** |
| Plaintiff, | |
| v. | |
| | **PLANNER 5D'S ADMINISTRATIVE** |
| META PLATFORMS, INC., FACEBOOK | **MOTION FOR THE COURT TO SET** |
| TECHNOLOGIES, LLC, THE TRUSTEES | **SUMMARY JUDGMENT HEARING** |
| OF PRINCETON UNIVERSITY, DOES 1- | **DATE AND BRIEFING SCHEDULE** |
| 200, ABC CORPORATIONS 1-20, and XYZ | |
| UNIVERSITIES 1-20. | |
| Defendants. | |

By this motion, Planner 5D asks the Court to set hearing and reply deadlines for Defendants' pending summary judgment motion. Defendants filed their motion February 17, but set it for hearing five months later: on July 12. Because this case has already been pending for almost four years, P5D asked Defendants for an earlier hearing date. But both defense firms said they were too busy. P5D met and conferred over several weeks, offering four or five proposals to accommodate counsels' schedules. But Defendants declined to agree to a hearing before July 12.

P5D now moves the Court, pursuant to Local Rule 7-11, to set the summary judgment hearing for May 31. P5D also asks to set the reply deadline for May 10 or May 17. These dates would give Defendants either six or seven weeks after the April 5 opposition date the parties separately agreed to.

Four years of litigation is taxing for a small company like P5D. It agreed to bifurcation on the promise of efficiency and speed, but subsequent delays have been significant. P5D thinks a five-month hearing schedule is too much.

**Defendants' Scheduling Conflicts and Planner 5D's Proposals**

Defendants want two specific lawyers to argue the summary judgment motion: Dale Cendali (for copyright issues) and Andy Bart (for trade secret issues). Each has significant availability, but their combined schedules block out large portions of the next three months (though far from all of that period).

Defendants identified the following scheduling conflicts. (Declaration of Christian Andreu von-Euw (AvE Dec.) ¶8.)

- Both counsel for Princeton (Andrew Bart and Jacob Tracer) have a trial that is expected to run from April 18 to approximately April 28.
- Dale Cendali (counsel for Meta) has business travel and other commitments between May 9 and May 25 (possibly May 27).
- Ms. Cendali also has a trial scheduled to start on June 14.

P5D initially suggested the parties address these conflicts by separating the trade secret and copyright issues for separate briefing and argument. That would set briefing and argument on each claim at a time convenient to the corresponding defense counsel and allow the hearing to earlier. (*Id*. ¶9, Ex. 2.) Defendants declined.

P5D also suggested that Ms. Cendali or Mr. Bart could argue the entire motion, or that Johanna Schmitt, the partner who has been running the case day to day for Kirkland, could argue for Meta. (*See* Ex. 2 to AvE Dec.) Defendants declined these proposals. (*Id.*) P5D then proposed a May 10 reply deadline and a May 31 hearing. (*Id.*) This accommodates Ms. Cendali's travel and trial conflicts by setting the hearing on a date between them, and allows Defendants five weeks for their reply. Defendants again declined, stating they needed a late-May reply date. So P5D offered to move the date to May 17 (or May 24 if Defendants were available for a June 7 hearing and the Court is able to hold a hearing two weeks after the reply brief is filed). (*Id.*) Defendants countered with a May 27 reply but maintained the request for a July 12 hearing.

Because Defendants have declined each of P5D's proposals for a more reasonable hearing date, P5D now seeks Court assistance.

### The Many Delays to Date

P5D filed this case almost four years ago. On June 5, 2019. (Dkt. 1.) After nearly two years devoted to three defense motions to dismiss, the Court entered a May 11, 2021 case management order. (Dkt. 120.) It set deadlines for filing dispositive motions on October 3, 2022 and a hearing for the motions two months later. (*Id.*)

A year later, the parties agreed to bifurcate discovery and allow for the early filing of a summary judgment motion. (Dkt. 172) P5D agreed on the understanding that Phase 1 issues would be resolved quickly, efficiently, and economically. As noted, the length of this litigation has been disruptive to P5D. The Court granted bifurcation, including a November 11, 2022 deadline for filing summary judgment motions, but no deadline for hearing them. (Dkt. 182.)[1] P5D did not insist on including a briefing and hearing schedule in the stipulation because it expected the parties would generally follow the two-month briefing and hearing schedule in the original case management order, and would work out details once the motion was filed.

---

[1] On August 24, 2022, the filing deadline was extended one week to November 18, 2022 to accommodate witness availability. (Dkt. 201.)

Since then, there have been more rounds of delay. In two instances, delay was triggered after P5D realized it needed to supplement discovery. In each case, P5D served supplemental discovery within days of discovering it was needed, and agreed to Defendants' request for time to review and process the new information. And in each instance, the delay sought by Defendants ended up being extensive. On August 30, 2022, P5D supplemented discovery responses to reflect recent discoveries. Defendants asked to extend fact discovery three weeks, and P5D agreed that was appropriate. (*See* Ex. 3 to AvE Dec.) But Defendants then presented a schedule that increased this delay to five weeks. To avoid a dispute, P5D agreed. (*See* Ex. 4 to AvE Dec.) Next, on September 19, 2022, while responding to Defendants' inquiries, P5D discovered it had produced copies of the asserted works in the wrong format. P5D immediately notified Defendants and promised to produce the works in the right format, which it did four days later. (Ex. 5 to AvE Dec. at 2.) P5D also explained how to compare the files and confirm their equivalence. (*See* Ex. 6 to AvE Dec. at 31.) Defendants refused to discuss scheduling for over four weeks, during which they presented P5D with many informal interrogatories about its files, which P5D answered. (Ex. 6 to AvE Dec.)

