| | |
|---|---|
| Dale M. Cendali (S.B.N. 1969070)<br>dale.cendali@kirkland.com<br>Johanna Schmitt (admitted *pro hac vice*)<br>johanna.schmitt@kirkland.com<br>Abbey Elizabeth Quigley (admitted *pro hac vice*)<br>abbey.quigley@kirkland.com<br>**KIRKLAND & ELLIS LLP**<br>601 Lexington Avenue<br>New York, NY 10022<br>Phone: (212) 446-4800<br><br>Kristen Reichenbach<br>kristen.reichenbach@kirkland.com<br>**KIRKLAND & ELLIS LLP**<br>555 California Street<br>San Francisco, CA 94104<br><br>Attorneys for Defendants<br>*Meta Platforms, Inc.* and<br>*and Facebook Technologies, LLC* | David R. Singer (S.B.N. 204699)<br>dsinger@jenner.com<br>**JENNER & BLOCK LLP**<br>515 S. Flower Street, Suite 3300<br>Los Angeles, CA 90071<br>Telephone: (213) 239-5100<br><br>Andrew H. Bart (admitted *pro hac vice*)<br>abart@jenner.com<br>Jacob L. Tracer (admitted *pro hac vice*)<br>jtracer@jenner.com<br>Cayman Mitchell (admitted *pro hac vice*)<br>cmitchell@jenner.com<br>**JENNER & BLOCK LLP**<br>1155 Avenue of the Americas<br>New York, NY 10036<br>Telephone: (212) 891-1600<br><br>Attorneys for Defendant<br>*The Trustees of Princeton University* |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| UAB "PLANNER5D" d/b/a PLANNER 5D,<br><br>    Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC., FACEBOOK TECHNOLOGIES, LLC, THE TRUSTEES OF PRINCETON UNIVERSITY, DOES 1-200, ABC CORPORATIONS 1-20 and XYZ UNIVERSITIES 1-20,<br><br>    Defendants. | CASE NO. 3:19-CV-03132-WHO<br>CASE NO. 3:20-CV-08261-WHO<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF PLANNER 5D'S ADMINISTRATIVE MOTION FOR THE COURT TO SET SUMMARY JUDGMENT HEARING DATE AND BRIEFING SCHEDULE**<br><br>Judge; Honorable William H. Orrick |

Defendants Meta Platforms, Inc. and Facebook Technologies, LLC (together, "Meta") and Defendant The Trustees of Princeton University ("Princeton," and collectively with Meta, "Defendants") submit this opposition to the Administrative Motion for the Court to Set Summary Judgment Hearing Date and Briefing Schedule ("Motion") filed by Plaintiff UAB "Planner5D" ("Planner 5D").  Dkt. 242.

In its Motion, Planner 5D asks this Court to set a schedule for Defendants' summary judgment motion that *severely prejudices Defendants*.  Specifically, Planner 5D (1) seeks to obtain seven weeks to oppose Defendants' motion to comfortably accommodate its own schedule, while insisting (2) that Defendants file their reply papers on May 10 (or May 17), 2023, which would leave Princeton's counsel inadequate time to prepare such papers after coming off a two-week federal jury trial in Atlanta, Georgia in late April, and (3) on a May 31, 2023 hearing date, which conflicts with Meta's counsel's long-scheduled business trip to Asia and need to prepare for a federal jury trial in Cleveland, Ohio in June immediately upon her return.

Defendants agreed to the extended opposition time Planner 5D requested, disclosed their scheduling conflicts, and requested that Planner 5D accommodate the significant professional obligations of Defendants' counsel in setting a schedule as they had accommodated Planner 5D's extension requests. Defendants proposed a schedule where the reply would be due on May 26, 2023 and the hearing would be set for July 12, 2023.  Planner 5D refused and was unwilling to agree to a schedule that would resolve the conflicts (despite Defendants' agreement to its request for a 7-week period to submit its opposition).

