# Exh. 10



**United States Copyright Office**

Library of Congress · 101 Independence Avenue SE · Washington DC 20559-6000 · www.copyright.gov

September 18, 2020

Alter, Kendrick & Baron LLP
Attn: Jacqueline Charlesworth
156 Fifth Avenue Suite 1208
New York, NY 10010
United States

Correspondence ID:   1-49R3GBL

RE:    Planner5D Objects (2016)

Dear Jacqueline Charlesworth:

We are writing in response to your application submitted to register the above-titled work. Upon examination of the work, registration must be refused because the material deposited does not meet the regulatory deposit requirements for registration of a computer program or computer screen displays. In addition, the work was not independently created by the author named in the application and does not contain enough original human authorship to sustain a claim to copyright.

**<u>Source Code</u>**:

Section 101 of the copyright statute defines a computer program as "a set of statements or instructions to be used directly or indirectly in a computer to bring about a certain result." To register a computer program, the applicant must generally submit the first 25 and last 25 pages of source code. 37 C.F.R. § 202.20(c)(vii)(A)(1). The *Compendium of U.S. Copyright Office Practices* (3d ed. 2017) defines "source code" as:

> a set of statements and instructions written by a human being using a particular programming language, such as C, C++, FORTRAN, COBOL, PERL, Java, Basic, PASCAL, LISP, LOGO, or other programming languages. These statements or instructions are comprehensible to a person who is familiar with the relevant programming language, but in most cases a computer or other electronic device cannot execute these statements or instructions unless they have been converted into object code. This conversion is performed by a separate program within the computer, which is known as an interpreter, assembler, or compiler. See Apple Computer, Inc. v. Franklin Computer Corp., 714 F.2d 1240, 1243 (3d Cir. 1983); Williams Electronics, Inc. v. Artic International, Inc., 685 F.2d 870, 876 n.7 (3d Cir. 1982) (quoting the CONTU Report at 21 n. 9, 28).

*Compendium* (*Third*) § 721.3.

As deposit material, you have uploaded one fifty-page .pdf file. This file does not contain statements or instructions written by, or readable by, a person. Nor does it contain statements or instructions to be used directly or indirectly in a computer to bring about a certain result. It merely contains data, namely, a set of coordinates – to be used by a separate computer program in the rendering of a particular shape or shapes. As such, this material does not consist of source code, as defined by *Compendium* (*Third*); and accordingly, it does not meet the regulatory deposit requirement for registration of a computer program.

**Screen Displays**:

Regarding registrations for computer programs including claims to screen displays, the regulations provide that:

> Where the application to claim copyright in a computer program includes a specific claim in related computer screen displays, the deposit, in addition to the identifying portions specified in paragraph (c)(2)(vii)(A) of this section, shall consist of:
>
> (1) Visual reproductions of the copyrightable expression in the form of printouts, photographs, or drawings no smaller than 3 × 3 inches and no larger than 9 × 12 inches.[1]

37 C.F.R. § 202.20(c)(vii)(C)(1).

The deposit material submitted for this application contains neither visual nor video nor or any other type of reproductions of the screen displays to be registered. As submitted, the Office cannot register any screen displays specifically claimed in the application.

**Independent Creation and Human Authorship**:

To qualify for copyright protection, a computer program must be original to the author, which means that the program must be "independently created by the author" and it must possess "at least some minimal degree of creativity." *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 345 (1991).

Computer programs that are hand-coded by human authors may be registered with the Copyright Office, provided that they meet the minimum standard of creativity required for copyright protection. The Office cannot register works produced by a machine or mere mechanical process "without any creative input or intervention from a human author." *Compendium* § 313.2.

As a general rule, the Office will accept the applicant's representation that the work was independently created by the author named in the application, unless that statement is implausible or is contradicted by information provided elsewhere in the registration materials. If the examiner determines that the work was not independently created, he or she may communicate with the applicant or may refuse to register the claim. *Compendium* § 308.1.

---

[1] 37 C.F.R. § 202.20(c)(vii)(C)(2) also provides for submission of video representations of screen displays which are predominantly audiovisual.

