# Exh. 12



**United States Copyright Office**

Library of Congress • 101 Independence Avenue SE • Washington DC 20559-6000 • www.copyright.gov

November 16, 2020

Alter, Kendrick & Baron LLP
Attn: Jacqueline Charlesworth
156 Fifth Avenue Suite 1208
New York, NY 10010
United States

Correspondence ID:   1-4JB0NHH

RE:     Planner5D Objects (2016)

Dear Ms. Charlesworth:

We are writing to follow up regarding copyright applications 1-9270652291 and 1-9270798186. You submitted these applications on September 14, 2020, and requested special handling. The Literary Division reviewed both applications within five business days and issued refusal letters on September 18, 2020. On October 1, 2020, the Registration Program Office, as a result of ongoing discussions with the Office of the General Counsel, again wrote to you to allow submission of updated deposit material.

As our October 1, 2020, letter explained, examination could proceed in one of two ways for each application:

1. The applicant could seek registration for a derivative computer program, as claimed on the application, by submitting the source code and representative screen display material as required by 37 C.F.R. 202.20(c)(2)(vii), and further defined by *Compendium of U.S. Copyright Office Practices* §§ 721-721.11; or,
2. The applicant could seek registration for this material as a literary work by submitting a complete, un-redacted copy of each work.

Pursuant to further discussions between the applicant and the Office of the General Counsel, a November 9, 2020 email to the Office confirmed the applicant is not interested in submitting claims for textual literary works, and seeks registration for "computer code that embodies and generates visual displays" based on the deposits as-submitted with each application.

*Compendium* § 721.10(B) advises that a registration for a claim in "computer program" will cover the copyrightable expression that appears in any screen that may be generated by the program. However, when an applicant specifically asserts a separate claim in "screen display," Office regulations and the *Compendium* require representative deposit material.

The Registration Program Office affirms its refusals for applications 1-9270652291 and 1-9270798186 as stated in our September 18, 2020 letters:

1-9270652291: The application claims copyright in: "computer program, Computer program, including displays generated by computer program." This application was refused because the deposited material does not constitute source code, as required by U.S. Copyright Office regulations for claims in computer programs. Further, the required deposit material for applications including specific claims in screen displays was not submitted.

1-9270798186: The application claims copyright in: "computer program, Computer program, including displays generated by computer program." This application was refused because the deposited material does not constitute source code, as required by U.S. Copyright Office regulations for claims in computer programs. Further, the required deposit material for applications including specific claims in screen displays was not submitted.

Although the Registration Program Office has concluded that the deposits submitted with these applications do not meet the requirements for registering a work as a computer program, you have delivered to the Office a deposit, application, and fee required for registration of the computer programs "in proper form," as required to institute a civil action for infringement under 17 U.S.C. § 411(a).

Both of the September 18, 2020 letters are attached for your reference. Please note that, as a courtesy, the Office will use the date of this letter, not September 18, 2020, for purposes of determining the timeliness of any request for reconsideration of these refusals. *See* 37 C.F.R. § 202.5(b).

The Office also notes that you inquired about when new published versions of a work may be registered. Generally, when a sufficient amount of new material is added to a preexisting or previously published work, a claim can be made in the new material added by the derivative work author. Previously published versions of the work must be excluded from the claim in such a derivative work claim. There is currently no group registration option for published computer programs. Thus, when registering a computer program for which updated versions have been regularly published, an applicant must determine when it added a "sufficient amount" of new copyrightable authorship for the computer program to be considered a derivative work of the previously published versions of the computer program. Each computer program that contains a sufficient amount of new copyrightable authorship should be registered separately, must exclude previously published versions of the computer program, and must include a deposit of the computer program as it existed at the time of publication. The Office does not ordinarily make findings of fact to confirm the truth of any statement made in an application, and generally "accepts the facts stated in the registration materials, unless they are contradicted by information provided elsewhere in the registration materials or in the Office's records." Compendium § 602.4(C). The Office generally does not compare deposit copies to determine whether a work for which registration is sought is substantially similar to another work or has been previously registered. Compendium § 602.4(D).

P5D-0065045

Jacqueline Charlesworth - 3 - 1-4JB0NHH

Sincerely,

Aaron Watson
Attorney-Advisor for Registration Policy and Practice
U.S. Copyright Office

Enclosures:
   September 18, 2020 Refusal letters for 1-9270652291 and 1-9270798186

P5D-0065046



**United States Copyright Office**

Library of Congress · 101 Independence Avenue SE · Washington DC 20559-6000 · www.copyright.gov

*1-4JB0NHH*

# REPLY SHEET:

**If a reply by letter mail is appropriate,
please return this sheet with your reply.**

**Packaging:** If you send an audiotape, videotape, CD, CD-ROM, DVD, or photograph, <u>use a box</u> rather than a soft container – to avoid damage in the mail screening process.

**Reply Time**
The C.O. generally allows 60 days from the date of the postmark to receive a reply to our letter. If the Office establishes a different reply time, it will be stated in our letter.

**If there is no response within the timeframe listed in this letter, this claim will be closed. Your deposit and non-refundable filing fee will be retained.**

**If you re-apply for registration after the case file is closed**, you must send a new application, copy, and fee. The effective date of registration will be based on the new submission.