

Exh. 34



**United States Copyright Office**

Library of Congress · 101 Independence Avenue SE · Washington DC 20559-6000 · www.copyright.gov

October 01, 2020

Alter, Kendrick & Baron LLP
Attn: Jacqueline Charlesworth
156 Fifth Avenue Suite 1208
New York, NY 10010
United States

Correspondence ID:    1-4BDXM5C

RE:    Applications 1-9270652291 and 1-9270798186

To Whom It May Concern:

We are writing in regard to copyright applications 1-9270652291 and 1-9270798186. You submitted these applications on September 14, 2020, and requested special handling. The Literary Division reviewed both applications within five business days and issued refusal letters on September 18, 2020. Both claims were refused because they did not comply with the relevant deposit requirements. Each application contains a claim in "computer program" and "computer program, including displays generated by computer program," but the deposited material does not contain the required deposit of source code and representative screen displays.

To register a literary work that has been published, the applicant generally must submit two complete copies of the best edition of the work. 17 U.S.C. § 408(b)(2). To register a work as a "computer program," an applicant must submit a sufficient amount of source code for the specific version of the program that is being registered. 37 C.F.R. § 202.20(c)(2)(vii). If the applicant expressly asserts a claim in the screen displays that may be generated by the program, the applicant also must submit visual or audiovisual reproduction of those screen displays. 37 C.F.R. § 202.20(c)(2)(vii)(C). Based on its review of the deposit material, the Literary Division concluded that the material deposited does not contain any source code or screen displays; instead, it merely contains data that could conceivably be used by a separate computer program to produce a rendering of various objects.

When the Office refuses registration, the applicant may ask the Office to reconsider its decision by submitting a timely request for reconsideration. Ordinarily, the request must include the reasons why the applicant believes that registration was improperly refused, along with the appropriate filing fee for a first appeal. 37 C.F.R. 202.5(b).

We note that the applicant submitted a declaration from a computer scientist who contends that the deposit material contains source code, which was not mentioned in the refusal letters. While the Literary Division does not consider expert declarations in connection with an initial registration decision, in light of ongoing discussions between the Office of General Counsel for the U.S. Copyright Office and the

P5D-0065320

applicant, the Office of Registration Policy and Practice has reviewed the applications and deposits for both claims, as well as the declaration of Mr. Gosling.

Regarding the points raised in the cover letter to your applications and Mr. Gosling's declaration, the Office does not question the assertion of that the works you seek to register constitute computer programs. Instead, what is at issue is whether the deposit requirements for registration of a computer program have been met, and in particular, whether "source code" has been deposited. *See* 37 C.F.R. § 202.20(c)(2)(vii). For these two applications, the examiner determined that the material deposited was not source code. Instead, it is a set of coordinates used by another computer program to render specific shapes.

Mr. Gosling's declaration, at paragraph 7, defines source code as "instructions readable and writable by humans to indicate processing that a computer is to do." This definition is in harmony with the first part of the Office's definition of source code, which is found in *Compendium* (*Third*) § 721.3, which defines "source code" as "a set of statements and instructions written by a human being using a particular programming language...." The Office's definition goes on to specify that the statements or instructions would be "comprehensible to a person who is familiar with the relevant programming language, but in most cases a computer or other electronic device cannot execute these statements or instructions unless they have been converted into object code." *Id*. The inclusion of the phrase "in most cases" in the Compendium's definition was intended only to signal that there may be some languages that are converted to something other than object code so they can be processed by a computer (for example JavaScript's conversion to bytecode).

Both Mr. Gosling's definition and the Compendium definition recognize that source code must be a set of statements or instructions. The statute requires that the "set of statements or instructions" be used "directly or indirectly … to bring about a certain result," 17 U.S.C. § 101, which means that computer or electronic device must be able to execute the specific statements or instructions in the deposited source code once they have been converted into object code. Where the deposit contains a set of coordinates, rather than a set of executable statements or instructions, those coordinates do not directly or indirectly bring about a specific result without being loaded into a JavaScript program that can then be converted into a machine language that the computer will use to render the shapes.

We therefore find unpersuasive Mr. Gosling's simple conclusory statement, that "[u]nder the proper definition of source code, Planner 5D's JSON files are instructions readable and writable by humans to indicate desired computer processing, and thus they unquestionably qualify as source code."

To proceed with registration of a derivative computer program, you will need to submit the required source code for the specific version of the program that is being registered and representative screen displays as required by 37 C.F.R. 202.20(c)(2)(vii), and further defined by *Compendium of U.S. Copyright Office Practices* §§ 721-721.11.

Alternatively, to pursue registration of these works as derivative "literary works" consisting of textual material (rather than derivative computer programs consisting of statements or instructions to be used in a computer to bring about a certain result), you will need to submit complete unredacted copies of both works.

P5D-0065321

Jacqueline Charlesworth                          - 3 -                          1-4BDXM5C

As a reminder, if any of the material in the deposit was previously published, that material must be excluded from the claim (regardless of whether the work is submitted as a derivative computer program or a literary work consisting of textual material). 17 U.S.C. § 409(9).

The Office of Registration Policy and Practice has reopened the applications to allow for the submission of the required deposit material. You will receive an email from the Literary Division with specific instructions for uploading this material.

Sincerely,

Aaron Watson
Attorney-Advisor for Registration Policy and Practice
U.S. Copyright Office