Exh. 35



**ALTER, KENDRICK & BARON, LLP**
156 Fifth Avenue, Suite 1208
New York, NY 10010

**T:** 212-707-8377
**F:** 212-647-8317

www.akbllp.com

October 19, 2020

Via email:  regans@copyright.gov
Ms. Regan Smith
General Counsel and Associate Register of Copyrights
United States Copyright Office

Via email:  registrationprogramoffice@copyright.gov
Mr. Aaron Watson
Attorney-Advisor for Registration Policy & Practice
United States Copyright Office

Via email:  cop-ad@loc.gov
Gregory McElhatton
Literary Division Supervisory Examiner
United States Copyright Office

Re:     **Planner5D Objects (2016), Application No. 1-9270652291**
        **Planner5D Scenes (2016), Application No. 1-9270798186**
        **Registration Correspondence ID:  1-4BDXM5C**
        **[THREAD ID:1-4C0PPGA]**
        **[THREAD ID:1-4C0PPFV]**

Dear Ms. Smith, Mr. Watson and Mr. McElhatton:

UAB Planner5D ("Planner5D") is grateful for your guidance concerning its applications to register
Planner 5D's two computer programs, Planner5D Objects (2016) and Planner5D Scenes (2016) (together,
the "Works").  As we explained previously, the Works are the subject of litigation currently pending in
the Northern District of California, *UAB "Planner5D" v. Facebook, Inc., et al.*, Case No. 3:19-cv-03132-
WHO (N.D. Cal. June 5, 2019), *consolidated with* Case No. 3:20-cv-02198-WHO (N.D. Cal. Mar. 31,
2020).  This responds to Ms. Smith's letter dated September 22, 2020, Mr. Watson's letter dated October
1, 2020, and Mr. McElhatton's emails dated October 5, 2020, each of which addresses Planner5D's
applications.

The Office has indicated in the above-referenced correspondence that the Works can be registered either
(1) as computer programs, by depositing source code (which may be redacted), or (2) as ordinary literary
works, by depositing complete unredacted textual material (*i.e.*, the entirety of the computer code).  In
either case, the Office notes that prior published material must be excluded from Planner5D's claims in
the respective applications.

We appreciate the Office's additional guidance.  We are pleased, in particular, that the Office agrees that
the Works constitute computer programs.  But based on the Office's October 1st letter, it appears the
Office may misapprehend the nature of the JSON code contained in the Works and how it is processed.

CO CORR0271

Separately, given that the Works are continuously augmented and/or updated, as often as on a daily basis, we also want to be sure that the publication issue can be addressed in a manner that is both feasible for our client and acceptable to the Office.

Lastly, although the Works are computer programs within the meaning of 17 U.S.C. § 101, were Planner 5D to follow the alternative "literary work" approach, it would need to ensure that it could obtain special relief so the trade secret material in the Works can be appropriately redacted and the Works deposited in less than complete form.  *See* 37 C.F.R. § 202.20(d)(1) (Office can grant special relief to allow deposit of incomplete copy of work).[1]

At this point, we believe that from the Office's perspective, as well as our client's, it may be most efficient to schedule a live discussion (either via remote meeting or conference call) so we can provide additional relevant information about the Works and answer any questions the Office may have. Especially in light of the pending litigation, we want to be sure that in resubmitting the applications we are doing so in a manner that is acceptable to the Office.

We look forward to hearing back from you.

Sincerely,

Jacqueline C. Charlesworth

cc:   Marc Bernstein, Esq.
       Naomi Gray, Esq.

[THREAD ID:1-4C0PPGA]
[THREAD ID:1-4C0PPFV]

---

[1] This overview identifies our key concerns but is not intended to be exhaustive.