MARC N. BERNSTEIN (SBN 145837)
mbernstein@blgrp.com
WILL B. FITTON (SBN 182818)
wfitton@blgrp.com
CHRISTIAN G. ANDREU-VON EUW (SBN 265360)
christian@blgrp.com
THE BUSINESS LITIGATION GROUP, P.C.
150 Spear Street, Suite 800
San Francisco, CA 94105
Telephone: 415.765.6633
Facsimile: 415.283.4804

Attorneys for Plaintiff
UAB "PLANNER5D"

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UAB "PLANNER5D" dba PLANNER 5D,<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC., FACEBOOK TECHNOLOGIES, LLC, THE TRUSTEES OF PRINCETON UNIVERSITY, DOES 1-200, ABC CORPORATIONS 1-20, and XYZ UNIVERSITIES 1-20.<br><br>Defendants. | Case No. **3:19-cv-03132-WHO**<br>Case No. **3:20-cv-08261-WHO**<br><br>Hearing: January 17, 2024<br>Time: 2:00 PM<br>Courtroom: 2, 17th Floor<br><br>**PLANNER 5D'S OPPOSITION TO DEFENDANTS' ADMINISTRATIVE MOTION FOR CLARIFICATION** |

**Page**

**Cases**

*Albino v. Baca*,
  747 F.3d 1162 (9th Cir. 2014) ............................................................................................... 1

*Buckingham v. United States,*
  998 F. 2d 735 (9th Cir. 1993) ................................................................................................ 2

*Fisher & Paykel Healthcare Ltd. v. Flexicare Inc.*,
  No. 19-cv-835, 2021 WL 5990160 (C.D. Cal. July 7, 2021)................................................. 1

*Nat'l Union Fire Ins. Co. v. Argonaut Ins. Co.*,
  701 F.2d 95 (9th Cir. 1983) .................................................................................................. 2

*teamLab Inc. v. Museum of Dream Space LLC,*
  No. 19 Civ. 6906, 2022 WL 17345905 (C.D. Cal. Nov. 16, 2022) ....................................... 2

*Villapando v. Banamex USA Bancorp Eyeglasses,*
  No. 19 Civ. 5149, 2020 WL 1942783 (C.D. Cal. Apr. 21, 2020).......................................... 2

**Rules**

Civil L.R. 7-9(c)............................................................................................................................. 2

Civil L.R. 7-9(d) ............................................................................................................................ 1

In ruling on Defendants' summary judgment motion, the Court held that P5D owns valid copyrights in its scene compilations and in certain of its individual objects. These were questions of law for the Court to decide. (ECF 278 at 8:12-17, 9:20-21.) Defendants now request a second run at those rulings, asking the Court to either change them through "clarification," or grant leave to seek reconsideration.

When a party seeks leave to move for reconsideration, "no response need be filed and no hearing will be held" unless ordered by the Court. Civil L.R. 7-9(d). Because the Court has not yet ruled on Defendants' request for leave, this opposition is limited to Defendants' clarification request.

**Scene Compilation**

In its Order, the Court states: "I find that there is sufficient creativity in the Scene Compilation to support a copyright." (ECF 278 at 16:26-27.) This is clear. Yet Defendants argue that the finding is ambiguous because those words aren't repeated in the Order's conclusion. (ECF 302 at 6:16-20.) There is no ambiguity in the Order; the finding is definite, and thus binding.

Defendants also contend in a section on clarification (Section II.B) that the Court could not have meant what it said because, they argue, doing so would be procedurally improper and there exists a genuine issue of material fact. These are not arguments for clarification, but reconsideration. Defendants' motion should therefore be denied. Nonetheless, P5D responds briefly.

