

# Exh. B

MARC N. BERNSTEIN (SBN 145837)
mbernstein@blgrp.com
WILL B. FITTON (SBN 182818)
wfitton@blgrp.com
CHRISTIAN G. ANDREU-VON EUW (SBN 265360)
christian@blgrp.com
THE BUSINESS LITIGATION GROUP, P.C.
150 Spear Street, Suite 800
San Francisco, CA 94105
Telephone: 415.765.6633
Facsimile: 415.283.4804

Attorneys for Plaintiff
UAB "PLANNER5D"

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UAB "PLANNER5D" dba PLANNER 5D,<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC., FACEBOOK TECHNOLOGIES, LLC, THE TRUSTEES OF PRINCETON UNIVERSITY, DOES 1-200, ABC CORPORATIONS 1-20, and XYZ UNIVERSITIES 1-20.<br><br>Defendants. | **Case No. 3:19-cv-03132-WHO (SK)**<br>**Case No. 3:20-cv-08261-WHO**<br><br>**PLANNER 5D'S FOURTH AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO THE TRUSTEES OF PRINCETON UNIVERSITY'S FIRST SET OF INTERROGATORIES**<br><br>**(As to Interrogatory Nos. 2 & 4)** |

**INTERROGATORY NO. 4**

Describe all copyrightable expression you allege you contributed to Planner 5D Scenes (2016), including without limitation the selection of scenes, the arrangement of scenes, and/or the creation of any individual scenes contained therein.

**RESPONSE TO INTERROGATORY NO. 4**

Planner 5D objects to this interrogatory to the extent it calls for a legal opinion as to what elements of a work are within the scope of copyright protection. In addition, according to the U.S. Copyright Office, "[a]s a general rule, a registration for a work of authorship covers the entire copyrightable content of the authorship that (i) is claimed in the application, (ii) is owned by the claimant, and (iii) is contained in the deposit copy(ies)." United States Copyright Office, *Compendium* (Third) § 504. Under Copyright Office rules, deposit copies for a computer program may consist of identifying portions of the program. *Id.* § 1509.1(F). Thus, the Copyright Office does not require an applicant to identify all copyrightable expression within a work. Virtually all copyrighted works include preexisting public domain elements, including letters, numbers, words and symbols. As incorporated into a work, however, such public domain elements are not excluded from the copyright.

Planner 5D objects that "[d]escribe all copyrightable expression" is ambiguous and depending on the interpretation, could impose a substantial and oppressive burden. Planner 5D similarly objects that to the extent this interrogatory purports to require a response on a scene-by-scene basis, it is overly burdensome given the number of scenes at issue, and accordingly is not proportionate to the needs of the case. Planner 5D does not construe this interrogatory as calling for specific identification of all copyrightable content in Planner 5D's Scenes (2016). Planner 5D construes the request as calling for general descriptions of the kinds of contributions that were copyrightable, as illustrated by the examples.

Similarly, Planner 5D does not construe this interrogatory as requiring Planner 5D to describe its copyrightable expression that is covered by other applications for copyright registration and excluded from the work.

Subject to the above objection, Planner 5D responds that the information sought by this interrogatory is found in Planner 5D's applications to register its asserted copyrighted works, and in the associated correspondence with the USCO, which Planner 5D has already produced. FRCP Rule 33(d). In those applications and materials, Planner 5D identified the elements for which it claims copyrights, as well as certain elements for which it does not.

Further, Planner 5D's copyrightable expression in Planner 5D Scenes (2016) includes the following individual scenes authored by Planner 5D: Scene Nos. 1, 2, 4, 481, 1876, 7048, 7742, 8231, 9080, 10153, 19214, 26207, 28332, 40774, 43658, 43868, 45500, and 46819 listed in Planner 5D's Trade Secret Disclosures. With regard to the remaining scenes in Planner 5D's Scenes (2016), they were created by users who selected, designed, and arranged existing Planner 5D materials. Planner 5D excluded this third-party authorship of those scenes, but did not exclude the Planner 5D materials that were used by those third parties other than items covered by separate applications for copyright registration. However, some scenes in Planner 5D Scenes (2016) created by non-Planner 5D users may have started with one of the eighteen Planner 5D scenes identified above and then made changes. To the extent that has occurred, those portions of such scenes that are from one of the eighteen identified Planner 5D scenes are Planner 5D's copyrightable expression.

Planner 5D's selection, coordination, and arrangement of the scenes in Planner 5D Scenes (2016) are its copyrightable expression.

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4**

Subject to its above objections, Planner 5D further responds that its copyright claim in Planner 5D's Scenes (2016) does not include the non-executing metadata outside of the "data" objects that generate the scene files.

DATED: September 23, 2022

THE BUSINESS LITIGATION GROUP, P.C.

By: *__/s/ Will B. Fitton__*
Will B. Fitton

Attorneys for Plaintiff
PLANNER 5D