UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UAB "PLANNER5D" d/b/a PLANNER 5D,<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC., et al.,<br><br>Defendants. | Case No. 19-cv-03132-WHO<br><br>**ORDER CLARIFYING PRIOR ORDER ON SUMMARY JUDGMENT AND RESOLVING DISCOVERY DISPUTE**<br><br>Re: Dkt. Nos. 302, 299, 278 |

Defendants moved for summary judgment for both the copyrightability and trade secrecy of Planner 5D's ("P5D") works. Dkt. No. 291, originally filed at Dkt. No. 220. P5D did not cross-move for summary judgment. I granted the defendants' motion in part and denied it in part. Order Granting In Part Defendants' Motion for Summary Judgment ("SJ Order"), Dkt. No. 278.

The fundamental issue the parties continue to contest in the pending discovery dispute and motion for clarification or reconsideration (Dkt. Nos. 299 and 302) is whether I held in the SJ Order that P5D established ownership of a valid copyright, which was the converse of the issue presented in defendants' motion for summary judgment. That was not the issue before me and I did not reach that issue.

I concluded in the aptly titled Conclusion of the SJ Order that "the scenes and scene compilations and [] the objects that were independently created by Planner 5D or involved a demonstrable creative choice as described in this order" were copyrightable, but "that a large portion of Planner 5D's asserted objects did not involve sufficient creativity to support a valid copyright." SJ Order at 22. Very few specific examples of the works that P5D claims are copyrightable were included in the motion or opposition, and so the SJ Order did not make specific findings that any specific scene or compilation was copyrightable. It instead identified the

1    characteristics of P5D's works that would support copyrightability and those that create the
2    material dispute on which on SJ Order was based.

3        During the summary judgment hearing on July 12, 2023, I became concerned by
4    defendants' argument that they were still unable confirm P5D's representations about
5    copyrightability because P5D had not identified the 10% of objects that it claimed were created
6    entirely from the modelers' imaginations. See Hearing Transcript, Dkt. No. 277 at 13, 25-27.
7    P5D denied that contention, referring to internal notes that its counsel said demonstrated notice
8    and disclosure of the documents underlying its copyright claims. *Id.* I apparently misunderstood
9    counsel's response and ordered that P5D produce the information from that list, which I believed
10   would specify the 10% of objects and identify how they had been disclosed during discovery. The
11   minute order (Dkt. No.272) requires P5D to produce "the list of documents that identify all of the
12   alleged copyrightable material within one week." This order was also apparently unclear: I again
13   thought P5D would identify the more limited set of objects that came from the modeler's
14   imaginations. Instead, counsel produced the information from the document to which he had been
15   referring, which more generally showed when and where *all* of P5D's asserted objects and scenes
16   had been disclosed.

17       By September 26, 2023, when I was ready to issue the SJ Order, I had not heard from the
18   parties and assumed that the list that was provided had resolved the factual dispute regarding
19   notice to the defendants. That incorrect assumption is the source of the alleged ambiguity in the
20   SJ Order at page 15. P5D did not produce the list I had in mind until October 17, 2023.
21   According to defendants, the objects on the list materially differ from previous assertions and
22   testimony. P5D continues to contend that it has properly identified the asserted objects.

23       I take responsibility for my lack of clarity. But to be explicit, I have not ruled on any of
24   the objects identified after the SJ Order was issued. P5D's position would create obvious and
25   substantial due process problems if adopted. To resolve the discovery dispute and clarify the SJ
26   Order, I hold that the defendants have the right to demonstrate to the fact-finder that the objects on
27   P5D's October 17 list do not meet its burden of proof. I have not endorsed any specific object as
28   being independently created. I held that P5D holds a valid copyright on its independently created

objects, but it still has the burden to establish each object that meets that criterion.

By the same token, I did not rule on P5D's claimed ownership of a valid copyright in its Asserted Scene Compilation. Again, P5D did not move for judgment that the Asserted Scene Compilation was entitled to a copyright. As the SJ Order's Conclusion attempted to make plain, I only resolved the issues that were raised in defendants' motion. I did not go further and attempt to decide the copyrightability of specific works that were not presented, briefed and argued about. I rejected some of defendants' arguments about invalidity, but defendants have others to the merits that are disputed. I was less than precise in the body of the SJ Order when discussing this issue: I should have emphasized that *on the record before me*, P5D had shown sufficient creativity to support a copyright. But, confirming the absence of this issue from the Conclusion, I did not find that P5D owned a copyright in the Asserted Scene Compilation. Those issues will be resolved at trial.

It is remarkable to me that four (or more) years into this litigation, the parties have not clarified what the scope of the case is. The defendants point to obfuscation by P5D. P5D claims to have been precise in what it seeks. Perhaps the list provided after the SJ Order was entered and this Order provide clarity. And perhaps that is wishful thinking.

This Order is intended to resolve the pending motions and disputes. However, I will hold a Case Management Conference on January 17, 2024, at 3:30 p.m. by videoconference. To the extent this Order is ambiguous in some way, I invite the parties to point that out at the CMC. I direct the parties to meet and confer to discuss how the remainder of the case can be litigated in a way that secures its just, speedy and inexpensive resolution consistent with Federal Rule of Civil Procedure 1, and to file a Joint Case Management Statement no later than noon on January 12, 2024, that includes a proposed trial and pretrial schedule.

**IT IS SO ORDERED.**

Dated: January 3, 2024



William H. Orrick
United States District Judge

3