UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UAB "PLANNER5D",<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC., et al.,<br><br>Defendants. | Case No. 19-cv-03132-WHO (SK)<br><br>**ORDER DENYING MOTION TO COMPEL AND QUASHING SUBPOENA**<br><br>Regarding Docket No. 184 |

Plaintiff UAB "PLANNER5D" ("Plaintiff") seeks to compel production of documents from non-party Apple, Inc. ("Apple"), which Plaintiff seeks in the form of a third-party subpoena to Apple. Apple opposes production based on burden and lack of relevance.

**BACKGROUND**

Plaintiff alleges that Defendants Princeton University, Meta Platforms, Inc., and Facebook Technologies, LLC misappropriated Plaintiff's trade secrets and infringed Plaintiff's copyrights. (Dkt. Nos. 53, 90, 112.) Specifically, Plaintiff alleges that Defendant Princeton "scraped" Plaintiff's works and then converted them into a "computer vision tool called the SUNCG dataset" and that Defendant Meta used that tool to develop products and services in the "scene-recognition market" – a "key component" of the "metaverse." (Dkt. No. 147.) Plaintiff alleges that Apple contacted Princeton about obtaining a commercial license to Princeton's product, and after Princeton declined, Apple asked Plaintiff for a license, which Plaintiff declined. (Dkt. No. 160.) Plaintiff alleges that Apple then "licensed other digital objects and scenes from another company, Evermotion, and used them to create its own computer vision dataset, Hypersim." (*Id*.)

On October 25, 2021, Plaintiff issued the first subpoena at issue to Apple. (Dkt. No. 162-1.) In the subpoena, Plaintiff sought information from Apple in 35 categories of documents and sought to compel production of documents after Apple objected. (*Id*.) The Court denied that

1  motion to compel and quashed the subpoena because the subpoena was unduly burdensome to
2  Apple, a non-party, and the relevance was low.  (Dkt. No. 167.)
3      Plaintiff then issued another subpoena to Apple with three categories of information:

> **Request for Production No. 1**.  All non-privileged "internal and external e-mails collected from current and former APPLE employees related to P5D and the SUNCG dataset" that APPLE was or is reviewing in response to P5D's October 2021 subpoena.
>
> **Request for Production No. 2**.  APPLE's license with a third-party to use Evermotion data ("the Evermotion License").
>
> **Request for Production No. 3**.  The first five purchase orders submitted under the Evermotion License that APPLE identifies after reasonable investigation.

(Dkt. No. 184-1.)

    Plaintiff's Requests Nos. 2 and 3 seek documents that are not relevant to this litigation. Plaintiff confirmed at the hearing on this motion that Apple's license with Evermotion dealt with intellectual property that is completely separate from Plaintiff's data, and Plaintiff seeks this information to prove a hypothetical license between Plaintiff and Defendants for Plaintiff's different intellectual property.  A license between parties for intellectual property that is not at issue in this litigation is not relevant.  In contrast, Apple argues that the burden to Apple in searching for the first five purchase orders is great, and Plaintiff does not dispute that burden. Given the burden and lack of relevance, the Court finds that forcing Apple to produce documents is not warranted.

    Plaintiff argues that, in Request for Production No. 1, it seeks information about the amount of money that Apple was willing to pay when it attempted, unsuccessfully, to license Plaintiff's intellectual property from Defendants.  Plaintiff again argues that this information is relevant to a hypothetical license between Plaintiff and Defendant for Plaintiff's intellectual property.  Despite this narrow explanation at the hearing, the written description is much broader in seeking "[a]ll . . . 'internal and external emails collected from . . . Apple employees related to P5D and the SUNCG dataset.'"  (Dkt. No. 184-1.)  This category of documents is much broader than the narrow description provided at the hearing, and Apple argues that responding to the Request as drafted is onerous.  Again, Plaintiff does not contest that production is onerous but

merely claims that it should not be onerous and that Apple has already collected the documents. Responding to the broad description, as written, is obviously onerous as Apple must search for a large category of documents from many people on a very general topic. Although Plaintiff now attempts to narrow the scope, the Court is not willing to rewrite the subpoena. Given this overbreadth of the request, compared again to the minimal value of what another entity internally discussed about the value of Plaintiff's intellectual property, the Court again finds that Apple is not required to respond.

For these reasons, the Court again DENIES Plaintiff's motion to compel and QUASHES the subpoena to Apple, pursuant to Federal Rule of Civil Procedure 45(d)(3)(A)(iv).

**IT IS SO ORDERED**.

Dated: February 5, 2024

_____
SALLIE KIM
United States Magistrate Judge