UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UAB "PLANNER5D",

Plaintiff,

v.

META PLATFORMS, INC., et al.,

Defendants.

Case No. 19-cv-03132-WHO (SK)

**ORDER REGARDING DISCOVERY LETTER BRIEF**

Regarding Docket Nos. 365, 366

The parties filed a joint discovery letter brief regarding documents that Plaintiff UAB "Planner5D" ("Planner5D") contends are responsive to Requests for Production of Documents 70, 71, 72, 73, 75 and 76 to Defendant Meta Platforms, Inc. ("Meta"). Specifically, Planner5D seeks "reports of three descriptors (title, description, and subject matter tags) for each task in Meta's project management system that is associated with either (a) an employee known to have accessed SUNCG or SUMO . . . or (b) involves object or scene recognition – suggesting a potential benefit from SUNCG." (Dkt. No. 366.) Planner5D seeks these reports as to activity even if there is no reference to Planner5D's intellectual property in dispute here.

Planner 5D also seeks documents responsive to Requests for Production of Documents 75 and 76, in the form of "page from Meta's intranet sites and chat groups that both (a) discuss a scene recognition project or dataset and (b) include contributions from a person who accessed SUNCG or SUMO." (Dkt. No. 366.)

The Federal Rules of Civil Procedure authorize parties to obtain discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). "Information within the scope of discovery need not be admissible in evidence to be discoverable." *Id.* Factors to consider include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant

United States District Court
Northern District of California

information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* District courts have broad discretion to limit discovery where the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C). Courts have broad discretion to determine relevancy for discovery purposes. *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

Planner5D argues that, even if a document does not refer specifically to its datasets, the documents it seeks show how Meta's employees took what they had learned from Planner5D's datasets and applied that knowledge in developing Meta's technology. Meta objects to the production because Planner5D seeks information not related to Planner 5D's specific datasets. Meta explains that the datasets at issue are a collection of three-dimensional "room and furniture files" that Planner5D created by "slavishly copying real world rooms and furniture." (Dkt. No. 366.) Meta claims that the datasets do not contribute to any learning process because they are simply files of "inert" three-dimensional objects and room.

The Court finds that Meta's argument is persuasive. Given the nature of the files, it is highly unlikely that a company could gain some benefit from using Planner5D's files rather than another set of files. *See Computer Econ., Inc. v. Gartner Grp., Inc.*, 50 F. Supp. 2d 980, 985, 989 (S.D. Cal. 1999); *see, e.g., Anokiwave, Inc. v. Rebeiz*, No. 3:18-cv-00629-JLS-MDD, 2019 WL 3935817, at *4-*5 (S.D. Cal. Aug. 20, 2019); *Barker v. Insight Glob., LLC*, No. 16-cv-7186, 2019 WL 1974899, at *2 (N.D. Cal. May 3, 2019).

Meta also argues that the requests are a "fishing expedition" and overly burdensome, as Planner5D seeks all data from 20 different projects for machine learning at Meta, without any limitation. Meta did produce documents that specifically referred to Planner5D's datasets. The Court agrees that a request for all these files, without limitation to references to Planner5D's datasets, is overly burdensome in relation to the very limited relevance of the information. For that reason, the Court DENIES Planner5D's motion to compel further production of documents from Meta.

The Court DENIES the motion to seal. (Dkt. No. 365.)

**IT IS SO ORDERED**.

Dated: April 5, 2024

SALLIE KIM
United States Magistrate Judge

United States District Court
Northern District of California