Dale M. Cendali (SBN 1969070)
dale.cendali@kirkland.com
Mary Mazzello (*pro hac vice*)
mary.mazzello@kirkland.com
Jonathan D. Brit (*pro hac vice*)
jonathan.brit@kirkland.com
Abbey Quigley (*pro hac vice*)
abbey.quigley@kirkland.com
Miriam Kontoh (*pro hac vice*)
miriam.kontoh@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
T: (212) 446-4800
F: (212) 446-4900

Yan-Xin Li (SBN 332329)
yanxin.li@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street, 27th Floor
San Francisco, CA 94104
T: (415) 439-1400
F: (415) 439-1500

*Attorneys for Defendants Meta Platforms, Inc. and Meta Platforms Technologies, LLC*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| UAB "PLANNER5D" dba PLANNER 5D,<br><br>    Plaintiff,<br><br>    v.<br><br>META PLATFORMS, INC., META PLATFORMS TECHNOLOGIES, LLC, THE TRUSTEES OF PRINCETON UNIVERSITY, DOES 1-200, ABC CORPORATIONS 1-20, and XYZ UNIVERSITIES 1-20,<br><br>    Defendants. | Case No. 3:19-cv-03132-WHO (SK)<br><br>**STATEMENT REGARDING PLAINTIFF'S MOTION FOR RECONSIDERATION OF MAGISTRATE JUDGE'S ORDER ON DISCOVERY LETTER BRIEF (DKT. 371)**<br><br>Judge: Honorable William H. Orrick<br>Magistrate Judge: Honorable Sallie Kim |

Case 3:19-cv-03132-WHO   Document 384   Filed 04/23/24   Page 2 of 7

Through its Motion for Reconsideration (Dkt. 383) ("Motion"), Plaintiff Planner 5D ("P5D") improperly seeks two chances to obtain the same relief while also failing to comply with this District's Local Rules. In this Statement, Defendants Meta Platforms Inc. and Meta Platforms Technologies, LLC (collectively, "Meta") are not addressing the merits of the Motion but are limiting their submission to identifying the procedural faults to avoid continued prejudice from responding to multiple reconsideration motions and P5D's failure to follow basic procedural rules. The Court should deny the Motion as procedurally improper; Meta will respond to the substance of the Motion as required at the appropriate time and if permitted by the Court.

The procedure in this District for seeking relief from a Magistrate Judge's Order on a non-dispositive pretrial matter made pursuant to 28 U.S.C. § 636(b)(1)(A) is governed by Civil L.R. 72—not motions for reconsideration under Civil L.R. 7-9. *See* Commentary to Civil L.R. 7-9 at CIV-33; *see also* Civil L.R. 7-1(a)(6) ("Any written request to the Court for an order must be presented by one of the following means: . . . A motion regarding an Order or Recommendation of a Magistrate Judge pursuant to Civil L.R. 72-2 or 72-3."). But even if P5D were allowed to seek reconsideration under Civil L.R. 7-9, its "Motion for Reconsideration" ignores this District's Local Rules requirements, including moving for leave to file (*see* Civil L.R. 7-9(a)), the enumerated grounds for reconsideration (*see* Civil L.R. 7-9(b)), and the prohibition against re-argument (*see* Civil L.R. 7-9(c)).

P5D has now filed a convoluted series of motions. P5D and Meta initially filed a Joint Letter relating to a discovery dispute in which P5D sought to compel the production of certain technical documents. Dkt. 366. Magistrate Judge Kim denied P5D's requests, including to seal portions of the Joint Letter. Dkt. 371. P5D then filed an Administrative Motion to Clarify Time before the District Court, seeking to ensure that any request that Judge Kim reconsider "a fixable, but consequential, error" would toll the time to seek relief from the District Court under Fed. R. Civ. P. 72(a). Dkt. 372. As Meta was preparing to object to this request,[1] Judge Kim revised her Order as to the sealing requests only.

---

[1] The Administrative Motion to Clarify Time (Dkt. 372) was itself procedurally improper as it did not contain a stipulation or a declaration as to why a stipulation could not be obtained, as required by Civil L.R. 7-11(a). The Court also revised its order before the time for Meta to oppose the Administrative Motion expired. *See* Civil L.R. 7-11(b). Meta thus has had no opportunity to address any of the events following the original Joint Letter.

