UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UAB "PLANNER5D",<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC., et al.,<br><br>Defendants. | Case No. 19-cv-03132-WHO (SK)<br><br>**ORDER REGARDING JOINT DISCOVERY LETTER BRIEF**<br><br>Regarding Docket No. 162 |

The District Court summarized the dispute in its Order of March 12, 2024 (Dkt. No. 359) as follows:

> Relevant to this motion, Planner 5D claims that "Apple obtained and presumably used" a particular dataset that defendant Princeton had created from what Planner 5D describes as "unauthorized copies of [Planner 5D's] three-dimensional works." Dkt. No. 184 at 1:11-16. That dataset is called the "SUNCG dataset." Planner 5D claims—and Apple has confirmed—that Apple asked Princeton to license that dataset (among others) for commercial projects, and Princeton declined. *See* Dkt. No. 162 at 4:11-13 (Joint Letter Brief re: Discovery Dispute, filed April 22, 2022). After that denial, Apple found and licensed what Planner 5D describes as "similar objects and scenes" from a different company, Evermotion, and used them to create a different but (according to Planner 5D) comparable dataset to the one that Princeton allegedly created based on Planner 5D's works, called "Hypersim." Relief Mot. 1:20-25. Planner 5D wishes to use this Evermotion license as a "benchmark license in the industry" to calculate hypothetical-license damages in this case, as "[it] will show what Apple paid for an alternative dataset and on what terms." Dkt. No. 162 at 2.
>
> Planner 5D first sought discovery into the relevance of this license in October 2021, when it subpoenaed Apple for records concerning its interest in SUNCG. Dkt. No. 162 at 1:1. Apple began collecting responsive records, and agreed to produce responsive emails once

they were collected and reviewed, although some disputes remained. *See id.* at 3:14-17. In April 2022, Planner 5D moved to compel Apple's production of "(1) the Evermotion license; (2) records of other Hypersim development expenses; and (3) records of other alternative datasets." Relief Mot. 2; Dkt. No. 162 at 1:3-6. Judge Kim denied that motion, quashed the subpoena, and directed Planner 5D to narrow its subpoena. Dkt. No. 163.

Accordingly, on May 20, 2022, Planner 5D served non-party Apple another subpoena seeking the following: (1) "All non-privileged "internal and external e-mails collected from current and former APPLE employees related to P5D and the SUNCG dataset" that APPLE was or is reviewing in response to P5D's October 2021 subpoena"; (2) "APPLE's license with a third-party to use Evermotion data ('the Evermotion License')"; and (3) the "first five purchase orders submitted under the Evermotion License that APPLE identifies after reasonable investigation." Dkt. No. 184-1. After Apple objected to producing responsive documents by a particular date, Planner 5D asked Judge Kim on June 28, 2022, to order Apple to produce "all responsive documents" within three business days of the entry of her order. Dkt. No. 184. But at that point, I had bifurcated discovery, and the motion to compel was stayed until the end of Phase 1 of discovery. Dkt. No. 187. After the stay was lifted, Judge Kim held a hearing, *see* Dkt. No. 330, and then denied the motion to compel and quashed the subpoena, holding that Requests 2 and 3, for the Evermotion License and purchase orders, were "not relevant to this litigation," and that Request 1 was still too broad and sought information that Judge Kim considered of "minimal value." *See* MJ Order 2-3.

(Dkt. No. 359.) The District Court thus remanded to the undersigned for consideration of the burden to Apple after Apple could reply on this issue. The parties have submitted their responses.

**A. Evermotion License**

The District Court noted that the Evermotion license is relevant for purposes of calculating a hypothetical license that Plaintiff claims it could have obtained, had it been able to license its intellectual property to Defendant. Plaintiff also seeks production of five purchase orders regarding the Evermotion dataset.

Apple contests production on the grounds that the current protective order between Plaintiff and Defendant does not provide it with sufficient protection, since Apple is a competitor of Defendant, and the current protective order allows some of Defendant's employees to view the

highly confidential materials. (Dkt. No. 362 (Declaration of Timothy A. Kirby).) At the hearing on this matter, Apple reiterated its concern that the current protective order does not provide it with sufficient protection. Thus, the undersigned ORDERS that Apple produce the Evermotion license and the five purchase orders regarding the Evermotion dataset but only after a protective order, with a designation for "Attorneys' Eyes Only," is in place. As stated at the hearing, Apple and the parties may stipulate to such a protective order and provide it to the undersigned for approval, but if the parties disagree, they may submit competing proposals for the undersigned to consider.

### B. Other Documents

In the declaration of Hannah L. Cannom, Apple's outside counsel, Apple provided information about the general burden of responding to other requests. Apple and Plaintiff initially began meeting and conferring in December 2021. (Dkt. No. 363 (Declaration of Hannah L. Cannom).) In 2021, Apple searched for documents from six individuals. (*Id*.) Apple used broad search terms and located 10,000 documents, many of which were not responsive. (*Id*.) Of those 10,000 documents, only 700 contain the term "SUNCF." (*Id*.) Apple estimates that it would take 20 hours of work to review the 10,000 documents for privilege, since those documents contain many internal emails. (*Id*.)

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

3

1  The Court finds that the burden of reviewing 10,000 documents is excessive for a third
2  party such as Apple.  However, the burden of reviewing 700 of those documents that mention
3  contain the term "SUNCF" is obviously lower, and Apple provides no estimate for that burden.
4  For this reason, the Court ORDERS Apple to produce those 700 documents (that are not protected
5  by privilege).

**IT IS SO ORDERED**.

Dated: May 13, 2024



SALLIE KIM
United States Magistrate Judge