**THE BUSINESS LITIGATION GROUP, P.C.**
MARC N. BERNSTEIN (Cal. Bar No. 145837)
mbernstein@blgrp.com
WILL B. FITTON (Cal. Bar No. 182818)
wfitton@blgrp.com
CHRISTIAN G. ANDREU-VON EUW (Cal. Bar No. 265360)
christian@blgrp.com
150 Spear Street, Suite 800
San Francisco, CA  94105
Phone:          (415) 765-6633
Facsimile:     (415) 283-4804

Attorneys for Plaintiff
*UAB "Planner5D"*

**KIRKLAND & ELLIS LLP**
Dale M. Cendali (SBN 1969070)
dale.cendali@kirkland.com
Mary Mazzello (*pro hac vice*)
mary.mazzello@kirkland.com
Jonathan D. Brit (*pro hac vice*)
jonathan.brit@kirkland.com
Abbey Quigley (*pro hac vice*)
abbey.quigley@kirkland.com
Miriam Kontoh (*pro hac vice*)
miriam.kontoh@kirkland.com
601 Lexington Avenue
New York, NY  10022
T: (212) 446-4800
F: (212) 446-4900

Yan-Xin Li (SBN 332329)
yanxin.li@kirkland.com
555 California Street, 27th Floor
San Francisco, CA 94104
T: (415) 439-1400
*F: (415) 439-1500*

Attorneys for Defendants
*Meta Platforms, Inc.* and *Meta Platforms Technologies, LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UAB "PLANNER5D" dba PLANNER 5D,<br><br>   Plaintiff,<br><br>   v.<br><br>META PLATFORMS, INC., META PLATFORMS TECHNOLOGIES, LLC, THE TRUSTEES OF PRINCETON UNIVERSITY, DOES 1-200, ABC CORPORATIONS 1-20, and XYZ UNIVERSITIES 1-20,<br><br>   Defendants. | **Case No. 3:19-cv-03132-WHO (SK)**<br>**Case No. 3:20-cv-08261-WHO (SK)**<br><br>**JOINT LETTER REQUESTING GUIDANCE ON MATERIALS FOR NEUTRAL** |

Planner 5D and Meta seek guidance on whether to jointly provide Mr. DeCicco with P5D's email-only compromise offers for the proposed dataset review protocol.

**Planner 5D's Position**

In yesterday's hearing, Planner 5D's counsel noted that P5D had offered compromise positions that would mitigate some of the hardships of Meta's proposed protocol if review occurs at Meta's counsel's offices rather than Mr. Forsyth's home. Although a transcript is not yet available, Planner 5D had the impression the Court agreed that Mr. DeCicco should be provided with these compromise offers as he contemplates his assignment. As P5D noted on at the hearing, not all of its compromise proposals are currently in the record (though some are found in an email exhibit to a declaration).

After the conference, P5D proposed to Meta providing Mr. DeCicco with these proposals as articulated in two email chains. Meta declined. It said it was improper for P5D to send Mr. DeCicco any further materials.

Planner 5D therefore requests the Court's approval to provide Mr. DeCicco with a short summary of the compromise proposals P5D proposed during the meet and confer process and to invite Mr. DeCicco to ask the parties any questions he deems appropriate.

**Meta's Position**

Meta objects to P5D's belated attempt to change its position and assert new arguments that were not previously before the Court, for yet another bite at the apple. As Meta stated during the status conference and P5D did not argue otherwise, briefing is closed with respect to the issues included in P5D's motion to compel. Both parties had extensive opportunity to fully set forth their positions, including via declarations and Court hearings.

It is only after the Court at the status conference provided its initial impression that it may require P5D to review the data under secure conditions that P5D seeks to interject its so-called "fall back" or "compromise" positions that it previously chose not to present to the Court or include as the subject of its already submitted papers. Any argument by P5D that the Court "agreed that Mr. DeCicco should be provided with these compromise offers" is incorrect. Meta understood that the Court in no way suggested or ordered that such "fall back" communications be provided to Mr. DeCicco. Rather, as Ms. Cendali reported without controversy, the parties had simply agreed to provide Mr. DeCicco with the papers that

had been submitted to the Court. *See also* Dkt. 430.

The parties spent an enormous amount of time and effort briefing this dispute, including the preparation and submission of expert declarations, and it is now too late for P5D to inject new arguments that could have been presented to the Court in its motion. P5D's request to change its position after the Court provided its initial impression is akin to a sur-sur-reply, which is improper, prejudicial to Meta, and confusing to the neutral expert. Meta respectfully requests that the Court deny P5D's request.

| | | |
|---|---|---|
| 1 | DATED: July 3, 2024 | **KIRKLAND & ELLIS LLP** |
| 2 | | By:        */s/ Jonathan Brit* |
| 3 | |                 Jonathan Brit |
| 4 | | Attorneys for Defendants<br>*Meta Platforms, Inc.* and *Meta Platforms Technologies, LLC* |
| 6 | DATED: July 3, 2024 | **THE BUSINESS LITIGATION GROUP, P.C.** |
| 7 | | By:        */s/ Marc N. Bernstein* |
| 8 | |                 Marc N. Bernstein |
| 9 | | Attorneys for Plaintiff<br>*UAB "Planner5D"* |

**Attestation**

I, Marc N. Bernstein, am the ECF user whose ID and password are being used to file this Joint Letter Brief Requesting Guidance on Materials for Neutral. In compliance with Local Rule 5-1(i)(3), I hereby attest that concurrence in the filing of this document has been obtained from all signatories.

DATED: July 3, 2024

By: _____/s/ Marc N. Bernstein_____
Marc N. Bernstein