| | |
|---|---|
| **THE BUSINESS LITIGATION GROUP, P.C.**<br>MARC N. BERNSTEIN (Cal. Bar No. 145837)<br>mbernstein@blgrp.com<br>WILL B. FITTON (Cal. Bar No. 182818)<br>wfitton@blgrp.com<br>CHRISTIAN G. ANDREU-VON EUW (Cal. Bar No. 265360)<br>christian@blgrp.com<br>150 Spear Street, Suite 800<br>San Francisco, CA  94105<br>Phone:         (415) 765-6633<br>Facsimile:    (415) 283-4804<br><br>Attorneys for Plaintiff<br>*UAB "Planner5D"* | **KIRKLAND & ELLIS LLP**<br>Dale M. Cendali (SBN 1969070)<br>dale.cendali@kirkland.com<br>Mary Mazzello (*pro hac vice*)<br>mary.mazzello@kirkland.com<br>Jonathan D. Brit (*pro hac vice*)<br>jonathan.brit@kirkland.com<br>Abbey Quigley (*pro hac vice*)<br>abbey.quigley@kirkland.com<br>Miriam Kontoh (*pro hac vice*)<br>miriam.kontoh@kirkland.com<br>601 Lexington Avenue<br>New York, NY  10022<br>T: (212) 446-4800<br>F: (212) 446-4900<br><br>Yan-Xin Li (SBN 332329)<br>yanxin.li@kirkland.com<br>555 California Street, 27th Floor<br>San Francisco, CA 94104<br>T: (415) 439-1400<br>F: (415) 439-1500<br><br>Attorneys for Defendants<br>*Meta Platforms, Inc.* and *Meta Platforms Technologies, LLC* |

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| UAB "PLANNER5D" dba PLANNER 5D,<br><br>        Plaintiff,<br><br>        v.<br><br>META PLATFORMS, INC., META PLATFORMS TECHNOLOGIES, LLC, THE TRUSTEES OF PRINCETON UNIVERSITY, DOES 1-200, ABC CORPORATIONS 1-20, and XYZ UNIVERSITIES 1-20,<br><br>        Defendants. | **Case No. 3:19-cv-03132-WHO (SK)**<br>**Case No. 3:20-cv-08261-WHO (SK)**<br><br>**SUPPLEMENTAL JOINT LETTER REQUESTING GUIDANCE ON MATERIALS FOR NEUTRAL [433]** |

This supplements the parties' Joint Letter Requesting Guidance on Materials for Neutral (ECF No. 433).

**Planner 5D's Position**

On July 3, the parties filed a joint letter requesting guidance on whether Mr. DeCicco should be provided with Planner 5D's proposed compromise protocol in the event that a secure room review is ordered. The transcript of the July 2 hearing recently became available, and it confirms Planner 5D's belief that the Court already ruled on this question at the hearing in the following exchange:

> Christian Andreu-von Euw: The details of our . . . backup proposal, so to speak, I don't know that they're before the court. They are in our meet and confer correspondence. So—
>
> The Court: I don't—that's why I asked. I don't have that. I don't have the most recent Meet and Confer. And I'm fine with you sharing that with Mr. DeCicco, because I think that's going to be faster.

(ECF No. 435 at 9:23–25.) Accordingly, Mr. DeCicco should immediately be provided the compromise protocol.

Meta, however, has refused consent.

Because there is a request pending, Planner 5D will wait for the Court to rule rather than providing the materials unilaterally.

Below, Meta argues it is not before the Court or the neutral to "alter the protocols of secure inspection that Meta has consistently offered." But Planner 5D *has* argued—in Court filings shared with the neutral— that "if the Court finds that the evidence supports a secure-room protective order, the Court . . . should . . . establish specific terms for order consistent with Planner 5D's needs." (ECF No. 397 at 15–17. *See also id.* at 1:5–3:22.) This includes the encrypted verification protocol at the center of the current compromise proposal that Planner 5D wishes to share with Mr. DeCicco. (*Id.* at 3:15–22.) Planner 5D merely seeks to provide the parties' most recent and specific positions on the topic.

Because of the urgency of this matter, if, as Planner 5D understands, Your Honor is unavailable until July 18 and unable to rule until then, Planner 5D requests that the pending request be presented to the General Duty Judge pursuant to Civil Local Rule 7-1(c). *See also* Civil L.R. 1-5 (k),(p).

**Meta's Position**

Through this filing, Planner 5D seeks to introduce a new "backup proposal" into the present discovery dispute, for which briefing has already concluded, that is both substantively and procedurally improper—to get yet another bite at the apple.

