UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UAB "PLANNER5D", Plaintiff, v. META PLATFORMS, INC., et al., Defendants. | Case No. 19-cv-03132-WHO (SK)<br><br>**ORDER REGARDING DISCOVERY LETTER BRIEF**<br><br>Regarding Docket No. 445 |

Plaintiff UAB "Planner5D" seeks to compel responses from Defendant Meta Platforms, Inc. ("Meta") to Interrogatories Nos. 19-20 (or 20-21),[1] production of documents in response to Requests for Production of Documents 109-112 and 115-118, and a deposition in which they ask the employee who verified the responses to discovery requests about the attempts to respond to the discovery requests. At the heart of Plaintiff's concern is that Meta did not respond fully to Interrogatory No. 14 and did not produce all documents responsive to Requests for Production of Documents 27 and 28, as ordered by the Court on March 18, 2022. (Dkt. No. 159.) Plaintiff points to documents and testimony from depositions to support its position that Meta did not fully comply and seeks discovery about Meta's search and seeks additional discovery.

Meta responds that it has fully complied with the discovery requests as ordered by the Court on March 18, 2022, and that Plaintiff has interpreted certain documents incorrectly and/or changed the interpretation of the types of documents that Meta must produce.

**A. Order dated March 18, 2022 (Dkt. No. 159)**

In the Order dated March 18, 2022 (Dkt. No. 159), the Court addressed Plaintiff's motion

[1] Meta points out that, because of a numbering issue, Plaintiff's numbering is wrong by one digit.

United States District Court
Northern District of California

United States District Court
Northern District of California

to compel Meta's response to Interrogatory No. 14. Interrogatory No. 14 states:

> Describe every OBJECT/SCENE MACHINE LEARNING PROJECT that YOU conducted, sponsored, or participated in that used or uses an INTERIOR OBJECT/SCENE DATASET, by identifying the (i) the PERSON(s) primarily responsible for the Project, (ii) the machine learning algorithm(s) used or developed in that Project, (iii) the INTERIOR OBJECT/SCENE DATASET(s) used in that Project, and (iv) all internal or external research papers referencing that Project.

(Dkt. No. 147-1.) Plaintiff also sought responses to Request for Production of Documents No. 27, which sought: "ALL RECORDS constituting, referencing, or concerning any evaluation of characteristics and/or strengths or weaknesses of any INTERIOR OBJECT/SCENE DATASET." (Dkt. No. 147-2.) Finally, in Request for Production of Documents No. 28, Plaintiff sought: "ALL RECORDS constituting, referencing, or reflecting any projection of the value (monetary or otherwise, and whether quantitative or qualitative) of any INTERIOR OBJECT/SCENE DATASET." (Dkt. No. 147-2.) The Court ordered Meta to respond to the requests. (Dkt. No. 159.)

### B. Current Requests at Issue: Interrogatories

Plaintiff, believing that Meta did not produce responsive documents or provide a full response to Interrogatory No. 14, then issued additional Interrogatories, quoted or described below.

> **Interrogatory No. 20 (19):**
>
> Describe the development of every NEWLY DISCLOSED PROJECT by stating (i) the date work on the project began, (ii) every INTERIOR OBJECT/SCENE DATASET used with the project at any time and the time period each was used, (iii) each commercial product or service that was anticipated could use the project, and (iv) at least three and no more than five people most responsible for the project.

(Dkt. No. 445-1.) Plaintiff defined the term "newly discovered project" as a project listed on a certain document produced by Meta. (*Id.*)

> **Interrogatory No. 21 (20):**
>
> For each project or program identified in META_0058229 state whether and why you contend the project or program is or is not an OBJECT/SCENE MACHINE LEARNING PROJECT and has or has not used an INTERIOR OBJECT/SCENE DATASET.

(Dkt. No. 445-1.)

Meta objects to responding because the projects listed on those documents are not machine learning projects that used a dataset. Meta also objects because the interrogatories contain subparts that exceed the maximum limit of 25 interrogatories. The Court agrees with Meta that Plaintiff's initial interrogatory was limited to machine learning projects that used a dataset, and thus, Plaintiff is not entitled to the additional discovery in Interrogatory No. 20. In addition, the Court agrees that the interrogatories contain subparts and thus that Interrogatory No. 21 exceeds the maximum limit. Accordingly, the Court DENIES Plaintiff's motion to compel further response to Interrogatories Nos. 20 and 21.

**C. Current Requests for Production**

Because Plaintiff does not believe that Meta has produced documents responsive to Requests for Production of Documents Nos. 27 and 28, Plaintiff issued Requests for Production of Documents Nos. 109-112 and 115-118. (Dkt. No. 445-3.) In essence, Plaintiff requests that Meta search specific places to find documents responsive to Requests for Production of Documents Nos. 27 and 28. In addition, Plaintiff requests that Meta perform an electronic search using specific search terms and parameters. (*Id.*) The places that Plaintiffs request that Meta search are the Meta Workplace sites, Quip sites, and Google storage.

The crux of the dispute is whether Meta searched adequately for documents responsive to Requests for Production of Documents Nos. 27 and 28, because Plaintiff points to responsive documents that were merely referenced in other documents that Meta produced but that Meta did not produce. Meta argues that it did search the Meta Workplace sites, Quip sites, and Google storage and that it produced any stray documents that Plaintiff referenced in accordance with the parties' agreement. Plaintiff points to a handful of documents to justify a scorched earth approach

United States District Court
Northern District of California

to discovery. That simply makes no sense here, where Meta has represented that it searched the sites requested by Plaintiff.

Meta also argues that Plaintiff's search terms are overly broad and burdensome and will total 10,560 searches and uncover documents that the Court has already ruled irrelevant. The additional search using the terms and parameters requested by Plaintiff is overly broad and burdensome, especially at this stage of litigation. For this reason, the Court DENIES Plaintiff's motion to compel production of documents responsive to Requests for Production of Documents Nos. 109-112 and 115-118.

**D. Request for Deposition**

Plaintiff also seeks the ability to depose a "qualified witness" from Meta to discuss the facts in the response to Interrogatory No. 14 and the "scope of the investigation to gather those facts." (Dkt. No. 445.) Meta objects because Plaintiff previously deposed the employee who verified the response to Interrogatory No. 14 and because any inquiry into the investigation to gather the facts would invade the attorney work product of Meta. The Court DENIES the request for an additional deposition. Although a court can order production of information that is protected by the attorney work-product privilege in exceptional circumstances, those do not appear here.

**IT IS SO ORDERED**.

Dated: August 16, 2024

Sallie Kim

SALLIE KIM
United States Magistrate Judge

United States District Court
Northern District of California