| | |
|---|---|
| **THE BUSINESS LITIGATION GROUP, P.C.**<br>MARC N. BERNSTEIN (Cal. Bar No. 145837)<br>mbernstein@blgrp.com<br>WILL B. FITTON (Cal. Bar No. 182818)<br>wfitton@blgrp.com<br>CHRISTIAN G. ANDREU-VON EUW (Cal. Bar No. 265360)<br>christian@blgrp.com<br>4 Embarcadero Center, Suite 1400<br>San Francisco, CA 94111<br>Phone:      (415) 765-6633<br>Facsimile:  (415) 283-4804<br><br>Attorneys for Plaintiff<br>*UAB "Planner5D"* | **KIRKLAND & ELLIS LLP**<br>Dale M. Cendali (SBN 1969070)<br>dale.cendali@kirkland.com<br>Mary Mazzello (*pro hac vice*)<br>mary.mazzello@kirkland.com<br>Jonathan D. Brit (*pro hac vice*)<br>jonathan.brit@kirkland.com<br>Abbey Quigley (*pro hac vice*)<br>abbey.quigley@kirkland.com<br>Emily Sheffield (*pro hac vice*)<br>emily.sheffield@kirkland.com<br>Miriam Kontoh (*pro hac vice*)<br>miriam.kontoh@kirkland.com<br>601 Lexington Avenue<br>New York, NY  10022<br>T: (212) 446-4800<br>F: (212) 446-4900<br><br>Yan-Xin Li (SBN 332329)<br>yanxin.li@kirkland.com<br>555 California Street, 27th Floor<br>San Francisco, CA 94104<br>T: (415) 439-1400<br>*F: (415) 439-1500*<br><br>Attorneys for Defendants<br>*Meta Platforms, Inc.* and *Meta Platforms Technologies, LLC* |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| UAB "PLANNER5D" dba PLANNER 5D,<br><br>            Plaintiff,<br><br>      v.<br><br>META PLATFORMS, INC., META PLATFORMS TECHNOLOGIES, LLC, THE TRUSTEES OF PRINCETON UNIVERSITY, DOES 1-200, ABC CORPORATIONS 1-20, and XYZ UNIVERSITIES 1-20,<br><br>            Defendants. | **Case No. 3:19-cv-03132-WHO (SK)**<br>**Case No. 3:20-cv-08261-WHO (SK)**<br><br>**JOINT UPDATE BRIEF ON DISCOVERY DISPUTE RE WHETHER META MUST PRODUCE SPECIFICALLY IDENTIFIED DOCUMENTS**<br><br>August 16, 2024 |

1    The parties update the Court on the status of the modern attachments motion. (ECF 443, 446.)

2    **Planner 5D's Position:** As noted in P5D's original reply, P5D believes Meta is withholding 141
3    requested documents. To confirm, P5D gave Meta a list of the missing documents and asked Meta to
4    confirm or correct it. Meta did not respond. P5D also offered to withdraw its motion if Meta produced a
5    small subset of the documents. Meta said no.

6    All requested documents can be found using URLs from documents Meta produced. The
7    documents should be produced because they are modern attachments to documents Meta *did* produce.
8    Meta says it looked at *some* of them and unilaterally determined they are not relevant. But Meta refuses
9    to let P5D test its determinations. And descriptions of missing documents in Meta's production (such as
10   those below) show there *is* relevant information about the value and characteristics of 3D datasets.



- ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇[1] Meta produced excerpts of this ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, which Meta deemed relevant and produced, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. These excerpts show that the document containing them should be produced.
- ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇[2]
- ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇[3]
- ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇[4]
- ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇[5]
- ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇[6]
- ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇[7] Meta claims the document is privileged but the referencing document (an email with a dataset vendor) shows it was a shared document that was co-edited by the vendor. It therefore cannot be privileged.[8]

---

[1] P5D asked for this exact document in the motion at page 3, line 5. (ECF 442-3.) It is also within the scope of the March 2022 Order enforcing RFPs 27 and 28. (ECF 159.) While the document was requested in RFP 93, which was not listed in the motion, Meta has been on notice that *this* document was at issue from the outset, and its "too late" argument is unfounded.

[2] ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ and ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (META_0052124).

[3] ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (META_0058229).

[4] ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ and ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (META_0052124).

[5] ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ and ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (META_0052124).

[6] ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ META_0052432).

[7] ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (META_0052462).

[8] Meta's privilege log does not identify recipients of the document at issue and therefore gave no indication of a potential challenge. P5D raised this challenge within an hour of Meta raising the issue here. This is the problem with Meta's "shifting sands" criticism. By refusing to confer about the status of a common list of documents, Meta forces P5D to fumble around as it tries to decipher Meta's partial disclosures. P5D's examples were updated because Meta's explanations were updated.

