UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UAB "PLANNER5D",

Plaintiff,

v.

META PLATFORMS, INC., et al.,

Defendants.

Case No. 19-cv-03132-WHO (SK)

**ORDER REGARDING JOINT DISCOVERY LETTER BRIEF AND JOINT DISCOVERY LETTER BRIEF UPDATE**

Regarding Docket Nos. 443, 472

The parties dispute whether Defendant Meta Platforms, Inc. ("Meta") should produce documents that are identified as "hyperlinks" in documents that Meta already produced in response to Plaintiff's requests for production of documents. Plaintiff argues that the hyperlinks to other documents in responsive documents are akin to attachments to emails that a party must produce. Meta responds that the hyperlinked documents are different from attachments to emails because searching for hyperlinked documents and reviewing them requires time and effort that is not required for producing an attachment to an email. Plaintiff argues that, by the title of the documents alone, it is obvious that the hyperlinked documents are relevant and responsive to its requests. Meta argues that it has reviewed the specific documents cited in Plaintiff's request and determined that the documents are not relevant or privileged.

Here, the Court agrees that hyperlinked documents are not the same as attachments to emails. Rather, the effort required to search for them is substantially greater than the effort required to produce attachments to emails. But here, Meta has reviewed the specific hyperlinked documents and assessed them for relevance and privilege, so the general burden is not an issue in this specific dispute. Plaintiffs argue that the documents are relevant and seek the Court's assistance in requiring Meta to produce them. Courts rarely get involved in assessing specific

United States District Court
Northern District of California

United States District Court
Northern District of California

documents for relevance but rather make general orders about categories of documents that a party must produce. Courts in general rely upon parties to assess relevance, and the system of discovery is based on trust that a party produces documents after a review and assessment for relevance and responsiveness. Here, it is possible that Plaintiff is correct and that Meta is required to produce the documents, but the only way the Court can assess Plaintiff's theory is to review each of the documents in question. The Court cannot engage in that practice. For these reasons, the Court DENIES Plaintiff's request to compel Meta to produce the specific withheld documents identified in hyperlinks.

**IT IS SO ORDERED**.

Dated: August 26, 2024

SALLIE KIM
United States Magistrate Judge