Dale M. Cendali (SBN 1969070)
dale.cendali@kirkland.com
Mary Mazzello (pro hac vice)
mary.mazzello@kirkland.com
Jonathan D. Brit (pro hac vice)
jonathan.brit@kirkland.com
Abbey Quigley (pro hac vice)
abbey.quigley@kirkland.com
Emily Sheffield (pro hac vice)
emily.sheffield@kirkland.com
Miriam Kontoh (pro hac vice)
miriam.kontoh@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
T: (212) 446-4800

Yan-Xin Li (SBN 332329)
yanxin.li@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street, 27th Floor
San Francisco, CA 94104
T: (415) 439-1400

*Attorneys for Defendants Meta Platforms, Inc.
and Meta Platforms Technologies, LLC*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| UAB "PLANNER5D" d/b/a PLANNER 5D, <br><br> Plaintiff, <br><br> v. <br><br> META PLATFORMS, INC., META PLATFORMS TECHNOLOGIES, LLC, THE TRUSTEES OF PRINCETON UNIVERSITY, DOES 1-200, ABC CORPORATIONS 1-20 and XYZ UNIVERSITIES 1-20, <br><br> Defendants. | Case No. 3:19-cv-03132 <br><br> **DECLARATION OF YAN-XIN LI IN SUPPORT OF PLAINTIFF'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER INFORMATION SHOULD BE SEALED IN CONJUNCTION WITH MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE [480] AND WITH SUPPLEMENTAL DECLARATION OF CHRISTIAN ANDREU-VON EUW** <br><br> Re: Dkts. 485, 488 <br><br> Judge: Honorable William H. Orrick <br> Magistrate Judge: Honorable Sallie Kim |

Li Decl. i/s/o Admin. Motion to Consider
Whether Information Should Be Sealed

Case No. 3:19-cv-03132

I, Yan-Xin Li, declare as follows:

1. I am an attorney at the law firm of Kirkland & Ellis LLP, and counsel of record for Defendants Meta Platforms, Inc. and Meta Platforms Technologies, LLC ("Meta"). I am admitted and in good standing to practice law in the state of California and in this District. I have personal knowledge of the matters set forth below and, if called and sworn as a witness, I could and would testify competently to the facts set forth herein.

2. I respectfully submit this declaration pursuant to Civil Local Rule 79-5(f)(3) in support of Plaintiff Planner 5D's ("Plaintiff") Administrative Motion to Consider Whether Information Should Be Sealed in Conjunction with Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge [480] (Dkt. 485) and Administrative Motion to Consider Whether Information Should Be Sealed in Conjunction with Supplemental Declaration of Christian Andreu-Von Euw in Support of Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge [480] (Dkt. 488), (together, "Administrative Motions"). The Administrative Motions seek to seal portions of Plaintiff's Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge [480] ("Brief") (Dkt. 486 (public redacted version)); the accompanying Declaration of Christian Andreu-von Euw ("CAVE Declaration") (Dkt. 486-1) and Exhibits D, E, F, and G thereto (Dkts. 486-6, 486-7, 486-8, 486-9); and Exhibit A to the Supplemental Declaration of Christian Andreu-Von Euw ("Supplemental CAVE Declaration") (Dkt. 489-1).

3. Meta supports Plaintiff's Administrative Motions to seal the Brief, CAVE Declaration and corresponding exhibits, and Exhibit A to the Supplemental CAVE Declaration because they reveal information about Meta's confidential and commercially sensitive business relationships and data used in Meta's proprietary, nonpublic research and development projects. If this information were revealed, it would put Meta at a competitive disadvantage in the marketplace for such data. Moreover, these materials quote, cite to, or otherwise reference material or information that has been designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – RESTRICTED ACCESS by Meta pursuant to the Stipulated Protective Order entered by the Court in this matter on December 21, 2021 ("Protective Order"), Dkt. 144.