When Defendants finally proposed a schedule, they sought to extend fact discovery by *another* six weeks, and to extend other case deadlines. (*See Id.* at 18.) P5D reluctantly agreed to extend fact discovery, to address any perceived prejudice to Defendants, and to avoid bothering the Court. But P5D insisted on accelerating the summary judgment filing date as much as possible. (*See Id*.)

After weeks of negotiations, the parties finally agreed on a revised schedule, which the Court entered on November 16, 2022. (Dkt. 211.) In that schedule, the motion filing deadline was extended three months to February 17, 2023. (*Id.*) P5D understood the hearing would be set roughly two months later.

At no point did Defendants suggest they expected to request a hearing five months after the summary judgment filing date. But this is what Defendants did. (Dkt. 220.) This caught P5D by surprise. P5D objected and asked to immediately negotiate a briefing and

**Motion to Set MSJ Hearing & Briefing**                    **Case No. 3:19-cv-03132-WHO**

hearing schedule. (AvE Dec. ¶ 3.) Defendants offered to set P5D's opposition deadline to add certainty but asked that negotiations about the remaining dates be postponed until March 13. (*Id.* ¶ 4.)

P5D sent a proposed schedule on March 13, and the parties have been conferring since then but have been unable to agree on dates for a hearing or the reply brief.[2]

## ARGUMENT

This case has been pending for nearly four years, principally because of Defendants' multiple motions to dismiss. P5D has been prejudiced by the repeated delays, which have culminated in an unreasonably protracted summary judgment hearing date.

Defendants' requested delay is unwarranted and prejudicial. *See In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) (citing Fed. R. Civ. Proc. 1 and noting the goal of the Federal Rules of "a just, speedy, and inexpensive" adjudication of rights); *see also* N.D. Cal. L. R. 1(b) ("local rules . . . shall be construed so as to . . . promote the just, efficient, speedy, and economical determination of every action.").

Defendants claim prejudice in Princeton's counsel working on a reply brief before and after a trial. (Ex. 6 to AvE Dec.) But the proposed schedule accommodates that concern with a long reply period. Defendants also contend that it is unreasonable for Ms. Cendali to prepare for a May 31 argument soon after returning from business travel and weeks before another trial. (*Id.*) But juggling the obligations of multiple cases is part of practicing law, especially for prominent counsel at large international firms. Nor need Ms. Cendali wait so long to get up to speed. She would receive P5D's brief on April 5, nearly two months before the hearing date P5D proposes. Defendants also point to P5D's long opposition period as evidence of a double-standard, but P5D is giving Defendants a comparatively longer reply period. More to the point, the opposition brief is not the problem; P5D would have had to file its brief over a

---

[2] Defendants subsequently agreed to extend Planner 5D's opposition deadline by three business days (to account for multiple attorney and family illnesses). (AvE Dec. ¶ 6.)

month sooner (which even the original scheduling order did not contemplate) to avoid the conflict Defendants identify.

      With Defendants unwilling to move up their proposed July 12 hearing, P5D respectfully requests the Court's input. Counsel's schedules should absolutely be reasonably accommodated. Both sides have made concessions for attorney and expert schedules,[3] as they should. But there is a difference between reasonable accommodations and excessive delay. P5D's proposed extended schedule is reasonable. P5D asks the Court to set the summary judgment hearing for May 31 and the reply brief deadline for May 10 (or May 17 if that gives the Court enough time to prepare).

RESPECTFULLY SUBMITTED,

DATED: March 22, 2023           THE BUSINESS LITIGATION GROUP, P.C.

           By:    */s/ Christian Andreu-von Euw*
                    Christian Andreu-von Euw

           Attorneys for Plaintiff
           UAB "PLANNER5D"

---

[3] For example, P5D recently requested a five-day extension to the opposition deadline (from March 31 to April 5) because P5D's lead counsel had to take a week off to care for a child who fell sick out of state, and another P5D lawyer contracted Covid. On the other side, P5D delayed expert depositions to accommodate Defendants' request to take them out of order, and to accommodate Defense experts' travel and teaching schedules.

1    [PROPOSED] ORDER

2          Having considered Plaintiff's ADMINISTRATIVE MOTION FOR THE COURT TO

3    SET SUMMARY JUDGMENT HEARING DATE AND BRIEFING SCHEDULE, the Court

4    rules as follows.

5          Plaintiff's opposition to Defendants' Motion for Summary Judgment (Dkt. __) must

6    be filed no later than April 5, 2023.

7          Defendants' reply in support of its Motion for Summary Judgment must be filed no

8    later than May 10, 2023.

9          Defendants Motion for Summary Judgment shall be heard on May 31, 2023.

10         It is so ordered.

11

12   Dated:_____, 2023

13                                                    _____
                                                      HON. William H. Orrick
                                                      United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28