Tellingly, throughout the parties' extensive communications on this issue, *Planner 5D articulated no prejudice* that it will suffer under Defendants' proposed schedule.  Simply put, Defendants' counsel are in a serious bind due to their respective professional commitments from April through June 2023, which cannot be solved simply by moving a date a week up or back as Planner 5D proposed.  Because Planner 5D's proposal would severely prejudice Defendants and Defendants' proposal would impose no prejudice on Planner 5D, Defendants respectfully request that the Court enter Defendants' proposed schedule.

## FACTUAL BACKGROUND

The parties began negotiating the summary judgment schedule before Defendants filed their motion.  On January 5, 2023, Planner 5D told Defendants it wanted a minimum of four weeks to respond to Defendants' then-anticipated motion and reserved the right to seek additional time beyond those four

1

weeks once Defendants' motion was on file.  Bart Decl. ¶ 3.  On January 12, 2023, Defendants agreed, subject to a reciprocal agreement that Defendants would have at least three weeks to prepare their reply papers and reserved the right to seek additional time once Planner 5D's opposition was filed.  *Id.*

Defendants filed their summary judgment motion on February 17, 2023.  Dkt. 220.  They noticed the motion for July 12, 2023, which they believed was the earliest date this important and potentially case-determinative motion could be reasonably heard in light of the time Planner 5D would need to oppose the motion, the time Defendants would need to prepare their reply, the time the Court would need to review the large briefs and supporting papers, the Court's Certificate of Unavailability on its website indicating its unavailability the week of July 3, 2023, and the professional obligations of Defendants' counsel in other matters during the months of April, May, and June 2023.  Those obligations are significant, namely:

- In April, Princeton's counsel, Andrew H. Bart and Jacob L. Tracer, of Jenner & Block LLP, are litigating a federal jury trial in Atlanta, Georgia.  Mr. Bart is lead counsel in that action.  There is a pretrial conference scheduled on April 5, 2023 and pretrial briefs due April 12, 2023.  Trial is scheduled to begin on April 18, 2023 and estimated to end on or about April 28, 2023.  Given the proximity of trial, that case will occupy the complete attention of Mr. Bart and Mr. Tracer until the trial is over.  *See* Bart Decl. ¶¶ 6-7.

- On May 10, 2023, Meta's lead counsel, Dale Cendali of Kirkland & Ellis LLP, leaves for the firm's annual partners business meeting.  From there, on May 13, 2023, she flies to Asia for an important business conference.  She returns from Asia on May 26, 2023, right before Memorial Day weekend.  As soon as she returns from Asia, her complete attention will be occupied by preparing for a federal jury trial in Cleveland, Ohio, scheduled to start on June 14, 2023 and end on or about June 23, 2023.  Ms. Cendali is also lead counsel in that case.  *See* Cendali Decl. ¶ 6.

After Defendants filed their motion, Planner 5D sought additional time beyond four weeks for its opposition (*i.e.*, beyond March 17, 2023).  **First**, in late February, Planner 5D indicated that it would "need more time" and requested "until March 31" to accommodate, among other things, its counsel's "travel schedules."  Dkt. 242-2 at 6–8.  Defendants agreed, informing Planner 5D they were "amenable to considering a longer extension" if needed.  *Id.* at 6.  They also advised Planner 5D that its extension request created a conflict with Princeton's counsel's trial schedule that would necessitate delaying Defendants' reply papers until late May.  *Id.* at 6-7.  Defendants also indicated that a reply date in late May would necessitate a hearing date in July given Meta's counsel's jury trial.  *Id.* at 5.  **Second**, on March 13, 2023, Planner 5D sought to extend its time to oppose further until April 5, 2023 (with no explanation).  Dkt. 242-3 at 10.  It also proposed a convoluted schedule in which the trade secrets claim would be separately briefed

2

OPPOSITION TO ADMINISTRATIVE MOTION                                                          CASE NO. 3:19-CV-003132

1  and argued by Princeton's counsel and the copyright claim would be briefed and argued by Meta's
2  counsel—disregarding the fact that both claims are against Meta and Princeton and their respective counsel
3  are involved with briefing and arguing both claims on behalf of their clients. *Id.* Defendants again
4  consented to Planner 5D's request for additional time for its opposition, reminding Planner 5D that its
5  requested date would require delaying Defendants' reply until late May and the hearing date to remain as
6  Defendants set it, given Defendants' counsel's respective jury trials. *Id.* at 5–8.