Upon examination, it is clear that the data contained within the deposit material was generated by a third-party program. The metadata specifically states that this data was generated by Blender 2.62 Exporter. Because the applicant did not create any of the material deposited, it is not registrable.

**Registration Decision**

The Office refuses registration, because the material submitted is not source code and does not meet the requirements for registration of a computer program or a claim in screen displays. The Office also refuses registration, because the deposit material was not independently created by the author named in the application, and because there is no human authorship in the deposited material. In accordance with our practices, we will keep the application, copy, and non-refundable fee.

This letter is for your information only; no response is necessary.

Gregory McElhatton
Literary Division Supervisory Examiner
U.S. Copyright Office

Enclosures:
  Reply Sheet



**United States Copyright Office**

Library of Congress · 101 Independence Avenue SE · Washington DC 20559-6000 · www.copyright.gov

```
*1-49R3GBL*
```

# Use this sheet *if* you request reconsideration

## How to request reconsideration:

- Send your written explanation of why the claim should be registered or why it was improperly refused.
- Be sure to include the Correspondence ID Number (listed under the bar code above) on the first page of your Request.
- Indicate whether you are requesting a "First Reconsideration" or "Second Reconsideration."

- **Submit your request ONLINE:** We strongly recommend sending all requests for reconsideration via email following these steps:

    **EMAIL YOUR REQUEST (BUT NOT THE REQUIRED FEE) to:**
    copreviewboard@loc.gov.
    o The subject line should say "First Reconsideration" or "Second Reconsideration"
    o Once your email request is received, you will be contacted with instructions on how to submit the required fee.

    **IMPORTANT NOTE**: Your request and the required fee must be received no later than three months after a refusal is issued.

- **Alternatively, you may submit your request VIA MAIL, but the Copyright Office's response will be delayed due to the COVID-19 pandemic**:

    o **IMPORTANT NOTE**: Your request must be postmarked (via the U.S. Postal Service) or dispatched (via commercial carrier, courier, or messenger) no later than three months after a refusal is issued.
    o Enclose the required fee.
    o Address your request to:

        RECONSIDERATION
        Copyright RAC Division
        P.O. Box 71380
        Washington, DC 20024-1380

**First Request for Reconsideration:** The Registration Program Office considers the first request. If it upholds the refusal, you may submit a second request.

**Second Request for Reconsideration:** The Copyright Office Board of Review considers the second request. The Board consists of the Register of Copyrights and the General Counsel (or their respective designees), and a third member appointed by the Register. The Board's decision constitutes final agency action.

**Notification of decision:**  While working remotely due to COVID-19, the Copyright Office will send all notifications of its decisions by email.

**FEES:**

| | |
|---|---|
| **First Request** | $350 per application |
| **Second Request** | $700 per application |

P5D-0065056



**United States Copyright Office**

Library of Congress · 101 Independence Avenue SE · Washington DC 20559-6000 · www.copyright.gov

September 18, 2020

Alter, Kendrick & Baron LLP
Attn: Jacqueline Charlesworth
156 Fifth Avenue Suite 1208
New York, NY 10010
United States

Correspondence ID:   1-49OL4CW

RE:    Planner5D Scenes (2016)

Dear Jacqueline Charlesworth:

We are writing in response to your application submitted to register the above-titled work. Upon examination of the work, registration must be refused because the material deposited does not meet the regulatory deposit requirements for registration of a computer program or computer screen displays.

**Source Code**:

Section 101 of the copyright statute defines a computer program as "a set of statements or instructions to be used directly or indirectly in a computer to bring about a certain result." To register a computer program, the applicant must generally submit the first 25 and last 25 pages of source code. 37 C.F.R. § 202.20(c)(vii)(A)(1). The *Compendium of U.S. Copyright Office Practices* (3d ed. 2017) defines "source code" as:

> a set of statements and instructions written by a human being using a particular programming language, such as C, C++, FORTRAN, COBOL, PERL, Java, Basic, PASCAL, LISP, LOGO, or other programming languages. These statements or instructions are comprehensible to a person who is familiar with the relevant programming language, but in most cases a computer or other electronic device cannot execute these statements or instructions unless they have been converted into object code. This conversion is performed by a separate program within the computer, which is known as an interpreter, assembler, or compiler. See Apple Computer, Inc. v. Franklin Computer Corp., 714 F.2d 1240, 1243 (3d Cir. 1983); Williams Electronics, Inc. v. Artic International, Inc., 685 F.2d 870, 876 n.7 (3d Cir. 1982) (quoting the CONTU Report at 21 n. 9, 28).