Defendants are wrong to argue that summary judgment on the scene compilations was improper because P5D made no formal motion, instead addressing the issue in its opposition, and Defendants' only chance to respond was in their reply. (ECF 302 at 6:21-7:10.) The Court *does* have authority to grant summary judgment in a non-moving party's favor, so long as the moving party had a "full and fair opportunity to ventilate the issues involved in the matter." *Albino v. Baca*, 747 F.3d 1162, 1176 (9th Cir. 2014). *See also Fisher & Paykel Healthcare Ltd. v. Flexicare Inc.*, No. 19-cv-835, 2021 WL 5990160, at *3 (C.D. Cal. July 7, 2021), *reconsideration denied*, 2021 WL 5993513 (C.D. Cal. Sept. 9, 2021) ("A movant has had a full and fair opportunity to ventilate the issues in a motion where a nonmovant

requests summary judgment in its favor when opposing a movant's motion for summary judgment, and the movant demonstrates knowledge of that request in its reply brief.").[1]

Here, the Court's bifurcation order designated copyrightability as one of three issues to be addressed in Phase 1. (ECF 182 at 2:14-15.) Defendants thus had fair notice that copyrightability was at issue in Phase 1, and a fair chance to gather and present its evidence. And Defendants did, in fact, gather evidence about this—a lot of it. (*E.g.*, Exhibit A (Sheremetyev Deposition at 36:6-45:23; 138:15-141:9; 142:2-146:15; 150:9-151:9; 151:21-152:20; 153:13-163:5 (extensive interrogation of P5D witness about scene selection)); Exhibit B (P5D's Response to Princeton's Interrogatory No. 4 (detailing "all copyrightable expression" in scene compilation)). *Cf.* MSJ Opp. (ECF 251) at 5:13-19.)

Defendants are also wrong to argue that there is a material factual dispute in the copyrightability of the scene compilation. (ECF 302 at 7:11-8:6.) Defendants' only basis for this argument is questioning the credibility of testamentary evidence cited by the Court regarding P5D's "curat[ion of] a selection of scenes . . . based on numerous creative and expressive criteria." (ECF 278 at 16:6-10.) This repeats and expands on an argument Defendants already made in their summary judgment reply. (ECF 264-3 at 12, n.24.) *See* Civil L.R. 7-9(c). Defendants' new variations on this argument could have been included in their summary judgment reply. And of course, the mere questioning of credibility cannot defeat summary judgment. *Nat'l Union Fire Ins. Co. v. Argonaut Ins. Co.*, 701 F.2d 95, 97 (9th Cir. 1983). Moreover, Defendants have no credible evidence that P5D did not curate its selection of scenes as it says it did.

---

[1] Defendants' cases are easily distinguished: In *teamLab Inc. v. Museum of Dream Space LLC*, the court granted reconsideration of its *sua sponte* summary judgment based on a "novel theory of publication" not raised by the parties that the plaintiff "did not know" it even needed to address. No. 19 Civ. 6906, 2022 WL 17345905, at *2 (C.D. Cal. Nov. 16, 2022). In *Buckingham v. United States*, the Ninth Circuit reversed a *sua sponte* grant of summary judgment for plaintiff on issues not raised at all in the MSJ briefing. 998 F.2d 735, 742 (9th Cir. 1993). Finally, in *Villapando v. Banamex USA Bancorp Eyeglasses,* the court denied *sua sponte* summary judgment raised in the plaintiff's MSJ opposition to act consistent with its earlier determination to strike new rebuttal evidence defendants submitted with its MSJ reply. No. 19 Civ. 5149, 2020 WL 1942783, at *7 & *13 (C.D. Cal. Apr. 21, 2020).

If the Court orders a response to Defendants' reconsideration motion with regard to the scene compilation, P5D will respond to Defendants' reconsideration arguments (including those in Section II.B). (*See* ECF 302 at 7:17-26; 8:7-9:8.)

**Individual Objects**

The Court was also clear in its ruling on the copyrightability of the objects. Defendants again contend the Court could not have meant what it said, and push to have the Court limit its holding to three sample objects cited in the summary judgment briefing. Defendants' argument conflicts with the Court's explicit instructions in its Order. The balance of Defendants' object argument is one for reconsideration.