1

STATEMENT REGARDING PLAINTIFF'S MOTION FOR
RECONSIDERATION OF MAGISTRATE JUDGE'S ORDER

CASE NO. 3:19-cv-03132

Dkt. 373 ("Revised Order"). Seeing this, the District Court found P5D's Administrative Motion to Clarify Time moot. Dkt. 375. Thereafter, P5D asked the District Court to reconsider Dkt. 375 through an additional Administrative Motion for Reconsideration of Mootness. Dkt. 376.[2] The District Court explained that it had issued the mootness Order (Dkt. 375) because it believed Judge Kim's Revised Order addressed P5D's concern. Dkt. 378. In so doing, the District Court also extended the time to seek Civil L.R. 72-2 relief until such time as Judge Kim denies reconsideration. *Id.*

By styling its Administrative Motion to Clarify Time (Dkt. 372) as a tolling question, P5D obscured a much larger issue—the propriety of seeking reconsideration of a Magistrate Judge's order directly from the Magistrate Judge, before then also seeking the relief from the assigned District Court Judge. But the Local Rules do not provide for two bites at the same apple. The "Commentary" note in Civil L.R. 7-9 indicates that "[t]his local rule does not apply to motions for reconsideration of a Magistrate Judge's order pursuant to 28 U.S.C. § 636(b)(1)(A). See Civil L.R. 72."[3] By including this Commentary, the Local Rules refer parties to the proper form of relief for motions seeking to reconsider a Magistrate Judge's non-dispositive pretrial order. The Local Rules in this District do not provide for the filing of a motion to reconsider a Magistrate Judge's order before the same Magistrate Judge—and then, should relief be denied, seeking a second chance at the **same relief** before the assigning District Court Judge. Rather, courts in this District have recognized that objections to a Magistrate Judge's orders are properly construed as a "Motion for Relief from Non-Dispositive Pretrial Order of Magistrate Judge" under Rule 72. *Douglas v. United States*, No. 03-04518, 2007 WL 9812745, at *1 n.1 (N.D. Cal. Nov. 16, 2007) ("Although Plaintiffs called their motion a "Motion for Reconsideration," the Court treats it as an "objection" to [Magistrate] Judge Seeborg's order and proceeds to evaluate it pursuant to Fed. R. Civ. P. 72(a).").

---

[2] Similar to P5D's first Administrative Motion, this second Administrative Motion did not comport with Civil L.R. 7-11(a) for lacking a stipulation or a declaration as to why a stipulation could not be obtained. Again, the Court issued an Order before the time for Meta to oppose had expired.

[3] Fed. R. Civ. P. 72(a) and 28 U.S.C. § 636(b)(1)(A) authorize parties to file objections to orders on non-dispositive pretrial matters that have been referred to a Magistrate Judge to decide. The District Court has referred discovery matters in this litigation to Judge Kim pursuant to 28 U.S.C. § 636(b)(1)(A). *See* Dkt. 153.

Here, rather than seeking relief from the District Court pursuant to Fed. R. Civ. P. 72 and Civil L.R. 72-2, P5D instead reargues its position before Judge Kim through a nine-page "Motion for Reconsideration of Magistrate Judge's Order," complete with two new declarations and ten new exhibits. As in *Douglas*, and as described below, P5D's "Motion for Reconsideration," purportedly filed pursuant to Civil L.R. 7-9, is an objection to Judge Kim's Order (Dkt. 371) and therefore a "Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge" under Civil L.R. 72. Even so, P5D's Motion is improper because it was not captioned as such under Civil L.R. 72-2(a) and it exceeds the five-page limit for such motions per Civil L.R. 72-2(b). Meta respectfully requests that the Court not entertain such a deficient and noncompliant filing.

Further, should the Court allow P5D to first seek reconsideration from Judge Kim, P5D's "Motion for Reconsideration" does not comply with Civil L.R. 7-9. **First**, L.R. 7-9(a) requires parties to seek leave before filing a motion for reconsideration. Although P5D's motion acknowledges this requirement, Dkt. 383 at 1, 5, the document is captioned as "Motion for Reconsideration of Magistrate Judge's Order," ***not*** a "motion for leave to seek reconsideration." The accompanying declarations also state they are in support of a "Motion for Reconsideration," with no mention of seeking leave. Dkts. 383-1, 383-2. The Motion concludes by "request[ing] that the Court reconsider" its Order at Dkt. 371, rather than requesting leave to do so. Moreover, the content and breadth of P5D's Motion, including the introduction of new facts and related exhibits, goes far beyond the requirements in a motion for leave and is premature before the Court grants such leave.

**Second**, P5D ignores the requirement under Civil L.R. 7-9(b) to specify its basis in seeking leave for reconsideration. Under Civil L.R. 7-9(b), "the moving party must specifically show reasonable diligence in bringing the motion and one of the following:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

P5D's Motion does not show reasonable diligence and does not specify any of these three grounds. As such, it should be denied. *See Valentino v. Select Portfolio Servicing, Inc.*, No. 14-CV-05043-JCS, 2015 WL 2089359, at *1 (N.D. Cal. May 4, 2015) (denying a motion for reconsideration where the movant failed to seek leave to file and failed to satisfy any of the grounds for reconsideration under Civil L.R. 7-9(b)). The Court cannot construe either of the first two grounds from P5D's argument, as it relies on over a dozen documents that were in existence at the time of the Judge Kim's Order (Dkt. 371), and which P5D could have but failed to reference in the underlying Joint Letter.[4] Nor does P5D allege a "manifest failure" by the Court to consider facts or arguments presented to the Court. While one paragraph alleges that one finding by Judge Kim was "clear error" as contrary to Judge Orrick's summary judgment order, "clear error" is the standard under Fed. R. Civ. P. 72(a) for relief from a Magistrate Judge's order, further evidencing that this motion actually seeks relief from the District Court under Civil L.R. 72-2, not reconsideration from Judge Kim under Civil L.R. 7-9.