Planner 5D presents the quoted passage from the July 3, 2024 hearing out of context, omitting two key facts. **First**, Planner 5D fails to mention that it already *abandoned* its "backup proposal" for secure inspection of Meta's Highly Confidential datasets in its prior briefing: "But even this protocol will not solve the problems discussed above. There is no longer time for even a compromise secure-room protocol." Dkt. 397 at 3:18-19. Planner 5D only asked to revert to this "backup proposal" for secure inspection of Meta's Highly Confidential datasets *after* Your Honor indicated that she was not inclined to grant Planner 5D's final all-or-nothing demand for physical production. Dkt. 435 at 6:16–19 ("I have to tell you candidly I'm leaning towards [secure inspection at] Kirkland and Ellis's offices in Chicago because I'm concerned about giving this data to even an expert who's obviously a well-qualified person in a home setting."). **Second**, the above-quoted passage came *before* Meta responded to Planner 5D's reversion to its "backup proposal." Meta clarified with the Court (after Planner 5D's quoted passage) that briefing was closed on this issue and that the parties had ample opportunity to lay out their positions through multiple motions and expert declarations. *Id.* at 12:11–13:2. Your Honor then summarized the scope of Mr. DeCicco's work: "I'm just looking at the technical feasibility, which is more secure, which is better, Kirkland Chicago versus Doctor Forsyth's home. I mean, [I] have three choices, Doctor Forsyth's home, Kirkland Chicago, and Kirkland California. Those are the choices that I have to decide between and among." *Id.* at 13:6–11. In enumerating these three choices, the Court did not entertain the possibility of a "backup proposal" that would alter the protocols of secure inspection that Meta has consistently offered since May 2022. There is thus no reason for Mr. DeCicco to review this "backup proposal" because it is outside the scope of these three choices. Meta respectfully requests that Mr. DeCicco provide his opinion based on the record already before the Court (and already provided to Mr. DeCicco by the parties on June 28, 2024).

Separately, Planner 5D has already submitted its request to introduce its "backup proposal," and the parties have briefed the issue. Dkt. 433; *see also* 7/3/2024 R. De Liberty 10:02 am email. Planner 5D

contacted the Court to confirm the Court had the materials and will be deciding the issue. 7/8/2024 M. Bernstein 2:34 pm email. Now, Planner 5D seeks to ignore that posture and submit an additional request burdening everyone. Moreover, Planner 5D misapplies Civil L.R. 7-1(c), which permits a motion to be "presented to the General Duty Judge … when: (1) The Assigned Judge is unavailable as defined in Civil L.R. 1-5(p) *and* an emergency requires prompt action; or (2) An order is necessary before an action can be filed." Planner 5D is not seeking relief under Civil L.R. 7-1(c)(2). As to Civil L.R. 7-1(c)(1), although Your Honor is not available today (July 11) or Friday (July 12), Your Honor is available again beginning Monday, July 15. The demand is not nearly as urgent as Planner 5D intimates above, and certainly is not an "emergency" that requires "prompt action." Expert discovery has not begun, and does not close until October 25, 2024 (*see* Dkt. 429)— giving Planner 5D's expert ample time to complete his review of the datasets and his report. In exaggerating the urgency, P5D is merely renewing its request to take discovery disputes out of Your Honor's hands, just seven weeks after the District Court summarily rejected P5D's previous attempt. *See* Dkt. 388-3 at 5:22–27; Dkt 412 ("Discovery disputes, including any regarding the timing of responses, shall be directed to the Hon. Sallie Kim."). Meta respectfully requests the General Duty Judge decline to decide this important matter in Your Honor's absence, and for which Your Honor already has historical and institutional knowledge.

DATED: July 11, 2024

**KIRKLAND & ELLIS LLP**

By:     */s/ Yan-Xin Li*
          Yan-Xin Li

Attorneys for Defendants
*Meta Platforms, Inc.* and *Meta Platforms Technologies, LLC*

DATED: July 11, 2024

**THE BUSINESS LITIGATION GROUP, P.C.**

By:     */s/ Marc N. Bernstein*
          Marc N. Bernstein

Attorneys for Plaintiff
*UAB "Planner5D"*

**Attestation**

I, Marc N. Bernstein, am the ECF user whose ID and password are being used to file this Supplemental Joint Letter Brief Requesting Guidance on Materials for Neutral.  In compliance with Local Rule 5-1(i)(3), I hereby attest that concurrence in the filing of this document has been obtained from all signatories.

DATED: July 11, 2024

By: _/s/ Marc N. Bernstein_
Marc N. Bernstein