1

Joint Update on Disc. Dispute re Meta Producing Specifically Identified Docs.   Nos. 3:19-cv-003132, 3:20-cv-08261

**Meta's Position:** P5D seeks numerous hyperlinked documents that Meta either already produced or reviewed and determined were irrelevant. Meta detailed this in its response to P5D's original motion. Yet P5D's one-page brief seeks more *produced, privileged, or irrelevant* documents:[9]

- **Footnote 1:** As stated in the Opening Letter and explained in prior emails to P5D, Meta reviewed this document and determined it was irrelevant and nonresponsive because it does not contain an evaluation of characteristics, strengths or weaknesses of any datasets, or projections of their value. Dkt. 442-3 at 8:4; Y. Li July 7, 2024 Email. Contrary to P5D's speculation, the purported "excerpts" it mentions are not present in this document. Finally, P5D did not request this document in RFPs 90–92 or its May 28 email, so it is outside the scope of the motion. Dkt. 442-3 at 2:6–9 & n.1.[10]
- **Footnote 2:** As stated in the Opening Letter, Meta reviewed these documents and determined they were irrelevant as they do not concern the evaluation or value of a dataset. Dkt. 442-3 at 8:5–6.
- **Footnote 3:** As stated in the Opening Letter, Meta reviewed this document and determined it was irrelevant as it does not concern evaluation or the value of a dataset and ▇▇▇▇▇▇▇▇. *Id.* at 8:8–9. Indeed, it ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.
- **Footnotes 4–6:** Meta reviewed these and determined they were similarly irrelevant. *Id.* at 8:7,16.
- **Footnote 7:** Meta reviewed this document and withheld it as privileged. META_0058102.[11]

P5D claims Meta did not respond to P5D's request that Meta confirm which links it produced. But there was no reason for Meta to do so. P5D can compare the URLs of the produced documents to the URLs of the requested documents just as easily as Meta, and in any case such a comparison would not resolve the dispute. P5D also claims it offered to withdraw its motion if Meta produced a subset of the requested links. This purported narrowing ignores that Meta already searched for over 100 linked documents, despite the burden, and produced the relevant, nonprivileged, nonduplicative documents. This includes searching for the linked documents P5D identified as most likely to be responsive to other requests. P5D's purported narrowing, thus, did not resolve the dispute because it still sought irrelevant documents and documents that are burdensome to collect. Finally, P5D's claim that it should be able to "test" Meta's relevancy determinations is unfounded. Courts routinely rely on parties to make relevancy determinations. *See Aristocrat Techs. v. Int'l Game Tech.*, 2009 WL 3573327 (N.D. Cal. Oct. 30, 2009) ("take the producing party … at its word when it claims to have produced everything it has."). P5D's motion should be denied.

---

[9] As a sign of P5D's shifting-sands discovery approach, this is its *fifth* bulleted list of documents it seeks. In the opening letter, Meta explained that it already produced many documents P5D listed. In the first three drafts of this letter, P5D again listed links Meta had produced and inaccurately described others. After Meta responded, P5D again changed its list and stated *for the first time* that its motion covers RFP 93. This change comes too late. P5D's perpetually shifting discovery demands must end.
[10] Meta provided P5D with instructions on how to compare metadata of produced files to the URLs to identify which were produced. M. Mazzello June 10, 2024 Email. P5D plainly had not done so until reviewing Meta's initial response.
[11] At 10:02 PM ET on the day this letter was due, P5D raised this privilege challenge for the first time. Meta provided its privilege log 5 months ago. Meta will investigate P5D's claims, but could not do so before timely filing this brief.

2

Joint Update on Disc. Dispute re Meta Producing Specifically Identified Docs.   Nos. 3:19-cv-003132, 3:20-cv-08261

| | | |
|---|---|---|
| 1 | DATED: August 16, 2024 | **KIRKLAND & ELLIS LLP** |
| 2 | | By:  */s/ Dale Cendali* |
| 3 | | Dale Cendali |
| 4 | | Attorneys for Defendants<br>*Meta Platforms, Inc.* and *Meta Platforms Technologies, LLC* |
| 5 | | |
| 6 | DATED: August 16, 2024 | **THE BUSINESS LITIGATION GROUP, P.C.** |
| 7 | | By:  */s/ Christian Andreu-von Euw* |
| 8 | | Christian G. Andreu-Von Euw |
| 9 | | Attorneys for Plaintiff<br>*UAB "Planner5D"* |

**Attestation**

I, Christian G. Andreu-Von Euw, am the ECF user whose ID and password are being used to file this Joint Update Brief on Discovery Dispute re Whether Meta Must Produce Specifically Identified Documents.  In compliance with Local Rule 5-1(i)(3), I hereby attest that concurrence in the filing of this document has been obtained from all signatories.

DATED: August 16, 2024

By:    <u>*/s/ Christian G. Andreu-Von Euw*</u>
        Christian G. Andreu-Von Euw