1

Li Decl. i/s/o Admin. Motion to Consider
Whether Information Should Be Sealed

Case No. 3:19-cv-03132

4. Court records should be sealed when compelling reasons for doing so are supported by specific factual findings. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179–80 (9th Cir. 2006). In the Ninth Circuit, "[i]n general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes" (internal quotation marks and citations omitted). *Id.*; *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (noting that "courts have refused to permit their files to serve as . . . sources of business information that might harm a litigant's competitive standing").

5. The determination whether to permit filing under seal here is governed by the "good cause" test, which applies to sealed materials filed in connection with discovery motions or disputes. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016); *Jones v. PGA Tour, Inc.*, No. 22-cv-04486, 2023 WL 5520771, at *6 (N.D. Cal. Aug. 24, 2023). The good cause test recognizes that "discovery is largely 'conducted in private as a matter of modern practice,'" and the public therefore is not presumed to have a right of access to it. *Ctr. for Auto Safety*, 809 F.3d at 1097.

6. Good cause exists where "specific prejudice or harm will result if no protective order is granted." *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002). Courts find "good cause" to seal records that contain "confidential research, development, or commercial information." *In re High-Tech Emp. Antitrust Litig.*, No. 11-cv-02509, 2013 WL 163779, at *1 (N.D. Cal. Jan. 15, 2013).

7. Meta operates in an intensely competitive marketplace. Meta has serious and legitimate concerns that competitors will exploit any release of Meta's sensitive, proprietary information to gain a competitive advantage. As such, Meta takes care to protect the confidentiality of its proprietary information, including among other things, its commercially sensitive business relationships and data used in its highly sensitive research and development projects.

8. Disclosure of the information Meta seeks to maintain under seal would provide competitors the opportunity to learn of and use Meta's information for their own gains. Specifically, competitors could attempt to duplicate features of Meta's business processes or leverage disclosure of this highly confidential and sensitive business information to approach potential collaborators or

2

Li Decl. i/s/o Admin. Motion to Consider
Whether Information Should Be Sealed

Case No. 3:19-cv-03132

acquisition targets. These attempts would cause competitive harm to Meta by allowing competitors to develop and launch products before Meta.

9. The portions of the documents that Meta seeks to keep under seal are in connection with discussion of Meta's commercially sensitive, undisclosed business relationships with nonparties and Meta's nonpublic data files used in nonpublic research and development. The good cause test therefore applies. *See Doe 1 v. McAleenan*, No. 18-cv-02349, 2019 WL 5259134, at *1 (N.D. Cal. Oct. 8, 2019) (applying good cause test to motion to seal materials filed in connection with motion to compel). Indeed, Courts in this District routinely protect the type of information Meta seeks to seal. *See, e.g., Skillz Platform Inc. v. AviaGames Inc.*, No. 21-cv-02436, 2023 WL 8720685, at *3 (N.D. Cal. Dec. 18, 2023); *Good Samaritan Hosp. L.P v. MultiPlan, Inc.*, No. 22-cv-02139, 2023 WL 6520161, at *2 (N.D. Cal. Sept. 15, 2023) (finding good cause to seal confidential and proprietary business information); *Calhoun v. Google LLC*, No. 20-cv-05146, 2022 WL 1122843, at *3 (N.D. Cal. Apr. 14, 2022) (finding good cause to seal references to "sensitive features of Google's internal systems").

10. The below table further describes the portions of the documents that Meta seeks to maintain under seal and provides "an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." Civil L.R. 79-5(c)(1). The Court has previously granted a motion to seal the names of such nonparty business entities, *see*, *e.g.*, Dkts. 368, 393.

| Document | Portions Sought to be Filed Under Seal | Reason for Sealing |
|---|---|---|
| Brief<br><br>*See* Dkts. 485-3, 486 | Highlighted portions at page 3, line 27; page 5, line 9. | The highlighted portions of these passages contain information designated HIGHLY CONFIDENTIAL – RESTRICTED ACCESS under § 2.6 of the Protective Order. The passages name nonparty business entities with which Meta has confidential and commercially sensitive business relationships. The identities of these nonparties and the fact that Meta has such a business relationship with these nonparties is not publicly known; Meta consistently guards against disclosure of this highly sensitive competitive information. Revealing these business relationships would create a substantial risk of serious harm to Meta's competitive position in the machine-learning market by providing insight into the focal points of Meta's nonpublic research and development (into which Meta has invested |