7  At that point, Planner 5D accepted April 5, 2023 as its opposition date, but refused to accommodate
8  Defendants' counsel's schedules. At no time did Planner 5D identify any conflict with regard to a July 12,
9  2023 hearing date—nor did it offer any explanation as to why an earlier hearing date was necessary.
10 Ultimately, on March 21, 2023, Planner 5D put forth four "proposals," each of which would require
11 Defendants to prepare their reply when Princeton's counsel are unavailable, have the motion heard when
12 Meta's lead counsel is unavailable, and/or give the Court no more than three weeks to review the parties'
13 voluminous filings. Dkt. 242-3 at 2–3. The last of these "proposals" set a hearing date for June 7, 2023,
14 which, as Planner 5D is aware, is one week before Ms. Cendali's jury trial is scheduled to begin. *Id.* at 3.

**ARGUMENT**

16 Courts have broad inherent authority to set their case schedules. This Court instructs parties to
17 "display empathy and cooperate with each other on . . . case management to the fullest extent possible."
18 Calendar for Judge William H. Orrick, Notes on Civil Case Discovery, available at:
19 https://apps.cand.uscourts.gov/CEO/cfd.aspx?7147#Notes (last accessed March 27, 2023). While
20 Defendants' counsel have tried to develop a cordial and generally productive relationship with Planner
21 5D's counsel over the course of this litigation, Planner 5D has not extended Defendants the same courtesy
22 in this instance. Planner 5D's proposed schedule would severely prejudice Defendants, whereas Planner
23 5D has not articulated any prejudice that it will suffer under Defendants' schedule.

24 The prejudice to Defendants under Planner 5D's schedule is obvious. A reply date in mid-May
25 would prejudice Princeton as its counsel would have less than two weeks after coming off an intensive,
26 two-week jury trial to digest Planner 5D's opposition and prepare reply papers. That schedule would also
27 contravene Planner 5D's earlier agreement to allow Defendants a minimum of three weeks with additional
28 time if needed. Further, a hearing date of May 31, 2023 would prejudice Meta because it would not provide

3

OPPOSITION TO ADMINISTRATIVE MOTION                                      CASE NO. 3:19-CV-003132

adequate time for its lead counsel, Ms. Cendali, to prepare. It would provide Ms. Cendali only one business day to prepare for oral argument after returning from Asia right before Memorial Day weekend, all during the time she is preparing for a federal jury trial. While Planner 5D asserts that another attorney could argue the motion, Ms. Cendali is Meta's lead counsel in this litigation, and has argued every motion and attended every status conference in this case. Cendali Decl., ¶ 11. Moreover, Ms. Cendali has extensive experience with copyright litigation and is known as a leader in the intellectual property field, and thus Meta is entitled to have her argue this critically-important summary judgment motion. *Id.*

By contrast, Planner 5D has not identified any prejudice it will suffer if Defendants' motion is heard on July 12, 2023. This is not a preliminary injunction, and there is nothing imminent that necessitates a hearing on May 31, 2023, as opposed to July 12, 2023. Planner 5D's claim of urgency is belied by, among other things, its request to have ***seven weeks*** to file its opposition in order to suit its own schedule. Planner 5D even proposed June 7, 2023 for the hearing—which is only several weeks before July 12, 2023.[1]

The only reason Planner 5D has articulated is a general desire for Defendants' motion to be heard sooner. *See* Dkt. 242 at 4. This rationale is plainly insufficient when compared to the enormous prejudice its proposal would impose on Defendants. While Defendants also would like this case resolved once and for all, a hearing on July 12, 2023 (as opposed to May 31 or June 7, 2023) is not a significant delay in the context of this litigation. Indeed, the disparity of the prejudice analysis is so glaring that the only inference to be drawn is that Planner 5D is trying to gain an unfair advantage on this potentially case-dispositive motion by obtaining a generous extension for its opposition to accommodate, in part, its own counsel's "travel schedules," while depriving Defendants of a full and fair opportunity to respond to Planner 5D's opposition papers and for Meta to have its chosen lead counsel prepare for and argue the motion.