*Compendium* (*Third*) § 721.3.

As deposit material, you have uploaded one fifty-page .pdf file. This file does not contain statements or instructions written by, or readable by, a person. Nor does it contain statements or instructions to be used directly or indirectly in a computer to bring about a certain result. It merely contains data, namely, a set

of coordinates – to be used by a separate computer program in the rendering of a particular shape or shapes. As such, this material does not consist of source code, as defined by *Compendium* (*Third*); and accordingly, it does not meet the regulatory deposit requirement for registration of a computer program.

**Screen Displays**:

Regarding registrations for computer programs including claims to screen displays, the regulations provide that:

> Where the application to claim copyright in a computer program includes a specific claim in related computer screen displays, the deposit, in addition to the identifying portions specified in paragraph (c)(2)(vii)(A) of this section, shall consist of:
>
> (1) Visual reproductions of the copyrightable expression in the form of printouts, photographs, or drawings no smaller than 3 × 3 inches and no larger than 9 × 12 inches.[1]

37 C.F.R. § 202.20(c)(vii)(C)(1).

The deposit material submitted for this application contains neither visual nor video nor or any other type of reproductions of the screen displays to be registered. As submitted, the Office cannot register any screen displays specifically claimed in the application.

**Registration Decision**

The Office refuses registration, because the material submitted is not source code and does not meet the requirements for registration of a computer program or a claim in screen displays. In accordance with our practices, we will keep the application, copy, and non-refundable fee.

This letter is for your information only; no response is necessary.

Gregory McElhatton
Literary Division Supervisory Examiner
U.S. Copyright Office

Enclosures:
  Reply Sheet

---

[1] 37 C.F.R. § 202.20(c)(vii)(C)(2) also provides for submission of video representations of screen displays which are predominantly audiovisual.



**United States Copyright Office**

Library of Congress · 101 Independence Avenue SE · Washington DC 20559-6000 · www.copyright.gov

```
*1-490L4CW*
```

# Use this sheet if you request reconsideration

## How to request reconsideration:

- Send your written explanation of why the claim should be registered or why it was improperly refused.
- Be sure to include the Correspondence ID Number (listed under the bar code above) on the first page of your Request.
- Indicate whether you are requesting a "First Reconsideration" or "Second Reconsideration."

- **Submit your request ONLINE:** We strongly recommend sending all requests for reconsideration via email following these steps:

    **EMAIL YOUR REQUEST (BUT NOT THE REQUIRED FEE) to:**
    copreviewboard@loc.gov.
    o  The subject line should say "First Reconsideration" or "Second Reconsideration"
    o  Once your email request is received, you will be contacted with instructions on how to submit the required fee.

    **IMPORTANT NOTE**: Your request and the required fee must be received no later than three months after a refusal is issued.

- **Alternatively, you may submit your request VIA MAIL, but the Copyright Office's response will be delayed due to the COVID-19 pandemic**:

    o  **IMPORTANT NOTE**: Your request must be postmarked (via the U.S. Postal Service) or dispatched (via commercial carrier, courier, or messenger) no later than three months after a refusal is issued.
    o  Enclose the required fee.
    o  Address your request to:

        RECONSIDERATION
        Copyright RAC Division
        P.O. Box 71380
        Washington, DC 20024-1380

**First Request for Reconsideration:** The Registration Program Office considers the first request. If it upholds the refusal, you may submit a second request.

**Second Request for Reconsideration:** The Copyright Office Board of Review considers the second request. The Board consists of the Register of Copyrights and the General Counsel (or their respective designees), and a third member appointed by the Register. The Board's decision constitutes final agency action.

**Notification of decision**: While working remotely due to COVID-19, the Copyright Office will send all notifications of its decisions by email.

**FEES:**

| | |
|---|---|
| **First Request** | $350 per application |
| **Second Request** | $700 per application |

P5D-0065051