The Court found that P5D "holds a valid copyright in any objects that involved a demonstrable creative choice," ECF 278 at 14:28-15:2, meaning that "its modelers' choices yielded an original product, or that more than one way of representing the objects would have been acceptable," *id.* at 14:1-2.[2] In contrast, the Court held, P5D "does not hold a copyright to objects that were copied wholesale from existing sources with no creative choices." (*Id.* at 15:1-2.) The Court ordered P5D to submit a chart "with a description of the specific creative choice involved in each asserted object." (*Id.* at 22:27-23:1.)

P5D complied with the Court's Order by submitting three charts—Exhibits B, C, and D—which identify, for each object, creative choices that are apparent from the object itself. (ECF 282-2, 285-2.) Exhibit B lists objects for which P5D knows its modelers created using reference materials that P5D still possesses. Exhibit C lists objects for which Defendants proposed potential reference images. Exhibit D lists objects for which P5D does not have records of any reference images and Defendants proposed none. (*Id.*)

Defendants ask the Court to clarify that "Planner 5D cannot meet its burden to demonstrate the copyrightability of any object on Exhibits B-D other than the three expressly addressed in the Order."

---

[2] The Court separately found that P5D "holds a valid copyright in its independently created objects," meaning those created without using reference images. (ECF 278 at 15:14-15.) P5D lists those previously disclosed, from-imagination objects in "Exhibit A" to the same submission that is a subject of this dispute. (ECF 282-3.) Defendants have challenged this finding by the Court in a separate joint letter motion. (ECF 299.)

(ECF 302, Notice, at 1:17-19.) That is, Defendants argue that the Court granted summary judgment in Defendants' favor on all but three objects.

But Defendants' proposed "clarification" contradicts the Court's Order. The Court found that P5D "holds a valid copyright in *any objects that involved a demonstrable creative choice*," ECF 278 at 14:28-15:2 (emphasis added), and ordered P5D to identify specific creative choices in each asserted object, ECF 278 at 22:27-23:1. If the Court wished to rule on all but three objects, it could simply have said so. There would be no need to define the copyrightable objects as those involving a creative choice. And certainly there would be no need to order P5D to identify the creative choices for each asserted object.

P5D sees no ambiguity in the Court's Order. The Court's clear language means that *any* objects meeting the described conditions—involving a creative choice—were held to be copyrightable. P5D further understands that it was to submit a chart identifying creative choices for each asserted object. Notably, Defendants' current motion does not ask the Court to evaluate P5D's chart based on the conditions and standards in the Court's Order. Rather, Defendants' current motion challenges the Order itself.

Defendants also challenge the charts P5D submitted in response to the Court's Order—Exhibits B, C, and D—calling them "*new* evidence." (ECF 302 at 13:13-14.) It's not clear how a post-order disclosure fits in a motion for clarification (or reconsideration) of the Court's Order. The charts simply comply with the Order's directive. (ECF 278 at 22:27-23:1.)

In sum, the Court's Order is not ambiguous. It holds that P5D owns a copyright "in any objects that involved a demonstrable creative choice," (ECF 278 at 14:28-15:2), either because the object came wholly from imagination or could have been represented in different ways, *id.* at 14:1-2. The Order also required P5D to submit a chart describing the creative choices apparent in each asserted object, ECF 278 at 22:27-23:1, which P5D has done.

Defendants' remaining arguments on the objects ruling relate to their motion for leave to seek reconsideration, rather than clarification. If the Court orders a response to Defendants' reconsideration motion, P5D can address Defendants' remaining points.

**Conclusion**

For the foregoing reasons P5D requests Defendants' Motion for Clarification be denied.

REPECTFULLY SUBMITTED,

DATED: December 1, 2023               THE BUSINESS LITIGATION GROUP, P.C.

                                      By:      /s/ *Will B. Fitton*
                                               Will B. Fitton

                                      Attorneys for Plaintiff
                                      UAB "PLANNER5D"