***Third***, P5D's Motion for Reconsideration is rife with repetitions of the same arguments it made in the underlying Joint Letter. "No motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party. Any party who violates this restriction shall be subject to sanctions." Civil L.R. 7-9(c). The Court should consider any sanctions that may be appropriate here relating to P5D's failure. A central issue in the Joint Letter was whether documents related to Meta's machine-learning projects that did not directly reference the asserted trade secrets were relevant to P5D's misappropriation claims. *See generally* Dkt. 366. Judge Kim's Order found that "[g]iven the nature of the files, it is highly unlikely that a company could gain some benefit from using Planner5D's files rather than another set of files." Dkt. 371 at 2:16–18. In its portion of the Joint Letter, P5D argued its requests were relevant by describing its position on the nature of machine learning. *See* Dkt. 366 at 2:1–20. ("That's ***how machine learning works***. When Meta uses discoveries from SUNCG in one of its projects, that's misappropriation."). It makes these same arguments at length in the Motion for Reconsideration. Dkt 383 at 5:24–7:11 ("But because of ***how machine learning works***, the search

---

[4] The Motion is further improper because it relies on affidavits and exhibits that P5D was prohibited from including in the underlying Joint Letter. *See* Standing Order for Magistrate Judge Sallie Kim at 5:6–8.

for such evidence cannot be limited to explicit references to SUNCG."). P5D also repeats its arguments that the extent of use of the asserted trade secrets could not be determined from documents that specifically mention them. *Compare* Dkt. 366 3:17–4:2 ("Meta claims that the only way to identify learning from SUNCG is if it is labeled as such. That's not true.") *with* Dkt. 383 at 6:13–20 ("[The machine learning model] needn't even be labeled with the name of the dataset without which it wouldn't exist."). And it repeats its argument that datasets are not "fungible." *Compare* Dkt. 366 at 2 n.3 *with* Dkt. 383 at 9:8–10:2. Given these clear violations of Civil L.R. 7-9(c), the Court should not grant P5D leave to file a motion for reconsideration. *See Boyd v. Avanquest N. Am. Inc*, No. 12-04391, 2014 WL 5840811, at *1 (N.D. Cal. Nov. 10, 2014) (Orrick, J.) (denying leave to file a motion for reconsideration where movant violated Civil L.R. 7-9(c) and simply "dispute[d] the conclusions that the Court made in its . . . order").

In sum, P5D's Motion for Reconsideration, purportedly filed pursuant to Civil L.R. 7-9, is an improper attempt at a "Motion for Relief from Non-Dispositive Pretrial Order of Magistrate Judge" under Civil L.R. 72-2. Yet even if the Court construes it as a Motion for Reconsideration, it does not comply with any of the requirements of Civil L.R. 7-9.[5]

Should the Court interpret P5D's Motion for Reconsideration as a motion for leave to file a motion for reconsideration and grants such leave, Meta respectfully requests the Court order a briefing schedule pursuant to Civil L.R. 7-9(d), so that Meta may respond to the substance of Plaintiff's argument.[6]

---

[5] Indeed, P5D has demonstrated a pattern of ignoring proper procedure. *See, e.g.*, notes 1–2, *supra*; Email from Richard A. De Liberty to Judge Kim's Chambers, April 12, 2024 (seeking to use L.R. 37-1(b) to spur Court intervention when the parties were not in the midst of a discovery event).

[6] Further, should the Court deny P5D's Motion for Reconsideration, and if P5D pursues its second bite at the apple before the District Court pursuant to Civil L.R. 72-2, P5D's subsequent Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge should only be limited to whether the reconsideration order was improper, and not the underlying merits. *See, e.g., Rouviere v. DePuy Orthopaedics, Inc.*, 560 F. Supp. 3d 774, 788 (S.D.N.Y. 2021).

| | |
|---|---|
| Dated: April 23, 2024 | Respectfully submitted, |
| | KIRKLAND & ELLIS LLP |
| | */s/ Dale M. Cendali* |
| | Dale M. Cendali (SBN 1969070)<br>dale.cendali@kirkland.com<br>Mary C. Mazzello (admitted *pro hac vice*)<br>mary.mazzello@kirkland.com<br>Jonathan D. Brit (admitted *pro hac vice*)<br>jonathan.brit@kirkland.com<br>Abbey Elizabeth Quigley (admitted *pro hac vice*)<br>abbey.quigley@kirkland.com<br>Miriam Kontoh (admitted *pro hac vice*)<br>miriam.kontoh@kirkland.com<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, NY 10022 |
| | Yan-Xin Li (SBN 332329)<br>yanxin.li@kirkland.com<br>KIRKLAND & ELLIS LLP<br>555 California Street, 27th Floor<br>San Francisco, CA 94104 |
| | *Attorneys for Defendants Meta Platforms Inc. and Meta Platforms Technologies, LLC* |