3

| Document | Portions Sought to be Filed Under Seal | Reason for Sealing |
|---|---|---|
| | | substantial resources) as well as Meta's decision-making strategies. Specifically, naming these nonparties would reveal Meta's evaluation and use of the nonparties' dataset products, which would affect Meta's ability to conduct its business competitively with other dataset providers. This information is commercially sensitive, and public disclosure would give Meta's competitors an unfair advantage. There is no alternative less-restrictive means besides redacting this limited portion and keeping the contents under seal. |
| CAVE Declaration<br><br>*See* Dkts. 485-5, 486-1 | Highlighted portions at page 2, line 28; page 3, lines 1, 3, 4, 6, 9, 11, 12, 15, 18 & 21; page 4, lines 2, 3, 7, 10, 12-14, 17 & 25 | The highlighted portions of these passages contain information designated HIGHLY CONFIDENTIAL – RESTRICTED ACCESS under § 2.6 of the Protective Order. The passages name nonparty business entities with which Meta has confidential and commercially sensitive business relationships. The identities of these nonparties and the fact that Meta has such a business relationship with these nonparties is not publicly known; Meta consistently guards against disclosure of this highly sensitive competitive information. Revealing these business relationships would create a substantial risk of serious harm to Meta's competitive position in the machine-learning market by providing insight into the focal points of Meta's nonpublic research and development (into which Meta has invested substantial resources) as well as Meta's decision-making strategies. Specifically, naming these nonparties would reveal Meta's evaluation and use of the nonparties' dataset products, which would affect Meta's ability to conduct its business competitively with other dataset providers. This information is commercially sensitive, and public disclosure would give Meta's competitors an unfair advantage. There is no alternative less-restrictive means besides redacting this limited portion and keeping the contents under seal. |
| CAVE Declaration Exhibit D<br><br>*See* Dkts. 485-7, 486-6 | Highlighted portion on page 1. | The highlighted portions of these passages contain information designated HIGHLY CONFIDENTIAL – RESTRICTED ACCESS under § 2.6 of the Protective Order. The passages name nonparty business entities with which Meta has confidential and commercially sensitive business relationships. The identities of these nonparties and the fact that Meta has such a business relationship with these nonparties is not publicly known; Meta consistently guards against disclosure of this highly sensitive competitive information. Revealing these business relationships would create a substantial risk of serious harm to Meta's competitive position in the machine-learning market by providing insight into the focal points of Meta's nonpublic research and development (into which Meta has invested substantial resources) as well as Meta's decision-making strategies. Specifically, naming these nonparties would reveal Meta's evaluation and use of the nonparties' dataset products, which would affect Meta's ability to conduct its |