Further, while Planner 5D complains that this case has been pending for four years, it has only itself to blame for that pace. For example, Planner 5D's legally-deficient pleadings resulted in the Court granting two motions to dismiss because, among other things, Planner 5D chose to initiate this action without first

---

[1] Notably, Planner 5D's counsel told Defendants' counsel that it would file this motion under Local Rule 6-3 as a motion to change time, *see* Dkt. 242-3 at 6-7, but abruptly changed course and filed an administrative motion under Local Rule 7-11 instead. That decision was telling, as Local Rule 6-3 would have required Planner 5D to demonstrate in a declaration that it would suffer "substantial harm or prejudice" if the Court does not grant its relief—which Planner 5D cannot (and did not) do. Indeed, the declaration Planner 5D filed in support of its Motion does not mention the word "prejudice" at all.

trying to register its alleged copyrights with the U.S. Copyright Office as required by law. *See* Dkt. 52, 90. Moreover, the only reason that the parties are in this situation now is because Planner 5D failed to comply with the Court-ordered discovery deadlines to complete its document production and written discovery responses by July 15, 2022. *See* Dkt. 182. Notably, in August 2022, Planner 5D made substantive amendments to its discovery responses and supplemental productions, including changing the scope of its own alleged copyrighted works. Dkt. 221 ¶¶ 153-54. It also failed to produce an adequately-prepared witness on two Rule 30(b)(6) topics, requiring motion practice and then reopening that deposition. Dkt. 208, 209. As a result, the schedule for completion of fact depositions and expert discovery had to be extended, and thus the date for Defendants' summary judgment motion was extended to February 17, 2023. Dkt. 212. Had Planner 5D complied with the original schedule, Defendants would have filed their summary judgment in November 2022, as originally planned, and the motion would have been heard by now, thereby obviating the need to consider Defendants' counsel's schedules in April, May and June 2023.

Lastly, Planner 5D's claim that it thought the motion would be heard within two months is not consistent with the facts. As noted above, the parties agreed early on that Planner 5D could have at least four weeks to file its opposition and Defendants could have at least three weeks to submit a reply. Thus, Planner 5D was aware that the motion would not be fully briefed until *at least* seven weeks after it was filed—and the Court would need time to review the papers before holding a hearing. And Planner 5D ultimately asked for seven weeks to file an opposition (in part to accommodate its counsel's travel schedules), which rendered a two-month timeline impossible.

Defendants' proposed schedule grants all parties a fair opportunity to address each other's arguments and prepare for a hearing on this substantive motion, and also ensures that the Court will have enough time to review the papers. Accordingly, Defendants respectfully request that the Court deny Planner 5D's Motion and enter Defendants proposed Order setting a schedule with (a) April 5, 2023 for Planner 5D's opposition (as it requested), (b) May 26, 2023 for Defendants' reply, subject to their review of Planner 5D's opposition, as Planner 5D had originally agreed, and (c) July 12, 2023 for the hearing.

Dated: March 27, 2023

KIRKLAND & ELLIS LLP

/s/ *Dale M. Cendali*
Dale M. Cendali (S.B.N. 1969070)

Attorneys for Defendants
*Meta Platforms, Inc.*
*and Facebook Technologies, LLC*

Dated: March 27, 2023

JENNER & BLOCK LLP

/s/ *Andrew H. Bart* (with consent)
Andrew H. Bart

Attorneys for Defendant
*The Trustees of Princeton University*

## ATTESTATION PURSUANT TO CIVIL L.R. 5-1(i)(3)

I, Dale M. Cendali, am the ECF User whose ID and password are being used to file this document. I hereby attest that concurrence in the filing of this document has been obtained from the signatories.

DATED: March 27, 2023

/s/ *Dale M. Cendali*
Dale M. Cendali

## CERTIFICATE OF SERVICE

On March 27, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all persons registered for ECF. All copies of documents required to be served by Fed. R. Civ. P. 5(a) and L.R. 5-1 have been so served.

DATED: March 27, 2023

/s/ *Dale M. Cendali*
Dale M. Cendali