| Document | Portions Sought to be Filed Under Seal | Reason for Sealing |
|---|---|---|
| | | business competitively with other dataset providers. This information is commercially sensitive, and public disclosure would give Meta's competitors an unfair advantage. There is no alternative less-restrictive means besides redacting this limited portion and keeping the contents under seal. |
| CAVE Declaration Exhibit E  *See* Dkts. 485-9, 486-7 | Highlighted portions on pages 1–2 and 4–10. | The highlighted portions of these passages contain information designated HIGHLY CONFIDENTIAL – RESTRICTED ACCESS under § 2.6 of the Protective Order. The passages name nonparty business entities with which Meta has confidential and commercially sensitive business relationships. The identities of these nonparties and the fact that Meta has such a business relationship with these nonparties is not publicly known; Meta consistently guards against disclosure of this highly sensitive competitive information. Revealing these business relationships would create a substantial risk of serious harm to Meta's competitive position in the machine-learning market by providing insight into the focal points of Meta's nonpublic research and development (into which Meta has invested substantial resources) as well as Meta's decision-making strategies. Specifically, naming these nonparties would reveal Meta's evaluation and use of the nonparties' dataset products, which would affect Meta's ability to conduct its business competitively with other dataset providers. This information is commercially sensitive, and public disclosure would give Meta's competitors an unfair advantage. There is no alternative less-restrictive means besides redacting this limited portion and keeping the contents under seal. |
| CAVE Declaration Exhibit F  *See* Dkts. 485-11, 486-8 | Highlighted portions on pages 1–6, 8, and 10. | The highlighted portions of these passages contain information designated HIGHLY CONFIDENTIAL – RESTRICTED ACCESS under § 2.6 of the Protective Order. The passages name nonparty business entities with which Meta has confidential and commercially sensitive business relationships. The identities of these nonparties and the fact that Meta has such a business relationship with these nonparties is not publicly known; Meta consistently guards against disclosure of this highly sensitive competitive information. Revealing these business relationships would create a substantial risk of serious harm to Meta's competitive position in the machine-learning market by providing insight into the focal points of Meta's nonpublic research and development (into which Meta has invested substantial resources) as well as Meta's decision-making strategies. Specifically, naming these nonparties would reveal Meta's evaluation and use of the nonparties' dataset products, which would affect Meta's ability to conduct its business competitively with other dataset providers. This information is commercially sensitive, and public disclosure would give Meta's competitors an unfair advantage. There is no alternative less-restrictive means besides redacting this |

| Document | Portions Sought to be Filed Under Seal | Reason for Sealing |
|---|---|---|
| | | limited portion and keeping the contents under seal. |
| CAVE Declaration Exhibit G<br><br>*See* Dkts. 485-13, 486-9 | Highlighted portions on pages 1–10. | The highlighted portions of these passages contain information designated HIGHLY CONFIDENTIAL – RESTRICTED ACCESS under § 2.6 of the Protective Order. The passages name nonparty business entities with which Meta has confidential and commercially sensitive business relationships. The identities of these nonparties and the fact that Meta has such a business relationship with these nonparties is not publicly known; Meta consistently guards against disclosure of this highly sensitive competitive information. Revealing these business relationships would create a substantial risk of serious harm to Meta's competitive position in the machine-learning market by providing insight into the focal points of Meta's nonpublic research and development (into which Meta has invested substantial resources) as well as Meta's decision-making strategies. Specifically, naming these nonparties would reveal Meta's evaluation and use of the nonparties' dataset products, which would affect Meta's ability to conduct its business competitively with other dataset providers. This information is commercially sensitive, and public disclosure would give Meta's competitors an unfair advantage. There is no alternative less-restrictive means besides redacting this limited portion and keeping the contents under seal. |
| Supplemental CAVE Declaration Exhibit A<br><br>*See* Dkts. 488-3, 489-1 | Highlighted portions on pages 1–6 | The highlighted portions of these passages contain information designated HIGHLY CONFIDENTIAL – RESTRICTED ACCESS under § 2.6 of the Protective Order. The passages name nonparty business entities with which Meta has confidential and commercially sensitive business relationships. The identities of these nonparties and the fact that Meta has such a business relationship with these nonparties is not publicly known; Meta consistently guards against disclosure of this highly sensitive competitive information. Revealing these business relationships would create a substantial risk of serious harm to Meta's competitive position in the machine-learning market by providing insight into the focal points of Meta's nonpublic research and development (into which Meta has invested substantial resources) as well as Meta's decision-making strategies. Specifically, naming these nonparties would reveal Meta's evaluation and use of the nonparties' dataset products, which would affect Meta's ability to conduct its business competitively with other dataset providers. This information is commercially sensitive, and public disclosure would give Meta's competitors an unfair advantage. There is no alternative less-restrictive means besides redacting this limited portion and keeping the contents under seal. |

LI DECL. I/S/O ADMIN. MOTION TO CONSIDER WHETHER INFORMATION SHOULD BE SEALED

CASE NO. 3:19-CV-03132

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed in San Francisco, California.

Dated: September 16, 2024                     /s/ *Yan-Xin Li*

                                                     Yan-Xin Li